Philip R. Soderquist (SBN 125219)
Robert A. Schwartz (SBN 107436)
SODERQUIST LAW OFFICES
351 California Street, Suite 550
San Francisco, CA 94104
Telephone: (415) 374-8500
Facsimile: (415) 394-6390

Attorneys for San Jose Water Company

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMY L. NILSON,<br><br>　　　　Plaintiff,<br><br>v.<br><br>THE CITY OF SAN JOSE, SANTA CLARA VALLEY WATER DISTRICT, SAN JOSE WATER COMPANY, et al.<br><br>　　　　Defendants. | Case No. C07 03686 RS<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT SAN JOSE WATER COMPANY'S MOTIONS TO DISMISS FIRST AMENDED COMPLAINT [FRCP 12(b)(4), (5) and (6)], AND MOTION FOR MORE DEFINITE STATEMENT [FRCP 12(e)]**<br><br>Date:　October 3, 2007<br>Time:　9:30 a.m.<br>Courtroom: 4<br>Judge:　The Honorable Richard Seeborg |

## I.　INTRODUCTION

Defendant San Jose Water Company ("SJWC") hereby moves to dismiss this action (i) pursuant to Federal Rules of Civil Procedure 12(b)(4) for failure to serve SJWC with a summons; (ii) pursuant to FRCP 12(b)(5) for improper service of the complaint and first amended complaint by a party to this action; and (iii) pursuant to FRCP 12(b)(6) for failure to state a claim upon which relief may be granted. SJWC also moves pursuant to FRCP 12(e) for a more definite statement because the pleading is so indefinite and filled with procedural defects that SJWC cannot ascertain the nature of the claim being asserted against it and cannot

reasonably be expected to frame a responsive pleading.

The first amended complaint is plaintiff's third attempt to plead cognizable claims for relief. Her first action, *5-10 Data Systems v. City of San Jose and Santa Clara Valley Water District 4*, Case No. C07-01341 JF, was voluntarily dismissed on May 4, 2007, when challenged with a motion to dismiss by defendant City of San Jose. Plaintiff filed this new action on July 17, 2007, adding defendant SJWC and making other amendments to her claims. Plaintiff then filed her first amended complaint and a Motion for Class Certification on July 31, 2007. Despite three attempts, plaintiff's first amended complaint utterly fails to plead cognizable claims for relief or claims that would allow this defendant to frame a meaningful response.

Plaintiff's complaint attempts to allege that defendants are responsible for water pollution that affects plaintiff in some manner. However, the complaint combines different, incoherent allegations against the various defendants without sufficiently identifying which claims for relief apply to each defendant or properly identifying the statutory or common law basis for her claims. As such, the pleading is unintelligible and should be dismissed under Rule 12(b)(6). In the alternative, a more definite statement under Rule 12(e) is required to enable SJWC to respond to the first amended complaint.

## II.   ARGUMENT

**A.   The first amended complaint should be dismissed under Rule 12(b)(4) because it was not served together with a summons.**

FRCP 4(c)(1) states that "a summons shall be served together with a copy of the complaint." The complaint and the first amended complaint in this action were served by plaintiff on SJWC on July 18, and July 31, 2007. As set forth in the accompanying declaration of Dianna Devine, an employee of SJWC, no summons was served with either complaint. Plaintiff's certificates of service do not list a summons as one of the documents was served. Therefore, the action should either be dismissed against SJWC or service of the summons and first amended complaint should be quashed by the Court. *Montalbano v. Easco Hand Tools, Inc.*, 766 F.2d 737, 740 (2d Cir. 1985).

**B.   The first amended complaint should be dismissed under Rule 12(b)(5) for improper**

-2-
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT SAN JOSE WATER COMPANY'S MOTIONS TO DISMISS FIRST AMENDED COMPLAINT [FRCP 12(b)(4), (5) and (6)], AND MOTION FOR MORE DEFINITE STATEMENT [FRCP 12(e)]

service of process.

As stated in plaintiff's certificate of service and in the declaration of Dianna Devine, the complaint and the first amended complaint in this action were personally served on defendant SJWC by plaintiff Amy L. Nilson. Pursuant to FRCP 4(c)(2) "service may be effected by any person **who is not a party** and who is at least 18 years of age." (Emphasis added.) Because the complaints were served by plaintiff herself, service was improper pursuant to Rule 4(c)(2). The Court lacks jurisdiction over a defendant who has not been properly served. *Dodco, Inc. v. American Bonding Co.,* 7 F.3d 1387, 1388 (8th Cir.1993). Therefore, the action should either be dismissed against SJWC or service of the first amended complaint should be quashed. *Montalbano v. Easco Hand Tools, Inc., supra,* 766 F.2d at 740.

**C.     The first amended complaint should be dismissed under Rule 12(b)(6) for failure to allege a cognizable legal theory.**

A Rule 12(b)(6) dismissal is proper where there is either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dept.,* 901 F.2d 696, 699 (9th Cir. 1990). For purposes of a Rule 12(b)(6) motion, the Court is obligated to accept factual allegations set forth in the complaint as true, but it need not accept as true any conclusory allegations of law, speculation or unwarranted factual inferences in deciding the motion. *Pareto v. F.D.I.C.,* 139 F.3d 696, 699 (9th Cir. 1998).

