RICHARD DOYLE, City Attorney (#88625)
GEORGE RIOS, Assistant City Attorney (#77908)
DENISE BAZZANO, Deputy City Attorney (#220148)
Office of the City Attorney
200 East Santa Clara Street, 16th Floor
San José, California  95113-1905
Telephone Number: (408) 535-1900
Facsimile Number:  (408) 998-3131
E-Mail Address:  cao.main@sanjoseca.gov

Attorneys for CITY OF SAN JOSE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| AMY L. NILSON,<br><br>            Plaintiff,<br><br>     v.<br><br>THE CITY OF SAN JOSE, SANTA CLARA VALLEY WATER DISTRICT, SAN JOSE WATER COMPANY, et al.,<br><br>            Defendants. | Case Number:  C07-03686JW<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT, CITY OF SAN JOSE'S MOTION TO DISMISS FIRST AMENDED COMPLAINT [FRCP 12(b)(6); 12(b)(4) &(5)], OR IN THE ALTERNATIVE, MOTION FOR A MORE DEFINITE STATEMENT [FRCP 12(e)]**<br><br>DATE:  November 5, 2007<br>TIME:   9:00 a.m.<br>COURTROOM: 8<br>JUDGE: Hon. James Ware |

I.     **INTRODUCTION**

Defendant, CITY OF SAN JOSE (hereinafter referred to as "City"), respectfully submits the following Memorandum of Points and Authorities in support of its Motion to Dismiss the First Amended Complaint (hereinafter referred to as "Amended Complaint") as to the City pursuant to Federal Rules of Civil Procedure ("FRCP") 12(b)(6) and 12(b)(4)&(5).  The Plaintiff, AMY NILSON (hereinafter referred to as "Plaintiff") strings together many different

---

1
**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT CITY OF SAN JOSE'S MOTION TO DISMISS FIRST
AMENDED COMPLAINT [FRCP12(B)(6); 12(B)(4)&(5)], OR IN THE ALTERNATIVE,
MOTION FOR A MORE DEFINITE STATEMENT[FRCP12(E)]**
C07-03686JW                                                                                                                    429743

incoherent allegations against the various defendants. The Amended Complaint is poorly drafted, such that it is impossible to decipher what the allegations are and against whom each allegation is being raised. As such there is "an absence of sufficient facts alleged under a cognizable legal theory" and the Amended Complaint is subject to a dismissal pursuant to FRCP 12(b)(6). [*Balistreri v. Pacifica Police Dept.,* 901 F.2d 696, 699 (9th Cir. 1990).] Plaintiff appears to be attempting to state claims under the Clean Water Act (33 U.S.C. § 1251, *et seq*.) and/or the Safe Drinking Act (42 U.S.C. § 300(f) *et seq*.) as well as causes of action for nuisance and negligence *per se*. [*See* Request for Judicial Notice, Plaintiff's First Amended Complaint.] The Amended Complaint, however, fails to allege compliance with the notice requirements of either the Clean Water Act or the Safe Drinking Act. Additionally, Plaintiff fails to indicate compliance with the claims provisions of the California Tort Claims Act. Thus, the Amended Complaint fails to state a claim upon which relief may be granted.

In addition to the above, Plaintiff's Amended Complaint appears to be seeking certification of a class through her Amended Complaint. The Amended Complaint fails to state a claim upon which relief may be granted to a class because Plaintiff has failed to meet the requirements of Federal Rule of Civil Procedure ("FRCP") 23(a) & (b).

The Amended Complaint is also procedurally deficient as Plaintiff has failed to serve a summons with the Amended Complaint and personally served the Amended Complaint to the City. A summons must be served together with the complaint pursuant to FRCP 4(c)(1) and service by a party to an action is ineffective pursuant to FRCP4(c)(2). Pursuant to FRCP 12(b)(4)& (5) defects in process or service of process are subject to dismissal.

If this Court denies the City's Motion to Dismiss, the City moves this Court for a more definite statement from the Plaintiff pursuant to FRCP 12(e). The pleading is so vague and ambiguous that the City cannot reasonably be required to frame a responsive pleading to the Amended Complaint as it stands.

