1  Philip R. Soderquist (SBN 125219)
   Robert A. Schwartz (SBN 107436)
2  SODERQUIST LAW OFFICES
   351 California Street, Suite 550
3  San Francisco, CA  94104
   Telephone: (415) 374-8500
4  Facsimile:  (415) 394-6390

5  Attorneys for San Jose Water Company

6

7

8                    UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10

11  AMY L. NILSON,                    ) Case No. C07 03686 JW
                                      )
12          Plaintiff,                ) MEMORANDUM OF POINTS AND
                                      ) AUTHORITIES IN SUPPORT OF
13  v.                                ) DEFENDANT SAN JOSE WATER
                                      ) COMPANY'S MOTIONS TO DISMISS
14  THE CITY OF SAN JOSE, SANTA CLARA ) FIRST AMENDED COMPLAINT [FRCP
    VALLEY WATER DISTRICT, SAN JOSE   ) 12(b)(4), (5) and (6)], AND MOTION FOR
15  WATER COMPANY, et al.             ) MORE DEFINITE STATEMENT [FRCP
                                      ) 12(e)]
16          Defendants.               )
                                      ) Date:   November 5, 2007
17                                    ) Time:   9:30 a.m.
                                      ) Courtroom: 8
18                                    ) Judge:  The Honorable James Ware
                                      )
19                                    )

20                   I.    INTRODUCTION

21          Defendant San Jose Water Company ("SJWC") hereby moves to dismiss this action (i)

22  pursuant to Federal Rules of Civil Procedure 12(b)(4) for failure to serve SJWC with a

23  summons; (ii) pursuant to FRCP 12(b)(5) for improper service of the complaint and first

24  amended complaint by a party to this action; and (iii) pursuant to FRCP 12(b)(6) for failure to

25  state a claim upon which relief may be granted.  SJWC also moves pursuant to FRCP 12(e) for a

26  more definite statement because the pleading is so indefinite and filled with procedural defects

27  that SJWC cannot ascertain the nature of the claim being asserted against it and cannot

28                                    -1-

1  reasonably be expected to frame a responsive pleading.

2       The first amended complaint is plaintiff's third attempt to plead cognizable claims for

3  relief. Her first action, *5-10 Data Systems v. City of San Jose and Santa Clara Valley Water*

4  *District 4*, Case No. C07-01341 JF, was voluntarily dismissed on May 4, 2007, when challenged

5  with a motion to dismiss by defendant City of San Jose. Plaintiff filed this new action on July

6  17, 2007, adding defendant SJWC and making other amendments to her claims. Plaintiff then

7  filed her first amended complaint and a Motion for Class Certification on July 31, 2007. Despite

8  three attempts, plaintiff's first amended complaint utterly fails to plead cognizable claims for

9  relief or claims that would allow this defendant to frame a meaningful response.

10      Plaintiff's complaint attempts to allege that defendants are responsible for water

11  pollution that affects plaintiff in some manner. However, the complaint combines different,

12  incoherent allegations against the various defendants without sufficiently identifying which

13  claims for relief apply to each defendant or properly identifying the statutory or common law

14  basis for her claims. As such, the pleading is unintelligible and should be dismissed under Rule

15  12(b)(6). In the alternative, a more definite statement under Rule 12(e) is required to enable

16  SJWC to respond to the first amended complaint.

## II.    ARGUMENT

17 **A.    The first amended complaint should be dismissed under Rule 12(b)(4) because it**

18 **was not served together with a summons.**

19      FRCP 4(c)(1) states that "a summons shall be served together with a copy of the

20  complaint." The complaint and the first amended complaint in this action were served by

21  plaintiff on SJWC on July 18, and July 31, 2007. As set forth in the accompanying declaration

22  of Dianna Devine, an employee of SJWC, no summons was served with either complaint.

23  Plaintiff's certificates of service do not list a summons as one of the documents was served.

24  Therefore, the action should either be dismissed against SJWC or service of the summons and

25  first amended complaint should be quashed by the Court. *Montalbano v. Easco Hand Tools,*

26  *Inc.*, 766 F.2d 737, 740 (2d Cir. 1985).

27 **B.    The first amended complaint should be dismissed under Rule 12(b)(5) for improper**

28

-2-

1    service of process.

