Thomas S. Brazier, Esq. /SBN 055484
Jeffrey F. Oneal, Esq. / SBN 129072
LaMORE, BRAZIER, RIDDLE & GIAMPAOLI
1570 The Alameda, Suite 150
San Jose, California 95126-2305
Telephone: (408) 280-6800
Facsimile: (408) 275-6284

Attorneys for Defendant
SANTA CLARA VALLEY WATER DISTRICT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE

| AMY NILSON, | Case No.: C07-03686RS |
|---|---|
| Plaintiffs, | **JOINT STATUS CONFERENCE STATEMENT** |
| V. | |
| THE CITY OF SAN JOSE, PLANNING DIVISIONS, REDEVELOPMENT AGENCY, AND SANTA CLARA VALLEY WATER DISTRICT 4, | November 5, 2007<br>Honorable James Ware<br>Department 8, 4th Floor<br>9:00 a.m. |
| Defendants. | |

The parties hereby submit their joint case management conference statement. On October 12, 2007, Plaintiff Amy Nilson met with counsel for defendant Santa Clara Valley Water District (on behalf of all currently named defendants) to discuss the joint statement. The parties did not agree on many of the matters to be addressed in the statement. To the extent the parties did not agree, the positions of both parties are included in this statement.

## JURISDICTION AND SERVICE

Jurisdiction is alleged to exist under 42 U.S.C. 1986. Defendants dispute jurisdiction under 42 U.S.C. 1986 in that the statute cited by plaintiff in her first amended complaint does not provide a basis for federal jurisdiction for what appears to be predominantly a personal injury action and seems to be

1

unrelated to the claims by plaintiff. Defendants City of San Jose and San Jose Water Company dispute valid service. Both have filed motions to dismiss under Rule 12(b)(4). Plaintiff claims to have properly serve the City of San Jose and intends to properly serve San Jose Water Company

# FACTS

*Plaintiff's statement*

1. *Effluent*: to mean an out-flowing of water from a natural body of water, or from a man-made structure.

    a. *Wastewater* to mean any water that has been adversely affected in quality by anthropogenic (Anthropogenic effects, processes, objects, or materials are those that are derived from human activities, as opposed to those occurring in natural environments without human influences), this includes: liquid waste discharged by domestic residences, commercial properties, and industry.

    b. *Industrial wastewater treatment* to mean the mechanisms and processes used to treat waters that have been contaminated in some way by man's industrial or commercial activities prior to its release into the environment or its re-use.

    c. *Municipal Wastewater*: contains a broad spectrum of contaminants resulting from the mixing of wastewaters from different sources.

    d. *Potable water supply*: to mean processed water from creeks, streams, rivers, lakes, rainwater, etc.

    e. *Sand and grit removal* to mean: the primary treatment typically includes a sand or grit channel or chamber where the velocity of the incoming wastewater allows sand grit and stones to settle.

2. *Facility* means having jurisdiction over any property or facility, engaged in any activity resulting, or which may result, in the discharge or runoff of pollutants, and each officer, agent, or employee respecting the control and abatement of a nuisance causing water pollution, to include:

    a. The date, exact place, and time of sampling or measurements;
    b. The individual(s) who performed the sampling or measurements;
    c. The date(s) analyses were performed;
    d. The individual(s) who performed the analyses;
    e. The analytical techniques or monitoring vehicles used to mitigate.

*[See 2nd ALN Decl. Exhibit A1-01 attachment set 1, doc. spreadsheet pg. 1-4; graphics 2 of 1; doc. P-6352; vicinity map pg. 5; set 5, doc. pg. 1 of 2].

3. *Burdened Property* means contaminated by hazardous materials as defined in section 25260 (B) of the Health and Safety Code Contamination of the Burdened Property. The soil, soil vapor, and groundwater at the Burdened Property have been contaminated by (known) and former manufacturing operations. (to include known contamination and or its constituents of volatile organic compounds.(VOCs) including 1,1,1-trichloroethane (l,l,l-TCA); 1,1-dichloroethene(1,I-DCE); trichloroethene (TCE) and tetrachloroethene (PCE)with lesser amounts of cis 1,2-dichloroethene(cis 1,2-DCE); 1,1-dichlorethane (1,I-DCA); vinylchloride; chlorofluorocarbons (Freon 11,Freon 113)and benzene, toluene, ethylbenzene, and xylenes (BTEX), and other pollution of groundwater). . .*

*[See Exhibit A1-01 attachment set 2, doc. Burdened Property pg. 1-15; doc. Draft; set 3, doc. DMND) project file no. PDC06-012 pg.3; 76 city base map final page; attachment NPDES set 4, pg. 1; Exhibit A1-01 set two, doc. pg. 1].

