1  Thomas S. Brazier, Esq. /SBN 055484
   Jeffrey F. Oneal, Esq. / SBN 129072
2  LaMORE, BRAZIER, RIDDLE & GIAMPAOLI
   1570 The Alameda, Suite 150
3  San Jose, California 95126-2305
   Telephone: (408) 280-6800
4  Facsimile: (408) 275-6284

5  Attorneys for Defendant
   SANTA CLARA VALLEY WATER DISTRICT
6

7

8              UNITED STATES DISTRICT COURT

9          NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE

10

11 | AMY L. NILSON,                              | Case No.: C 07-03686 JW
12 |                    Plaintiff,               |
13 |    V.                                       | **NOTICE OF ENTRY OF ORDER**
14 | THE CITY OF SAN JOSE, SANTA CLARA           |
   | VALLEY WATER DISTRICT, AND SAN JOSE         |
15 | WATER COMPANY et. al.                       |
16 |                    Defendants.              |
17

18 TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

19     PLEASE TAKE NOTICE that the attached Order regarding Defendant's Motions to Dismiss

20 with Leave to Amend was signed by Judge James Ware and filed by the Court on November 9, 2007,

21 and is attached hereto as Exhibit A.

22
   Dated: November 13, 2007                    LaMORE, BRAZIER, RIDDLE & GIAMPAOLI
23

24
                                               By: _____
25                                                 Thomas S. Brazier
                                                   Jeffrey F. Oneal
26                                                 Attorneys for Defendant
                                                   SANTA CLARA VALLEY WATER DISTRICT
27

28

                                        1

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Amy L. Nilson,<br><br>           Plaintiff,<br>  v.<br>The City of San Jose, et al.,<br><br>           Defendants. | NO. C 07-03686 JW<br><br>**ORDER DENYING DEFENDANTS' MOTIONS TO DISMISS WITH LEAVE TO AMEND** |

## I. INTRODUCTION

Amy L. Nilson ("Plaintiff"), in *pro per*, brings this putative class action against the City of San Jose, Santa Clara Water District, and San Jose Water Company (collectively, "Defendants"), alleging, *inter alia*, injuries sustained from contaminated water.

Presently before the Court are Defendants' Motions to Dismiss and Defendants' Motions for a More Definite Statement.[1] The Court conducted a hearing on November 5, 2007. Based on the papers submitted to date and oral arguments at the hearing, the Court GRANTS Defendants' Motions to Dismiss with leave to amend.

## II. DISCUSSION

Defendants move to dismiss the First Amended Complaint on the grounds (1) that Plaintiff has failed to meet the procedural requirements of the Federal Rules of Civil Procedure, and (2) that

---

[1] Plaintiff has also filed various administrative motions to relate this case to CV 07-1341-JF and CV 07-3756-JW (See Docket Item Nos. 2, 3, 8.) The Court DENIES Plaintiff's motions because Plaintiff has failed to make a showing that these cases are factually similar. In addition, the Court DENIES Plaintiff's motion for class certification as premature. (See Docket Item No. 6.)

1  Plaintiff has failed to state a claim upon which relief may be granted.  (See, e.g., City of San Jose's
2  Motion to Dismiss First Amended Complaint at 3-7, hereafter, "Motion to Dismiss," Docket Item
3  No. 15.)  The Court proceeds to consider each in turn.

### A.     Procedural Deficiencies

5       Defendants contend that Plaintiff's First Amended Complaint was not served together with a
6  summons and that it was otherwise improperly served.  (See, e.g., Motion to Dismiss at 3.)
7       Federal Rules of Civil Procedure 12(b)(4) and 12(b)(5) permit a defendant to challenge
8  insufficiency of process and insufficiency of service of process, respectively.  The Court finds
9  Defendants have not been prejudiced by improper service because they have notice of this action,
10 and have filed the present motions to dismiss.  Further, recent entries in the docket suggest that
11 Plaintiff has now properly served Defendants with a summons and a copy of the Complaint.  (See
12 Docket Item Nos. 49, 59.)
13      Accordingly, the Court finds dismissal on these procedural grounds unwarranted.

### B.     Failure to State a Claim

15      Defendants contend that Plaintiff's First Amended Complaint (1) fails to allege a cognizable
16 legal theory, (2) fails to allege proper notice under Clean Water Act and the Safe Drinking Water
17 Act, and (3) fails to allege compliance with the California Tort Claims Act.  (See e.g., Motion to
18 Dismiss at 4, 5, 7.)
19      Pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed against
20 a defendant for failure to state a claim upon which relief can be granted against that defendant.
21 Dismissal may be based on either the lack of a cognizable legal theory or the absence of sufficient
22 facts alleged under a cognizable legal theory.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699
23 (9th Cir. 1990); Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 533-534 (9th Cir. 1984).
24 Any existing ambiguities must be resolved in favor of the pleading.  Walling v. Beverly Enters., 476
25 F.2d 393, 396 (9th Cir. 1973).  The complaint must plead "enough facts to state a claim for relief
26 that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. __ , 127 S. Ct. 1955, 1974

2

(2007). Courts may dismiss a case without leave to amend if the plaintiff is unable to cure the defect by amendment. Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000).

