RICHARD DOYLE, City Attorney (#88625)
GEORGE RIOS, Assistant City Attorney (#77908)
DENISE BAZZANO, Deputy City Attorney (#220148)
Office of the City Attorney
200 East Santa Clara Street, 16th Floor
San José, California 95113-1905
Telephone Number: (408) 535-1900
Facsimile Number: (408) 998-3131
E-Mail Address: cao.main@sanjoseca.gov

Attorneys for CITY OF SAN JOSE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| AMY L. NILSON,<br><br>Plaintiff,<br><br>v.<br><br>THE CITY OF SAN JOSE, SANTA CLARA VALLEY WATER DISTRICT, SAN JOSE WATER COMPANY, et al.,<br><br>Defendants. | Case Number: C07-03686JW<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT, CITY OF SAN JOSE'S MOTION TO DISMISS SECOND AMENDED COMPLAINT [FRCP 12(b)(6)], OR IN THE ALTERNATIVE, MOTION FOR A MORE DEFINITE STATEMENT [FRCP 12(e)]**<br><br>DATE: February 11, 2008<br>TIME: 9:00 a.m.<br>COURTROOM: 8<br>JUDGE: Hon. James Ware |

453344_2

## I. INTRODUCTION

Defendant, CITY OF SAN JOSE (hereinafter referred to as "City"), respectfully submits the following Memorandum of Points and Authorities in support of its Motion to Dismiss the Second Amended Complaint (hereinafter referred to as "SAC") as to the City pursuant to Federal Rules of Civil Procedure ("FRCP") 12(b)(6). This is the second time the City has filed this Motion to Dismiss based on defects contained in Plaintiff, AMY NILSON'S (hereinafter referred to as "Plaintiff") complaints. Despite this Court's prior Order Granting Defendants' Motions to Dismiss with Leave to Amend filed on November 9, 2007, Plaintiff's SAC remains hopelessly deficient. Plaintiff once again strings together many different incoherent allegations against the various defendants without identifying which allegation is being alleged against each of the defendants. As such there is "an absence of sufficient facts alleged under a cognizable legal theory" and the Amended Complaint is subject to a dismissal pursuant to FRCP 12(b)(6). [*Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).]

Plaintiff now appears to be alleging violations of the Federal Water Pollution Control Act (33 U.S.C. § 2136, *et seq*.), the Clean Water Drinking Act and/or the Safe Drinking Act. [*See* Request for Judicial Notice, Plaintiff's First Amended Complaint and SAC.] The SAC, however, continues to fail to allege any compliance with the notice requirements of either the Clean Water Act or the Safe Drinking Act. It is unclear what allegations apply to the City, if any. However, to the extent that any of Plaintiff's allegations are for alleged injuries, Plaintiff has again failed to allege compliance with the claims provisions of the California Tort Claims Act. As a result of these continued deficiencies, the SAC fails to state a claim upon which relief may be granted.

In addition to the above, Plaintiff's SAC continues to assert allegations on Plaintiff's own behalf and on behalf of "all other persons similarly situated (the Classes), in addition to the general public…". The SAC fails to state a claim upon which relief may be granted to a class because Plaintiff has failed to meet the requirements of Federal Rule of Civil Procedure ("FRCP") 23(a) & (b).

---

1
**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF THE CITY OF SAN JOSE's MOTION TO DISMISS
SECOND AMENDED COMPLAINT [FRCP 12(B)(6)], OR IN THE ALTERNATIVE,
MOTION FOR A MORE DEFINITE STATEMENT [FRCP 12(E)]**               C07-03686JW

453344_2

If this Court denies the City's Motion to Dismiss, the City moves this Court for a more definite statement from the Plaintiff pursuant to FRCP 12(e). The pleading is so vague and ambiguous that the City cannot reasonably be required to frame a responsive pleading to the SAC as it stands.

