Philip R. Soderquist (SBN 125219)
Robert A. Schwartz (SBN 107436)
SODERQUIST LAW OFFICES
351 California Street, Suite 550
San Francisco, CA 94104
Telephone: (415) 374-8500
Facsimile: (415) 394-6390

Attorneys for San Jose Water Company

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMY L. NILSON,<br><br>Plaintiff,<br><br>v.<br><br>KINDER MORGAN ENERGY PARTNERS, INC., THE CITY OF SAN JOSE, SAN JOSE WATER COMPANY, SANTA CLARA VALLEY WATER DISTRICT, et al.<br><br>Defendants. | Case No. C07 03686 JW<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT SAN JOSE WATER COMPANY'S MOTIONS TO DISMISS SECOND AMENDED COMPLAINT [FRCP 12(b)(6)], AND MOTION FOR MORE DEFINITE STATEMENT [FRCP 12(e)]**<br><br>Date: March 10, 2008<br>Time: 9:00 a.m.<br>Courtroom: 8<br>Judge: The Honorable James Ware |

## I.   INTRODUCTION

Defendant San Jose Water Company ("SJWC") hereby moves to dismiss this action pursuant to FRCP 12(b)(6) for failure to state a claim upon which relief may be granted. SJWC also moves pursuant to FRCP 12(e) for a more definite statement because the pleading is indefinite and contains procedural defects preventing SJWC from ascertaining the nature of the claim being asserted against it. SJWC is unable to frame a responsive pleading.

The second amended complaint is plaintiff's fifth attempt to plead cognizable claims for relief. Her first action, *5-10 Data Systems v. City of San Jose and Santa Clara Valley Water*

*District 4*, Case No. C07-01341 JF, was voluntarily dismissed on May 4, 2007, when challenged with a motion to dismiss by defendant City of San Jose. Plaintiff filed this new action on July 17, 2007, adding defendant SJWC and making other amendments to her claims. Plaintiff then filed her first amended complaint and a Motion for Class Certification on July 31, 2007. All defendants filed motions to dismiss plaintiff's first amended complaint and for a more definite statement, scheduled for hearing on November 5, 2007. Before those motions could be heard, plaintiff filed a motion to allow her to file a second amended complaint along with the proposed second amended complaint. At the November 5, 2007 hearing, this Court granted defendants' motions to dismiss plaintiff's first amended complaint, granting leave to plaintiff to file a second amended complaint.

The second amended complaint filed by plaintiff on December 10, 2007, is substantially different then her prior second amended complaint and adds a new defendant, Kinder Morgan Energy Partners, Inc. Notwithstanding, plaintiff's second amended complaint continues to fail to plead cognizable claims for relief or claims that would allow this defendant to frame a meaningful response. This is plaintiff's fifth failure to properly plead her claims.

Plaintiff's complaint attempts to allege that defendants are responsible for air, water and noise pollution that affects plaintiff in some manner. However, the complaint combines different, incoherent allegations against the various defendants without sufficiently identifying which claims for relief apply to each defendant, or identifying the statutory or common law basis for her claims. Plaintiff also fails to meet the requirements for asserting a class action suit or a Clean Water Act claim. As such, the pleading is unintelligible and deficient, and should be dismissed under Rule 12(b)(6). In the alternative, a more definite statement under Rule 12(e) is required to enable SJWC to respond to the second amended complaint.

## II. ARGUMENT

**A. The first amended complaint should be dismissed under Rule 12(b)(6) for failure to allege a cognizable legal theory.**

A Rule 12(b)(6) dismissal is proper where there is either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v.*

1  *Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). For purposes of a Rule 12(b)(6) motion, the Court is obligated to accept factual allegations set forth in the complaint as true, but it need not accept as true any conclusory allegations of law, speculation or unwarranted factual inferences in deciding the motion. *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998).

On its face, the second amended complaint is unintelligible except that defendants are alleged to be responsible for groundwater, soil, air and/or noise pollution that in some manner affects her and other tenants of Casa Del Largo, believed to be in Santa Clara County.

The complaint contains incomprehensible sentences and is replete with grammatical errors. A complaint that is incomprehensible may be dismissed by a 12(b)(6) motion. See *Prezzi v. Schelter*, 469 F.2d 691 (2d Cir. 1972).

For example, paragraph 9 of the complaint reads:

> Pursuant to Rule 3-9 Parties (a) Natural Person Appearing Pro Se, and that of L.R. 10-1 Amended Pleadings. Plaintiffs seek declaratory judgment of that of the Lead Plaintiff and (Does does 1-2000) pursuant 40 CFR ("SEP"), amending Section 505 of the "Clean Water Act," and seeks a permanent injunction under the amendment pursuant 41 CFR §818, pursuant 28 U.S.C. §1332(d)(1)(b) filed under rule 23 of the Federal Rules of Civil Procedure or similar authorizing of an action to be brought by 1 or more representative persons as a class action.

