Thomas S. Brazier, Esq. /SBN 055484
Jeffrey F. Oneal, Esq. / SBN 129072
LaMORE, BRAZIER, RIDDLE & GIAMPAOLI
1570 The Alameda, Suite 150
San Jose, California 95126-2305
Telephone: (408) 280-6800
Facsimile: (408) 275-6284

Attorneys for Defendant
SANTA CLARA VALLEY WATER DISTRICT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE

| | |
|---|---|
| AMY L. NILSON,<br><br>               Plaintiff,<br>V.<br><br>THE CITY OF SAN JOSE, SANTA CLARA VALLEY WATER DISTRICT, SAN JOSE WATER COMPANY, et al.,<br><br>               Defendants. | Case No.: CV07-03686RS<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED [FRCP RULE 12(b)(6)], OR ALTERNATIVELY, MOTION TO DISMISS FOR FAILURE TO COMPLY WITH PRIOR COURT ORDER [FRCP RULE 41(B)], OR, ALTERNATIVELY, A MOTION FOR MORE DEFINITE STATEMENT [FRCP 12(e)]**<br><br>DATE:    March 10, 2008<br>TIME:    9:00 a.m.<br>PLACE:  Courtroom 8<br>Honorable James Ware |

## INTRODUCTION

This matter is the fourth Complaint filed by plaintiff. The original Complaint was filed under the name of 5-10 Data Systems with case number C07-01341JF. That Complaint was voluntarily dismissed without prejudice after defendants filed a motion under 12(b)(6). Now, plaintiff has filed this action, which has already been amended twice, and which involves substantially similar unintelligible allegations. Defendant Santa Clara Valley Water District (hereinafter referred to as "SCVWD") moves the court for an order dismissing the Second Amended Complaint, without leave to amend, under FRCP 12(b)(6) for a failure to state a claim upon which the court may grant relief, and under FRCP Rule 41(b)

1

for violation of the Court's Order issued on November 9, 2007 requiring Plaintiff to plead a Complaint which "... clearly articulates the bases for the Court's jurisdiction and whether she has exhausted her administrative remedies. ...". She clearly has not done so. In the alternative, defendant SCVWD moves the court under FRCP 12(e) for an order requiring plaintiff to present a more definite statement.

**SUMMARY OF ARGUMENT**

The Second Amended Complaint is quite difficult to comprehend, as were all the other complaints filed by Plaintiff. This Plaintiff has strung together various nonsensical sentences, replete with such grammatical errors that the document is almost incomprehensible. Other Defendants responding to the Second Amended Complaint have pointed out the absurdity of some of the language and the lack of legally recognized causes of action and those arguments will not be repeated here. However, for brevity's sake this paragraph will summarize the arguments of the SCVWD with respect to these motions.

**A.    Rule 12(b)(6) Motion**

Plaintiff, by law, may not file a class action under the circumstances. Amy Nilson is a pro se litigant and not a licensed attorney.

The negligence causes of action, while not clearly asserted against SCVWD, may not be asserted against a California public entity by law. Furthermore, no government tort claim was allegedly presented.

The "Clean Water Act" allegations, and the "Safe Drinking Water Act" allegations seem to reflect the concept that plaintiff's drinking water was contaminated and she suffered personal injuries as a result thereof. Neither the Clean Water Act nor the Safe Drinking Water Act is the proper basis for asserting such a claim. Furthermore, in either a Clean Water Act case or a Safe Drinking Water Act case, plaintiff must provide notice of the violation. No allegation of such notice to any Defendant, and especially SCVWD, has been included in the complaint.

**B.    Rule 12(e) Motion**

While defendant SCVWD asserts the claims should be dismissed in their entirety, as an alternative, because defendant cannot possibly answer the complaint as it is currently written, a more definite statement is necessary. The complaint contains legal argument and citations to authority

2

seemingly inapplicable to the case. It is also grammatically unintelligible. Finally, there are no allegations against SCVWD other than those contained in Paragraph 22 and 31 wherein it simply proclaims SCVWD is somehow involved in a "waste system permit" and that it " ... failed to protect its citizens from oversight if [sic]filing (USC Section 1365 @007), Federal Water Pollution Control Act or Clean Water Act, 505, Citizens Suits, pg 213-215..." The complaint contains no allegations charging SCVWD with any misfeasance, malfeasance or nonfeasance, nor does it allege compliance with any statutorily required notice for and claimed environmental law violation, specifically under the CWA or SDWA.

