```
COOPER, WHITE & COOPER LLP
BARRY R. OGILBY (SBN 118133)
  bogilby@cwclaw.com
JILL B. ROWE (SBN 197713)
  jrowe@cwclaw.com
201 California Street, 17th Floor
San Francisco, California 94111
Telephone:    (415) 433-1900
Facsimile:    (415) 433-5530

Attorneys for Defendant KINDER MORGAN
ENERGY PARTNERS, L.P., erroneously sued as
KINDER MORGAN ENERGY PARTNERS,
INC.
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| AMY L. NILSON,<br><br>Plaintiff,<br><br>vs.<br><br>KINDER MORGAN ENERGY PARTNERS INC., THE CITY OF SAN JOSE, SAN JOSE WATER COMPANY, SANTA CLARA VALLEY WATER DISTRICT, et al.,<br><br>Defendants. | CASE NO. C07-03686 JW<br><br>**KINDER MORGAN'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED [FRCP 12(b)(6)], OR ALTERNATIVELY, MOTION TO DISMISS FOR FAILURE TO COMPLY WITH PRIOR COURT ORDER [FRCP 41(b)], OR ALTERNATIVELY, MOTION FOR MORE DEFINITE STATEMENT [FRCP 12(e)]**<br><br>Date:   March 10, 2008<br>Time:   9:00 a.m.<br>Crtrm.:  8<br>Judge:  Hon. James Ware |

COOPER, WHITE & COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111

592994.1                                                                      C07-03686 JW
KINDER MORGAN'S MPA'S IN SUPPORT MOTION TO DISMISS SECOND AMENDED COMPLAINT

## TABLE OF CONTENTS

Page

I. INTRODUCTION .................................................................................................................1

II. LEGAL ARGUMENT ........................................................................................................2

    A. The Second Amended Complaint Fails to State a Cognizable Legal Theory Under Which Relief May Be Granted and Should Be Dismissed Pursuant to FRCP 12(b)(6) ...............................................................................................................2

        1. The First Cause of Action ...............................................................................3

        2. The Second Cause of Action ..........................................................................4

    B. The Second Amended Complaint Fails to State Compliance with the Notice Requirements of the Clean Water Act and the Safe Drinking Water Act and Should Therefore Be Dismissed .................................................................................5

    C. The Second Amended Complaint Fails to State a Claim Upon Which Class Relief Can Be Granted and the Class Claims Should Therefore Be Dismissed .........8

    D. Should the Court Allow Plaintiff Leave to Amend, Kinder Morgan Requests an Order for a More Definite Statement Pursuant to FRCP 12(e) ...............................9

    E. Since Plaintiff Has Failed to Comply with the Court's Prior Order, the SAC Should Be Dismissed Pursuant to FRCP 41(b) ........................................................10

III. CONCLUSION ................................................................................................................11

COOPER, WHITE & COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111

592994.1                                                    i                                                    C07-03686 JW
KINDER MORGAN'S MPA'S IN SUPPORT MOTION TO DISMISS SECOND AMENDED COMPLAINT

# TABLE OF AUTHORITIES

**Page(s)**

### Cases

*Atlantic States Legal Foundation, Inc. v. Stroh Die Casting Co.*,
   116 F.3d 814 (7th Cir. 1997).................................................................................. 6

*Balisteri v. Pacifica Police Dept.*,
   901 F.2d 696 (9th Cir. 1990).................................................................................. 2

*Bell Atlantic Corp. v. Twombly*,
   __ U.S. __, 127 S. Ct. 1955; 127 S.Ct. 1955;
   167 L.Ed.2d 929 (May 2007).................................................................................. 2

*Brazil v. U.S. Dept. of Navy*,
   66 F.3d 193 (9th Cir. 1995).................................................................................. 2

*Bureerong v. Uvawas*,
   922 F. Supp. 1450 (C.D. Cal. 1996)...................................................................... 9

*Foman v. Davis*,
   371 U.S. 178 (1962)............................................................................................. 10

*Fymbro v. State Farm Fire & Casualty Co.*,
   213 F.3d 1320 (10th Cir. 2000)............................................................................. 8

*Hallstrom v. Tillamook County*,
   493 U.S. 20 (1989)................................................................................................. 7

*Moore v. Kayport Package Express, Inc.*,
   885 F.2d 531 (9th Cir. 1989)................................................................................ 11

*Pareto v. Federal Deposit Ins. Corp.*,
   139 F.3d 696 (9th Cir. 1998).................................................................................. 2

*Prezzi v. Schelter*,
   469 F.2d 691 (2nd Cir. 1972)................................................................................. 2

*Robertson v. Dean Witter Reynolds, Inc.*,
