1  AMY L. NILSON
   Address: 3735 Senter Road
2  San Jose, CA 95111                      FILED
   Tel: (408) 401-7924
3  Email: listcontent@yahoo.com
                                           09 FEB -4    10: 2
4  Attorneys for :
   Pro Se                                  RICHARD W. WIEKING
5                                              CLERK
                                           U.S. DISTRICT COURT
6                                          N. DIST. OF CA. S.J

7

8
                    UNITED STATES DISTRICT COURT
9

10                 NORTHERN DISTRICT OF CALIFORNIA

11

12  AMY L. NILSON                    )     Case No.  C07 -03686 JW
                                     )
                    Plaintiff,       )     AMENDED MOTION TO
13                                   )     DISMISS DEFENDANTS
                                     )     MOTIONS' TO DISMISS
14       V                           )     PLAINTIFFS SECOND
                                     )     AMENDED COMPLAINT
15                                   )
    KINDER MORGAN ENERGY PARTNERS L.P., )
    THE CITY OF SAN JOSE, SAN JOSE WATER )  Date: March 10, 2008
16  COMPANY, SANTA CLARA VALLEY WATER  )   Time: 9:00 a.m.
    DISTRICT. ET AL.                  )    Courtroom: 8, 4th floor
17                                   )     Before: Hon. Judge James Ware
                                     )
18                  Defendants.       )
                                     )
19  _____ )

20

21

22

23

24

25

26
    AMENDED MOTION TO DISMISS DEFENDANTS MOTIONS' TO DISMISS PLAINTIFFS
    SECOND AMENDED COMPLAINT  -   Case No. 5:07 - cv- 3686 JW

## TABLE OF CONTENTS

**NOTICE OF MOTION** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

**MEMORANDUM OF POINTS AND AUTHORITIES.** . . . . . . . . . . . . . . . . . . . . . 4

**INTRODUCTION AND SUMMARY OF ARGUMENT** . . . . . . . . . . . . . . . . . . . . 5

**ALLEGATIONS OF THE COMPLAINT** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

**ARGUMENT.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .6

**I. THE COMPLAINT SATISFIES THE COURTS LOCAL RULES AND FRCP
PLEADING STANDARDS.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .7 - 11

A. The Energy and Security Act of 2007 pursuant Sec. 208; Sec. 241 Dramatically Strengthens "Class" Allegations Assessing Prior Laws and Regulations

B. The Complaint's "Basis of Allegations" are Sufficient as a Matter Of Law

C. Defendants' Do Not Plead Specific Facts Showing That the Complaint should be Dismissed, and Intensely Ignores Allegations made against its [a]gencies.

D. Declarations Made by the Plaintiff and Exhibits Complete the History of Allegations Claimed Against All Defendants.

    1. The Complaint Contends Facts and Allegations Leading to the Discovery of Contamination to Residence and that of Amy L. Nilson by Statements Made to the Defendants.

    2. Statements of Historical Fact and other Declarations of Evidence Support a Claim of Negligence and Malfeasance.

E. The Individual Defendants' Fail to Answer the Initial Actions of the Complaint. Showing an "Inference" of Fraudulent Intent.

**II. DEFENDANTS' FAIL TO PLEAD THAT PLAINTIFF AMY L. NILSON MADE
ANY FALSE STATEMENT AND OR SUBMITTED FALSE EVIDENCE AGAINST
THE DEFENDANTS'**

**CONCLUSION.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .11

    //

    //

    //

AMENDED MOTION TO DISMISS DEFENDANTS MOTIONS' TO DISMISS PLAINTIFFS
SECOND AMENDED COMPLAINT  -   Case No. 5:07 - cv- 3686 JW

# TABLE OF AUTHORITIES

**CASES**

*Arapahoe County Bd. of Equalization v. Podoll*
935 P.2d 14 (Colo. 1997).

*Chevron Corp. v. Agrium U.S. Inc.*
No. 01-1074 (D.C. No. 99-M-2099) (D. Colo.).

*JP Morgan Chase Bank et al. v. Liberty Mutual Insurance Co. et .al.*
No. 01 Civ. 11523 decided (Jan. 28, 2002).

*Lyon v.* Amoco *Prod. Co.*
923 P.2d 350, 353 (Colo. App. 1996).

*Memry Corp. v. Kentucky Oil Tech. NV, et al.*
C-04-03843 -RMW (Dec. 20, 2007).

