Philip R. Soderquist (SBN 125219)
Robert A. Schwartz (SBN 107436)
SODERQUIST LAW OFFICES
351 California Street, Suite 550
San Francisco, CA 94104
Telephone: (415) 374-8500
Facsimile: (415) 394-6390

Attorneys for San Jose Water Company

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMY L. NILSON, | Case No. C07 03686 JW |
| Plaintiff, | **REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT SAN JOSE WATER COMPANY'S MOTION TO DISMISS SECOND AMENDED COMPLAINT AND MOTION FOR MORE DEFINITE STATEMENT** |
| v. | |
| KINDER MORGAN ENERGY PARTNERS, INC., THE CITY OF SAN JOSE, SAN JOSE WATER COMPANY, SANTA CLARA VALLEY WATER DISTRICT, et al. | |
| Defendants. | **Date:    March 10, 2008**<br>**Time:    9:00 a.m.**<br>**Courtroom: 8**<br>**Judge:    The Honorable James Ware** |

## I.    INTRODUCTION

Plaintiff's multiple filings with the court in response to defendants' motions to dismiss plaintiff's Second Amended Complaint are procedurally improper, continue to be virtually unintelligible, require defendants to speculate as to her current position and do not cure the deficiencies in her Second Amended Complaint.

After filing her Motion to Dismiss Defendants' Motions to Dismiss Plaintiff's Second Amended Complaint dated January 7, 2008, plaintiff filed an Amended Motion to Dismiss Defendants' Motions to Dismiss Plaintiff's Second Amended Complaint on February 4, 2008.

-1-

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT SAN JOSE WATER COMPANY'S MOTION TO DISMISS SECOND AMENDED COMPLAINT AND MOTION FOR MORE DEFINITE STATEMENT**

1  Further, without waiting for a ruling on defendants' motions to dismiss, plaintiff filed a Motion

2  to File Amended Second Amended Complaint, along with an Amended Second Amended

3  Complaint, that same day. Presumably, the latter filing was an attempt to avoid having the court

4  dismiss her Second Amended Complaint without leave to amend.

5        In this Reply Memorandum, defendant San Jose Water Company ("SJWC") will address

6  plaintiff's Amended Motion to Dismiss Defendants' Motions to Dismiss (hereinafter

7  "Opposition") which is mostly identical to her original Opposition. The bottom line is that

8  plaintiff still fails to allege cognizable or procedurally compliant claims for relief and her Second

9  Amended Complaint ("Complaint") should be dismissed pursuant to FRCP 12(b)(6) without

10  leave to amend.

11                          **II.    ARGUMENT**

12  **A.    Plaintiff has not shown that her Second Amended Complaint should not be
    dismissed for failure to state a cognizable legal theory.**

13

14        While plaintiff's Opposition does express that it is based on claims regarding water

15  pollution, at various time it alleges that the pollution of which she complains is contained in

16  sewer systems, publicly owned treatment works, groundwater and sub-surface waters, soil

17  sources, aeration ponds and creeks. The Opposition also discusses violations of the Clean Air

18  Act from "coking emissions." (Opposition, p.9:12-10:4.) However, plaintiff's Opposition does

19  not sufficiently explain the basis for her suit from any of these types of pollution. Plaintiff's

20  effort to cure the deficiencies in her Complaint by setting forth "facts" not alleged in the

21  Complaint but only in her Opposition papers (or in documents voluntarily produced by plaintiff

22  but not made a part of her Complaint), and by citing additional statutes is of no avail. The

23  "facts" are not admissible in their current form and are not supported by declaration or affidavit,

24  and the statutes are not relevant to her claims. (See, e.g., plaintiff's reference to the Energy and

25  Security Act of 2007, at 2.7:1-3 of the Opposition and to the Federal Trade Commission Act, at
    p.9:12-18.)

26        In fact, plaintiff's Opposition is as unintelligible as her Complaint. Moreover, plaintiff

27  still fails to distinguish which claims for relief are directed against which defendants and applies

28                                    -2-
    **REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT SAN JOSE WATER
    COMPANY'S MOTION TO DISMISS SECOND AMENDED COMPLAINT AND MOTION FOR MORE DEFINITE
    STATEMENT**

1 erroneous legal standards by stating, for example, that "defendants do not plead specific facts

2 showing that the Complaint should be dismissed ..." (Opposition, p.8:9.)

3      The Complaint fails to state a cognizable legal theory and should be dismissed under

4 Rule 12(b)(6). At a minimum, a More Definite Statement under Rule 12(e) should be required.

5 **B.    Plaintiff has failed to produce evidence of compliance with the Clean Water Act.**

6      Despite this court's November 9, 2007 Order granting Defendants' Motions to Dismiss

7 which explicitly informed plaintiff of her failure to comply with the Clean Water Act notice

8 requirements set forth at 33 U.S.C. §1365(b), plaintiff does not point to evidence curing the

9 failure of her Second Amended Complaint to contain allegations showing compliance with this

10 requirement. Therefore, plaintiff's Complaint must be dismissed pursuant to FRCP 12(b)(6) and

11 41(b).[1]

12 **C.    Plaintiff has not cured the deficiencies in her class action allegations.**

13      Plaintiff's Opposition contains no arguments regarding the deficiencies in her class

14 action allegations and expresses no intention to retain an attorney to act as class counsel.

