

1  AMY L. NILSON
   3735 Senter Road
2  San Jose, CA 95111
   TEL: (408) 401-7924
3  EMAIL:listcontent@yahoo.com

4  Attorneys for Plaintiff
   Pro Se
5

6

7

RECEIVED

FEB 2 2 2008

Richard W. Wieking
Clerk, U.S. District Court
Northern District of California
San Jose

NC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMY L. NILSON | Case No.  5:07-CV-03686 JW |
| Plaintiff, | **MOTION TO FILE AMENDED MOTION TO DISMISS AND FOR SANCTIONS [PROPOSED ORDER]** |
| V | |
| KINDER MORGAN ENERGY PARTNERS LP,THE CITY OF SAN JOSE, SANTA CLARA VALLEY WATER DISTRICT, SAN JOSE WATER COMPANY, et al. | Date:   March 10, 2008<br>Time:   9:00 a.m.<br>Courtroom 8, 4th Floor<br>Before:  Honorable James Ware |
| Defendants. | |

-1-

1    Plaintiff, "Nilson" ̲oves the Court pursuant to Ru ̲pursuant under Rule 41(a)(2)

2    provides that "an action shall not be dismissed at the plaintiffs instance save upon order of the

3    court and upon such terms and conditions as the court deems proper for an Order to amend their

4    motion and requests a motion to strike existing motions before the court.  Plaintiff, "Nilson"

5    respectfully submits their proposed amended motion and for sanctions including Exhibit J doc. 1-7

6    as 4th Decl. ALN together with a response to Defendants' Motion

7

8        THIS MATTER is before the Court on Plaintiffs' Motion to amend their complaint, in

9    response to the defendant's Motion for a Definitive Statement.  Having considered Plaintiffs'

10   Motion and after reviewing the pleadings, the Plaintiff requests the Court to enter the following

11   Order.

12                               PROPOSED ORDER

13       IT IS, THEREFORE, ORDERED that Plaintiffs' Motion to amend their motion as

14   proposed is GRANTED.

15       This Order is entered in response to Plaintiffs' Motion to amend their motion and for

16   sanctions in opposition to dismissal of the second complaint.

17

18   PURSUANT TO STIPULATION IT IS SO ORDERED

19

20       Dated: _____, ___, 2008

21                               Signed: _____
                                         Honorable Judge James Ware

22

23

24                                    -2-

25   **MOTION TO FILE AMENDED MOTIONTO DISMISS AND FOR SANCTIONS**
26   **[PROPOSED ORDER]** Case No.  5:07-CV-3686 JW

1  AMY L. NILSON
   Address: 3735 Senter Road
2  San Jose, CA 95111
   Tel:  (408) 401-7924
3  Email:  listcontent@yahoo.com

4  Attorneys for :
   Pro Se

5

6

7

8
                    UNITED STATES DISTRICT COURT
9

10                 NORTHERN DISTRICT OF CALIFORNIA

11
   AMY L. NILSON                          )    Case No.  C07 -03686 JW
12                                        )
                          Plaintiff,      )    MOTION TO DISMISS
13                                        )    DEFENDANTS MOTIONS' TO
                                          )    DISMISS PLAINTIFFS SECOND
14        V                               )    AMENDED COMPLAINT AND
                                          )    OR FOR SANCTIONS
15 KINDER MORGAN ENERGY PARTNERS LP,      )
   THE CITY OF SAN JOSE, SAN JOSE WATER   )    Date: March 10, 2008
16 COMPANY, SANTA CLARA VALLEY WATER      )    Time: 9:00 a.m.
   DISTRICT. ET AL.                       )    Courtroom: 8, 4th floor
17                                        )    Before: Hon. Judge James Ware
                                          )
18                 Defendants.            )
                                          )
19 _____   )

20

21

22

23

24

25

26 AMENDED MOTION TO DISMISS DEFENDANTS MOTIONS' TO DISMISS PLAINTIFFS
   SECOND AMENDED COMPLAINT  -   Case No. 5:07 - cv- 3686 JW

# TABLE OF CONTENTS

MOTION TO FILE AMENDED MOTION . . . . . . . . . . . . . . . . . . . . . appended doc. pg. 1-2

4TH DECLARATION OF ALN . . . . . . . . . . . . . . . . . . . . . . . . . . . . appended doc. pg. 1-2