On its face, the first amended complaint is unclear except that defendants are alleged to be responsible for contamination that affected the "residence"[sic] of certain property in San Jose. The first amended complaint styles itself as a class action but contains none of the necessary allegations of the grounds for a class action suit required by FRCP 23(b) such as a risk of prejudice from separate actions, injunctive relief benefiting the class, predominance of common questions or superiority of a class action remedy. FRCP 23(b). Additionally, the Rule 23(a) allegations set forth in paragraphs 8 through 13 of the first amended complaint regarding numerosity, commonality, typicality and adequacy of representation are unintelligible.

The first amended complaint contains five claims for relief but does not explain which claims are alleged against which defendants. The complaint contains many incomprehensible

-3-

sentences. A complaint that is incomprehensible may be dismissed by a 12(b)(6) motion. See *Prezzi v. Schelter*, 469 F.2d 691, (2nd Cir. 1972).

For example, the first cause of action for "Failure to commit to and/or prevent residence from contamination of hazardous chemicals," contains only one sentence which alleges "that zoning improprieties with pre-existing hazardous industrial sites incurred through the abatement of a nuisance, has caused the emotional, and physical harm, of the plaintiff while residing at 2151 Oakland Road, San Jose, CA 95131." (Plaintiff's First Amended Complaint p. 6:22-7:1.) This does not state a cognizable claim for relief.

The second claim for relief is labeled "Negligence by Parties of Point Authority." Paragraph 23 of the second claim for relief states: "that alleged abatement of nuisance resulted in contamination and pollution of Coyote Creek Northwestern flow adjacent 880 towards Kinder Morgan…." (Plaintiff's First Amended Complaint p.7:3-6.) Paragraph 24 alleges "the act of nuisance imposes upon persons (the San Jose Water Company), crimes of all unwitting, inadvertent and unintended conversions [342 U.S. 246, 271], requires more than knowledge that defendant was taking the property into his possession…had knowledge of the facts, though not necessarily the law…requiring higher precautions by employers." (Plaintiff's First Amended Complaint p. 7:7-11.) Paragraph 25 follows with the allegation that "the Principle had been a "Consciousness of Wrongdoing…Who by virtue of their positions or other similar relations to the actor could be deemed responsible for its (City of San Jose Councils) commission…deemed responsible by virtue of the relationship he/she bore to the corporation to prevent the act." (Plaintiff's First Amended Complaint p. 7:12–16.)

These allegations are incomprehensible. The second cause of action is labeled as one for "negligence," but alleges that an "abatement of nuisance" and an "act of nuisance" caused contamination, pollution and conversion. These contradictory allegations do not state a cognizable claim for relief.

The third claim for relief is labeled as "Certification of Point Source Operations failure in Restricting Contamination of Residence and 'Ground Water'." Paragraph 26 states that SJWC "had authority and responsibility" of functions delegated by "Normal Operating Duties" and

-4-

"principles of the operation of the Company… to prevent contaminations of irrigation and tap water supplied to residence through the use and operations of NPDES Type II Permits." (Plaintiff's First Amended Complaint p.7:19-22.) This claim for relief alleges no wrongful or negligent acts or the breach of any duty by SJWC. Instead, the remainder of the claim for relief accuses City of San Jose officials, not SJWC officials, of negligence. These allegations do not state a cognizable claim for relief against SJWC.

The two remaining claims for relief are similarly deficient. The entire complaint fails to inform this defendant (and all defendants) what duties of care they are alleged to have violated or how the statutes cited by plaintiff give her a private right of action for the alleged violations. Plaintiff's incomprehensible first amended complaint does not allege cognizable legal theories under which liability can be imposed. The first amended complaint should be dismissed pursuant to Rule 12(b)(6).

**D.   The first amended complaint requires a more definite statement under Rule 12(e).**

A motion for a more definite statement pursuant to FRCP 12(e) attacks the unintelligibility of the complaint, not simply the mere lack of detail, and is proper when a party is unable to determine how to frame a response to the issues raised by the complaint. *See Bureerong v. Uvawas,* 922 F.Supp. 1450, 1461 (C.D.Cal. 1996); *see also Famolare, Inc. v. Edison Bros. Stores, Inc.*, 525 F.Supp. 940, 949 (E.D.Cal.1981) [finding a Rule 12(e) motion proper "only where the complaint is so indefinite that the defendant cannot ascertain the nature of the claim being asserted"]. A motion for a more definite statement is proper where the complaint is "so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith or without prejudice to himself." *Cellars v. Pacific Coast Packaging, Inc.,* 189 F.R.D. 575, 578 (N.D.Cal.1999) (internal quotations and citation omitted); *see also Sagan v. Apple Computer Inc.,* 874 F.Supp. 1072, 1077 (C.D.Cal.1994) (citing *Van Dyke Ford, Inc. v. Ford,* 399 F.Supp. 277, 284 (E.D.Wis.1975)) ["A Rule 12(e) motion is more likely to be granted where the complaint is so general that ambiguity arises in determining the nature of the claim or the parties against whom it is being made."].