///

///

## II.   SUMMARY OF THE PLEADINGS

The City contends that the Amended Complaint is vague and ambiguous such that it is unintelligible. As such, a summary of the Amended Complaint is difficult. However, it appears that the Amended Complaint arises from the alleged contamination of drinking water. [*See* Request for Judicial Notice, Plaintiff's Amended Complaint, p.2:11-14.]

## III.   ARGUMENT

### A.   THE AMENDED COMPLAINT IS SUBJECT TO DISMISSAL PURSUANT TO FRCP 12(B)(6) AND 12(B)(4)&(5).

The City moves to dismiss the entire action prior to the service of any responsive pleadings pursuant to FRCP 12(b)(6).[1] Generally, a Rule 12(b)(6) dismissal is proper where there is either a lack of cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. [*Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990); *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533-534 (9th Cir. 1984).] The motion can also be brought where the Plaintiff has included allegations in the pleadings disclosing some absolute defense or bar to recovery. [*Weisbuch v. County of Los Angeles*, 119 F.3d 778, 783 (9th Cir. 1997).]

For the purposes of a Rule 12 motion, the court is obligated to accept factual allegations set forth in the complaint as true, but it need not accept as true any legal conclusions, speculation, conclusory allegations, or unwarranted factual deductions in deciding the motion. [*Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998); *Transphase Systems, Inc. v. Southern Calif. Edison Co.*, 839 F.Supp. 711, 718 (CD CA 1993). Finally, the court may consider matters properly the subject of judicial notice when deciding a motion to

---

[1] That section holds, in part, as follows: (b) Every defense, in law or fact, to a claim for relief in any pleading… shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion…. (6) failure to state a claim upon which relief can be granted…

3
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF                                     429743
DEFENDANT CITY OF SAN JOSE'S MOTION TO DISMISS FIRST
AMENDED COMPLAINT [FRCP12(B)(6); 12(B)(4)&(5)], OR IN THE ALTERNATIVE,
MOTION FOR A MORE DEFINITE STATEMENT[FRCP12(E)]
C07-03686JW

dismiss for failure to state a claim. [*MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986).]

### 1. The Amended Complaint Fails to Identify a Cognizable Legal Theory.

On the face of the Amended Complaint, it is unclear what Plaintiff is alleging against the City. The Amended Complaint sets forth five causes of action but the causes of action do not identify the alleged defendant against whom the allegation is being raised. [*See* Request for Judicial Notice, Plaintiff's Amended Complaint, pp. 6-9.] As such, the City has no idea which causes of action are being asserted against it. Furthermore, the allegations contained in the causes of action are vague and ambiguous to the point of being unintelligible. For example, the First Cause of Action states as follows:

> "That Zoning Improprieties with pre-existing Hazardous Industrial sites incurred through the Abatement of a Nuisance, has caused the emotional, and physical harm, of the Plaintiff while residing at 2151 Oakland Road, San Jose, Ca 95131." [*Id.* at pp.6-7.]

Not only does the First Cause of Action fail to state a cognizable legal theory it also contains so many grammatical errors as to be incomprehensible. It is unclear from the First Cause of Action what Plaintiff is alleging against the City, if anything. A complaint that is incomprehensible is properly disposed of through a 12(b)(6) motion. [*See Prezzi v. Schelter* 469 F.2d 691 (C.A. 2nd 1972) (dismissed because complaint contained prolixity of unrelated and vituperative charges that defied comprehension).] Since the City is a public entity, liability must be based on a specific statute declaring them liable or, at least, creating some specific duty of care. [*Eastburn v. Regional Fire Protection Authority* (2003) 31 Cal.4th 1175, 1183; *see also* Cal. Govt. Code § 815.] Although this Court must accept as true all factual allegations for purposes of a FRCP 12 (b)(6) motion (*Pareto v. F.D.I.C.*, *supra*, 139 F.3d at p. 699) the only comprehensible allegations set forth by Plaintiff are conclusory in nature and therefore need not be accepted as true.

None of the causes of action contained in Plaintiff's Amended Complaint provide any cognizable legal theory against the City. Since the Amended Complaint does not set forth any

legal theory under which liability can be assessed, the Amended Complaint should be dismissed pursuant to FRCP 12(b)(6).

### 2. The Amended Complaint Fails to Allege Compliance with the Notice Requirements of the Clean Water Act or the Safe Drinking Water Act.