2        As stated in plaintiff's certificate of service and in the declaration of Dianna Devine, the

3    complaint and the first amended complaint in this action were personally served on defendant

4    SJWC by plaintiff Amy L. Nilson.  Pursuant to FRCP 4(c)(2) "service may be effected by any

5    person **who is not a party** and who is at least 18 years of age."  (Emphasis added.)  Because the

6    complaints were served by plaintiff herself, service was improper pursuant to Rule 4(c)(2).  The

7    Court lacks jurisdiction over a defendant who has not been properly served.  *Dodco, Inc. v.*

8    *American Bonding Co.,* 7 F.3d 1387, 1388 (8th Cir.1993).  Therefore, the action should either be

9    dismissed against SJWC or service of the first amended complaint should be quashed.

10   *Montalbano v. Easco Hand Tools, Inc., supra,* 766 F.2d at 740.

11   **C.    The first amended complaint should be dismissed under Rule 12(b)(6) for failure to**

12   **allege a cognizable legal theory.**

13       A Rule 12(b)(6) dismissal is proper where there is either a lack of a cognizable legal

14   theory or the absence of sufficient facts alleged under a cognizable legal theory.  *Balistreri v.*

15   *Pacifica Police Dept.,* 901 F.2d 696, 699 (9th Cir. 1990).  For purposes of a Rule 12(b)(6)

16   motion, the Court is obligated to accept factual allegations set forth in the complaint as true, but

17   it need not accept as true any conclusory allegations of law, speculation or unwarranted factual

     inferences in deciding the motion.  *Pareto v. F.D.I.C.,* 139 F.3d 696, 699 (9th Cir. 1998).

18       On its face, the first amended complaint is unclear except that defendants are alleged to

19   be responsible for contamination that affected the "residence"[sic] of certain property in San

20   Jose.  The first amended complaint styles itself as a class action but contains none of the

21   necessary allegations of the grounds for a class action suit required by FRCP 23(b) such as a risk

22   of prejudice from separate actions, injunctive relief benefiting the class, predominance of

23   common questions or superiority of a class action remedy.  FRCP 23(b).  Additionally, the Rule

24   23(a) allegations set forth in paragraphs 8 through 13 of the first amended complaint regarding

25   numerosity, commonality, typicality and adequacy of representation are unintelligible.

26       The first amended complaint contains five claims for relief but does not explain which

27   claims are alleged against which defendants.  The complaint contains many incomprehensible

28                                              -3-

1  sentences.  A complaint that is incomprehensible may be dismissed by a 12(b)(6) motion.  See

2  *Prezzi v. Schelter,* 469 F.2d 691, (2nd Cir. 1972).

3      For example, the first cause of action for "Failure to commit to and/or prevent residence

4  from contamination of hazardous chemicals," contains only one sentence which alleges "that

5  zoning improprieties with pre-existing hazardous industrial sites incurred through the abatement

6  of a nuisance, has caused the emotional, and physical harm, of the plaintiff while residing at

7  2151 Oakland Road, San Jose, CA  95131." (Plaintiff's First Amended Complaint p. 6:22-7:1.)

8  This does not state a cognizable claim for relief.

9      The second claim for relief is labeled "Negligence by Parties of Point Authority."

10  Paragraph 23 of the second claim for relief states:  "that alleged abatement of nuisance resulted

11  in contamination and pollution of Coyote Creek Northwestern flow adjacent 880 towards Kinder

12  Morgan…." (Plaintiff's First Amended Complaint p.7:3-6.)  Paragraph 24 alleges "the act of

13  nuisance imposes upon persons (the San Jose Water Company), crimes of all unwitting,

14  inadvertent and unintended conversions [342 U.S. 246, 271], requires more than knowledge that

15  defendant was taking the property into his possession…had knowledge of the facts, though not

16  necessarily the law…requiring higher precautions by employers." (Plaintiff's First Amended

17  Complaint p. 7:7-11.)  Paragraph 25 follows with the allegation that "the Principle had been a

18  "Consciousness of Wrongdoing…Who by virtue of their positions or other similar relations to

19  the actor could be deemed responsible for its (City of San Jose Councils) commission…deemed

20  responsible by virtue of the relationship he/she bore to the corporation to prevent the act."