4. *Effluent Characteristic Discharge Limitations Monitoring Requirements* (ECDLMR) to mean: (NPDES Type II Waste Stream Provisions), including the nearest accessible point after final treatment but prior to actual discharge or mixing (of toxic waste) within the boundaries of the receiving waters . . .*
   *[See Exhibit A1-01, set two, doc. File No. 41S1002 pg. 13 of 15; set five, doc. Memorandum SBWR pg. 2; doc. EPA Fed. Reg. pg. 3-4].

   a. *Mitigated Negative Declaration* means to identify one or more potentially significant effects on the environment by the project (including land, air, water, minerals, flora, fauna, and ambient noise).

   b. *"Act"* means the Clean Water Act (formerly referred to as the Federal Water Pollution Control Act) Public Law 92-500, as amended by Public Law 95-217, Public Law 95-576 and Public Law 100-4, 33 U.S.C. 1251 et seq.

5. *CERCLA Hazardous Substance* means a substance on the list defined in section 101(14) of CERCLA; *
       *[See 2nd Exhibit A1-01, set 5, doc. PDC05-113 pg. 2]

6. *Hazardous substance* means: (1) Any substance designated pursuant to section 311(b) (2) (A) of the Federal Water Pollution Control Act (33 U.S.C. 1251 et seq.);   (4) any toxic pollutant listed under section 307(a) of the Federal Water Pollution Control Act; Pollutant or Contaminant as defined by section 101(33) of CERCLA, includes, but is not limited to, any element, substance, compound, or mixture, including disease- causing agents, which after release into the environment and upon exposure, ingestion, inhalation, or assimilation into any organism, either directly from the environment or indirectly by ingestion through (water supply), will or may reasonably be anticipated to cause death, disease, behavioral abnormalities, cancer, genetic mutation, physiological malfunctions (including reproductive toxicity and or cause of other physical harm or injury, due to heavy metal toxic poisoning) or physical deformations in such organisms or their offspring .

7. Waste Discharge or NPDES Permit to mean: Waste discharge to land; Waste discharge to surface water under the provisions of Domestic/Municipal Wastewater.

    a. Wastewater Treatment and Disposal to mean: San Jose Water Company - adjacent small pumping station Kinder Morgan Terminal Kruse Dr., And Shell Oil Products US Terminal.

    b. Wastewater NPDES permits to mean certified standards and treatment of wastewater sources provided by other means than through the standard purchase and supply from the Santa Clara Valley Water District water supply associated with (Ammonia) used in reservoir treatment facilities owned and operated by the San Jose Water Company.

    c. Industrial Process Wastewater to mean (Santa Clara Valley Water District - "Coyote Creek Flood Plane").

*Defendants statement*

Plaintiff has alleged personal injuries from consuming tap water. Plaintiff has also attempted to allege what may be a cause of action under the Clean Water Act. Defendants assert plaintiff's first amended complaint is unintelligible. Defendants have filed motions to dismiss, or in the alternative, motions for a more definitive statement. Defendants do not have any factual information concerning plaintiff's claim due to the unintelligible allegations.

## LEGAL ISSUES

*Plaintiff's statement*

Plaintiff acting under Pro Se ; Certification of Class Members; Assignment of Legal Council Acting under Pro Bono.

*Defendants' statement*

Defendants have all filed motions to dismiss, or in the alternative, motions for a more definitive statement. Until the motions are heard and decided, defendants do not have a clear understanding of the full nature or extent of the legal issues in the case. However, at this time, defendants believe plaintiff may not act as a legal representative of a class while acting as a pro se litigant. Other legal issues include whether plaintiff has properly provided proper notice of her claims either under the Clean Water Act (U.S.C. 33 U.S.C. 1251 et. seq.) or California Tort Claims act California Government Code §§ 900 et. seq.

**MOTIONS**

*Plaintiffs' statement*

Defendants Motion to Dismiss Original and First Amended Complaint or for a more definitive statement. Plaintiffs Request for Admission; Class Certification and Filing of the Second Amended Complaint.

*Defendants' statement*

All defendants have filed motions to dismiss based on several theories. In the alternative, all defendants have filed motions for more definitive statements. In response, plaintiff has filed a motion for leave to file a second amended complaint.