Due to Plaintiff's *pro se* status, the Court strains the construe her Complaint in a light most favorable to her. Upon review, the bases for Plaintiff's causes of action are far from clear. It appears that she believes that her tap water has become contaminated and that she has been injured by the contamination. (Plaintiff's First Amended Complaint at 6-7, Docket Item No. 7.) Plaintiff also alleges that changes in zoning has caused her harm. (Id.) While Plaintiff does state specific causes of action, the allegations within those causes of action do not identify the particular Defendant to which they apply, nor do they provide a sufficient statutory or common law basis for the claim for relief. Further, the allegations are vague, ambiguous, and unintelligible. The Court finds that Plaintiff has failed to state a cognizable legal theory.

With respect to Defendants' second contention, the Clean Water Act, 33 U.S.C. § 1251, *et seq.*, allows a citizen to bring a private right of action, but requires compliance with specific notice provisions. See §1365(b).[2] The Safe Drinking Water Act mandates a similar notice requirement. See 42 U.S.C. § 300J-8(b). The Court finds that Plaintiff has not sufficiently alleged that she has fulfilled these notice requirements to bring an action under either statute.

---

[2] Title 33 U.S.C. § 1365(b), for example, provides:
No action may be commenced--
(1) under subsection (a)(1) of this section--
   (A)  prior to sixty days after the plaintiff has given notice of the alleged violation (i) to the Administrator, (ii) to the State in which the alleged violation occurs, and (iii) to any alleged violator of the standard, limitation, or order, or
   (B)  if the Administrator or State has commenced and is diligently prosecuting a civil or criminal action in a court of the United States, or a State to require compliance with the standard, limitation, or order, but in any such action in a court of the United States any citizen may intervene as a matter of right.
(2) under subsection (a)(2) of this section prior to sixty days after the plaintiff has given notice of such action to the Administrator, except that such action may be brought immediately after such notification in the case of an action under this section respecting a violation of sections 1316 and 1317(a) of this title. Notice under this subsection shall be given in such manner as the Administrator shall prescribe by regulation.

3

With respect to Defendants' third contention, to the extent that Plaintiff alleges claims against public entities, she may have to meet the requirements of the California Government Tort Claims Act. Cal. Gov. Code §§ 815, *et seq*. The Court finds that Plaintiff has not sufficiently alleged that she complied with requirements of the California Government Tort Claims Act.

In sum, the Court finds that Plaintiff's First Amended Complaint fails to state a claim upon which relief may be granted. However, in light of Plaintiff's *pro se* status, the Court GRANTS Plaintiff leave to amend her Complaint.[3] Plaintiff shall clearly articulate the bases for the Court's jurisdiction and whether she has exhausted her administrative remedies.

### III. CONCLUSION

The Court GRANTS Defendants' Motions to Dismiss with leave to amend. Plaintiff shall file the Second Amended Complaint by **December 10, 2007**. If Plaintiff fails to file an Amended Complaint in accordance with this Order, the action will be dismissed with prejudice for lack of prosecution pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

Dated: November 9, 2007

JAMES WARE
United States District Judge

---

[3] Plaintiff has moved for leave to file a Second Amended Complaint and tendered a proposed Second Amended Complaint. (See Docket Item No. 42, 59.) Plaintiff shall amend the proposed Second Amended Complaint consistent with this Order.

4

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Denise Sequeira Bazzano cao.main@sanjoseca.gov
Jeffrey Frank Oneal joneal@lbrg.com
Robert A. Schwartz raschwartz1@gmail.com
Thomas S. Brazier Tom_Brazier@lbrg.com

Amy Nilson
3735 Senter Road
San Jose, CA 95111

Dated: November 9, 2007                    Richard W. Wieking, Clerk

                                           By:   /s/ JW Chambers
                                                 **Elizabeth Garcia**
                                                 **Courtroom Deputy**

In re: Warn v. Browns Valley Irrigation District et al.
Case: 06-0000407

**PROOF OF SERVICE**

I am a citizen of the United States and employed in the county aforesaid; I am over the age of eighteen years, and not a party to the within action; my business address is 1570 The Alameda, Suite 150, San Jose, California. On the date set forth below I served the documents described below:

**NOTICE OF ENTRY OF ORDER**

on the following person(s) in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

5-10 DATA SYSTEMS                     In Pro Per Plaintiff
2151 Oakland Road, Sp. 550
San Jose, CA 95131
Telephone: (408) 401-7924

[X]   (BY MAIL) I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States mail at San Jose, California.

[ ]   (BY PERSONAL SERVICE) I caused such envelope(s) to be delivered by hand this date to the offices of the addressee(s).

[ ]   (BY FACSIMILE) I caused such document(s) to be transmitted by facsimile on this date to the offices of addressee(s).

[ ]   (BY FEDERAL EXPRESS) I caused such envelope(s) with all fees fully prepaid to be placed in the Federal Express office at San Jose, California.

[ ]   (STATE) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

[X]   (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

EXECUTED on November 13, 2007 at San Jose, California.

*/s/ Natalyn Frazier*
Natalyn Frazier

12000-134

PROOF OF SERVICE – Case 06-0000407

1