## II. SUMMARY OF THE PLEADINGS

The City contends that the SAC is vague and ambiguous such that it is unintelligible. As such, a summary of the SAC is difficult. However, it appears that the SAC arises from the alleged contamination of drinking water and air as a result of pollution. [*See* Request for Judicial Notice, Plaintiff's SAC, pp. 4-5.]

## III. ARGUMENT

### A. THE SECOND AMENDED COMPLAINT IS SUBJECT TO DISMISSAL PURSUANT TO FRCP 12(B)(6).

The City moves to dismiss the entire action prior to the service of any responsive pleadings pursuant to FRCP 12(b)(6).[1] Generally, a Rule 12(b)(6) dismissal is proper where there is either a lack of cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. [*Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990); *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533-534 (9th Cir. 1984).] The motion can also be brought where the Plaintiff has included allegations in the pleadings disclosing some absolute defense or bar to recovery. [*Weisbuch v. County of Los Angeles*, 119 F.3d 778, 783 (9th Cir. 1997).]

For the purposes of a Rule 12 motion, the court is obligated to accept factual allegations set forth in the complaint as true, but it need not accept as true any legal conclusions, speculation, conclusory allegations, or unwarranted factual deductions in deciding the motion. [*Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998); *Transphase*

---

[1] That section holds, in part, as follows: (b) Every defense, in law or fact, to a claim for relief in any pleading… shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion…. (6) failure to state a claim upon which relief can be granted…

2

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF THE CITY OF SAN JOSE's MOTION TO DISMISS
SECOND AMENDED COMPLAINT [FRCP 12(B)(6)], OR IN THE ALTERNATIVE,
MOTION FOR A MORE DEFINITE STATEMENT [FRCP 12(E)]**     C07-03686JW

453344_2

*Systems, Inc. v. Southern Calif. Edison Co.*, 839 F.Supp. 711, 718 (CD CA 1993). Finally, the court may consider matters properly the subject of judicial notice when deciding a motion to dismiss for failure to state a claim. [*MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986).]

### 1. The Second Amended Complaint Fails to Identify a Cognizable Legal Theory.

On the face of the SAC, it is unclear what Plaintiff is alleging against the City. The SAC sets forth two causes of action but the causes of action do not identify the alleged defendant against whom the allegation is being raised. [*See* Request for Judicial Notice, Plaintiff's SAC, pp. 9-14.] As such, the City has no idea which causes of action are being asserted against it. Furthermore, the allegations contained in the causes of action are vague and ambiguous to the point of being unintelligible.

#### a. The First Cause of Action

The First Cause of Action is titled: "Failure to Implement and Maintain Reasonable Water Quality Assurance". This cause of action alleges, *inter alia*, that

> "Defendants San Jose Water Company's procedures following (Liquid Carbon Dioxide)[sic], does little to prevent these contaminates from flowing through back-flow operations, and in fact is used as a remedy to clean the sludge from the piping. ... [t]hese operations are not standard/or of best practices for "potable" water "back-flow" and "drinking water" operations." [SAC, p. 9:7-12.]

> "…Kinder Morgan's dependency on bio-diesel has increased by 25%. That the amount of consumption obtained by this facility allows for the continual burning off of natural gas and diesel fuels…[r]esulting in an overall increase in the area of the plume that has caused decrease in lung function, increases incidents of asthma, and chronic lung disease." [SAC, p. 9:13-22.]

> "These problems arise from the initial works and area needed to provide regulatory standards for the increased dependency of a nuisance…[A]s provided by the City of San Jose to issue a "waste steam" permit, as appropriated by "Santa Clara Valley Water District", in their allocation of land assets along the "Coyote Creek Flood Plane." [SAC, p. 10:1-11.]

> "Violation [sic] have been reported as early as 2005 of known "class" concerns by persons affected by the notification of "burdened property" abandoned in 1989 due to ground contamination for ("UST"), and fuel terminal, and maintenance and wash area activities…" [SAC, p. 10:12-18.]