Paragraph 23 reads:

> Violation have been reported as early as 2005 of known "class" concerns by persons affected by the notification of "burdened property" abandoned in 1989 due to ground contamination for ("UST"), and fuel terminal, and maintenance and wash area activities (Which occur from depositories in soil and "from waste water"… causing the final proposal in which Kinder Morgan has addressed the issues of "Safe Drinking Water Act" and has limited its ability to produce efficiently and safely within its boundaries under the new zoning provisions of "housing" within 1.5 miles of hazardous industrial "waste management sites"…

Both of the above paragraphs fail to constitute a basis for a claim upon which relief may be granted. The second amended complaint contains two claims for relief but does not explain

-3-
**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT SAN JOSE WATER COMPANY'S MOTIONS TO DISMISS FIRST AMENDED COMPLAINT [FRCP 12(b)(4), (5) and (6)], AND MOTION FOR MORE DEFINITE STATEMENT [FRCP 12(e)]**

which claims are alleged against which defendants. Nor does either claim for relief state the statutory or common law basis for granting relief. In addition, neither claim for relief informs SJWC what statutes or duties of care it is alleged to have violated.

The first claim for relief is entitled "Failure to Implement and Maintain Reasonable Water Quality Assurance." Paragraph 20 of this claim for relief contains the only allegations against SJWC and reads:

> Defendants San Jose Water Company's procedures following (Liquid Carbon Dioxide), does little to prevent these contaminates from flowing through back-flow operations, and in fact is used as a remedy to clean the sludge from the piping. This alternative to the air-sparging system initiates the sell and use of "surface water," and or other services as provided through irrigated/recycled water, however, these operations are not standard/or best practices for "potable" water "back-flow" and "drinking water" operations.

The only other mention of SJWC in the second amended complaint states that "ground water contamination by the service terminal for diesel and diesel fuel additives has caused the contamination of ("San Jose Water Co.") public water services adjacent to Kinder Morgan," (Second Amended Complaint ¶13) and "Kinder Morgan fell in suit to address the soil contamination through the construction of a soil-vapor extraction system, now owned and operated by ("The San Jose Water Company"), that is used in air-sparging (a system that injects Liquid Carbon Dioxide into contaminated water) system design." (Second Amended Complaint ¶14.)

The first claim for relief then proceeds to allege an unidentified form of air pollution, a nuisance resulting from the re-zoning of some property, contamination from underground tanks, creek-side soil erosion from the use of air sparging, and contamination and noise pollution caused by defendant Kinder Morgan affecting numerous industrial sites (which are characterized as "the class".) The last sentence of the first claim for relief (Paragraph 26) then states "a declaratory judgment will terminate the controversy between the parties."

These allegations are incomprehensible and fail to allege a cognizable legal theory. They

-4-
**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT SAN JOSE WATER COMPANY'S MOTIONS TO DISMISS FIRST AMENDED COMPLAINT [FRCP 12(b)(4), (5) and (6)], AND MOTION FOR MORE DEFINITE STATEMENT [FRCP 12(e)]**

do not give San Jose Water Company a basis for determining what is being alleged against it.

The second claim for relief (erroneously referenced as the "Third Cause of Action") is entitled "Protection of the Health and Welfare of the General Public." It alleges violations of plaintiff's first amendment rights, states that some acts by defendants must be declared unconstitutional for failure to provide a "clear and reasonable warning," and that "defendants failed to protect its citizens form[sic] oversight if filing (USC Section 1365 (2007), Federal Water Pollution Control Act or Clean Water Act, 505, Citizen Suits, pg. 213-215." (Second Amended Complaint ¶¶ 28, 29 and 31.)

Again, SJWC cannot make any sense of what plaintiff is alleging against it nor can it determine which of the various, improperly cited code sections and statutes it is alleged to have violated. As with the First Claim for Relief, the Second Claim for Relief is incomprehensible.

Because both causes of action of the Second Amended Complaint are incomprehensible, they should be dismissed by the court.

**B.    Plaintiff's second amended complaint is deficient for failing to allege that she has met the notice provisions of the Clean Water Act.**

The only federal statutory basis for plaintiff's action that can be discerned from the Second Amended Complaint is a claim for relief under the Clean Water Act, which authorizes citizen's suits at 33 U.S.C. §1365. (See Second Amended Complaint, ¶9.[1]) However, the prerequisite to a citizen's suit under the Clean Water Act is compliance with a notice provisions of 33 U.S.C. §1365(b). Because plaintiff has not alleged that she has fulfilled this mandatory requirement of giving notice to the Environmental Protection Agency Administrator and to the State (nor any other notice requirement), she is not entitled to bring an action under the Clean Water Act and her Second Amended Complaint should be dismissed.