C. **Rule 41(b) Motion**

The court previously issued an order on November 9, 2007, where it recognized that Plaintiff was an in-pro-per litigant and clearly indicated the requirements that she need allege with respect to 1) notice provision compliance, 2) clarity of jurisdictional bases for this court, and 3) claims upon which relief may be granted. She has failed to do so.

I.

## PLAINTIFF MAY NOT REPRESENT A CLASS AS A PRO SE LITIGANT

Plaintiff is a pro se litigant. As such she is by law not qualified to represent a class. *Fymbo v. State Farm Fire & Casualty Co.* (10th Circuit 2000) 213 F3d 1320.

II.

## PLAINTIFF'S CAUSES OF ACTION SOUNDING IN NEGLIGENCE DO NOT STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED

A. **Plaintiff May Not Allege Negligence Against SCVWD**

"Government tort liability in California is governed completely by statute. All common law or judicially declared forms of liability for public entities, except for such liability as may be required by the federal or state constitution was abolished by Government Code section 815. [Citations.]" (*Swaner v. City of Santa Monica* (1984) 150 Cal.App.3d 789, 797-798, internal quotation marks omitted.)

It should be noted that Civil Code section 1714, a general statute codifying a common law principle that everyone is responsible for the result of their willful acts or negligence, does not provide a basis for tort liability of public entities. In *Eastburn v. Regional Fire Prot. Auth.* (2003) 31 Cal.4th 1175,

3

the California Supreme Court held that Civil Code section 1714, and the common law principles it codified, were insufficient to impose tort liability on public entities. (*Id.* at p. 1183.) The court reasoned that a contrary rule would erode the general immunity for public entities by the routine application of general tort principles. (*Ibid.*)

In accordance with the principles stated above, a public entity has no common law tort liability for failure to maintain public land. "Section 835 sets out the exclusive conditions under which a public entity may be held liable for injuries caused by a dangerous condition of property." (*Nishihama v. City and County of San Francisco* (2001) 93 Cal.App.4th 298, 303 ("*Nishihama*").) In *Nishihama, supra*, the plaintiff sued the City of San Francisco for the injuries he suffered when he stepped from a bus into a pothole. The court held that the City could not be sued under the common law negligence theory for ordinary negligence of its employees in maintaining city property. (*Id.* at pp. 302-302.) The court reasoned that public entity liability for injuries arising out of the use of public land is only statutory, pursuant to section 835. (*Id.* at p. 303.)

It should also be noted that the Court should deny any request for leave to amend these common law claims. Here, since the SCVWD is a public entity and does not have any common law tort liability under any circumstances, any further amendment of these claims would be futile.

**B.   Plaintiff Has Failed To Allege Compliance With The Government Tort Claims Act**

To the extent Plaintiff is claiming injuries as a result of tortious conduct on the part of SCVWD, said claims are subject to the California Government Tort Claims Act as identified under California Government Code section 815, et seq. Prior to commencing such a lawsuit, the claim against the public entity must be timely presented. (See California Government Code §§ 905, 905.2 and 945.4.) Such pre-lawsuit filing requirements are considered substantive for *Erie* purposes. *Felder v. Casey* (1988) 487 U.S. 131, 151 ; *Estrella v. Brandt* (9th Circuit 1982) 682 F2d 814.

Plaintiff has not alleged compliance with the California Government Tort Claims Act. Therefore, any claim based upon tort should be dismissed without leave to amend.

//
//
//

4

Case No. C07-01341JF – MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED [FRCP 12(b)(6)], etc.