   749 F.2d 530............................................................................................................ 2

*Washington Trout v. McCain Foods Inc.*,
   45 F.3d 1351 (9th Cir. 1995)............................................................................. 6, 7

### Statutes

33 United States Code section 1365(b)......................................................................... 6, 7

42 United States Code section 300j-8(b)........................................................................... 6

Federal Rule of Civil Procedure 23(a).............................................................................. 8

COOPER, WHITE & COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111

592994.1                                    ii                                    C07-03686 JW
KINDER MORGAN'S MPA'S IN SUPPORT MOTION TO DISMISS SECOND AMENDED COMPLAINT

Federal Rule of Civil Procedure 23(b) ............................................................................. 8

USC Section 1365 ............................................................................................................. 5

Other Authorities

Federal Water Pollution Control Act or Clean Water Act, 505, Citizen Suits ................. 5

Rules

Federal Rule of Civil Procedure 12(b)(6) ............................................................. 1, 2, 5, 11

Federal Rule of Civil Procedure 12(e) ..................................................................... passim

Federal Rule of Civil Procedure 23 ................................................................................ 1, 8

Federal Rule of Civil Procedure 23(c)(1)(B) .................................................................... 8

Federal Rule of Civil Procedure 23(g) .............................................................................. 8

Federal Rule of Civil Procedure 41(b) ................................................................... 2, 10, 11

Regulations

40 C.F.R. 135.3(a) ............................................................................................................ 6

## I. INTRODUCTION

Defendant KINDER MORGAN ENERGY PARTNERS, L.P., incorrectly sued herein as KINDER MORGAN ENERGY PARTNERS, INC. (hereinafter "Kinder Morgan") hereby moves to dismiss Plaintiff's Second Amended Complaint ("SAC") for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). In the alternative, Kinder Morgan files a motion for a more definite statement pursuant to FRCP 12(e).

1.  The SAC is Plaintiff's fourth attempt to seek recovery for claims that allegedly involve some type of environmental contamination. However, this is the first time that Kinder Morgan has been served as a defendant in this case.[1] Despite Plaintiff's multiple attempts at articulating a coherent theory of recovery against the defendants, the SAC as drafted is unclear, unintelligible and wholly insufficient because it fails to state a cognizable legal theory under which relief may be granted. Quite frankly, it is unclear who is being sued for what.

2.  To the extent Plaintiff is seeking recovery under the Clean Water Act or the Safe Drinking Water Act, she has failed to allege compliance with the notice requirements of those statutes. Consequently, she has failed to plead that she has exhausted her administrative remedies, thereby subjecting the SAC to a motion to dismiss.

3.  The SAC further purports to assert class action allegations, yet fails to comply with the requirements for proceeding as a class. As a threshold matter, a *pro se* litigant may not represent a class. In addition, the SAC fails to plead any of the required elements of a class action under FRCP 23, such as numerosity, common questions of law or fact, typicality, or fair and adequate protection of class interests.

4.  This Court previously ordered that it would dismiss the action if the SAC failed to "clearly articulate the bases for the Court's jurisdiction and whether [Plaintiff] has exhausted her administrative remedies." The SAC fails to do so, and should therefore be dismissed under FRCP

---

[1] Kinder Morgan notes that service of the SAC on Kinder Morgan was improper because the complaint was "served" without a proof of service of summons and complaint, there was no declaration by the process server indicating that service was perfected, and no other required documents, such as standing orders or case management forms, were served with the SAC.

COOPER, WHITE & COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111

592994.1                                      1                                      C07-03686 JW
KINDER MORGAN'S MPA'S IN SUPPORT MOTION TO DISMISS SECOND AMENDED COMPLAINT

41(b).

Given Plaintiff's failure to cure these defects despite three prior opportunities to do so, Kinder Morgan respectfully requests that its motion to dismiss be granted without leave to amend. In the alternative, Kinder Morgan moves this Court under FRCP 12(e) for an order requiring Plaintiff to present a more definite statement.