*Mirkin v. Wasserman*
227 Cal. App 3d 1537 *review granted*, 282 Cal. Rptr. 840 (1991).

*Pacific Coast Meat Jobbers Assn. V. CLC*
481F.2d 1388, (T.E.C.A. 1973).

*Smith v. Town of Snowmass Village*
919 P.2d 868 (Colo. App. 1996).

*State ex rel. Colo. Dep't of Health v. I.D.I., Inc*
642 P.2d 14 (Colo. App. 1981).

*Tahoe-Sierra Preservation Council, Inc. v.*
*Tahoe Regional Planning Agency*
535 U. S. 302, 334.

*In re Syntex Corp. Sec. Litig,*
95 F.3d 922, 934 (9th Cir. 1996).

**STATUTES AND RULES**

33 U.S.C. 1365(a) (1)

33 U.S.C. 1365 (C) (1) (A)

FRCP 12 (b) - (e)

L.R. 26(f)

-3-

**AMENDED MOTION TO DISMISS DEFENDANTS MOTIONS' TO DISMISS PLAINTIFFS SECOND AMENDED COMPLAINT  -  Case No. 5:07 - cv- 3686 JW**

1 | OTHER LEGISLATIVE MATERIALS

2 | Colorado Consumer Protection Act
§ 6-1-105, et seq., C.R.S. 2005.

3 |
Energy and Security Act, 110th Congress

4 | Sec. 208; Sec. 241 (Dec 7th 2007).

5 | Economic Stabilization Act of 1970, §205 – §211

6 | Federal Trade Commission Act
52 Stat. 111, 15 U.S.C. 41, § 638

7 |

## NOTICE OF MOTION

8 |

9 |      On March 10, 2008 at 9:00 a.m., Plaintiff Amy L. Nilson, On Behalf of Themselves and All

10 | Others Similarly Situated, will and hereby do move to dismiss Defendants' Motion to Dismiss,

11 | pursuant to 33 U.S.C. 1365(a) (1) civil action in accordance with subsection (b) Any action under this

12 | subsection may be brought in the district court of the United States for the district in which the

13 | defendant is located or resides or is doing business, and such court shall have jurisdiction to restrain

14 | such violation and to require compliance.

15 |      The issues presented in this motion are: (1) whether the plaintiffs Complaint has alleged

16 | particularity facts giving rise to a "strong inference" that defendants' negligence and malfeasance was

17 | both incorrect and done with fraudulent intent; (2) whether plaintiffs Complaint has alleged with

18 | particularity facts giving rise to a "strong inference" that defendants' actions lead to 33 U.S.C. 1365 (C)

19 | (1) (B) negligently introduces into a sewer system or into a publicly owned treatment works any

20 | pollutant or hazardous substance which such person knew or reasonably should have known could

21 | cause personal injury or property damage or, other than in compliance with all applicable Federal,

22 | State, or local requirements or permits, which causes such treatment works to violate any "effluent

23 | limitation" or condition in any permit issued to the treatment works (3) whether plaintiffs have alleged

24 | specific facts showing that statements made to the defendants' are false in nature.

25 |

-4-

26 | AMENDED MOTION TO DISMISS DEFENDANTS MOTIONS' TO DISMISS PLAINTIFFS
SECOND AMENDED COMPLAINT  -  Case No. 5:07 - cv- 3686 JW

**MEMOR____UM OF POINTS AND AUT____ITIES**

## INTRODUCTION AND SUMMARY OF ARGUMENT

On or around April of 2006 the proceedings in which the legal rights, duties or privileges of the defendants' are required by law to be determined by an agency on record after an opportunity for Kinder Morgan, the City of San Jose, San Jose Water Company and or Santa Clara Valley Water District to answer all allegations alleged in the second amended complaint. All parties have received reasonable notice under the proposed L.R. for non-binding determination as to whether it is within the agency's authority to act upon the information and stipulations assessed in the Original and Second Amended Complaint.

It is not clear why the defendants' have chosen to delay an answer to the amended complaint despite the importance of the public interest, in which decisive action is needed to develop and revise planning for the disposal methods used by Kinder Morgan and that of the "Waste Water Treatment System" (WWTS), and or follow-up on alternate methods used in the "abatement of a nuisance".