15 Therefore, the court should prohibit her from maintaining a class action suit due to her failure to

16 meet the requirements of FRCP 23.

17 **D.    Leave to amend should be denied because of plaintiff's repeated failure to cure the deficiencies in her Complaint.**

18      Because plaintiff's Opposition fails to make a showing that plaintiff can cure the

19 deficiencies in her Second Amended Complaint by allowing her to file yet another amended

20 complaint, dismissal without leave to amend is appropriate. *Price v. Pinnacle Brands, Inc.* (5th

21 Cir. 1998) 138 F.3d 602, 608.

22 ///

23 ///

24 ///

25

26 [1] In fact, the Third Cause of Action and Prayer for Relief of the Amended Second Amended Complaint make clear that the only statutory basis for plaintiff's lawsuit is a private right of action under the Clean Water Act. (See

27 Amended Second Amended Complaint, p.13-14) The Amended Second Amended Complaint also fails to contain allegations regarding the notice requirement of the Clean Water Act, demonstrating that plaintiff cannot make these allegations and that her action should be dismissed without leave to amend.

28 -3-
**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT SAN JOSE WATER COMPANY'S MOTION TO DISMISS SECOND AMENDED COMPLAINT AND MOTION FOR MORE DEFINITE STATEMENT**

1

## III.    CONCLUSION

2

For all the foregoing reasons, defendant SJWC's motion should be granted and plaintiff's

3    Second Amended Complaint should be dismissed without leave to amend.

4    DATED:    February 19, 2008                SODERQUIST LAW OFFICES

5

6

7                                    By:    ROBERT A. SCHWARTZ
                                            Attorneys for San Jose Water Company

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-4-

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT SAN JOSE WATER COMPANY'S MOTION TO DISMISS SECOND AMENDED COMPLAINT AND MOTION FOR MORE DEFINITE STATEMENT**

**PROOF OF SERVICE**

*Nilson v. San Jose Water Co., et al.*

I declare that I am employed in the County of San Francisco, California. I am over the age of eighteen years and not a party to the within cause. My business address is 351 California Street, Suite 550, San Francisco, California 94104.

On the date set forth below, I served the attached

-    **Reply Memorandum of Points and Authorities in Support of Defendant San Jose Water Company's Motion to Dismiss Second Amended Complaint and Motion for More Definite Statement**

on the following interested parties in said cause:

**SEE ATTACHED LIST**

☒    **BY ELECTRONIC FILING** I caused such document(s) to be transmitted Electronically on this date to the offices of the addressee(s).

☒    **VIA MAIL** By placing a true copy thereof enclosed in a sealed envelope(s), addressed as above, and depositing for collection and mailing. I am readily familiar with my firm's business practice of collection and processing correspondence for mailing, and correspondence placed for collection and mailing would be deposited with the United States Postal Service at San Francisco, California, with postage thereon fully prepaid, that same day in the ordinary course of business.

☐    **VIA OVERNIGHT MAIL/COURIER** By placing a true copy thereof enclosed in a sealed envelope(s), addressed as above, and depositing for collection by overnight mail or courier service. I am readily familiar with my firm's business practice of collection and processing correspondence for overnight delivery, and correspondence placed for collection would be delivered to an agent of the overnight mail or courier service authorized to receive documents, with delivery fees paid or provided for, that same day, for delivery on the following business day.

☐    **VIA FACSIMILE** By sending a facsimile transmission thereof to the above-listed facsimile number(s) prior to 5:00 p.m. The facsimile transmission was reported complete and without error.

☐    **VIA HAND DELIVERY** By placing a true copy thereof enclosed in a sealed envelope(s), addressed as above, and causing each envelope(s) to be hand-delivered that same day.

I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed on **February 19, 2008** at San Francisco, California.

Judy Hunter

PROOF OF SERVICE

1

**SERVICE LIST**

2

3

By Mail:

Amy L. Nilson                    **Plaintiff**
3735 Senter Road
San Jose, CA 95111

4

5

6

By Electronic Filing:

7

Barry R. Ogilby                  **Attorneys for Defendant**
Jill B. Rowe                     **Kinder Morgan Energy Partners, LP**
Cooper, White & Cooper LLP
201 California Street, 17th Floor
San Francisco, CA 94111

8

9

10

Richard Doyle, City Attorney     **Attorneys for Defendant**
George Rios, Assist. City Attorney   **City of San Jose**
Margo Laskowska, Deputy City Attorney
Office of the City Attorney
200 East Santa Clara Street
San Jose, CA 95113

11

12

13

14

Thomas S. Brazier                **Attorneys for Defendant**
Jeffrey F. Oneal                 **Santa Clara Valley Water District**
LaMore, Brazier, Riddle & Giampaoli
1570 The Alameda, Suite 150
San Jose, CA 95126

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PROOF OF SERVICE