EXHIBIT J . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . appended doc. pg. 1-9

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

NOTICE OF MOTION TO DISMISS AND FOR SANCTIONS . . . . . . . . . . . . . . 4

MEMORANDUM OF POINTS AND AUTHORITIES . . . . . . . . . . . . . . . . . . . . 4 - 5

INTRODUCTION AND SUMMARY OF ARGUMENT . . . . . . . . . . . . . . . . . . . . 5 - 7

I.    Federal Clean Water Act (CWA) A. Citizen Lawsuit provision: 33 U.S.C. § 1365 (Section 505 of the Federal Water Pollution Control Act) - "505 suites." . . . 5
   A. Basic CWA Structure

II.   Citizen Environmental Lawsuits. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5 - 6
   B. Purpose: Provide for citizen involvement in environmental enforcement.

III.   CWA Citizen Suite Fundamentals. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6 - 8

   A. Standing
   B. Notice
   C. Statues of Limitations
   D. Penalties and Court Costs
   E. Notification of Attorney General

ALLEGATIONS OF THE COMPLAINT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8 - 11

I. Enforcement: Potential Liabilities for Violating POTW Pretreatment Programs. . . 8
POTW Toxic and Pretreatment Effluent Standards pursuant under 40 C.F.R. Section 403

II. Toxic and Pretreatment Effluent Standards. . . . . . . . . . . . . . . . . . . . . . . . . . 9
Sec. 307 [33 USC 1317] Federal Water Pollution Control Act

III. Conditions Applicable to NPDES Permits. . . . . . . . . . . . . . . . . . . . . . . . . . 9 - 11
CWA section 402 (B)(C) Failure to Comply with NPDES Permits

   A. Control and Disposal of Pollutants into Drinking Water Wells
   B. General Provisions pursuant under 40 C.F.R. sections 122.41;122.42
   C. Failure to Act in Accordance with the CWA

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11 - 13

-2-

1    A. Failure to Maintain Effluent Standards under the CWA
     B. Failure to State a Claim
2    C. Defendants' Do Not Plead Specific Facts Showing That the Complaint should be Dismissed

3    CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

4

## TABLE OF AUTHORITIES

5

6    **CASES**

7    *JP Morgan Chase* Bank *et al. v. Liberty Mutual Insurance Co. et .al.*

8    No. 01 Civ. 11523 decided (Jan. 28, 2002).

9    *Lyon v. Amoco Prod. Co.*, 923 P.2d 350, 353 (Colo. App. 1996).

10   *Olin Corp. v. Santa Clara Valley Water District* (C.A.N.D. 2007 JF).

11   *Smith v. Town of Snowmass Village*, 919 P.2d 868 (Colo. App. 1996).

12   *State ex rel. Colo. Dep't of Health v. I.D.I. Inc.*642 P.2d 14 (Colo. App. 1981).

13   *Tahoe-Sierra Preservation Council, Inc. v. Tahoe Regional Planning Agency*, 535 U. S. 302, 334

14   **STATUTES AND RULES**

15   F.R. Civ. P. 41(a)(2)

16   33 U.S.C. § 1365 (Section 505) of the Federal Water Pollution Control Act

17   33 USC §1317 (Sec. 307) Federal Water Pollution Control Act

18   CWA section 402 (B)(C)

19   40 C.F.R. sections 122.41;122.42

20   40 C.F.R. Section 403.8 (a),

21   **OTHER LEGISLATIVE MATERIALS**

22   Colorado Consumer Protection Act
     § 6-1-105, et seq., C.R.S. 2005.
23
     Energy and Security Act, 110th Congress
24   Sec. 208; Sec. 241 (Dec 7th 2007).

25   Economic Stabilization Act of 1970, §205 – §211

26
**AMENDED MOTION TO DISMISS DEFENDANTS MOTIONS' TO DISMISS PLAINTIFFS SECOND AMENDED COMPLAINT  -   Case No. 5:07 - cv- 3686 JW**

## NOTICE OF MOTION TO DISMISS AND FOR SANCTIONS

Plaintiff, Amy L. Nilson, hereby moves, pursuant to Rule 41(a) (2) of the Federal Rules of Civil Procedure, to dismiss without prejudice the above-captioned matter with respect to those defendants who have submitted answers to the complaint. In addition, plaintiff moves, in support of this motion, the Court is respectfully referred to the memorandum attached herewith.