In this case, the first amended complaint is so vague and ambiguous SJWC can neither

-5-

determine what the issues are nor frame a response to the claims being asserted against it. Although there are five claims for relief, it is impossible to determine what substantive claims for relief are being asserted, what statutory bases gives plaintiff a private right of action, or even which claims are being alleged against which defendant.

Defendant SJWC directs the Court's attention to the following indeterminate allegations that fail due to unintelligibility, lack of specificity and/or ambiguity:

1. Paragraph 3 of the "Introduction," makes the conclusory allegations the SJWC "failed to report possible violations of its regulatory commissions" to state and federal agencies "to ensure clean water was available to residence[sic] of 2151 Oakland Road during the construction of 2059 Oakland Road, San Jose, California." Plaintiff does not identify the "possible violations." SJWC cannot respond to this allegation.

2. Paragraph 24 of the second claim for relief, apparently part of a claim of nuisance, cites to *Morrissette v. United States,* 342 U.S. 246 (1952), a case addressing the elements of the crime of conversion of government property. The entire second claim for relief is unintelligible. It is titled as a negligence claim but instead makes the contradictory allegations that "abatement of nuisance" and "the act of nuisance" caused either contamination or conversion. SJWC cannot respond to this claim.

3. Paragraph 26 is part of the third claim for relief. Paragraph 26 states that SJWC had "authority and responsibility" to prevent contamination of irrigation and tap water but fails to allege any wrongful or negligent acts by SJWC or the breach of any duty by SJWC. Therefore, SJWC cannot frame a response to this claim.

4. Paragraph 36 of the fifth cause of action merely alleges that SJWC did not reply to a letter requesting an explanation of the methods it uses to prevent contamination of tap water. Paragraph 37 seems to allege that SJWC is required to implement a Storm Water Pollution Prevention Plan, but does not explain how the Plan caused pollution. The claim for relief contains no allegations of improper conduct by SJWC and does not explain the legal theory upon which the claim for relief is based.

5. The first amended complaint is titled a "Class Action" but does not contain allegations

regarding any grounds for certification of a class action under Rule 23(b), such as a risk of prejudice from separate actions, injunctive relief benefiting the class, predominance of common questions or superiority of a class action remedy. In addition, the allegations regarding numerosity, commonality, typicality or adequacy of representation as required by Rule 23(a) are hopelessly vague and ambiguous. SJWC cannot respond until it has more knowledge regarding plaintiff's proposed class.

      6.    Section III labeled "Jurisdiction" states that this court has "Subject Jurisdiction" under 42 U.S.C. §1986. That statute relates to actions for civil rights violations. However, paragraph 14 of Section III contains no factual allegations of any civil rights violation or conduct relating to "Religious and Political Freedom" as alleged in that paragraph. Section 1986 also does not contain the language quoted by plaintiff. These allegations do not establish jurisdiction.

      7.    Paragraph 15 under "Jurisdiction" cites FRCP 24 concerning intervention. However, the allegations do not state in what action plaintiff wishes to intervene. This paragraph is unintelligible.

      8.    The venue allegations of Section IV merely quote 28 U.S.C. §1442 regarding removal to Federal Court of actions against federal agencies or officers. The citations in paragraphs 6 and 7 to the Clean Water Act violate Local Rule 3-4(d) because they do not reference the United States Code by title, section or date. Further, none of these allegations establish venue.

      9.    Paragraph 20 under the section titled "IntraDistrict Assignment" is unintelligible, including in its reference to "Rule 17(a), 28 U.S.C.A." Rule 17 concerns real parties in interest and related matters. 42 U.S.C. §300(4)(D) cited in paragraph 21 contains the definition of a public water system. SJWC cannot comprehend the purpose of this section, nor how to respond to it.

      10.    The first claim for relief alleges that zoning improprieties have harmed plaintiff but does not explain how any of the defendants are responsible for zoning improprieties, what they are, or how they caused plaintiff's alleged injuries. Therefore, SJWC is unable to respond.

      11.    The second claim for relief refers to both abatement of a nuisance and the act of

nuisance as causing harm. This claim does not explain what the defendants did to cause plaintiff harm or to contaminate Coyote Creek, and so cannot be responded to in a meaningful way.

The deficiencies outlined above render it impossible for SJWC to frame a responsive pleading to plaintiff's first amended complaint. The Court is asked to dismiss the complaint or require plaintiff to submit a more definite complaint before requiring any response by SJWC.

### III. CONCLUSION

For all the foregoing reasons, defendant SJWC's motions should be granted.

DATED: August 8, 2007

SODERQUIST LAW OFFICES

By: _____
ROBERT A. SCHWARTZ
Attorneys for San Jose Water Company

-8-

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT SAN JOSE WATER COMPANY'S MOTIONS TO DISMISS FIRST AMENDED COMPLAINT [FRCP 12(b)(4), (5) and (6)], AND MOTION FOR MORE DEFINITE STATEMENT [FRCP 12(e)]