Under the Clean Water Act (33 U.S.C. § 1251, *et seq*.) and the Safe Drinking Water Act (42 U.S.C. § 300J-8), in order for a citizen to maintain a lawsuit, a plaintiff must provide notice of the alleged violation to the alleged violator as well as the Attorney General for the State of California and the Environmental Protection Agency of its intent to commence a lawsuit for violations of the Acts.

The Clean Water Act allows a citizen to bring a private suit against alleged violators, but requires specific notice to be given to the suspected polluter. [33 U.S.C. § 1365 (a) and (b).] The statute's notice section provides:

> No action may be commenced-
> (1) under subsection (a)(1) of this section-
> (A) prior to sixty days after the plaintiff has given notice of the alleged violation (i) to the Administrator, (ii) to the State in which the alleged violation occurs, and (iii) to any alleged violator of the standard, limitation, or order, ...except that such action may be brought immediately after such notification in the case of an action under this section respecting a violation of sections 1316 and 1317(a) of this title....[33 U.S.C. § 1365[2].]

---

[2] 42 U.S.C. § 300J-8 has a similar notice requirement as the Clean Water Act and reads in pertinent part as follows : (b) Conditions for commencement of civil action; notice
No civil action may be commenced--under subsection (a)(1) of this section respecting violation of a requirement prescribed by or under this subchapter--
**(A)** prior to sixty days after the plaintiff has given notice of such violation (i) to the Administrator, (ii) to any alleged violator of such requirement and (iii) to the State in which the violation occurs, or
**(B)** if the Administrator, the Attorney General, or the State has commenced and is diligently prosecuting a civil action in a court of the United States to require compliance with such requirement, but in any such action in a court of the United States any person may intervene as a matter of right; or**(2)** under subsection (a)(2) of this section prior to sixty days after the plaintiff has given notice of such action to the Administrator; or **(3)** under subsection (a)(3) of this section prior to 60 days after the plaintiff has given notice of such action to the Attorney General and to the Federal agency.

Under the regulations, the notice must include sufficient information to allow the recipient "to identify the specific standard, limitation, or order alleged to have been violated, the activity alleged to constitute a violation, the persons or person responsible for the alleged violation, the location of the alleged violation, the date or dates of such violation, and the full name, address, and telephone number of the person giving notice." [40 C.F.R. 135.3(a).] "In practical terms, the notice must be sufficiently specific to inform the alleged violator about what it is doing wrong, so that it will know what corrective actions will avert a lawsuit." [*Atlantic States Legal Foundation, Ind., v. Stroh Die Casting Co.*, 116 F.3d 814, 819 (7th Cir. 1997); *Washington Trout v. McCain Foods Inc.*, 45 F.3d 1351 (9th Cir. 1995).]

In *Hallstrom v. Tillamook County,* 493 U.S. 20, 21 (1989), the United States Supreme Court held that the 60-day notice requirement of the Resource Conservation and Recovery Act (RCRA) found in 42 U.S.C. section 6972 was mandatory. When a plaintiff does not comply with its provisions, the complaint must be dismissed. [*Id*.] The Supreme Court, looking at the plain language of the statute, concluded "compliance with the 60-day notice provision is a mandatory, not optional, condition precedent for suit." [*Id*. at p. 20.]

The notice provisions of section 1365(b) of Title 33 can and has been analogized to the 60-day notice provision of the RCRA examined in *Hallstrom. [National Environmental Foundation v. ABC Railroad Corporation,* 926 F.2d 1096, 1097-1098.] The 60-day notice requirement of 33 U.S.C. section 1365 (b) is a mandatory condition precedent to the filing of a citizen suit under the Clean Water Act. If a plaintiff fails to comply with this notice requirement where it is applicable, the district court is required to dismiss the action.