21  (Plaintiff's First Amended Complaint p. 7:12–16.)

22      These allegations are incomprehensible.  The second cause of action is labeled as one for

23  "negligence," but alleges that an "abatement of nuisance" and an "act of nuisance" caused

24  contamination, pollution and conversion.  These contradictory allegations do not state a

25  cognizable claim for relief.

26      The third claim for relief is labeled as "Certification of Point Source Operations failure in

27  Restricting Contamination of Residence and 'Ground Water'."  Paragraph 26 states that SJWC

28  "had authority and responsibility" of functions delegated by "Normal Operating Duties" and

-4-

1  "principles of the operation of the Company… to prevent contaminations of irrigation and tap

2  water supplied to residence through the use and operations of NPDES Type II Permits."

3  (Plaintiff's First Amended Complaint p.7:19-22.)  This claim for relief alleges no wrongful or

4  negligent acts or the breach of any duty by SJWC.  Instead, the remainder of the claim for relief

5  accuses City of San Jose officials, not SJWC officials, of negligence.  These allegations do not

6  state a cognizable claim for relief against SJWC.

7      The two remaining claims for relief are similarly deficient.  The entire complaint fails to

8  inform this defendant (and all defendants) what duties of care they are alleged to have violated or

9  how the statutes cited by plaintiff give her a private right of action for the alleged violations.

10  Plaintiff's incomprehensible first amended complaint does not allege cognizable legal theories

11  under which liability can be imposed.  The first amended complaint should be dismissed

12  pursuant to Rule 12(b)(6).

13  **D.**    **The first amended complaint requires a more definite statement under Rule 12(e).**

14      A motion for a more definite statement pursuant to FRCP 12(e) attacks the

15  unintelligibility of the complaint, not simply the mere lack of detail, and is proper when a party

16  is unable to determine how to frame a response to the issues raised by the complaint.  *See*

17  *Bureerong v. Uvawas,* 922 F.Supp. 1450, 1461 (C.D.Cal. 1996); *see also Famolare, Inc. v.*

18  *Edison Bros. Stores, Inc.*, 525 F.Supp. 940, 949 (E.D.Cal.1981) [finding a Rule 12(e) motion

19  proper "only where the complaint is so indefinite that the defendant cannot ascertain the nature

20  of the claim being asserted"].  A motion for a more definite statement is proper where the

21  complaint is "so vague or ambiguous that the opposing party cannot respond, even with a simple

22  denial, in good faith or without prejudice to himself." *Cellars v. Pacific Coast Packaging, Inc.,*

23  189 F.R.D. 575, 578 (N.D.Cal.1999) (internal quotations and citation omitted); *see also Sagan v.*

24  *Apple Computer Inc.,* 874 F.Supp. 1072, 1077 (C.D.Cal.1994) (citing *Van Dyke Ford, Inc. v.*

25  *Ford,* 399 F.Supp. 277, 284 (E.D.Wis.1975)) ["A Rule 12(e) motion is more likely to be granted

26  where the complaint is so general that ambiguity arises in determining the nature of the claim or

27  the parties against whom it is being made."].

28      In this case, the first amended complaint is so vague and ambiguous SJWC can neither

-5-

1  determine what the issues are nor frame a response to the claims being asserted against it.

2  Although there are five claims for relief, it is impossible to determine what substantive claims for

3  relief are being asserted, what statutory bases gives plaintiff a private right of action, or even

4  which claims are being alleged against which defendant.

5        Defendant SJWC directs the Court's attention to the following indeterminate allegations

6  that fail due to unintelligibility, lack of specificity and/or ambiguity:

7        1.    Paragraph 3 of the "Introduction," makes the conclusory allegations the SJWC

8  "failed to report possible violations of its regulatory commissions" to state and federal agencies

9  "to ensure clean water was available to residence[sic] of 2151 Oakland Road during the

10  construction of 2059 Oakland Road, San Jose, California."  Plaintiff does not identify the

11  "possible violations."  SJWC cannot respond to this allegation.