Plaintiff has filed an administrative motion to have cases deemed related. Plaintiff has asserted the present case is related to the case of Santa Clara Valley Water District v. Olin Corporation, case number C07-03756JW. Defendant Santa Clara Valley Water District has filed an opposition to the motion.

Plaintiff has filed a motion for class certification. Defendants oppose the motion.

Should plaintiff's complaint ultimately be deemed sufficient, defendants intend to file motions for summary judgment.

**AMENDMENT OF PLEADINGS**

*Plaintiff's statement*

To include Plaintiffs Motion in Opposition of Defendants Dismissal of the Original and Amended Complain and request for filing of second Amended Complaint.

*Defendants' statement*

In response to defendants' motions to dismiss, plaintiff has filed a motion for leave to file a second amended complaint.

**EVIDENCE PRESERVATION**

*Plaintiff's statement*

The Plaintiff ("Nilson") to testify upon the admission of evidence and for the preservation of all evidence.

*Defendants' statement*

5

Case No. C07-03686RS – **JOINT STATUS CONFERENCE STATEMENT**

1 | Currently, there do not appear to be any issues related to evidence preservation.

## DISCLOSURES

*Plaintiff's statement*

Doc. and Exhibits A1-01 sets 1-5 and that of the Second Declaration have been submitted to all defendants.

*Defendants' statement*

Until defendants' motions to dismiss, or in the alternative, for a more definitive statement are heard and resolved, Rule 26 disclosures are premature.

## DISCOVERY

*Plaintiff's statement*

The Plaintiff requests for production of documents pertaining to the "class" under Federal Rules and Civil Procedures 23, and that of the original notice of intent to sue to that of the San Jose Water Company.

*Defendants' statement*

Until defendants' motions to dismiss, or in the alternative, for a more definitive statement are heard and resolved, Rule 26 disclosures are premature.

## CLASS ACTIONS:

*Plaintiff's statement*

The Plaintiff seeks "certification of the class" by the determination of the Leading Plaintiff, and that of Leading Attorney pursuant to a jury trial.

*Defendants' statement*

Plaintiff has alleged a class action. Defendants, in their motions to dismiss challenge the class allegations in that plaintiff is a non-lawyer and is a pro se litigant.

## RELATED CASES

Plaintiff asserts there are no related cases. However, plaintiff has filed an administrative motion to deem cases related. Defendants believe there are no related cases.

6

Case No. C07-03686RS – JOINT STATUS CONFERENCE STATEMENT

**RELIEF**

*Plaintiff's statement*

The Plaintiff seeks relief for and or other similar relief under any present or future statute, law or regulation.

*Defendants' statement*

Defendants have no information concerning the relief sought by plaintiff. Defendants request costs and attorneys fees.

**SETTLEMENT AND ADR**

*Plaintiff's statement*

The Plaintiff declines to attend any or participate in any ADR court procedures.

*Defendants' statement*

Until defendants' motions to dismiss, or in the alternative, for a more definitive statement are heard and resolved, a discussion concerning ADR is premature.

**CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

Defendants have agreed to proceeding under a U.S. Magistrate. Plaintiff objects to Magistrate Richard Seeborg alleging a conflict due to his membership in Rotary.

**OTHER REFERENCES**

None.

**NARROWING OF ISSUES**

*Plaintiff's statement*

The Plaintiff requests for further continuance of the case management statement under Federal Civ. P. 23 and for further purposes.

*Defendants' statement*

Until defendants are presented with an intelligible complaint, the issues are unlikely to be Narrowed. Furthermore, defendants understand plaintiff may be bringing in additional defendants.

**EXPEDITED SCHEDULE**

*Plaintiff's statement*

Case No. C07-03686RS – **JOINT STATUS CONFERENCE STATEMENT**

1    The Plaintiff requests pursuant to Fed. R. Civ. P. 23, setting an expedited schedule for discovery, pretrial proceedings, and trial of this case.

*Defendants' statement*

Since defendants do not have a clear understanding of the allegations, and since plaintiff intends to bring in additional defendants, an expedited schedule is inappropriate.

## SCHEDULING

*Plaintiff's statement*

A determination for the discovery of documents cut-off, and expert designations for motion deadlines, pre-trial conference are subject to the courts ruling, and for the production of evidence and documents regarding the actions brought against the defendants.

*Defendants' statement*

Until Defendants' motions to dismiss are heard and decided a discussion concerning scheduling is premature. Further, plaintiff has stated she intends to bring in additional defendants. Until that has occurred, scheduling of discovery cut-off and expert disclosures is impossible. A further case management will be necessary.