> "The "class" is not only subject to the contamination of public and potable water sources,, the "class" has become susceptible to KMP's (carbon monoxide poisoning) and other cancerous causing agents expelled through the burning of "fuel exhaust waste". The "class" is also susceptible to Kinder Morgan's alarms…" [SAC, p. 11:1-7.]

> "Kinder Morgan site operations have caused all adjacent areas to be contaminated with heavy metal toxins… [M]aking this "class" the most vulnerable to fumes of cancer causing agents commonly contaminated through inhalation or ingestion through the exhaust system of their vehicle, and or of any moving or parked vehicle within 5 miles of the "point stack" in which abatement activities has caused its own employees to cover their vehicles with a material lining. The initial physical response included intense headache, sinus-pressure, rapid increase of heart and blood pressure, upset stomach, uneasiness, stress and causing an increased certainty to develop tumors"[sic]…" [SAC, p. 12:1-7.]

As evidenced by the relevant portions of the First Cause of Action set forth above, the First Cause of Action fails to state a cognizable legal theory. The Plaintiff fails to state the statutory or common law basis for any of the allegations contained in the First Cause of Action. Additionally, the First Cause of Action contains so many grammatical errors the First Cause of Action is almost incomprehensible. Finally, it is unclear from the First Cause of Action what Plaintiff is alleging against the City, if anything. For instance, the City is only mentioned in the First Cause of Action on page 10 of the SAC, wherein Plaintiff states that the City issues a ""waste steam" permit, as appropriated by "Santa Clara Valley Water District", in their allocation of land assets along the "Coyote Creek Flood Plane." [See SAC, p. 10:9-11.] This sentence has so many grammatical errors that the meaning is totally incomprehensible. Plaintiff puts quotations around words and phrases where no quotations appear to be necessary and uses words without regard to their meaning.

4

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF THE CITY OF SAN JOSE's MOTION TO DISMISS
SECOND AMENDED COMPLAINT [FRCP 12(B)(6)], OR IN THE ALTERNATIVE,
MOTION FOR A MORE DEFINITE STATEMENT [FRCP 12(E)]**              C07-03686JW

453344_2

### b. The Second Cause of Action

This Cause of Action is erroneously referenced as the "Third Cause of Action" and titled "Protection of the Health and Welfare of the General Public." This cause of action alleges, *inter alia*, that:

> "The entire act by all defendants must be declared unconstitutional, pursuant [sic] Title 17, California Code of Regulations, and ARTICLE 6. CLEAR AND REASONABLE WARNINGS § 12601 (Feb 2003), "whenever a clear and reasonable warning is required under Section 25249.6 of the Act, the method employed to transmit the warning must be reasonably calculated…" [SAC, p. 13:1-6.]

> "Defendants failed to protect its citizens form [sic] oversight if filing (USC Section 1365(2007), Federal Water Pollution Control Act or Clean Water Act, 505, Citizen Suits, pg. 213-215." [SAC, p. 13:8-11.]

From the statements set forth above, the City cannot make any sense of what, if anything, Plaintiff is alleging against the City. In the Second Cause of Action Plaintiff strings together references to various code sections and acts without giving any proper citations nor indicating the significance or applicability of that codes section or act. Similar to the First Cause of Action, the Second Cause of Action is also plagued with grammatical errors that cause the Second Cause of Action to be incomprehensible.

A complaint that is incomprehensible is properly disposed of through a 12(b)(6) motion. [*See Prezzi v. Schelter* 469 F.2d 691 (C.A. 2nd 1972) (dismissed because complaint contained prolixity of unrelated and vituperative charges that defied comprehension).] Since the City is a public entity, liability must be based on a specific statute declaring them liable or, at least, creating some specific duty of care. [*Eastburn v. Regional Fire Protection Authority* (2003) 31 Cal.4th 1175, 1183; *see also* Cal. Govt. Code § 815.] Although this Court must accept as true all factual allegations for purposes of a FRCP 12 (b)(6) motion (*Pareto v. F.D.I.C.*, *supra*, 139 F.3d at p. 699) the only comprehensible allegations set forth by Plaintiff are conclusory in nature and therefore need not be accepted as true.