Plaintiff has continued to ignore this notice requirement despite being specifically informed of it by the court in its November 9, 2007 Order. This court should not allow plaintiff another opportunity to fulfill this requirement and should deny leave to amend with respect to

---

[1] Plaintiff also makes one reference in Paragraph 31 to the Federal Water Pollution Control Act and one reference to the Safe Drinking Water Act without a citation to their code sections nor an explanation of how they apply herein.

any Clean Water Act claim.

**C.   Plaintiff's second amended complaint is deficient for its failure to meet the prerequisites for maintaining a class action suit.**

The Second Amended Complaint styles itself as a class action but contains none of the necessary allegations of the grounds for a class action suit required by FRCP 23(b) such as a risk of prejudice from separate actions, injunctive relief benefiting the class, predominance of common questions or superiority of a class action remedy. FRCP 23(b). Additionally, plaintiff's only Rule 23(a) allegations (contained in paragraph 1 and paragraph 12 of the Second Amended Complaint) do not comply with the pleading requirements of numerosity, commonality, typicality and adequacy of representation. The additional attempts to plead "class concerns" contained in paragraphs 23 through 25 of the Second Amended Complaint are unintelligible.

In addition, a *pro se* litigant such as plaintiff cannot pursue a class action suit without retaining an attorney as class counsel. FRCP 23(c)(1)(B); FRCP 23(g); *Fymbo v. State Farm Fire & Cas. Co.* (10th Cir. 2000) 213 F.3d 1320, 1321. Therefore, even if plaintiff is allowed to continue to pursue her action, this court should order that it cannot be maintained as a class action suit.

**D.   Leave to amend should be denied because of plaintiff's repeated failure to cure deficiencies in her complaint.**

Among the factors that justify denial of leave to amend is a repeated failure to cure deficiencies by previous amendments. *Price v. Pinnacle Brands, Inc.* (5th Cir. 1998) 138 F.3d 602, 608; *Moore v. Kayport Package Express, Inc.* (9th Cir. 1989) 885 F.2d 531, 538; *See Foman v. Davis* (1962) 371 US 178, 182.

In this case, plaintiff has had five bites at the apple without curing the numerous deficiencies in her complaints. Therefore, dismissal without leave to amend is appropriate.

**E.   The first amended complaint requires a more definite statement under Rule 12(e).**

A motion for a more definite statement pursuant to FRCP 12(e) attacks the unintelligibility of the complaint, not simply the mere lack of detail, and is proper when a party is unable to determine how to frame a response to the issues raised by the complaint. *See*

*Bureerong v. Uvawas,* 922 F.Supp. 1450, 1461 (C.D.Cal. 1996); *see also Famolare, Inc. v. Edison Bros. Stores, Inc.*, 525 F.Supp. 940, 949 (E.D.Cal.1981) [finding a Rule 12(e) motion proper "only where the complaint is so indefinite that the defendant cannot ascertain the nature of the claim being asserted"]. A motion for a more definite statement is proper where the complaint is "so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith or without prejudice to himself." *Cellars v. Pacific Coast Packaging, Inc.*, 189 F.R.D. 575, 578 (N.D.Cal.1999) (internal quotations and citation omitted); *see also Sagan v. Apple Computer Inc.,* 874 F.Supp. 1072, 1077 (C.D.Cal.1994) (citing *Van Dyke Ford, Inc. v. Ford,* 399 F.Supp. 277, 284 (E.D.Wis.1975)) ["A Rule 12(e) motion is more likely to be granted where the complaint is so general that ambiguity arises in determining the nature of the claim or the parties against whom it is being made."].

In this case, the second amended complaint is so vague and ambiguous SJWC can neither determine what the issues are nor frame a response to the claims being asserted against it. Although there are two claims for relief, it is impossible to determine what substantive claims for relief are being asserted, what statutory bases gives plaintiff a private right of action, or even which claims are being alleged against which defendant.

The deficiencies discussed above render it impossible for SJWC to frame a responsive pleading to plaintiff's second amended complaint. The Court should dismiss the complaint or require plaintiff to submit a more definite statement before requiring any response by SJWC.

### III. CONCLUSION

For all the foregoing reasons, defendant SJWC's motions should be granted.

DATED: December 20, 2007          SODERQUIST LAW OFFICES

By: ROBERT A. SCHWARTZ
Attorneys for San Jose Water Company

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT SAN JOSE WATER COMPANY'S MOTIONS TO DISMISS FIRST AMENDED COMPLAINT [FRCP 12(b)(4), (5) and (6)], AND MOTION FOR MORE DEFINITE STATEMENT [FRCP 12(e)]