## III

## PLAINTIFF HAS FAILED TO STATE A CLAIM UNDER FEDERAL LAW IN THAT THE PREREQUISITES TO FILING A LAWSUIT HAVE NOT BEEN MET

A.  <u>Plaintiff Has Not Served A Notice of Intent To File A Lawsuit Under the Safe Drinking Water Act</u>

Under the Clean Water Act (33 U.S.C. § 1251, et. seq.), in order for a citizen to commence a lawsuit, Plaintiff must provide sixty days' notice to the alleged violator, the State of California, and the Environmental Protection Agency of its intention to commence a lawsuit for violations of the Act. (33 U.S.C. § 1365.) In *Hallstrom v. Tillamook County* (1989) 493 U.S. 20, the Supreme Court held that a similar notice requirement in the Research Conservation Recovery Act (42 U.S.C. § 6901, et. seq.) is mandatory, and the court must dismiss an action if Plaintiff has failed to provide the proper notice. Since *Hallstrom*, supra, courts have consistently held the Clean Water Act notice requirements are jurisdictional. (*Washington Trout v. McCain Foods, Inc.*, 45 F.3d 1351 (9th Cir. 1995); *Greene v. Reilley*, 956 F.2d 593 (6th Cir. 1992); *National Environmental Foundation v. ABC Rail Corp.*, 926 F.2d 1096 (11th Cir. 1991).)

Assuming Plaintiff is making a claim under the Clean Water Act (which is not clear), Plaintiff has not alleged compliance with the notice requirements of the Act.

B.  <u>Plaintiff Has Not Complied With The Notice Requirements Of The Safe Drinking Water Act</u>

Under 42 U.S.C. § 300J-8, a similar requirement as that contained in the Clean Water Act is mandated such that the violator must be given sixty days' notice prior to commencing a civil action.

Assuming a claim under the Safe drinking Water Act is being made, again, no such notice is alleged.

## IV

## THE SECOND AMENDED COMPLAINT FAILS TO IDENTIFY A COGNIZABLE LEGAL THEORY

On the face of the Second Amended Complaint, it is unclear what Plaintiff is alleging against the SCVWD. The Second Amended Complaint sets forth two causes of action but the causes of action do

5

not identify the alleged defendant against whom the allegation is being raised. [See Request for Judicial Notice, Plaintiffs Second Amended Complaint, pp. 9-14.] As such, the SCVWD has no idea which causes of action are being asserted against it. Furthermore, the allegations contained in the causes of action are vague and ambiguous to the point of being unintelligible.

## A.     The First Cause of Action

The First Cause of Action is titled: "Failure to Implement and Maintain Reasonable Water Quality Assurance". This cause of action alleges, inter alia, that:

> "Defendants San Jose Water Company's procedures following (Liquid Carbon Dioxide) [sic], does little to prevent these contaminates from flowing through back-flow operations, and in fact is used as a remedy to clean the sludge from the piping. ... [t]hese operations are not standard/or of best practices for "potable" water "back-flow" and "drinking water" operations." [Second Amended Complaint, p. 9:7-12.]

> "...Kinder Morgan's dependency on bio-diesel has increased by 25%. That the amount of consumption obtained by this facility allows for the continual burning off of natural gas and diesel fuels...[r]esulting in an overall increase in the area of the plume that has caused decrease in lung function, increases incidents of asthma, and chronic lung disease." [Second Amended Complaint, p. 9:13-22.]

> "These problems arise from the initial works and area needed to provide regulatory standards for the increased dependency of a nuisance...[A]s provided by the SCVWD of San Jose to issue a "waste steam" permit, as appropriated by "Santa Clara Valley Water District", in their allocation of land assets along the "Coyote Creek Flood Plane." [Second Amended Complaint, p. 10:1-11.]

> "Violation [sic] have been reported as early as 2005 of known "class" concerns by persons affected by the notification of "burdened property" abandoned in 1989 due to ground contamination for ("UST"), and fuel terminal, and maintenance and wash area activities..." [Second Amended Complaint, p. 10:12-18.]

> "The "class" is not only subject to the contamination of public and potable water sources,, the "class" has become susceptible to KMP's (carbon monoxide poisoning) and other cancerous causing agents expelled through the burning of "fuel exhaust waste". The "class" is also susceptible to Kinder Morgan's alarms..." [Second Amended Complaint, p. 11:1-7.]