## II. LEGAL ARGUMENT

The SAC, Plaintiff's fourth attempt at pleading, should be dismissed without leave to amend. Under Federal Rule of Civil Procedure ("FRCP") 12(b)(6), a complaint may be dismissed for "failure to state a claim upon which relief may be granted." (FRCP 12(b)(6).) A "dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." (*Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990) (citing *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533 – 534).) While the court is obligated to accept factual allegations set forth in the complaint as true, it need not accept as true any legal conclusions, speculation, conclusory allegations, or unwarranted inferences in deciding the motion. (*Pareto v. Federal Deposit Ins. Corp.*, 139 F.3d 696, 699 (9th Cir. 1998).) An incomprehensible complaint is subject to dismissal through a 12(b)(6) motion. (*Prezzi v. Schelter*, 469 F.2d 691, 692 (2nd Cir. 1972).)

"A plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. (*Bell Atlantic Corp. v. Twombly*, __ U.S. __, 127 S. Ct. 1955, 1974; 127 S.Ct. 1955, 1964-1965; 167 L.Ed.2d 929 (May 2007).) "Although a *pro se* litigant . . . may be entitled to great leeway when the court construes his pleadings, those pleadings nonetheless must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong." (*Brazil v. U.S. Dept. of Navy*, 66 F.3d 193, 199 (9th Cir. 1995).)

A. **The Second Amended Complaint Fails to State a Cognizable Legal Theory Under Which Relief May Be Granted and Should Be Dismissed Pursuant to FRCP 12(b)(6)**

Plaintiff's SAC is unintelligible and does not provide Kinder Morgan with adequate notice of what it allegedly did wrong. The SAC sets forth two purported causes of action, labeled

COOPER, WHITE & COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111

592994.1                                    2                                    C07-03686 JW
KINDER MORGAN'S MPA'S IN SUPPORT MOTION TO DISMISS SECOND AMENDED COMPLAINT

"Failure to Implement and Maintain Reasonable Water Quality Assurance" and "Protection of the Health and Welfare of the General Public." However, the SAC does not specify what Kinder Morgan allegedly did wrong.

1. The First Cause of Action

The allegations of the first cause of action are unintelligible, convoluted and largely indecipherable. The SAC alleges that "Kinder Morgan site operations have caused all adjacent areas to be contaminated with heavy metal toxins." (SAC, p. 9:8-9.) However, it is not clear how these adjacent areas have been contaminated or what Kinder Morgan allegedly did to contaminate them. For example, the first cause of action alleges as follows:

> 21. The projects initial phase development has been restricted to all possible outlets to function properly, under the Clean Water Act, through the use of a sound wall, that covers the exterior side of the flow from the stack [see Exhibit E graphics] of the effected area adjacent ("Coyote Creek Trail"). Indications in the failure in modifying manufacturing additives, and or addition of red dyes and diesel – ethanol accelerant has increased 12% shift or change in product levels. However Kinder Morgan's dependency on bio-diesel has increased by 25%. That the amount of consumption obtained by this facility allows for continual burning off of natural gas and diesel fuels, and diesel fuel additives, or red dyes . . . [r]esulting in an overall increase in the area of the plume that has caused decrease in lung function, increases incident of asthma, and chronic lung disease. (SAC, ¶ 21 (footnote omitted).)

> 22. These problems arise from the initial works and area needed to provide regulatory standards for the increased dependency of a nuisance. The rezoning of "BFI Waste Systems" abandoned property resulted in the mitigated clean up required monitoring by the California Regional Water Quality Control Board, San Francisco Bay Region, 1515 Clay Street, Suite 1400, Oakland, CA 94612. The use of Under Ground Tanks for BFI's Maintenance and Fuel Terminal site, which had caused the contamination of under-ground geological and hydrological features of the soil, well and "ground water" adjacent "creek" areas. The use of air-sparging has caused the soil erosion along the creek, and also revealing a leak in an old abandoned waste stream used by "BFI Waste Systems." As provided by the City of San Jose to issue a "waste stream" permit, as appropriated by "Santa Clara Valley Water District", in their allocation of land assets along the "Coyote Creek Flood Plane". (SAC, ¶ 22.)