Failure to mitigate these procedures allows for the amount of more than acceptable rate of contaminates in flow methods at 33,000 gallons per day v. a total of 99,000 gallons per day accumulated by Kinder Morgan in its discharge to water or . . . "effluent flow". The municipal sewage discharge exits into an existing Grit Chamber/Sand Trap unit located next to Berryessa Road; Alviso 237 Exit, or the "Santa Clara/San Jose Water Treatment Plant", however KMEP Sump Pump leads are connected to a secondary water treatment system or "Waste Water Treatment Plaint" WWTP/KMEP/SJWC.

The collection of facts focus on each agencies negligence to support industrial standard violations of the discharge of "waste water effluent", or "purgeable organics" . . . *[See Decl. ALN; Exhibit H, KMP violation doc. (1- 5)], [p]ursuant the non-use

-5-
AMENDED MOTION TO DISMISS DEFENDANTS MOTIONS' TO DISMISS PLAINTIFFS
SECOND AMENDED COMPLAINT  -  Case No. 5:07 - cv- 3686 JW

1    of NPDES permits in the use ; operating of a hazardous industrial ng terminal near burdened

2    residential/housing areas . . .**

3    *Plaintiff has submitted exhibits A-I "examining the substance

4    of the claim based on the facts alleged . . . and that of the

5    relief requested . . . "** [See State ex rel. Colo. Dep't of

6    Health v. I.D.I. Inc.642 P.2d 14 (Colo. App. 1981)].

7

8    ## ALLEGATIONS OF THE COMPLAINT

9    The plaintiff pursuant the Clean Water Act (CWA) the plaintiff has the burden of proving

10   allegations against all defendants', and requests that "evidence outside the pleadings may be

11   considered". *Smith v. Town of Snowmass Village*, 919 P.2d 868 (Colo. App. 1996). Thus are "binding

12   unless so clearly erroneous (and unfair) not to find support in the record." *Lyon v. Amoco Prod. Co.*,

13   923 P.2d 350, 353 (Colo. App. 1996); see also *Arapahoe County Bd. of Equalization v. Podoll*, 935

14   P.2d 14 (Colo. 1997).

15

16   ## ARGUMENT

17   All of plaintiffs allegations are based on the belief that residence are susceptible to "Coking

18   Emissions" and that of unregulated effluent standards of NPDES, and Waste Water Treatment

19   Facilities ("WWTF"), that the Defendants' accounted equally for the failure to implement safe storage

20   and disposal methods, and or disposal of Hazardous Waste. Therefore the defendants' have failed to

21   prove FRCP 12 (e) to state a claim in which the allegations should be dismissed, and that the

22   defendants' have not pleaded specific facts giving rise to a "strong inference" that Amy L. Nilson was

23   acting with prior or previous knowledge of the alleged violations and incidence.

24
    I. THE COMPLAINT SATISFIES L.R. 26( f) AND FRCP 12 PLEADING STANDARDS
25

26
**AMENDED MOTION TO DISMISS DEFENDANTS MOTIONS' TO DISMISS PLAINTIFFS
SECOND AMENDED COMPLAINT  -  Case No. 5:07 - cv- 3686 JW**

**A. Energy and Security Act** ᵇ **Congress Sec. 208; Sec. 241 (De⁀  ⁀2007).**

The Energy and Security Act of 2007 pursuant Sec. 208, Integrated consideration of water quality in determinations on fuels and fuel additives and that of Sec. 241. Prohibition on franchise agreement restrictions related to renewable fuel infrastructure in most violations at the San Jose Terminal recite the "Agins formula", that the Court has merely assumed in dicta. See, e.g., *Tahoe-Sierra Preservation Council, Inc. v. Tahoe Regional Planning Agency*, 535 U. S. 302, 334. "If there is some reasonable, economically viable, productive use that can be made of the property at the time, then I don't believe we have a per se taking." KMEP in 2005 stated that gasoline had leaked "into the ground water and municipal sewage waste stream. ("MSWS") settling federal and state claims by awarding the EPA 5.4 million towards oil removal programs (May of 2007). However, as plaintiffs allege that these were deceptive trade practices in violation of the Colorado Consumer Protection Act (CCPA), § 6-1-105, et seq., C.R.S. 2005, KMP/SJWC/SCVWD/CSJ advanced "negligent misrepresentation, and intentional misrepresentation" under the codes and statues of the federal law.