### MEMORANDUM AND POINTS OF AUTHORITIES
### Plaintiff's Motion To Dismiss And for Sanctions

Plaintiff, Amy L. Nilson hereby moves, pursuant under Rule 41(a)(2) provides that "an action shall not be dismissed at the plaintiffs instance save upon order of the court and upon such terms and conditions as the court deems proper.  In addition, request under the Federal Rules of Civil Procedure, to dismiss the above-captioned matter without prejudice with respect to those defendants who have submitted motions to dismiss the Second Complaint, and for a default judgment with respect to each defendant who has been served, and has failed to file a responsive pleading to the complaint.  In support of this motion, the plaintiff states as follows:

1.      Plaintiff brought this lawsuit in order to enforce, in the least confrontational manner possible. Plaintiff specifically chooses to seek civil injunction sanctions, such as preliminary civil relief, to avoid unnecessary confrontation or a multiplicity of cases.

2.      Despite plaintiff's attempt, through this lawsuit, to resolve this long-standing dispute with the defendants over the constitutionality under (CWA), the defendants have chosen to ignore, or not take seriously the litigation at bar. Plaintiff succeeded in serving all named defendants under the guidelines and regulations under the "ACT" due to significant practical difficulties in serving the named defendants in this case. Kinder Morgan of the defendants served chose to disregard the Amd. Second Amd. Complaint and has submitted a response within the prescribed time. All

-4-

**AMENDED MOTION TO DISMISS DEFENDANTS MOTIONS' TO DISMISS PLAINTIFFS SECOND AMENDED COMPLAINT  -   Case No. 5:07 - cv- 3686 JW**

defendants who submitted r~ ~onses to the complaint is inadequ~ as a legal matter, to provide a

basis to pursue the goals of this litigation.

3.    As all defendants have submitted responses to the Complaint, it is apparent from their

filings status that they will not provide the means to resolve plaintiff's long-standing dispute with

the Plaintiff Amy L. Nilson. At a minimum, because all defendants who have submitted responses

to the complaint, it is doubtful that these parties would adequately and fairly protect the interests of

the complaint.

## INTRODUCTION AND SUMMARY OF ARGUMENT

**I.  Federal Clean Water Act (CWA) A. Citizen Lawsuit provision: 33 U.S.C. § 1365 (Section 505 of the Federal Water Pollution Control Act) - "505 suites."**

**A.  Basic CWA Structure**

4.    The NPDES permits sets forth the requirements including effluent standards or

limitations regulating the discharge. The permit might also include monitoring and reporting

requirements and implementation of best management practices (BMPs).

5.    Violation of the effluent limitations or the NPDES permit requirement is a violation of

the CWA.

## II. Citizen Environmental Lawsuits

**B.  Purpose: Provide for citizen involvement in environmental enforcement.**

6.    Congress ALLEGATIONS OF THE COMPLAINT made clear that citizen groups are

not to be treated as nuisances or troublemakers but rather as welcomed participants in the

vindication of environmental interests. Fearing that administrative enforcement might falter or stall,

citizen suit provisions reflected a deliberate choice by Congress to widen citizen access to the

-5-

**AMENDED MOTION TO DISMISS DEFENDANTS MOTIONS' TO DISMISS PLAINTIFFS SECOND AMENDED COMPLAINT  -   Case No. 5:07 - cv- 3686 JW**

courts as a supplemental an~~ffective assurance the Act (Clean~~ Act).

7.    The citizen can initiate a lawsuit in federal district court for injunctive relief (in order to correct or halt the violating activity) and civil penalties.

8.    Citizen Suit provisions exist in major federal environmental statutes Clean Air Act (CAA); the Clean Water Act (CWA); the Resource Conservation and Recovery Act (RCRA) and the Comprehensive Environmental Response Compensation and Liability Act (CERCLA).

9.    Violations must be "ongoing" at time lawsuit.

10.    Plaintiff citizen must make a good-faith allegation of continuous or intermittent violations.

11.    Evolving case law appears to support proposition that the presence of any credible evidence that violations continued after the complaint was filed or that the risk of further violation exists will confer jurisdiction.