In this case, Plaintiff has not alleged compliance with the notice requirements of the Clean Water Act or the Safe Drinking Water Act. Indeed, Plaintiff cannot allege compliance because she has not complied with the notice provisions of either 33 U.S.C. section 1365 (b) or 42 U.S.C. section 300J-8. The Plaintiff did send a "Notice of Intent to Sue" to the City. [*See* Declaration of Denise S. Bazzano, Exhibit A.] However, the "Notice" did not identify the specific standard, limitation or order allegedly violated, the location of the alleged violation nor

6

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF    429743
DEFENDANT CITY OF SAN JOSE'S MOTION TO DISMISS FIRST
AMENDED COMPLAINT [FRCP12(B)(6); 12(B)(4)&(5)], OR IN THE ALTERNATIVE,
MOTION FOR A MORE DEFINITE STATEMENT[FRCP12(E)]
C07-03686JW

did the "Notice" provide the date or dates of the alleged violation. [*Id*.] The "Notice" did not provide the City with any clear indication of the allegations that were being alleged against it. In fact, the "Notice" appears to allege that a third party-BFI was the violator not the City. [*Id*.] As a result, the "Notice" is insufficient and does not meet the requirements of either 33 U.S.C section 1365 (b) or 42 U.S.C. section 300J-8.

### 3. The Amended Complaint Fails to Allege Compliance with the Claims Provisions of the California Tort Claims Act.

As part of the California Tort Claims Act, Government Code § 900 *et seq*., establishes certain conditions precedent to the filing of a lawsuit for damages against a public entity with regard to state claims. The filing of a claim for damages 'is more than a procedural requirement, it is a condition precedent to plaintiff's maintaining an action against defendant for state claims, in short, an integral part of plaintiff's cause of action.' [*State of California v. Superior Court of Kings County* (Bodde) 32 Cal. 4th 1234, 1240; citing *Williams v. Horvath* (1976) 16 Cal. 3d 834, 842; quoting *Illerbrun v. Conrad* (1963) 216 Cal. App. 2d 521, 524].

As a prerequisite to maintaining an action against a public entity for tort damages, Government Code Section 945.4 requires the *timely* filing of a claim. If a claim is required to be presented, no suit may be filed against the public entity unless and until a written claim has been presented and either acted upon or deemed rejected. [Govt. Code § 945.4].

Compliance with the Tort Claims Act is mandatory, and the failure to follow its requirements is fatal to a cause of action. [*See City of San Jose* (1974) 12 Cal.3d 447, 454]. The California Supreme Court has made clear that a plaintiff "must allege facts demonstrating or excusing compliance with the claim presentation requirement." [*Garcia v. Adams* (2006) WL 403838; citing *State of California v. Superior Court of Kings County* (2004) 32 Cal.4th 1234, 1243]. Failure to allege facts demonstrating or excusing compliance with the claim presentation requirement subjects a complaint to a general demurrer for failure to state a

///

7

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF    429743
DEFENDANT CITY OF SAN JOSE'S MOTION TO DISMISS FIRST
AMENDED COMPLAINT [FRCP12(B)(6); 12(B)(4)&(5)], OR IN THE ALTERNATIVE,
MOTION FOR A MORE DEFINITE STATEMENT[FRCP12(E)]
C07-03686JW

cause of action. [*State of California v. Superior Court of Kings County, supra,* 32 Cal.4th at p. 1241-124; *see also San Leandro Police Officers Association v. City of San Leandro* (1976) 55 Cal. App. 3d 553, 558-559].

In this case, the Plaintiff has not alleged compliance with the Government Tort Claims Act in her Amended Complaint. [*See* Request for Judicial Notice, Plaintiff's Amended Complaint.] Since Plaintiff has failed to allege facts demonstrating or excusing compliance with the claim presentation requirement, the Amended Complaint is subject to a motion to dismiss pursuant to FRCP 12(b)(6).

### 4. Plaintiff's Amended Complaint Fails to State a Valid Claim for Class Relief.

Plaintiff appears to be seeking certification of a class through her Amended Complaint. [*See* Request for Judicial Notice, Plaintiff's Amended Complaint pp. 2-4.] In order to assert a class action, the case must meet the requirements of FRCP 23(a) & (b). Plaintiff has not shown that this case meets those requirements. FRCP 23(a) sets forth the following prerequisites for a class which are as follows:

> (1) the class is so numerous that joinder of all members is impracticable;
> (2) there are questions of law or fact common to the class;
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
> (4) the representative parties will fairly and adequately protect the interests of the class.