12        2.    Paragraph 24 of the second claim for relief, apparently part of a claim of nuisance,

13  cites to *Morrissette v. United States,* 342 U.S. 246 (1952), a case addressing the elements of the

14  crime of conversion of government property.  The entire second claim for relief is unintelligible.

15  It is titled as a negligence claim but instead makes the contradictory allegations that "abatement

16  of nuisance" and "the act of nuisance" caused either contamination or conversion.  SJWC cannot

    respond to this claim.

17        3.    Paragraph 26 is part of the third claim for relief.  Paragraph 26 states that SJWC

18  had "authority and responsibility" to prevent contamination of irrigation and tap water but fails

19  to allege any wrongful or negligent acts by SJWC or the breach of any duty by SJWC.

20  Therefore, SJWC cannot frame a response to this claim.

21        4.    Paragraph 36 of the fifth cause of action merely alleges that SJWC did not reply

22  to a letter requesting an explanation of the methods it uses to prevent contamination of tap water.

23  Paragraph 37 seems to allege that SJWC is required to implement a Storm Water Pollution

24  Prevention Plan, but does not explain how the Plan caused pollution.  The claim for relief

25  contains no allegations of improper conduct by SJWC and does not explain the legal theory upon

26  which the claim for relief is based.

27        5.    The first amended complaint is titled a "Class Action" but does not contain allegations

28

                                          -6-

1    regarding any grounds for certification of a class action under Rule 23(b), such as a risk of

2    prejudice from separate actions, injunctive relief benefiting the class, predominance of common

3    questions or superiority of a class action remedy. In addition, the allegations regarding

4    numerosity, commonality, typicality or adequacy of representation as required by Rule 23(a) are

5    hopelessly vague and ambiguous. SJWC cannot respond until it has more knowledge regarding

6    plaintiff's proposed class.

7        6.    Section III labeled "Jurisdiction" states that this court has "Subject Jurisdiction"

8    under 42 U.S.C. §1986. That statute relates to actions for civil rights violations. However,

9    paragraph 14 of Section III contains no factual allegations of any civil rights violation or conduct

10   relating to "Religious and Political Freedom" as alleged in that paragraph. Section 1986 also

11   does not contain the language quoted by plaintiff. These allegations do not establish jurisdiction.

12       7.    Paragraph 15 under "Jurisdiction" cites FRCP 24 concerning intervention.

13   However, the allegations do not state in what action plaintiff wishes to intervene. This paragraph

     is unintelligible.

14       8.    The venue allegations of Section IV merely quote 28 U.S.C. §1442 regarding

15   removal to Federal Court of actions against federal agencies or officers. The citations in

16   paragraphs 6 and 7 to the Clean Water Act violate Local Rule 3-4(d) because they do not

17   reference the United States Code by title, section or date. Further, none of these allegations

18   establish venue.

19       9.    Paragraph 20 under the section titled "IntraDistrict Assignment" is unintelligible,

20   including in its reference to "Rule 17(a), 28 U.S.C.A." Rule 17 concerns real parties in interest

21   and related matters. 42 U.S.C. §300(4)(D) cited in paragraph 21 contains the definition of a

22   public water system. SJWC cannot comprehend the purpose of this section, nor how to respond

23   to it.

24       10.   The first claim for relief alleges that zoning improprieties have harmed plaintiff

25   but does not explain how any of the defendants are responsible for zoning improprieties, what

26   they are, or how they caused plaintiff's alleged injuries. Therefore, SJWC is unable to respond.

27       11.   The second claim for relief refers to both abatement of a nuisance and the act of

28

-7-

1  nuisance as causing harm.  This claim does not explain what the defendants did to cause plaintiff

2  harm or to contaminate Coyote Creek, and so cannot be responded to in a meaningful way.

3       The deficiencies outlined above render it impossible for SJWC to frame a responsive

4  pleading to plaintiff's first amended complaint.  The Court is asked to dismiss the complaint or

5  require plaintiff to submit a more definite complaint before requiring any response by SJWC.

6  **III.  CONCLUSION**

7       For all the foregoing reasons, defendant SJWC's motions should be granted.

8

9  DATED:    September 4, 2007              SODERQUIST LAW OFFICES

10

11

12            By:    ROBERT A. SCHWARTZ
                 Attorneys for San Jose Water Company

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-8-