## TRIAL

All parties request a jury trial.

## DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

*Plaintiff's statement*

Disclosure has been given to all parties interested, except for the notification of class individuals, as proposed by the Plaintiff, that a list of all entities of interest may be brought forward in further pre-trail and disclosure of evidence.

*Defendants' statement*

Defendants are unaware of any non-party interested entities or persons, except to say that plaintiff has continued to refer to Kinder, Morgan and Shell Oil as possible responsible parties who are not currently defendants in the case.

## OTHER MATTERS

*Plaintiff's statement*

a. Request for Reassignment of District Judge Jeremy Fogel

b. Federal Rules of Evidence 403 and CEC 352 give the court discretion to exclude relevant evidence, both require that "probative value" be substantially outweighed and the dangers of prejudicing, confusing or misleading the jury.

*Defendants' statement*

Defendants do not believe there are any other matters ripe for discussion at this time. It should also be noted that plaintiff submitted what appeared to be a request to counsel for Santa Clara Valley Water District to include a table of contents. It was not included because it appeared to be superfluous.

Dated_____, 2007          Amy Nilson

Dated: *Oct. 26*, 2007              LaMORE, BRAZIER, RIDDLE & GIAMPAOLI

                                    By: _____
                                    Thomas S. Brazier
                                    Jeffrey F. Oneal
                                    Attorneys for Defendant
                                    SANTA CLARA VALLEY WATER DISTRICT

Dated_____, 2007          San Jose City Attorney's office

                                    By:_____

                                    Denise Bazzano attorney for City of San Jose

Dated_____, 2007          Soderquist Law Offices

                                    By: _____

                                    Robert A. Schwartz attorney for San Jose Water Company

9

Case No. C07-03686RS – **JOINT STATUS CONFERENCE STATEMENT**

b. Federal Rules of Evidence 403 and CEC 352 give the court discretion to exclude relevant evidence, both require that "probative value" be substantially outweighed and the dangers of prejudicing, confusing or misleading the jury.

*Defendants' statement*

Defendants do not believe there are any other matters ripe for discussion at this time.

Dated _____, 2007                Amy Nilson

Dated: _____, 2007               LaMORE, BRAZIER, RIDDLE & GIAMPAOLI

                                        By: _____
                                            Thomas S. Brazier
                                            Jeffrey F. Oneal
                                            Attorneys for Defendant
                                            SANTA CLARA VALLEY WATER DISTRICT

Dated _____, 2007                San Jose City Attorney's office

                                        By: _____

                                        Denise Bazzano attorney for City of San Jose

Dated October 24, 2007                  Soderquist Law Offices

                                        By: *[signature]* Robert Schwartz

                                        Robert A. Schwartz attorney for San Jose Water Company

11

Case No. C07-03686RS – **JOINT STATUS CONFERENCE STATEMENT**

# CERTIFICATE OF SERVICE

I am a citizen of the United States and employed in the county aforesaid; I am over the age of eighteen years, and not a party to the within action; my business address is 1570 The Alameda, Suite 150, San Jose, California. On the date set forth below I served the documents described below:

**JOINT STATUS CONFERENCE STATEMENT**

on the following person(s) in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

| | |
|---|---|
| Amy Nilson<br>3735 Senter Road<br>San Jose, CA  95111<br>Telephone: (408) 401-7924 | In Pro Se Plaintiff |
| Denise Sequeira Bazzana<br>Office of the City Attorney<br>City of San Jose<br>200 East Santa Clara Street<br>San Jose, CA  95113-1905 | Attorney for Defendant City of San Jose |
| Robert A. Schwartz<br>Soderquist Law Office<br>351 California Street, Suite 550<br>San Francisco, CA  94104 | Attorney for Defendant City of San Jose and Santa Clara Valley Water District |

[X]   (BY MAIL) I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States mail at San Jose, California.

[ ]   (BY PERSONAL SERVICE) I caused such envelope(s) to be delivered by hand this date to the offices of the addressee(s).

[X]   (BY ELECTRONIC FILING) I caused such document(s) to be transmitted electronically on this date.

[ ]   (BY FACSIMILE) I caused such document(s) to be transmitted by facsimile on this date to the offices of addressee(s).

[ ]   (BY FEDERAL EXPRESS) I caused such envelope(s) with all fees fully prepaid to be placed in the Federal Express office at San Jose, California.

[ ]   (STATE) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

[X]   (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

EXECUTED on October 26, 2007 at San Jose, California.

*/s/ Natalyn Frazier*
Natalyn Frazier

12000-134