5

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF THE CITY OF SAN JOSE's MOTION TO DISMISS
SECOND AMENDED COMPLAINT [FRCP 12(B)(6)], OR IN THE ALTERNATIVE,
MOTION FOR A MORE DEFINITE STATEMENT [FRCP 12(E)]          C07-03686JW

453344_2

None of the causes of action contained in Plaintiff's SAC provide any cognizable legal theory against the City. Since the SAC does not set forth any legal theory under which liability can be assessed, the SAC should be dismissed pursuant to FRCP 12(b)(6).

### 2. The Second Amended Complaint Fails to Allege Compliance with the Notice Requirements of the Clean Water Act or the Safe Drinking Water Act.

Under the Clean Water Act (33 U.S.C. § 1251, *et seq*.) and the Safe Drinking Water Act (42 U.S.C. § 300J-8), in order for a citizen to maintain a lawsuit, a plaintiff must provide notice of the alleged violation to the alleged violator as well as the Attorney General for the State of California and the Environmental Protection Agency of its intent to commence a lawsuit for violations of the Acts.

The Clean Water Act allows a citizen to bring a private suit against alleged violators, but requires specific notice to be given to the suspected polluter. [33 U.S.C. § 1365 (a) and (b).] The statute's notice section provides:

> No action may be commenced-
> (1) under subsection (a)(1) of this section-
> (A) prior to sixty days after the plaintiff has given notice of the alleged violation (i) to the Administrator, (ii) to the State in which the alleged violation occurs, and (iii) to any alleged violator of the standard, limitation, or order, ...except that such action may be brought immediately after such notification in the case of an action under this section respecting a violation of sections 1316 and 1317(a) of this title....[33 U.S.C. § 1365[2].]

---

[2] 42 U.S.C. § 300J-8 has a similar notice requirement as the Clean Water Act and reads in pertinent part as follows : (b) Conditions for commencement of civil action; notice

No civil action may be commenced--under subsection (a)(1) of this section respecting violation of a requirement prescribed by or under this subchapter--

**(A)** prior to sixty days after the plaintiff has given notice of such violation (i) to the Administrator, (ii) to any alleged violator of such requirement and (iii) to the State in which the violation occurs, or

**(B)** if the Administrator, the Attorney General, or the State has commenced and is diligently prosecuting a civil action in a court of the United States to require compliance with such requirement, but in any such action in a court of the United States any person may intervene as a matter of right; or**(2)** under subsection (a)(2) of this section prior to sixty days after the plaintiff has given notice of such action to the Administrator; or **(3)** under subsection (a)(3) of this section prior to 60 days after the plaintiff has given notice of such action to the Attorney General and to the Federal agency.

Under the regulations, the notice must include sufficient information to allow the recipient "to identify the specific standard, limitation, or order alleged to have been violated, the activity alleged to constitute a violation, the persons or person responsible for the alleged violation, the location of the alleged violation, the date or dates of such violation, and the full name, address, and telephone number of the person giving notice." [40 C.F.R. 135.3(a).] "In practical terms, the notice must be sufficiently specific to inform the alleged violator about what it is doing wrong, so that it will know what corrective actions will avert a lawsuit." [*Atlantic States Legal Foundation, Ind., v. Stroh Die Casting Co.*, 116 F.3d 814, 819 (7th Cir. 1997); *Washington Trout v. McCain Foods Inc.*, 45 F.3d 1351 (9th Cir. 1995).]