> "Kinder Morgan site operations have caused all adjacent areas to be contaminated with heavy metal toxins... [M]aking this "class" the most vulnerable to fumes of cancer causing agents commonly contaminated through inhalation or ingestion through the exhaust system of their vehicle, and or of any moving or parked vehicle within 5 miles of the "point stack" in which abatement activities has caused its own employees to cover their vehicles with a material lining. The initial physical response included

6

> intense headache, sinus-pressure, rapid increase of heart and blood pressure, upset stomach, uneasiness, stress and causing an increased certainty to develop tumors"[sic]..." [Second Amended Complaint, p. 12:1-7.]

As evidenced by the relevant portions of the First Cause of Action set forth above, the First Cause of Action fails to state a cognizable legal theory. The Plaintiff fails to state the statutory or common law basis for any of the allegations contained in the First Cause of Action. Additionally, the First Cause of Action contains so many grammatical errors the First Cause of Action is almost incomprehensible. Finally, it is unclear from the First Cause of Action what Plaintiff is alleging against the SCVWD, if anything. For instance, the SCVWD is only mentioned in paragraphs 22 and 31 of the First Cause of Action of the Second Amended Complaint, wherein Plaintiff states that the City of San Jose issues a "... waste steam" permit, as appropriated by "Santa Clara Valley Water District", in their allocation of land assets along the "Coyote Creek Flood Plane." [See Second Amended Complaint, p. 10:9-11.] This sentence has so many grammatical errors that the meaning is totally incomprehensible. Plaintiff puts quotations around words and phrases where no quotations appear to be necessary and uses words without regard to their meaning.

**B.    The Second Cause of Action**

This Cause of Action is erroneously referenced as the "Third Cause of Action" and titled "Protection of the Health and Welfare of the General Public." This cause of action alleges, inter alia, that:

> "The entire act by all defendants must be declared unconstitutional, pursuant [sic] Title 17, California Code of Regulations, and ARTICLE 6. CLEAR AND REASONABLE WARNINGS § 12601 (Feb 2003), "whenever a clear and reasonable warning is required under Section 25249.6 of the Act, the method employed to transmit the warning must be reasonably calculated..." [Second Amended Complaint, p. 13:1-6.]

> "Defendants failed to protect its citizens form [sic] oversight if [sic] filing (USC Section 1365(2007), Federal Water Pollution Control Act or Clean Water Act, 505, Citizen Suits, pg. 213-215." [Second Amended Complaint, p. 13:8-11.]

From the statements set forth above, the SCVWD cannot make any sense of what, if anything, Plaintiff is alleging against the SCVWD. In the Second Cause of Action, Plaintiff strings together references to various code sections and acts without giving any proper citations nor indicating the

7

significance or applicability of that code section or act. Similar to the First Cause of Action, the Second Cause of Action is also plagued with grammatical errors that cause the Second Cause of Action to be incomprehensible.

A complaint that is incomprehensible is properly disposed of through a 12(b)(6) motion. (See Prezzi v. Schelter 469 F.2d 691 (C.A. 2nd 1972) [dismissed because complaint contained prolixity of unrelated and vituperative charges that defied comprehension].) Since the SCVWD is a public entity, liability must be based on a specific statute declaring them liable or, at least, creating some specific duty of care. *Eastburn v. Regional Fire Protection Authority* (2003) 31 Cal.4th 1175, 1183; see also Cal. Govt. Code § 815. Although this Court must accept as true all factual allegations for purposes of a FRCP 12 (b)(6) motion (*Pareto v. F.D.I.C.*, supra, 139 F.3d at p. 699) the only comprehensible allegations set forth by Plaintiff are conclusory in nature and therefore need not be accepted as true.

None of the "causes of action" contained in Plaintiff's Second Amended Complaint provide any legal theories against the SCVWD and the Second Amended Complaint should be dismissed against SCVWD.