> 23. Violation have been reported as early as 2005 of known "class" concerns by persons affected by the notification of "burdened property" abandoned in 1989 due to ground contamination for ("UST"), and fuel terminal, and maintenance and wash area activities (Which occur from depositories in soil and

COOPER, WHITE
& COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111

592994.1

3

C07-03686 JW

KINDER MORGAN'S MPA'S IN SUPPORT MOTION TO DISMISS SECOND AMENDED COMPLAINT

"from waste water" . . . causing the final proposal in which Kinder Morgan has addressed the issues of "Safe Drinking Water Act" and has limited its ability to produce efficiently and safely within its boundaries under the new zoning provisions of "housing" within 1.5 miles of hazardous industrial "water management sites" . . . (SAC, ¶ 23 (footnotes omitted).)

24.   The "class" is not only subject to the contamination of public and potable water sources, the "class" has become susceptible to KMP's (carbon monoxide poisoning) and other cancerous causing agents expelled through the burning of "fuel exhaust waste." The "class is also susceptible to Kinder Morgan's alarms, commonly audible during the wet season, as heard at a low decibel range from Casa Del Largo, which increases substantially along Rock Ave "Housing Development" past the 880 freeway sound wall . . . (SAC, ¶ 24 (footnote omitted).)

Based on the "allegations" in the first cause of action, Kinder Morgan is unable to discern why it is being sued and under which legal theory. It is not clear what, if anything, Kinder Morgan allegedly did wrong. There is reference to the Clean Water Act and Safe Drinking Water Act, and reference to ground water and surface water. There is also vague reference to sound walls and alarms as well as possible air contamination. It is not clear what is meant by Kinder Morgan's alleged "failure in modifying manufacturing additives, and or addition of red dyes and diesel – ethanol accelerant" and why this is relevant. Nor is it clear why Kinder Morgan's alleged reliance on bio diesel is relevant.

As is apparent, the first cause of action fails to state a cognizable legal theory under which Plaintiff is suing Kinder Morgan. There is no clearly identifiable allegation that Kinder Morgan breached a statutory or common law duty to Plaintiff that caused Plaintiff's damages. Moreover, there are so many grammatical errors that the first cause of action is unintelligible and incomprehensible. Without a basic understanding of the legal theory under which Plaintiff seeks to recover against Kinder Morgan, Kinder Morgan is wholly unable to prepare an adequate defense.

2.   The Second Cause of Action

The second cause of action, erroneously labeled as the third cause of action, is entitled Protection of the Heath and Welfare of the General Public. Like the first cause of action, the second cause of action is unintelligible and incomprehensible, and completely fails to state a

COOPER, WHITE & COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111

592994.1                                                                4                                                             C07-03686 JW
KINDER MORGAN'S MPA'S IN SUPPORT MOTION TO DISMISS SECOND AMENDED COMPLAINT

cognizable theory of recovery against Kinder Morgan. Indeed, it is not even clear whether Plaintiff is suing Kinder Morgan under the second cause of action, as Kinder Morgan is only referenced once in passing, and the claim appears to focus on issues of constitutionality directed at an unnamed government actor. The second cause of action states:

> 28.     The First Amendment restricts Congress's power to "make" any law "abridging the freedom of speech, or the press. Whether the restrictions of the "SEP" are consistent with the requirements of the First Amendment, (the Plaintiff is not allowed to participate in any decision made and or to interfere in the governing party ("City of San Jose Council, Santa Clara Valley Water District, or activities of the EPA") in its decision making process. (SAC, ¶ 28.)
>
> 29. Since the sections of the "SEP" are not severable from the remainder of the CEQA, and the action entitled by the Negative Mitigation Declaration. The entire act by all defendants must be declared unconstitutional, pursuant Title 17, California Code of Regulations, and ARTICLE 6. CLEAR AND REASONABLE WARNINGS § 12601 (Feb. 2003), "whenever a clear and reasonable warning is required under Section 25249.6 of the Act, the method employed to transmit the warning must be reasonably calculated, (however; Kinder Morgan's use of its alarm system has been considered the alternative method used), to make the warning message available to the individual prior to exposure . . . " (SAC, ¶ 29.)
>
> 31.     Defendants failed to protect its citizens form oversight if filing (USC Section 1365 (2007), Federal Water Pollution Control Act or Clean Water Act, 505, Citizen Suits, pg. 213-215. The US Code, 33 U.S.C. § 1365 (2005), pursuant C.F.R. Title 40 under this title. . . (SAC, ¶ 31 (quotation omitted).)