The Santa Clara Valley Water Districts 9th Meeting in 2007 reported deficiency in operational standards to ensure safe drinking water provisions, however reporting A ++ "potable water" water sources despite known high mercury levels in the ground water and sub-surface water and soil sources burdened by the discharge of waste into Aeration ponds situated along its facilities.

**B. The Complaint's "Basis of Allegations" is Sufficient as a Matter of Law.**

The City of San Jose departments by the licensing of NPDES Type II waste stream provisions burdened the Santa Clara Valley Water District in the courts under Title 42, indicating their current and past knowledge of "effluent" limits and restraints in the technologies provided to these individual entities to "abate a nuisance".

//

-7-

**AMENDED MOTION TO DISMISS DEFENDANTS MOTIONS' TO DISMISS PLAINTIFFS SECOND AMENDED COMPLAINT  -   Case No. 5:07 - cv- 3686 JW**

By assigning NPDE. ⌒ ⌐ II Waste permits, the potential ⌐ and discharge to municipal

water sewage/treatment plant, increases: (1) potential surge into ground water and, (2) potable water

sources through cracking of piping or cross-contamination and that of sub-surface and ground water

flows and; (3) leeching or the leeching of toxins into the surface water and; (4) increased discharge of

industrial waste flows into the creek during wet and rainy seasons and; (5) "point stack coking

emissions" into neighboring properties and residence and;(6) acetone exhausted from (KMEP) "point

emissions" in which air-sparging is "mitigated".

**C. Defendants' Do Not Plead Specific Facts Showing That the Complaint should be Dismissed, and Intensely Ignores Allegations made against its [a]gencies.**

"The parties agree that the issue of disqualification is essentially governed by . . . federal law.

See Local Rules of the United States District Courts, Local Civil Rules 1.3 (a)(6); 1.5(b)(5) *JP Morgan

Chase Bank et al. v. Liberty Mutual Insurance Co. et .al.* No. 01 Civ. 11523 decided (Jan. 28, 2002).

Due to a response of this complaint Kinder Morgan San Jose Terminal decreased the decibel range of

the alarm system; however the resultant contamination is still the same despite the integrity of the

fueling system. The amount of emissions raises serious questions as to the complexity of the procedure

necessary to protect residence and adjacent industries from "Coking Emissions".

**D. Declarations Made by the Plaintiff and Exhibits Complete the History of Allegations Claimed Against All Defendants.**

First the Complaint Contends Facts and Allegations Leading to the Discovery of Contamination

of Amy L. Nilson by Statements Made to the Defendants. Ninth Circuit law on analyst entanglement is

well developed. Courts have long refused to impose liability on defendants for analyst reports unless

plaintiffs plead specific facts showing that "defendants . . . put their imprimatur, express or implied, on

the projections." *In re Syntex Corp. Sec. Litig.*, 95 F.3d 922, 934 (9th Cir. 1996) (quoting *In re Stac

Elecs. Sec. Litig.*, 82 F.3d 1480, 1492 (9th Cir.), *superseded*, 89 F.3d 1399 (9th Cir. 1996), *cert.*

-8-

**AMENDED MOTION TO DISMISS DEFENDANTS MOTIONS' TO DISMISS PLAINTIFFS
SECOND AMENDED COMPLAINT  -   Case No. 5:07 - cv- 3686 JW**

1  *denied*, 117 S. Ct. 1105 (1997   ) ond statements of Historical Fact a⁄  .  her Declarations of

2  Evidence Support a Claim of Negligence and Malfeasance.

3

4      The few remaining statements challenged by defendants are either statements of befuddled or

5  in-actionable "puffery", and or vague expressions of optimism about water treatment.  "Abating this

6  appeal pending the Court's adjudication would be an unnecessary burden on judicial resources". . .

7  *Chevron Corp. v. Agrium U.S. Inc.* No. 01-1074 (D.C. No. 99-M-2099) (D. Colo. 2003).

8

9      **E. The Individual Defendants' Fail to Answer the Initial Actions of the Complaint.**

10  **Showing an "Inference" of Fraudulent Intent**

11

12      The Federal Trade Commission Act, 52 Stat. 111, 15 U.S.C. 41, § 638 (4)(C)(ii)"for which

13  awards from non-SBIR Federal funding sources are used for the continuation of research or research

14  and development that has been competitively selected using peer review or scientific review "not

15  withstanding criteria in which the FTC alone administers.  The Act has been not only to not "embrace

16  such conduct which also violates the anti-trust laws, *Federal Trade Commission v. Motion Picture

17  Advertising Service Co.*, 344 U.S. 392 (1953), which affected by the resultant violations costs outlining

18  the influx in market production of KMEP" "air-sparging coking emissions" process.