12.    Courts have generally indicated that any state administrative enforcement proceeding must provide the public with notice and an opportunity to participate in the assessment of fine and penalties. Administrative procedures must be functional equivalent of court procedures.

### III. CWA Citizen Suite Fundamentals

**A. Standing**

13.    Pursuant under 33 U.S.C. §1365 , Any citizen may commence a civil action on his own behalf. "Citizen" means a person or persons having an interest, which is or may be adversely affected.

14.    Pursuant under 33 U.S.C. §1365 (g), as to establish standing, the citizen must allege injury in fact due to defendant's violations.

-6-

**AMENDED MOTION TO DISMISS DEFENDANTS MOTIONS' TO DISMISS PLAINTIFFS SECOND AMENDED COMPLAINT   -   Case No. 5:07 - cv- 3686 JW**

**B. Notice**

15.    Before starting a lawsuit, citizens must give notice to the alleged violator, the U.S.

Environmental Protection Agency (EPA) and the MPCA. U.S.C. §1365 (b).

16.    Notice procedure are set out at 40 C.F.R. Parts 135.1-135.3.

17.    Plaintiff must give alleged violator at least sixty (60) days of notice before the lawsuit is

started.

**C. Statute of Limitations**

18.    Five-year statute pursuant to 28 U.S.C. §2462 (limitation on time for court imposition of

civil penalties).

**D. Penalties and Court Costs**

19.    Penalties: $25,000/day for a violation pursuant under 33 U.S.C. §1319(c) in those

determining civil penalties, the court will consider:

   (a) seriousness of the violation;
   (b) economic benefit derived as a result of the violations;
   (c) good-faith efforts to achieve compliance;
   (d) economic impacts on violator; and,

(e) such other matters as justice may require.

20.    Costs: Court may award to Plaintiff citizen the costs of litigation (including reasonable

attorney and expert witness fees) to any prevailing or prevailing party.

**E. Notification to Attorney General**

21.    Consent Decree: a stipulated settlement that is entered with the court pursuant,

-7-

22.   U.S. government must receive at least 45 days notice before court entry of settlement pursuant under 33 U.S.C.  §1365 (c) (3). Service procedures of 45-day notice are set out at 40 C.F.R. Parts 135.5; settlement is fair, reasonable, and equitable; and does not violate public policy.

## INTRODUCTION AND SUMMARY OF ARGUMENT

23.   On or around April of 2006 – December 2007 the proceedings in which the legal rights, duties or privileges of the defendants' are required by law to be determined by an agency on record after an opportunity for Kinder Morgan, the City of San Jose, San Jose Water Company and or Santa Clara Valley Water District to answer all allegations alleged in the "complaint". All parties have received reasonable notice as to whether it is within the agency's authority to act upon the information and stipulations assessed in the Original and Second Amended Complaint despite alleged ("Class Allegations").

## ALLEGATIONS OF THE COMPLAINT

### I. Enforcement: Potential Liabilities for Violating POTW Pretreatment Programs POTW Toxic and Pretreatment Effluent Standards pursuant under 40 C.F.R. Section 403

24.   Through pre-treatment methods including Industrial and Commercial pollutants discharged in POTW's pursuant 40 C.F.R. Section 403.8 (a), "Pretreatment Program if he or she finds that the nature or volume of the industrial influent, treatment process upsets, violations of POTW effluent limitations, contamination of municipal sludge, or other circumstances warrant in order to prevent Interference with the POTW or Pass Through".

25.   These pretreatment programs must incorporate the limitations in the amount of contaminates from industrial sources, as assessed by the Plaintiff, for failure to mitigate carcinogenic materials from KMEP fuel terminal station through waste from terminal site from rain/ washing black top surface; and that of "coking emissions".

**AMENDED MOTION TO DISMISS DEFENDANTS MOTIONS' TO DISMISS PLAINTIFFS SECOND AMENDED COMPLAINT  -   Case No. 5:07 - cv- 3686 JW**

## II. Toxic and Pretreatment Effluent Standards
### Sec. 307 [33 USC 1317] Federal Water Pollution Control Act

26.     FWPC Sec. 307(c) "In order to insure that any source introducing pollutants into a publicly owned treatment works, which source would be a new source subject to section 306 if it were to discharge pollutants, will not cause a violation of the effluent limitations established for any such treatment works. . . (That such) standards shall prevent the discharge of any pollutant into such treatment works, which pollutant may interfere with, pass through, or otherwise be incompatible with such works.