Plaintiff has not shown that this case meets the prerequisites of FRCP 23(a). To state a valid claim for class relief, the complaint must contain allegations showing the existence of the prerequisites and grounds for maintaining a class action. [Schwarzer, Tashima, Wagstaffe, *California Practice Guide: Federal Civil Procedure Before Trial*, § 10:535, p. 10-98 (Rutter Group 2007).] The Plaintiff has not provided any arguments that would indicate that the class is so numerous that joinder of all members is impracticable. [*See* Request for Judicial Notice, Amended Complaint.] Further, the Plaintiff has not provided any indication of the number of class members. The Plaintiff refers to "618 units" however, there is no

8

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF**                              429743
**DEFENDANT CITY OF SAN JOSE'S MOTION TO DISMISS FIRST**
**AMENDED COMPLAINT [FRCP12(B)(6); 12(B)(4)&(5)], OR IN THE ALTERNATIVE,**
**MOTION FOR A MORE DEFINITE STATEMENT[FRCP12(E)]**
C07-03686JW

indication of how many members of the class might exist. [*Id*. at p. 3:21-24.] The Plaintiff also fails to show that the representative parties will fairly and adequately protect the interests of the class. [*Id*.] Since Plaintiff is in *pro per*, she cannot adequately represent the class.

FRCP 23(b) sets forth the types of class actions that can be maintained if all the prerequisites of FRCP 23(a) are satisfied and if:

> (1) prosecuting separate actions by or against individual class members would create a risk of:
>    (A) inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class; or
>    (B) adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests;
> (2) the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole; or
> (3) the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The matters pertinent to these findings include:
>    (A) the class members' interests in individually controlling the prosecution or defense of separate actions;
>    (B) the extent and nature of any litigation concerning the controversy already begun by or against class members;
>    (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
>    (D) the likely difficulties in managing a class action.

Since the Plaintiff has failed to meet to prerequisites of Rule 23(a), the requirements of FRCP 23(b) do not need to be addressed. However, even if the requirements were addressed, Plaintiff's Amended Complaint fails to provide any facts which would indicate that prosecuting separate actions would result in inconsistent or varying adjudications with respect to potential class members. [*See* Request for Judicial Notice, Amended Complaint, p. 2:5-10.] Since there is an absence of sufficient facts in the Amended Complaint to meet the

9
**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF                                429743
DEFENDANT CITY OF SAN JOSE'S MOTION TO DISMISS FIRST
AMENDED COMPLAINT [FRCP12(B)(6); 12(B)(4)&(5)], OR IN THE ALTERNATIVE,
MOTION FOR A MORE DEFINITE STATEMENT[FRCP12(E)]**
C07-03686JW

prerequisites of Rule 23(a) and 23(b), the Amended Complaint fails to state a cognizable legal theory under which claims for class relief can be granted.

### 5.     Plaintiff's Amended Complaint is Procedurally Deficient.

The Amended Complaint is also procedurally deficient as Plaintiff has failed to serve a summons with the Amended Complaint. A summons must be served together with the complaint pursuant to FRCP 4(c)(1). FRCP 12(b)(4) permits a defendant to challenge the form of the summons. Rule 12(b)(5) permits a challenge to the method of service attempted by a plaintiff. In this case, Plaintiff has not served a summons with the Amended Complaint. [*See* Declaration of Denise S. Bazzano.]   Further, service of the Amended Complaint is ineffective. Since Plaintiff is a party to this case she cannot serve the Amended Complaint pursuant to FRCP4(c)(2),. Here, Plaintiff personally served the Amended Complaint to the City of San Jose. [*Id.*]

Based on the above procedural deficiencies, this Court should dismiss this case pursuant to FRCP 12(b)(4)&(5).

## B.     IF THIS COURT WILL NOT DISMISS THIS CASE PURSUANT TO FRCP 12(B)(6) or 12(B)(4)&(5), THEN THIS COURT SHOULD GRANT THE CITY'S MOTION FOR A MORE DEFENITE STATEMENT PURSUANT TO FRCP 12(E).