In *Hallstrom v. Tillamook County,* 493 U.S. 20, 21 (1989), the United States Supreme Court held that the 60-day notice requirement of the Resource Conservation and Recovery Act (RCRA) found in 42 U.S.C. section 6972 was mandatory. When a plaintiff does not comply with its provisions, the complaint must be dismissed. [*Id*.] The Supreme Court, looking at the plain language of the statute, concluded "compliance with the 60-day notice provision is a mandatory, not optional, condition precedent for suit." [*Id*. at p. 20.]

The notice provisions of section 1365(b) of Title 33 can and has been analogized to the 60-day notice provision of the RCRA examined in *Hallstrom. [National Environmental Foundation v. ABC Railroad Corporation,* 926 F.2d 1096, 1097-1098.] The 60-day notice requirement of 33 U.S.C. section 1365 (b) is a mandatory condition precedent to the filing of a citizen suit under the Clean Water Act. If a plaintiff fails to comply with this notice requirement where it is applicable, the district court is required to dismiss the action.

In this case, Plaintiff has not alleged compliance with the notice requirements of the Clean Water Act or the Safe Drinking Water Act. This defense was asserted by the City, and this Court agreed, in its Motion to Dismiss Plaintiff's First Amended Complaint. Plaintiff has chosen to ignore the requirements of these Acts, despite continuing to allege violations of the Clean Water Act. As a result, this Court should not allow Plaintiff another opportunity to amend what could and should have been corrected in the SAC.

### 3. The Second Amended Complaint Fails to Allege Compliance with the Claims Provisions of the California Tort Claims Act.

Part of the California Tort Claims Act, Government Code § 900 *et seq*., establishes certain conditions precedent to the filing of a lawsuit for damages against a public entity with regard to state claims. The filing of a claim for damages 'is more than a procedural requirement, it is a condition precedent to plaintiff's maintaining an action against defendant for state claims, in short, an integral part of plaintiff's cause of action.' [*State of California v. Superior Court of Kings County* (Bodde) 32 Cal. 4th 1234, 1240; citing *Williams v. Horvath* (1976) 16 Cal. 3d 834, 842; quoting *Illerbrun v. Conrad* (1963) 216 Cal. App. 2d 521, 524].

As a prerequisite to maintaining an action against a public entity for tort damages, Government Code Section 945.4 requires the *timely* filing of a claim. If a claim is required to be presented, no suit may be filed against the public entity unless and until a written claim has been presented and either acted upon or deemed rejected. [Govt. Code § 945.4].

Compliance with the Tort Claims Act is mandatory, and the failure to follow its requirements is fatal to a cause of action. [*See City of San Jose v. Superior Court (*Lands Unlimited) (1974) 12 Cal.3d 447, 454]. The California Supreme Court has made clear that a plaintiff "must allege facts demonstrating or excusing compliance with the claim presentation requirement." [*Garcia v. Adams* (2006) WL 403838; citing *State of California v. Superior Court of Kings County* (2004) 32 Cal.4th 1234, 1243]. Failure to allege facts demonstrating or excusing compliance with the claim presentation requirement subjects a complaint to a general demurrer for failure to state a

cause of action. [*State of California v. Superior Court of Kings County, supra,* 32 Cal.4th at p. 1241-124; *see also San Leandro Police Officers Association v. City of San Leandro* (1976) 55 Cal. App. 3d 553, 558-559].

In this case, the Plaintiff has not alleged compliance with the Government Tort Claims Act in her SAC despite alleging injuries suffered by the "class". [*See* Request for Judicial Notice, Plaintiff's SAC.] Since Plaintiff has failed to allege facts demonstrating or excusing

8   453344_2

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF THE CITY OF SAN JOSE's MOTION TO DISMISS
SECOND AMENDED COMPLAINT [FRCP 12(B)(6)], OR IN THE ALTERNATIVE,
MOTION FOR A MORE DEFINITE STATEMENT [FRCP 12(E)]**   C07-03686JW

compliance with the claim presentation requirement, the Amended Complaint is subject to a motion to dismiss pursuant to FRCP 12(b)(6).