V

**PLAINTIFF HAS FAILED TO COMPY WITH THE COURTS NOVEMBER 9, 2007 ORDER**

On November 9, 2007, the court issued an order denying Defendants motion to dismiss, but providing, in relevant part, as follows:

> "... In sum, the Court finds that the Plaintiff's First Amended Complaint fails to state a claim upon which relief may be granted. However, in light of Plaintiff's *in pro per* status, the Court GRANTS Plaintiff leave to amend her complaint. Plaintiff shall clearly articulate the bases for the courts jurisdiction and whether she has exhausted her administrative remedies.
>
> ... If Plaintiff fails to file an Amended Complaint in accordance with this Order, the action will be dismissed with prejudice for lack of prosecution pursuant to Rule 41(b) of the Federal Rules of Civil Procedure."

Footnote 3 to the Order provides specifically that Plaintiff shall amend the proposed Second Amended Complaint consistent with this order. She has failed to so do, and the SCVWD herby requests the Court enter a dismissal of the entire action against it, with prejudice.

8

## VI

### SHOULD THE COURT NOT DISMISS THE ACTION IN ITS ENTIRETY, DEFENDANT SANTA CLARA VALLEY WATER DISTRICT REQUESTS THE COURT ORDER A MORE DEFINITE STATEMENT OF THE CLAIMS

Under F.R.C.P 12(e) "[i]f a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading." In virtually every paragraph of the amended complaint, Plaintiff has failed to include any intelligible allegations. negative declaration and a storm water pollution prevention plan for storm water pollutants including sediments.

## CONCLUSION

Based on the foregoing and pursuant to various federal statutes, the Complaint in its entirety should be dismissed as against the SCVWD. In the alternative, Defendant SCVWD desires more definite statements of the claim such that a proper and appropriate responsive pleading can be designed which takes into consideration the various immunities afforded public entities and defenses as enumerated in the various statutes governing the Clean Water Act and/or the Safe Drinking Water Act.

Respectfully submitted,

Dated: December 27, 207

LaMORE, BRAZIER, RIDDLE & GIAMPAOLI

By: _____
Thomas S. Brazier
Jeffrey F. Oneal
Attorneys for Defendant
SANTA CLARA VALLEY WATER DISTRICT

Case No. C07-01341JF – MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED [FRCP 12(b)(6)], etc.

# CERTIFICATE OF SERVICE

I am a citizen of the United States and employed in the county aforesaid; I am over the age of eighteen years, and not a party to the within action; my business address is 1570 The Alameda, Suite 150, San Jose, California. On the date set forth below I served the documents described below: **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED [FRCP RULE 12(b)(6)] OR ALTERNATIVELY, MOTION TO DISMISS FOR FAILURE TO COMPLY WITH PRIOR COURT ORDER FRCP RULE 41(B)], OR, ALTERNATIVELY, A MOTION FOR MORE DEFINITE STATEMENT [FRCP 12(e)]**

on the following person(s) in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

| | |
|---|---|
| Amy Nilson<br>3735 Senter Road<br>San Jose, CA  95111<br>Telephone: (408) 401-7924 | In Pro Se Plaintiff |
| Denise Sequeira Bazzana<br>Office of the City Attorney<br>City of San Jose<br>200 East Santa Clara Street<br>San Jose, CA  95113-1905<br>408-535-1900 | Attorney for Defendant City of San Jose |
| Robert A. Schwartz<br>Soderquist Law Office<br>351 California Street, Suite 550<br>San Francisco, CA  94104<br>415-374-8500 | Attorney for Defendant San Jose Water Company |

[X]   (BY MAIL) I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States mail at San Jose, California.

[ ]   (BY PERSONAL SERVICE) I caused such envelope(s) to be delivered by hand this date to the offices of the addressee(s).

[X]   (BY ELECTRONIC FILING) I caused such document(s) to be transmitted electronically on this date to the offices of addressee(s).

[ ]   (BY FACSIMILE) I caused such document(s) to be transmitted by facsimile on this date to the offices of addressee(s).

[ ]   (BY FEDERAL EXPRESS) I caused such envelope(s) with all fees fully prepaid to be placed in the Federal Express office at San Jose, California.

[ ]   (STATE) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

[X]   (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

EXECUTED on December 27, 2007 at San Jose, California.

_____
Sheila Mollett

12000-134

1