The second cause of action is incoherent, and hopelessly devoid of any cognizable theory of recovery. There is reference to violations of Plaintiff's First Amendment rights, the California Environmental Quality Act, and the Clean Water Act. There are also incomplete or incorrect citations to various statutes. The second cause of action is so incomplete and fractured that Kinder Morgan is left to ponder the basis of any potential liability, and cannot frame a coherent response.

Kinder Morgan respectfully requests that the Court grant its motion to dismiss under FRCP 12(b)(6) on the grounds that Plaintiff's SAC fails to state a cognizable legal theory under which relief may be granted.

**B.  The Second Amended Complaint Fails to State Compliance with the Notice Requirements of the Clean Water Act and the Safe Drinking Water Act and Should Therefore Be Dismissed**

The SAC makes passing reference to the Clean Water Act and the Safe Drinking Water Act, but fails to allege any actionable violation of either. Equally important, to the extent the Court were to glean an alleged violation under either statute, Plaintiff has failed to allege

COOPER, WHITE
& COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111

592994.1                                              5                                          C07-03686 JW
KINDER MORGAN'S MPA'S IN SUPPORT MOTION TO DISMISS SECOND AMENDED COMPLAINT

compliance with the notice provisions in each statute – a condition precedent to maintaining a cause of action under these Acts.

Both the Clean Water Act and the Safe Drinking Water Act authorize citizen's suits only if more than 60 days before filing suit, the plaintiff gave proper statutory notice to the defendant, the state, and the Environmental Protection Agency. Specifically, the Clean Water Act provides at 33 United States Code section 1365(b) that:

> No action may be commenced –
>
> (1) under subsection (a)(1) of this section –
>
> (A) prior to sixty days after the plaintiff has given notice of the alleged violation (i) to the Administrator, (ii) to the State in which the alleged violation occurs, and (iii) to any alleged violator of the standard, limitation, or order, . . . except that such action may be brought immediately after such notification in the case of an action under this section respecting a violation of sections 1316 and 1317(a) of this title … (33 U.S.C. § 1365(b).)

Similarly, the Safe Drinking Water Act provides at 42 United States Code section 300j-8(b) that:

> No civil action may be commenced –
>
> (1) under subsection (a)(1) of this section respecting violation of a requirement prescribed by or under this subchapter –
>
> (A) prior to sixty days after the plaintiff has given notice of such violation (i) to the Administrator, (ii) to any alleged violator of such requirement and (ii) to the State in which the violation occurs …

The required notice must include sufficient information to allow the recipient "to identify the specific standard, limitation, or order alleged to have been violated, the activity alleged to constitute a violation, the persons or person responsible for the alleged violation, the location of the alleged violation, the date or dates of such violation, and the full name, address, and telephone number of the person giving notice." (40 C.F.R. 135.3(a).) "In practical terms, the notice must be sufficiently specific to inform the alleged violator about what it is doing wrong, so that it will know what corrective actions will avert a lawsuit." (*Atlantic States Legal Foundation, Inc. v. Stroh Die Casting Co.*, 116 F.3d 814, 819 (7th Cir. 1997); *Washington Trout v. McCain Foods Inc.*, 45 F.3d 1351, 1353 (9th Cir. 1995).)

COOPER, WHITE & COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111

592994.1                                             6                                      C07-03686 JW
KINDER MORGAN'S MPA'S IN SUPPORT MOTION TO DISMISS SECOND AMENDED COMPLAINT

In *Hallstrom v. Tillamook County*, the Supreme Court held that the sixty day notice requirement of the Resource Conservation and Recovery Act ("RCRA") was mandatory. (*Hallstrom v. Tillamook County*, 493 U.S. 20, 21 (1989).) When a plaintiff does not comply with its provisions, the complaint must be dismissed. (*Id.*) In reviewing the RCRA statute, the Supreme Court concluded that "compliance with the 60-day notice provision is a mandatory, not optional, condition precedent for suit." (*Id.* at 20.)