19

20      Under the Clean Air Act (C) (1) (A) "knowingly violates" the reduction of a stationary source

21  due to the burdening factors of transpiration and disposal of industrial waste flows and emissions

22  (IWFE).  The Act limits a stationary source, or the burning of fossil fuels, and limits the emissions of

23  particulates and cancerous causing agents within the near proximity of communities or residential

24      //

25

26
**AMENDED MOTION TO DISMISS DEFENDANTS MOTIONS' TO DISMISS PLAINTIFFS
SECOND AMENDED COMPLAINT  -   Case No. 5:07 - cv- 3686 JW**

1  housing. Under Regulations      ls and Additives Sec. 211, to prohi     sale of fuels and fuel

2  additives to motor vehicles in which there is a significant endangerment to the public health and

3  welfare, however the denial of "point stack" applications due to aging technology limits the

4  manufacturability and distribution of a "safe" fueling product.

5

6          Statutory framework in the administrative process as amended under the provisions of the

7  Economic Stabilization Act of 1970 §205 – §211, rehearse mandatory applications enjoining petroleum

8  reserves, making 5 U.S.C. §555 (e), which gives the "agency" wide latitude to dispense with

9  procedural safeguards". . . [w]hen it claims it is acting in the response or "claims to be acting in

10  response to the emergency". *Pacific Coast Meat Jobbers Assn. V. CLC*, 481F.2d 1388 (T.E.C.A. 1973)

11  states that "the District Court has the authority of issue a declaratory judgment that an agency's

12  regulation is in excess of authority, or otherwise unlawful under the criteria" pursuant 5 U.S.C. §706

13  (a) "and that the agency's order is in excess of authority or is based on findings which are not

14  supported by substantial evidence", with respect to applications for registration of marks and other

15  proceedings pursuant 35 U.S.C. §271(c) "adapted for use in an infringement of such patent, and not a

16  staple article or commodity of commerce suitable for substantial non-infringing use, shall be liable as a

17  contributory infringer . . ."*

18          *Conflicts with the State Laws under Implied Preemption the

19          Economic Stability Act implied preempted its field.".

20          Price Commissions, Economic Stabilization Q & A No. 11,

21          February 15, 1972, CCH Economic Controls, §1201.55.

22

23          The agencies response under civil penalties issues a fine of not less than 100,000 dollars a day

24  assessed by the Santa Clara Valley Water Districts allocation of creek abatement methods. The

25

26  -10-
   **AMENDED MOTION TO DISMISS DEFENDANTS MOTIONS' TO DISMISS PLAINTIFFS
   SECOND AMENDED COMPLAINT  -  Case No. 5:07 - cv- 3686 JW**

1  complaint re-affirms a falteri~ ~cess of all "public services" provid~ ~ ~corporate or other wise

2  programs used by the State or local governments or authority by repeatedly forgiving violations under

3  regulative authority, thus by passing on the cost to the "end user" other than a wholesale purchaser to

4  "abate a nuisance". That in serving this notice Amy L. Nilson believes of a probable and continuing

5  violation has caused irreparable injury to the plaintiff.

6

7  **II. DEFENDANTS' FAIL TO PLEAD THAT PLAINTIFF AMY L. NILSON MADE ANY FALSE STATEMENT AND OR SUBMITTED FALSE EVIDENCE AGAINST THE DEFENDANTS'**

8

9  ## CONCLUSION

10  For the foregoing reasons, plaintiff Amy L. Nilson on behalf of themselves, respectfully request that the Plaintiffs amended motion to dismiss the Defendants' Motions be granted and an order

11  for answer of the amended complaint not exceed 30 days of its order and request for the continuance of the case management statement on or after April 10, 2008.

12

13  Dated: February, 4 , 2008

14  _____
Pro Se

15

16

17

18

19

20

21

22

23

24

25

26

-11-

**AMENDED MOTION TO DISMISS DEFENDANTS MOTIONS' TO DISMISS PLAINTIFFS SECOND AMENDED COMPLAINT** -  Case No. 5:07 - cv- 3686 JW