27.     Pursuant under FWPC Sec. 307(d) It is "unlawful for any owner or operator of any source to operate any source in violation of any such effluent standard or prohibition or pretreatment standard". As defined by KMEP refusal to use NPDES Type II Waste Stream Provisions.

### III. Conditions Applicable to NPDES Permits
### CWA section 402 (B)(C) Failure to Comply with NPDES Permits

28.     Pursuant under section 402 (B) are for fixed terms not exceeding five years; and (C) can be terminated or modified for cause including, but not limited to, the following:

> (i) violation of any condition of the permit;
> (ii) obtaining a permit by misrepresentation, or failure to disclose fully all relevant facts;
> (iii) change in any condition that requires either a temporary or permanent reduction or elimination of the permitted discharge;

### A.  Control and Disposal of Pollutants into Drinking Water Wells

29.     The City has recognized its failure to renew its NPDES Permit by State Authorities allowing to elapse under (CERQLA) from 2006 – 2008.  The City is now trying to reverse its decision by submitting 2001 statement of reporting measures that have assuredly failed due to lack of due diligence to upgrade and prevent further contamination by increasing Industrial and

-9-

**AMENDED MOTION TO DISMISS DEFENDANTS MOTIONS' TO DISMISS PLAINTIFFS SECOND AMENDED COMPLAINT  -   Case No. 5:07 - cv- 3686 JW**

1  Commercial Waste Flows from 3000 applicants in 2001 to 9000 applicants in 2008. This has

2  caused an unregulated impact to Waste Stream Provisions, which has caused greater detriment to

3  the health of the general public drinking water wells as a whole.

4
5  **B.  General Provisions pursuant under 40 C.F.R. sections 122.41;122.42**

6       30.    That under the General provisions of the permit pursuant to 40 C.F.R. sections 122.41

7  and 122.42 set forth:

8
9       1.  An express duty to minimize or prevent any permit violation that has a reasonable

10          likelihood of adversely affecting human health or the environment.

11      2.  A duty to properly operate and maintain the facility and its treatment equipment at all

12          times;

13      3.  A duty to allow the permitting authority to enter and inspect the premises, take samples,

14          and have access to records;

15      4.  A requirement to report planning changes to the facility, anticipated non-compliance,

16          and transfers of new owners and operators;

17      5.  Prohibition of bypassing any portion of treatment facility unless the bypass in necessary

18          for essential maintenance.

19  **C. Failure to Act in Accordance with the CWA**

20
21      31.    Allowing the issuance of these permits to Industrial and Commercial Entities knowing

22  of failure to provide measures to prevent contaminates into drinking water wells as well as waste

23  stream provisions has allowed for the pollution and degradation of drinking water wells and

24  standards necessary to prevent and maintain the health of its citizens, and has thus caused the toxic

25  poisoning of the plaintiff and of that of the general public.

26
-10-

**AMENDED MOTION TO DISMISS DEFENDANTS MOTIONS' TO DISMISS PLAINTIFFS SECOND AMENDED COMPLAINT  -  Case No. 5:07 - cv- 3686 JW**

1        32.   Failure to provide these standard provisions has allowed the Santa Clara Valley Water

2   Districts refusal to turn over such documentation has made it burdensome for the plaintiff to

3   determine the contents of the effluents affecting the "wells" and "creek" with NPDES type

4   pollutants. In failure to provide information for the plaintiff to acknowledge polluters and help,

5   prevent failure in the effluent standards in which the pollutants have gathered, which in turn has

6   rapidly deteriorated the ecological, and physical environmental structures along "Coyote Creek"

7   Montague Expressway Flood Control Channel. This failure to acknowledge such constituents has

8   not only caused irrevocable damage to the health and physical welfare of the Plaintiff, and has

9   cause for the concern of permit health risks associated with "Coking Emissions" and contact with

10   un-known pollutants.