A motion for a more definite statement pursuant to FRCP 12(e) attacks the unintelligibility of the complaint, not simply the mere lack of detail, and is only proper when a party is unable to determine how to frame a response to the issues raised by the complaint. [*See Bureerong v. Uvawas,* 922 F.Supp. 1450, 1461 (C.D.Cal.1996); *see also Famolare, Inc. v. Edison Bros. Stores, Inc.,* 525 F.Supp. 940, 949 (E.D.Cal.1981) (finding a Rule 12(e) motion proper "only where the complaint is so indefinite that the defendant cannot ascertain the nature of the claim being asserted").] A court will deny the motion where the complaint is specific enough to apprise the defendant of the substance of the claim being asserted. [*Id.*] A motion for a more definite statement is proper only where the complaint is "so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith or

without prejudice to himself." [*Cellars v. Pacific Coast Packaging, Inc.,* 189 F.R.D. 575, 578 (N.D.Cal.1999) (internal quotations and citation omitted); *see also Sagan v. Apple Computer Inc.,* 874 F.Supp. 1072, 1077 (C.D.Cal.1994) (citing *Van Dyke Ford, Inc. v. Ford,* 399 F.Supp. 277, 284 (E.D.Wis.1975)) ("A Rule 12(e) motion is more likely to be granted where the complaint is so general that ambiguity arises in determining the nature of the claim or the parties against whom it is being made.").]

In this case, the complaint is so vague and ambiguous Defendants cannot frame a response. Plaintiff's Amended Complaint does not provide any standard, limitation or order allegedly violated. Nor does the Amended Complaint set forth any dates or locations of the alleged violations. As a result the City cannot frame a response to the Amended Complaint.

## IV.    CONCLUSION

For the foregoing reasons, Defendant, CITY OF SAN JOSE respectfully request that this Court grant the City's Motion to Dismiss the complaint pursuant to FRCP 12(b)(6) and 12(b)(4)&(5). If this Court is not willing to grant the City's Motion, the City asks this Court to grant relief under FRCP 12(e) for a more definite statement of the case.

Respectfully submitted,

Dated:  8/23/07                                RICHARD DOYLE, City Attorney


By:  ___/ S /_____
     DENISE BAZZANO
     Deputy City Attorney

Attorneys for CITY OF SAN JOSE, CITY OF SAN JOSE PLANNING DIVISIONS and the SAN JOSE REDEVELOPMENT AGENCY

11

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT CITY OF SAN JOSE'S MOTION TO DISMISS FIRST
AMENDED COMPLAINT [FRCP12(B)(6); 12(B)(4)&(5)], OR IN THE ALTERNATIVE,
MOTION FOR A MORE DEFINITE STATEMENT[FRCP12(E)]
C07-03686JW                                                                                    429743

# PROOF OF SERVICE

CASE NAME:   AMY L. NILSON v. CITY OF SAN JOSE, et al.

**CASE NO.:**   C07-03686JW

I, the undersigned declare as follows:

I am a citizen of the United States, over 18 years of age, employed in Santa Clara County, and not a party to the within action. My business address is 200 East Santa Clara Street, San Jose, California 95113-1905, and is located in the county where the service described below occurred.

On August 24, 2007, I caused to be served the within:

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT, CITY OF SAN JOSE'S MOTION TO DISMISS FIRST AMENDED COMPLAINT [FRCP 12(b)(6); 12(b)(4) &(5)], OR IN THE ALTERNATIVE, MOTION FOR A MORE DEFINITE STATEMENT [FRCP 12(e)]**

☒    by MAIL, with a copy of this declaration, by depositing them into a sealed envelope, with postage fully prepaid, and causing the envelope to be deposited for collection and mailing on the date indicated above.

I further declare that I am readily familiar with the business' practice for collection and processing of correspondence for mailing with the United States Postal Service. Said correspondence would be deposited with the United States Postal Service that same day in the ordinary course of business.

Addressed as follows:

Amy L. Nilson
3735 Senter Road
San Jose, CA 95111

**Phone Number: (408) 401-7924**

*In Pro Per*

I declare under penalty of perjury that the foregoing is true and correct. Executed on August 24, 2007, at San Jose, California.

/S/
Beverly Troxel

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT CITY OF SAN JOSE'S MOTION TO DISMISS FIRST AMENDED COMPLAINT [FRCP12(B)(6); 12(B)(4)&(5)], OR IN THE ALTERNATIVE, MOTION FOR A MORE DEFINITE STATEMENT[FRCP12(E)]**
C07-03686JW

429743