### 4. Plaintiff's Second Amended Complaint Fails to State a Valid Claim for Class Relief.

Plaintiff again appears to be seeking certification of a class through her Second Amended Complaint despite having been told by this Court that she could not represent a class since Plaintiff was in *pro per*. In order to assert a class action, the case must meet the requirements of FRCP 23(a) & (b). Plaintiff has not shown that this case meets those requirements. To state a valid claim for class relief, the complaint must contain allegations showing the existence of the prerequisites and grounds for maintaining a class action. [Schwarzer, Tashima, Wagstaffe, *California Practice Guide: Federal Civil Procedure Before Trial*, § 10:535, p. 10-98 (Rutter Group 2007).] Further, since Plaintiff is in *pro per*, she cannot adequately represent the class.

Since there is an absence of sufficient facts in the SAC to meet the prerequisites of Rule 23(a), the SAC fails to state a cognizable legal theory under which claims for class relief can be granted.

## B. IF THIS COURT WILL NOT DISMISS THIS CASE PURSUANT TO FRCP 12(B)(6), THEN THIS COURT SHOULD GRANT THE CITY'S MOTION FOR A MORE DEFENITE STATEMENT PURSUANT TO FRCP 12(E).

A motion for a more definite statement pursuant to FRCP 12(e) attacks the unintelligibility of the complaint, not simply the mere lack of detail, and is only proper when a party is unable to determine how to frame a response to the issues raised by the complaint. [*See Bureerong v. Uvawas,* 922 F.Supp. 1450, 1461 (C.D.Cal.1996); *see also Famolare, Inc. v. Edison Bros. Stores, Inc.,* 525 F.Supp. 940, 949 (E.D.Cal.1981) (finding a Rule 12(e) motion proper "only where the complaint is so indefinite that the defendant cannot ascertain the nature of the claim being asserted").] A court will deny the motion where the complaint is specific enough to apprise the defendant of the substance of the claim being asserted. [*Id.*] A motion

9

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF THE CITY OF SAN JOSE's MOTION TO DISMISS
SECOND AMENDED COMPLAINT [FRCP 12(B)(6)], OR IN THE ALTERNATIVE,
MOTION FOR A MORE DEFINITE STATEMENT [FRCP 12(E)]            C07-03686JW

453344_2

for a more definite statement is proper only where the complaint is "so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith or without prejudice to himself." [*Cellars v. Pacific Coast Packaging, Inc.,* 189 F.R.D. 575, 578 (N.D.Cal.1999) (internal quotations and citation omitted); *see also Sagan v. Apple Computer Inc.,* 874 F.Supp. 1072, 1077 (C.D.Cal.1994) (citing *Van Dyke Ford, Inc. v. Ford,* 399 F.Supp. 277, 284 (E.D.Wis.1975)) ("A Rule 12(e) motion is more likely to be granted where the complaint is so general that ambiguity arises in determining the nature of the claim or the parties against whom it is being made.").]

In this case, the SAC is so vague and ambiguous the City cannot frame a response. Plaintiff's SAC does not provide any standard, limitation or order allegedly violated. Nor does the SAC set forth any dates or locations of the alleged violations. As a result the City cannot frame a response to the SAC.

### IV.    CONCLUSION

For the foregoing reasons, Defendant, CITY OF SAN JOSE respectfully request that this Court grant the City's Motion to Dismiss the complaint pursuant to FRCP 12(b)(6). If this Court is not willing to grant the City's Motion, the City asks this Court to grant relief under FRCP 12(e) for a more definite statement of the case.

Dated: 12/18/07

Respectfully submitted,

RICHARD DOYLE, City Attorney

By: ___/ S /___
DENISE BAZZANO
Deputy City Attorney
Attorneys for CITY OF SAN JOSE