The Ninth Circuit specifically applied the reasoning of *Hallstrom* to the notice provisions of the Clean Water Act in *Washington Trout v. McCain Foods Inc.*, 45 F.3d 1351, 1353 (9th Cir. 1995), holding that a complaint is properly dismissed where the plaintiff failed to comply with the notice requirements of 33 U.S.C. §1365(b). The Acts' sixty day notice provision are mandatory conditions precedent to filing a lawsuit. A court is required to dismiss a lawsuit when the plaintiff does not comply with the applicable notice provision.

To the extent Plaintiff is claiming that one or more defendants violated the Clean Water Act or the Safe Drinking Water Act, she has failed to plead that she satisfied the applicable notice provisions of either statute. Plaintiff Amy Nilson was informed of this fatal defect at the last hearing on the other defendants' motions to dismiss, as evidenced by the Court's November 9, 2007 Order. Rather than curing the defect, Plaintiff filed the SAC with no allegations regarding mandatory statutory notice. Then, on or about January 7, 2008, Plaintiff appears to have filed an unsworn "Declaration" attaching miscellaneous unauthenticated documents generated by various third parties. The purpose of these documents is unclear, but any suggestion that they somehow show compliance with the statutory notice requirements of the Clean Water Act and Safe Drinking Water Act must be rejected. None of the documents notifies Kinder Morgan that Plaintiff intends to sue, provides any opportunity for Kinder Morgan to take corrective action to avert Plaintiff's lawsuit, or identifies any specific activity that Plaintiff alleges in the SAC to be actionable. Indeed, the only "Notice of Violation" is the last page of Exhibit H, a notice of violation of industrial waste regulations issued more than seven years ago by the San Jose – Santa Clara Water Pollution Control Plant to SFPP, L.P. This document certainly does not satisfy the sixty day notice provisions of the Clean Water Act and Safe Drinking Water Act.

COOPER, WHITE & COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111

592994.1                                7                                C07-03686 JW
KINDER MORGAN'S MPA'S IN SUPPORT MOTION TO DISMISS SECOND AMENDED COMPLAINT

This Court's prior order granted Plaintiff leave to amend her complaint to allege compliance with the mandatory notice requirements of the Clean Water Act and Safe Drinking Water Act. Plaintiff has failed to do so, and accordingly the SAC should be dismissed.

**C. The Second Amended Complaint Fails to State a Claim Upon Which Class Relief Can Be Granted and the Class Claims Should Therefore Be Dismissed**

Plaintiff's purported class action allegations must also be dismissed. The SAC is brought on behalf of Ms. Nilson and the "tenants and subtenants" of Casa Del Largo. (SAC ¶¶ 1, 12.) Plaintiff is a *pro se* litigant and is not represented by counsel. As a matter of law, a *pro se* litigant may not represent the interests of a class. (FRCP 23(c)(1)(B), 23(g); *Fymbro v. State Farm Fire & Casualty Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000).) Consequently, Plaintiff's SAC does not state a claim upon which class relief may be granted.

Additionally, Plaintiff has failed to plead the required elements of a class action under FRCP 23. Rule 23(a) states:

> One or more members of a class may sue or be sued as representative parties on behalf of all members only if:
>
> (1) the class is so numerous that joinder of all members is impracticable;
>
> (2) there are questions of law or fact common to the class;
>
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
>
> (4) the representative parties will fairly and adequately protect the interests of the class. (FRCP 23(a).)

Once a prospective class plaintiff satisfies the prerequisites in Rule 23(a), a prospective class plaintiff still must demonstrate that prosecuting separate actions would result in inconsistent rulings that would prejudice one or more members of the class, that injunctive relief is appropriate for the whole class and that based on the predominating common questions of law and fact, a class action is a superior method of adjudicating the controversy. (FRCP 23(b).)

The SAC lacks the necessary elements for pleading and ultimately maintaining a class action. There is no allegation of the risk of prejudice from separate actions, how injunctive relief would benefit the entire class, the predominance of common questions of law or fact, or the

COOPER, WHITE & COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111

592994.1                                   8                                   C07-03686 JW
KINDER MORGAN'S MPA'S IN SUPPORT MOTION TO DISMISS SECOND AMENDED COMPLAINT

superiority of a class action remedy. Even if Plaintiff were represented by counsel, her SAC is nonetheless woefully inadequate as it fails to properly plead a class action.