11

12   **ARGUMENT**

13   **A. Failure to Maintain Effluent Standards under the CWA**

14        33.   All of plaintiffs allegations are based on the belief that residence are susceptible to

15   "Coking Emissions" and that of unregulated effluent standards of NPDES, and Public Water

16   Treatment Works, (POTW). That the Defendants' accounted equally for the failure to implement

17   safe storage and disposal methods, and or disposal of Hazardous Waste.

18

19        34.   The Energy and Security Act of 2007 pursuant Sec. 208, Integrated consideration of

20   water quality in determinations on fuels and fuel additives and that of Sec. 241. KMEP in 2005

21   stated that gasoline had leaked "into the ground water and municipal sewage waste stream.

22   ("MSWS") settling federal and state claims by awarding the EPA 5.4 million towards oil removal

23   programs (May of 2007). However, as plaintiffs allege that these were deceptive trade practices in

24   violation of the Colorado Consumer Protection Act (CCPA), § 6-1-105, et seq., C.R.S. 2005,

25   KMP/SJWC/SCVWD/CSJ advanced "negligent misrepresentation, and intentional

26   -11-

misrepresentation" under the codes and statues of the (CWA).

34.    The collection of facts focuses on each agencies negligence to support industrial standard violations of the discharge of "waste water effluent", or "purgeable organics" . . . [See *State ex rel. Colo. Dep't of Health v. I.D.I. Inc.*642 P.2d 14 (Colo. App. 1981)]. Allowing each defendant to violate its NPDES permit provisions under the use and or operating of a hazardous industrial and commercial wastewater flows into burdened residential/housing drinking water wells.

35.    The Santa Clara Valley Water District reported deficiency in operational standards to ensure safe drinking water provisions, however reporting A ++ "potable water" sources despite known high mercury levels in the ground water and sub-surface water and soil sources burdened by the discharge of waste into Aeration ponds situated along its facilities.

**B. Failure to State a Claim**

36.    The Plaintiff claims are in the best interest of fact-finding, in that such result of the issues should not be deemed as misappropriate for the actions stated under the Federal Question,. nature of the allegations, and otherwise (lack of knowledge by the plaintiff) to claim "misrepresentation" under the codes and statues of the (CWA).

**C. Defendants' Do Not Plead Specific Facts Showing That the Complaint should be Dismissed, and Intensely Ignores Allegations made against its [a]gencies.**

37.    "The parties agree that the issue of disqualification is essentially governed by . . . federal law. See Local Rules of the United States District Courts, Local Civil Rules 1.3 (a)(6); 1.5(b)(5) *JP Morgan Chase* Bank *et al. v. Liberty Mutual Insurance Co. et .al.* No. 01 Civ. 11523 decided (Jan. 28, 2002). Due to a response of this complaint Kinder Morgan San Jose Terminal decreased the decibel range of the alarm system; however the resultant contamination is still

-12-

**MOTION TO DISMISS DEFENDANTS MOTIONS' TO DISMISS PLAINTIFFS SECOND AMENDED COMPLAINT - Case No. 5:07 - cv- 3686**

the same despite the integr···· of the pre-treatment system. The ?···ount of emissions raises serious questions as to the complexity of the procedure necessary to protect residence and adjacent industries from "Coking Emissions" using air-sparging and or hydrological purging use of Liquid Carbon Dioxide by the San Jose Water Company.

38.     By assigning NPDES Type II Waste permits, the potential flow and discharge to POTW, municipal water/treatment plant, increases: (1) potential surge into ground water and, (2) potable water sources through cracking of piping or cross-contamination and that of sub-surface and ground water flows and; (3) leeching or the leeching of toxins into the surface water and; (4) increased discharge of industrial waste flows into the creek during wet and rainy seasons and; (5) "point stack coking emissions" into neighboring properties and residence and;(6) acetone exhausted from (KMEP) "point emissions" in which prost-treatment standards are "mitigated".

## CONCLUSION

For the foregoing reasons, plaintiff Amy L. Nilson on behalf of themselves, respectfully request that the Plaintiffs amended motion to dismiss the Defendants' Motions be granted and requests for the a Third Complaint be submitted to the court, and or for further continuance of the case management statement on or after April 10, 2008.

Dated: February, 22, 2008

_____
Pro Se

-13-
**MOTION TO DISMISS DEFENDANTS MOTIONS' TO DISMISS PLAINTIFFS SECOND AMENDED COMPLAINT  -   Case No. 5:07 - cv- 3686**