### D. Should the Court Allow Plaintiff Leave to Amend, Kinder Morgan Requests an Order for a More Definite Statement Pursuant to FRCP 12(e)

As drafted, Plaintiff's SAC fails to apprise Kinder Morgan of the claims being asserted against it. Should the Court allow Plaintiff leave to amend, Kinder Morgan respectfully requests an order for a more definite statement pursuant to FRCP 12(e). Pursuant to Federal Rule of Civil Procedure 12(e), "A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." (FRCP 12(e)). "A motion for a more definite statement attacks unintelligibility in a pleading, not simply mere lack of detail." (*Bureerong v. Uvawas*, 922 F. Supp. 1450, 1461 (C.D. Cal. 1996).)

Almost every paragraph of Plaintiff's SAC is unintelligible to such an extent that Kinder Morgan cannot frame an adequate response. In addition to the shortcomings of the first and second causes of action, several other paragraphs are equally convoluted and unintelligible. The following paragraph illustrates this point:

> The amount of toxic chemicals released from this site, cannot be measured effectively due to the ecological, geological, and hydrological associations ascertained by the age and physical features of KMP's terminal processing abilities, however through the use of data information of the output, or outflow units of measurements included in its total output, would conclude its total loss of product in association with distribution of materials, however in such a case, the measurement of the natural gas pipeline used in the burning of "toxic" chemicals, and/or exhaust from the "transfer stations" uses limited testing measures that conclude the output, and/or outflow of contaminates released into the air. (SAC, 4:18 – 5:2.)

The SAC does nothing more than place Kinder Morgan on notice that Plaintiff may believe there is some unidentifiable problem caused by someone. Plaintiff's SAC seems to involve alleged contamination of water. However, it is not clear if the alleged contamination is of surface water or ground water, and it is not clear as to whom she assesses blame. This issue is further complicated with allegations of what appears to be air pollution, possibly noise pollution and violations of Plaintiff's First Amendment rights. While the SAC makes vague references to various statutes, it

COOPER, WHITE & COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111

592994.1                                    9                              C07-03686 JW
KINDER MORGAN'S MPA'S IN SUPPORT MOTION TO DISMISS SECOND AMENDED COMPLAINT

appears that some of the references are wholly misplaced, and otherwise so poorly cited that the reference makes no sense. This is not a case in which one or two sentences or paragraphs is unintelligible. Rather, the entire SAC is incomprehensible. Kinder Morgan is consequently unable to ascertain the gravamen of the complaint, and cannot prepare an adequate response. Should the Court deny Kinder Morgan's motion to dismiss, Kinder Morgan respectfully requests an Order compelling Plaintiff to provide a more definite statement consistent with FRCP 12(e).

### E. Since Plaintiff Has Failed to Comply with the Court's Prior Order, the SAC Should Be Dismissed Pursuant to FRCP 41(b)

The Court is no stranger to the inadequacies in Plaintiff's SAC, as the Court already ruled on substantially the same issues that were raised in co-defendants' motions to dismiss the First Amended Complaint. The Court's November 9, 2007 Order stated the following:

> In sum, the Court finds that Plaintiff's First Amended Complaint fails to state a claim upon which relief may be granted. However, in light of Plaintiff's *pro se* status, the Court GRANTS Plaintiff leave to amend her Complaint. Plaintiff shall clearly articulate the bases for the Court's jurisdiction and whether she has exhausted her administrative remedies.
>
> . . . If Plaintiff fails to file an Amended Complaint in accordance with this Order, the action will be dismissed with prejudice for lack of prosecution pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. (Nov. 9, 2007 Court Order, 4:5 – 13.)

Plaintiff's SAC does not "clearly articulate the basis for the Court's jurisdiction," nor does it allege that Plaintiff exhausted her administrative remedies. Since Plaintiff has failed to comply with the Court's November 9, 2007 Order, Kinder Morgan respectfully moves this Court for an Order dismissing this case pursuant to FRCP 41(b). Rule 41(b) states "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." (FRCP 41(b).)

While Kinder Morgan appreciates Plaintiff's *pro se* status, this fact does not excuse her failure to comply with a Court Order requiring her to amend her complaint to clearly articulate the bases for the Court's jurisdiction and that Plaintiff has exhausted the administrative claims process. It is well established that the failure to cure a defect by amendment is grounds for dismissal without leave to amend. (*Foman v. Davis*, 371 U.S. 178, 182 (1962); *Moore v. Kayport Package*

COOPER, WHITE & COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111

592994.1                                   10                                   C07-03686 JW
KINDER MORGAN'S MPA'S IN SUPPORT MOTION TO DISMISS SECOND AMENDED COMPLAINT

1  *Express, Inc.*, 885 F.2d 531, 538 (9th Cir. 1989).) Kinder Morgan respectfully requests that the
2  SAC be dismissed pursuant to FRCP 41(b).

### III. CONCLUSION

For the foregoing reasons, Kinder Morgan respectfully requests that the Court grant Kinder Morgan's motion to dismiss the SAC in its entirety pursuant to FRCP 12(b)(6) and 41(b). In the event the Court does not dismiss the SAC, Kinder Morgan respectfully requests that it enter an order requiring a more definite statement pursuant to FRCP 12(e).

DATED: January 10, 2008            COOPER, WHITE & COOPER LLP

                                   By: /s/ Jill B. Rowe
                                       Jill B. Rowe
                                       Attorneys for Defendant KINDER MORGAN
                                       ENERGY PARTNERS, L.P., erroneously sued
                                       as KINDER MORGAN ENERGY
                                       PARTNERS INC.

COOPER, WHITE & COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111

592994.1                           11                              C07-03686 JW
KINDER MORGAN'S MPA'S IN SUPPORT MOTION TO DISMISS SECOND AMENDED COMPLAINT

## PROOF OF SERVICE

I am a resident of the State of California. I am over the age of eighteen years, and not a party to this action. My business address is 201 California Street, Seventeenth Floor, San Francisco, California 94111-5002.

On January 10, 2008, I served the following document(s): **KINDER MORGAN'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED [FRCP 12(b)(6)], OR ALTERNATIVELY, MOTION TO DISMISS FOR FAILURE TO COMPLY WITH PRIOR COURT ORDER [FRCP 41(b)], OR ALTERNATIVELY, MOTION FOR A MORE DEFINITE STATEMENT [FRCP 12(e)]** on each of the parties listed below at the following addresses:

**SEE ATTACHED LIST**

**BY ELECTRONIC FILING:** I caused such document(s) to be transmitted Electronically on this date to the offices of the addressee(s).

**BY MAIL:** I am readily familiar with the business practice at my place of business for collection and processing of correspondence for mailing with the United States Postal Service. Correspondence so collected and processed is deposited with the United States Postal Service that same day in the ordinary course of business. On the date specified above, as to each of the parties identified in the above service list, a true copy of the above-referenced document(s) were placed for deposit in the United States Postal Service in a sealed envelope, with postage fully prepaid; and on that same date that envelope was placed for collection in the firm's daily mail processing center, located at San Francisco, California following ordinary business practices.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on January 10, 2008, at San Francisco, California.

_____
Cathie Coyle

COOPER, WHITE & COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111

593271.1

PROOF OF SERVICE    Case No. C07-03686 JW

## SERVICE LIST

| | |
|---|---|
| Amy L. Nilson<br>3735 Senter Road<br>San Jose, California  95111 | **Plaintiff**<br><br>Telephone:  (408) 401-7924<br>Email:  listcontent@yahoo.com |
| Philip R. Soderquist<br>Robert A. Schwartz<br>Soderquist Law Offices<br>351 California Street, Suite 550<br>San Francisco, California  94111 | **Attorneys for Defendant<br>San Jose Water Company**<br><br>Telephone:  (415) 374-8500<br>Facsimile:  (415) 394-6390<br>Email:  raschwartz1@gmail.com |
| Richard Doyle, City Attorney<br>George Rios, Assist. City Attorney<br>Denise Bazzano, Deputy City Attorney<br>Office of the City Attorney<br>200 East Santa Clara Street<br>San Jose, California  95113 | **Attorneys for Defendant<br>City of San Jose**<br><br>Telephone:  (408) 535-1900<br>Facsimile:  (408) 998-3131<br>Email:  cao.main@sanjoseca.gov |
| Thomas S. Brazier<br>Jeffrey F. Oneal<br>LaMore, Brazier, Riddle & Giampaoli<br>1570 The Alameda, Suite 150<br>San Jose, California  95126 | **Attorneys for Defendant<br>Santa Clara Valley Water District**<br><br>Telephone:  (408) 280-6800<br>Facsimile:  (408) 275-6284<br>Email:  joneal@lbrg.com<br>Tom_Brazier@lbrg.com |