1  AMY L. NILSON
   3735 Senter Road
2  San Jose, CA 95111
   TEL: (408) 509-7924
3  listcontent@yahoo.com

4  Attorneys for Plaintiff
5  Pro Se

RECEIVED

2008 MAR 28  AM 9: 34

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA  S.J.

6

7

8              **UNITED STATES DISTRICT COURT**

9

10             **NORTHERN DISTRICT OF CALIFORNIA**

11  AMY L. NILSON, Individually,        )    Case No.  C 07-03686 RS JW
                                        )
12               Plaintiff,             )
                                        )
13      v.                              )    **THIRD AMENDED COMPLAINT**
                                        )    **DEMAND FOR JURY TRIAL**
14                                      )
                                        )
15  KINDER MORGAN ENERGY PARTNERS       )
    LP, THE CITY OF SAN JOSE, SAN JOSE  )
16  WATER COMPANY, SANTA CLARA          )
    VALLEY WATER DISTRICT et al.        )
17                                      )
                                        )
18               Defendants.            )
19                                      )

20      Plaintiff, Amy L. Nilson individually brings this action on behalf of themselves, for this

21  Complaint against Defendants, states as follows:

22                         **JURISDICTION**

23      1.  This is a civil rights action arising from Defendants violations under the Clean Water

24  and Safe Drinking Water Act on or around June of 2006 – May of 2007, in the City of San Jose,

25  County of Santa Clara, California.  This action is brought pursuant to 33 U.S.C. §1342-43; §1365 and

26  42 U.S.C. § 300g–3; and or § 300j–4; 40 CFR § 403.16, pursuant the Eleventh Amendment of the

27  United States Constitution.

28                              -1-

1    2.   Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1343 (a) and (4), and the

2    aforementioned statutory and constitutional provisions.  The amount of Controversy herein, excluding

3    interest and costs, under the Clean Water Act includes that all proposed State Laws, Federal Laws and

4    all Civil Laws must be significant to the actions that are being held before this court.  Plaintiff further

5    invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. §1367 to hear and decide

6    claims arising under state law.

7                                  **INTRADISTRICT ASSIGNMENT**

8    3.   A substantial part of the events and / or omissions complained of herein occurred in

9    Santa Clara County, California, and this action is properly assigned to the San Jose Division of the

10   United States District Court for the Northern District of California.

11
12                                  **PARTIES AND PROCEDURES**

13   4.   Plaintiff AMY L. NILSON is a resident of the CITY OF SAN JOSE.

14   5.   Defendants CITY OF SAN JOSE is a public entity established and maintained by the

15   Laws and Constitution of the State of California, and owns and operates, manages, directs, and controls

16   the Environmental Services Department in partnership with City of San Jose / Santa Clara  Water

17   Pollution Control Plant, and that of the San Jose Public Owned Treatment Works ("POTW"), in which

18   its employees are responsible for other defendants in this action.

19   6.   Defendants SAN JOSE WATER COMPANY is a private entity established and

20   maintained by the Laws and Constitution of the State of California, and owns and operates, manages,

21   directs, and controls the discharge purgeable wastewater through pre-treatment process in which its

22   employees are responsible for other defendants in this action.

23   7.   Defendants SANTA CLARA VALLEY WATER DISTRICT is a public entity

24   established and maintained by the Laws and Constitution of the State of California, and owns and

25   operates, manages, directs, and controls lands and waste stream provisions in which its employees are

26   responsible for providing the issuance and certification under NPDES permits adjoining such property

27
28                                            -2-

**THIRD AMENDED COMPLAINT DEMAND FOR JURY TRIAL** - Case No. 5:07 - cv- 3686 JW

1   Storm Water Pollution Prevention Plan to control the discharge of storm water pollutants in which its

2   employees are responsible for other defendants in this action.

3       8.   Defendants KINDER MORGAN ENERGY PARTNERS LP is a private entity

4   established and maintained by the Laws and Constitution of the State of California, and owns and

5   operates, manages, directs, and controls operations enjoining actions of the defendants by the

6   allowance to transfer and dumping of gasoline waste products into pre-treatment works and POTW in

7   which its employees are responsible for all other defendants in this action.

8       9.   Plaintiff is informed and believes and thereon alleges that each of the Defendants sued

9   herein was negligently, and adversely affected the plaintiff by the odor or appearance of "tap water"

10  and consequently caused the plaintiff served by the SAN JOSE WATER COMPANY - "water for

11  human consumption through pipes or other constructed conveyances". That of such water did cause

12  the plaintiff to discontinue its use, and defendants SAN JOSE WATER COMPANY is willfully

13  responsible for the events and circumstances as hereinafter described, and proximately caused injuries

14  and damages to Plaintiff.

15

16      10. Plaintiff is informed and believes and thereon alleges that each of the Defendants sued

17  herein was adversely and negligently affected by KINDER MORGAN ENERGY PARTNERS LP, due

18  to the odor and mitigation of hazardous chemicals into Sewer System within 3 miles in which the

19  plaintiff resided. Defendants KINDER MORGAN ENERGY PARTNERS LP is willfully responsible

20  for the events and circumstances as hereinafter described, and proximately caused injuries and

21  damages to Plaintiff, and at times in which its employees are responsible for all other defendants in this

22  action.

23

24      11. Plaintiff is informed and believes and thereon alleges that each of the Defendants sued

25  herein was negligently and adversely affected by CITY OF SAN JOSE'S issuance of a temporary

26  permit to dump gasoline waste products into the sewer system/ POTW, and did cause for and or insure

27  damage to the plaintiffs' kidney, lungs, and skin. Defendants CITY OF SAN JOSE is willfully

28

-3-

**THIRD AMENDED COMPLAINT DEMAND FOR JURY TRIAL** - Case No. 5:07 - cv- 3686 JW

1    responsible for the events and circumstances as hereinafter described, and proximately caused injuries.

2    and damages to plaintiff, and at times in which its employees are responsible for all other defendants in

3    this action.

4           12. Plaintiff is informed and believes and thereon alleges that each of the Defendants sued

5    herein KINDER MORGAN ENERGY PARTNERS LP was negligently, and was willfully, and

6    knowingly in violation of its NPDES permit, by the use of temporary permit to dump gasoline waste

7    products into the sewer system/ POTW, which assisted in and or caused damage to the plaintiffs

8    Kidney, Lungs, and Skin . Defendants KINDER MORGAN ENERGY PARTNERS LP is willfully

9    responsible for the events and circumstances as hereinafter described, and proximately caused injuries.

10          13. Plaintiff is informed and believes and thereon alleges that each of the Defendants sued

11   herein SANTA CLARA VALLEY WATER DISTRICT was negligently, and was willfully, and

12   knowingly did appropriate the use of  some 47 monitoring wells for the pre-treatment and purging of

13   water to remove contaminates from KINDER MORGAN ENERGY PARTNERS LP gasoline storage

14   tanks. Plaintiff is further informed and believes, and thereon alleges, that each of the Defendants herein

15   gave consent, aid and assistance to each of the Defendants as alleged herein, and at all times acted

16   within the course and scope of that relationship.

17

18          14. Plaintiff is informed and believes and thereon alleges that each of the Defendants sued

19   herein SANTA CLARA VALLEY WATER DISTRICT was negligently, was willfully, and knowingly

20   did appropriate surface water for the sale and use of water by SAN JOSE WATER COMPANY for

21   industrial waste methods used in the pretreatment process in which to allow KINDER MORGAN

22   ENERGY PARTNERS LP to dump gasoline waste products into the Sewer System / POTW. And / or

23   authorized the acts or omissions of each Defendant as alleged herein, except as may be hereinafter

24   otherwise specifically alleged.

25

26          15. At all material times, each Defendant was jointly in violation under the Clean Water Act

27   Safe Drinking Water Act, resulting in the deprivation of Plaintiffs constitutional rights and other harm.

28

-4-

**THIRD AMENDED COMPLAINT DEMAND FOR JURY TRIAL** - Case No. 5:07 - cv- 3686 JW

16. At all material times, each Defendant acted in violation of the laws, statutes, ordinances, and regulations of the Clean Water Act ("CWA") and Safe Drinking Water Act ("SDWA") guidelines moreover, standards for the proper disposal of hazardous waste.

17. This complaint may be pled on the alternative pursuant to CWA sections, including 33 U.S.C. § 1342, of 40 CFR § 403.

**GENERAL ALLEGATIONS**

18. Plaintiff realleges each and every paragraph in this complaint as if fully set forth here.

19. The San Francisco Regional Water Quality Control Board (RWQCB), under the authority of the Act, as amended [33 U.S.C. § 1342], issuance of National Pollutant discharge elimination system ("NPDES") permit No. CA0037842, Order No. R2-2003-0085 to the City of San Jose on September 17, 2003.

20. This permit is set to expire on September 30, 2008. The NPDES permit authorizes the discharge of treated wastewater from the San Jose/Santa Clara Water Pollution Control Plant (Treatment Plant) located at 700 Los Esteros Road, San Jose, Santa Clara County, California into the Artesian Slough, tributary of the Coyote Creek and further tributaries leading to the South San Francisco Bay.

21. The California Regional Water Quality Control Board has approved the issuance of such a permit as submitted under the program. However unless the following items have been determined to be inadequate of the authority provisions given under the statue determines:

(1) To issue permits which--

(A) apply, and insure compliance with, any applicable requirements of sections 1311, 1312, 1316, 1317, and 1343 of this title;

(B) are for fixed terms not exceeding five years; and

(C) can be terminated or modified for cause including, but not

**THIRD AMENDED COMPLAINT DEMAND FOR JURY TRIAL** - Case No. 5:07 - cv- 3686 JW

limited to, the following:

    (i)    violation of any condition of the permit;

    (ii)   obtaining a permit by misrepresentation, or failure to
           disclose fully all relevant facts;

    (iii)  change in any condition that requires either a
           temporary or permanent reduction or elimination of the permitted.

22. On or about the time of the Ms NILSON's reasons for cause of occurrence clearly states the plaintiff suffered from pro-longed exposure to dumping of gasoline waste products between Montague Expressway and Oakland Road from the time of residency at Casa Del Largo, 2151 Oakland Road, San Jose, Ca 95131 during the months of February of 2006 throughout the end of January of 2007.

23. Ms. NILSON encountered Defendants KINDER MORGAN ENERGY PARTNERS LP, on or after June of 2006, and was emotionally devastated by the proximity and care in which the resultant tributary was used for the dumping and control of hazardous waste treatment by the Defendants KINDER MORGAN ENERGY PARTNERS in contracting with SANTA CLARA VALLEY WATER DISTRICT through its allocation of monitoring wells -- CITY OF SAN JOSE Environmental Services Departments allocation of temporary permits to dump hazardous toxic chemicals; and or gasoline wastewater into non approved waste flow abatement sites – SAN JOSE WATER COMPANYS failure to comply with the CWA; and or did sell "potable" water to the general public in which KINDER MORGAN ENERGY PARTNERS LP, purged gasoline waste products into POTW.

24. Ms. NILSON at all times during Plaintiffs contact with Defendants, Plaintiff behaved peacefully and lawfully.  Plaintiff was at all times during the months of January of 2006 – March 7, 2007 in contact with Charles Wagner who is a Contract Manager for KINDER MORGAN ENERGY PARTNERS LP, Rick Carpenedo, who is a lead operator at KINDER MORGAN ENERGY PARTNERS LP, and was in contact with Barry R. Ogilby, who is an assigned attorney in reply to Ms. NILSON upon their receipt of Ms. NILSON's initial "notice of intent to sue", sent to KINDER

-6-
**THIRD AMENDED COMPLAINT DEMAND FOR JURY TRIAL** - Case No. 5:07 - cv- 3686 JW

1   MORGAN ENERGY PARTNERS LP, Corporate Headquarters: Kinder Morgan 500 Dallas St., Suite

2   1000 Houston, TX 77002 (713) 369-9000, on or after 60 days of the original filing of NOTICE OF

3   INTENT TO SUE, pursuant the filing on July 17, 2007 of the initial complaint C:07:5-cv-3686 JW.

4         25. Ms. NILSON at all times during Plaintiffs contact with the Defendants, Plaintiff had

5   submitted a "notice of intent to sue" pursuant authority of the US Department of Justice, US

6   Environmental Agency, and under the authority of a Citizens Suit under the CWA's authority. Pursuant

7   to SDWA in which the plaintiff was in contact with California Environmental Protection Agency

8   Region 9 through email, and was in contact with California Regional Water Quality Control Board,

9

10   Mark Johnson, Associate Engineering Geologist (510) 622-2460, San Francisco Bay region 1515 Clay

11   Street, Suite 1400, Oakland, CA 94612, on or after 60 days of the original filing of NOTICE OF

12   INTENT TO SUE, pursuant the filing on July 17, 2007 of the initial complaint C:07:5-cv-3686 JW.

13         26. Ms. NILSON at all times during Plaintiffs contact with the Defendants, Plaintiff had

14   submitted a "notice of intent to sue" pursuant authority of the US Department of Justice, US

15   Environmental Agency, and under the authority of a Citizens Suit under the CWA 's authority pursuant

16   to SDWA, that the plaintiff was in contact with Jeffrey O'neal Lead Attorney for the Santa Clara

17   Valley Water District, and or did serve copies of the original and amended complaint to the Santa Clara

18   Valley Water District using first class mail, and that of hand delivery to the receptionist at LaMore,

19   Brazier, Riddle & Giampaoli, Attorney for Santa Clara Valley Water District on or before May 17,

20   2007 service of the original complaint, pursuant the filing on July 17, 2007 for that of the Santa Clara

21

22   Valley Water District, 5750 Almaden Expressway,  San Jose, Ca 95118, initial complaint C:07:5-cv-

23   3686 JW.

24         27. Ms. NILSON at all times during Plaintiffs contact with the Defendants, Plaintiff had

25   submitted a "notice of intent to sue" dated, May 15, 2007 pursuant authority of the US Department of

26   Justice, US Environmental Agency, and under the authority of a Citizens Suit under the CWA 's

27   authority pursuant to SDWA, to the Environmental Services Department "notice of intent to sue" by

28

**THIRD AMENDED COMPLAINT  DEMAND FOR JURY TRIAL** - Case No. 5:07 - cv- 3686 JW

1   way of hand delivery to the sitting secretary of the CITY OF SAN JOSE's Environmental Services

2   Department, and that of sitting secretary for Denise Bazzano, Esq. Deputy City Attorney, Office of the

3   City Attorney, Attorney for the City of San Jose, 200 East Santa Clara Street, San Jose, CA 95113, on

4   or after 60 days of the original filing of "NOTICE OF INTENT TO SUE", pursuant the filing on July

5   17, 2007 of the initial complaint C:07:5-cv-3686 JW.

6           28. Ms. NILSON at all times during Plaintiffs contact with the Defendants, SAN JOSE

7   WATER COMPANY, in which Ms. NILSON had submitted a "notice of intent to sue" on May 17,

8
9   2007, pursuant authority of the US Department of Justice, US Environmental Agency, under the

10  authority of a Citizens Suit under the CWA 's authority pursuant to SDWA in which Ms. NILSON had

11  submitted such documents to the sitting administrative assistant Diana, that of the legal division of the

12  San Jose Water Company, 374 West Santa Clara Street, San Jose, Ca, 95196 , on May 17, 2007.  The

13  Plaintiff did mail other such documents submitted by the Plaintiff against the Defendants SAN JOSE

14  WATER COMPANY, to Robert A. Schwartz, Soderquist Law Offices, Attorney for the San Jose

15  Water Company, 351 California Street, Suite 550 San Francisco, CA 94104 on or after 60 days

16  pursuant the filing on July 17, 2007 of the initial complaint C: 07:5 cv 03686 JW.

17          29. Ms. NILSON filed an initial intent to sue to the plaintiff hereby submitted documents to

18  the U.S. Department of Justice for the time and submission in which the plaintiff is in "compliance

19  with the sixty day notice requirement; which is a jurisdictional prerequisite to bringing a citizens suit

20  against private defendants under the Clean Water and Safe Drinking Water Act. That in fact the

21  "respondents" as named as the U.S. Department of Justice, Environment and Natural Resources

22
23  Division, Bradford T. McLane, Attorney U.S. Department of Justice, (202) 514-1442, had received the

24  initial letter, and or have been referred to Sherry Milan, (202-564-2619) Office of Enforcement and

25  Compliance Assurance of the Environmental Agency (EPA), of its notice of the plaintiffs "intent to

26  sue", received and stamped on May 25, 2007.  It had taken six months to send a reply due to upgrades

27

28                                                  -8-

of their mailing system on or after 60 days of the original filing; pursuant to filing a complaint on July 17, 2007 C: 07:5-cv-3686 JW, which in the CWA and SDWA does not require a response after the 60 days, unless these government agencies desire to take up the plaintiffs complaint themselves.

30. Ms. NILSON on or before May 17, 2007 was in contact with an US EPA Representative; and or by submitting a complaint online, during the process in which Ms. NILSON did send 2 copies of the initial compliant and "notice of intent to sue" Dated May 15, 2007, and was mailed first class mail to Steven L. Johnson Administrator of U.S. EPA 1200 Pennsylvania Ave, NW Washington D.C. 20460; and that of U.S. Attorney General U.S. Department of Justice at 950 Pennsylvania Ave, NW Washington DC 20530, and to that of Wayne Nastri, Regional Administrator U.S. EPA, 75 Hawthorne St. San Francisco Ca 94105 on August 31, 2007.

31. The law clearly states that an individual who wishes to bring forward a suit under the CWA and SDWA, and any other laws and regulations to be considered, must be submitted in a written form of the laws in which the Citizen wishes to bring their suit forward in court.

32. That by including changes in necessary regulations to the Court's decision, modifying by the definition of "notice" pursuant under 33 U.S.C. §1365 (b) (1986), No action may be commenced--(1) under subsection (a)(1) of this section--(A) prior to sixty days after the plaintiff has given notice of the alleged violation (i) to the Administrator, (ii) to the State in which the alleged violation occurs, and (iii) to any alleged violator of the standard, limitation, or order, or (B) if the Administrator or State has commenced and is diligently prosecuting a civil or criminal action in a court of the United States, or a State to require compliance with the standard limitation, or order, but in any such action in a court of the United States any citizen may intervene as a matter of right to seek penalties, fines, or other appropriate relief under the CWA.

33. Under this authority pursuant to CWA, and SDWA, the US EPA reserves all rights and

//

//

-9-

**THIRD AMENDED COMPLAINT DEMAND FOR JURY TRIAL** - Case No. 5:07 - cv- 3686 JW

remedies, legal and equitable, available to enforce any violation cited in this complaint. Pursuant the CWA section 309(a), (b), (d) and (g), 33 U.S.C. § 1319(a), (b), (d) and (g), provides administrative and/or civil judicial relief for failure to comply with the Order and/or certain provisions of the CWA, including without limitation sections 301, 307 and 308, 33 U.S.C. §§ 1311, 1317 and 1318, the NPDES permit. In addition, CWA section 309(c), 33 U.S.C. § 1319(c), provides criminal sanctions for negligent or knowing violations of the CWA for knowingly making false statements.

34. Further more pursuant under 42 U.S.C. 6972 (a) (1) (B) Section 7002 (a) (1) (B) states in relevant part that "any person may commence a civil action on his own behalf" against any other person, "including the United States and any other government instrumentality or agency" who has contributed or who is contributing to the past or present handling, storage, treatment, transportation, or disposal of any solid or hazardous waste which may present an imminent and substantial endangerment to health or the environment, pursuant to § 300g–3. (a) (C) (1) (A) Notice of any failure on the part of the public water system to—

(i) comply with an applicable maximum contaminant level or treatment technique requirement of, or a testing procedure prescribed by, a national primary drinking water regulation; or

(ii) perform monitoring required by SDWA section 300j–4 (a) Provision of information to Administrator (monitoring program for unregulated contaminants) of this title. The procedures shall specify that a public water system shall provide written notice to each person served by the system by notice, or

(iii) by mail or direct delivery as soon as practicable, as but not later than 1 year after the date

Pursuant 300j–6(b)(1) that no action shall commence except that:

(A) prior to sixty days after the plaintiff has given notice of such violation:

(i) to the Administrator,

(ii) to any alleged violator of such requirement and

(iii) to the State in which the violation occurs, or

(B) if the Administrator, the Attorney General, or the State has commenced and is diligently prosecuting a civil action in a court of the United States to require compliance with such

-10-

**THIRD AMENDED COMPLAINT DEMAND FOR JURY TRIAL** - Case No. 5:07 - cv- 3686 JW

requirement, but in any such action in a court of the United States any person may intervene as a matter of right; or

(2) under subsection (a)(2) of this section prior to sixty days after the plaintiff has given notice of such action to the Administrator; or

(3) under subsection (a)(3) of this section prior to 60 days after the plaintiff has given notice of such action to the Attorney General and to the Federal agency

35. Alternatively, or concurrently, Defendants' own excessive and unreasonable actions created the situation in which the Defendants decided to discharge a hazardous toxic substance, knowingly, and willfully causing the escalation of events leading to initial consent to violate (permits) under the provisions of the CWA, and SDWA.

36. Since January of 2007, Plaintiff has been required to continue medical treatment for her injuries caused by the Defendants. Plaintiff has incurred substantial medical bills.

37. As a direct and proximate result of each Defendant's acts and / or omissions as set forth above, Plaintiff sustained the following injuries and damages, past and future, among others:

(a) Severe emotional and physical injuries requiring hospitalization from exposure to gasoline waste products, including but not limited to multiple poisonings, causing damage to kidneys, lungs, and skin; and

(b) Pain and suffering, including emotional distress; and

(c) Medical expenses; and

(d) The right to question expert witnesses employed by the defendants; and

(e) Violations of constitutional rights and all damages and penalties recoverable under the Clean Water Act and Safe Drinking Water Act, and as otherwise allowed under California and United States statues, codes, and common law.

38. Defendants the SAN JOSE WATER COMPANY have refused to provide Plaintiff Ms NILSON with a copy of any reports or records, or information contained in such reports and

-11-

**THIRD AMENDED COMPLAINT DEMAND FOR JURY TRIAL** - Case No. 5:07 - cv- 3686 JW

1    records, despite Plaintiff's proper written request submitted with the initial intent to sue before that of

2    May 17, 2007.

3         39. Plaintiff filed a timely claim with Defendants KINDER MORGAN ENERGY

4    PARTNERS, CITY OF SAN JOSE, SAN JOSE WATER COMPANY, US ADMINISTRATOR OF

5    THE EPA/ DOJ, AND STATE EPA ADMINISTRATOR REGION 9, SAN FRANCISCO DIVISION

6    in compliance with the CWA and SDWA on May 17, 2007. Defendants CITY OF SAN JOSE, ET. AL.

7    has never acted to approve or reject the claim in formal writing or agreement within 60 days of the

8    initial filing of notice of intent to sue.

9

10         40. At all material times, and alternatively, this actions and omissions of each defendants

11    were intentional, wanton and / or willful, conscience, reckless, malicious, deliberately indifferent to the

12    Plaintiffs rights, and was done with actual malice, grossly negligent, negligent, and objectionably

13    actions of the Defendants.

14         41. All of which is contrary to the form, force and effect of the Statute in such case made

15    and provided, and against the peace and dignity of the people of the State of California.

16    **COUNT ONE**
**42 U.S.C. § 300g–j–4 Notice of any failure on the part of the public water system**
17    **DEFENDANTS CITY OF SAN JOSE WATER COMPANY CUSTOMER SERVICE STAFF;**
18    **AND SANTA CLARA VALLEY WATER DISTRICT RECORDS DEPARTMENT**

19         42. Plaintiff pursuant to § 300g–3. (a) (C) (1) (A) as described herein; Defendants have

20    directly failed to Notice of any failure on the part of the public water system to—

21         (i) comply with an applicable maximum contaminant level or treatment technique requirement

22         of, or a testing procedure prescribed by, a national primary drinking water regulation; or

23         (ii) perform monitoring required by section 300j–4 (a) Provision of information to
24         Administrator (monitoring program for unregulated contaminants) of this title. The procedures
     shall specify that a public water system "shall provide written notice to each person served by
25         the system by notice", or

26         (iii) by mail or direct delivery as soon as practicable, as but not later than 1 year after the date
     of occurrence of the violation.
27

28         43. Plaintiff realleges each and every paragraph in this complaint as if fully set

-12-

**THIRD AMENDED COMPLAINT DEMAND FOR JURY TRIAL - Case No. 5:07 - cv- 3686 JW**

forth here.

44. On information and belief, the unconstitutional actions and / or omissions of Defendants SAN JOSE WATER COMPANY, as well as other officers employed by or acting on behalf of Defendants SANTA CLARA VALLEY WATER DISTRICT, were pursuant to the following customs, policies, practices, and / or procedures of the defendants, stated in the alternative, which were directed, encouraged, allowed, and or ratified by Defendant ("SJWC") and other policy making officers for the ("SCVWD"):

(a) To deny public information, and to or hinder and create legal barrios in which to allow violations under Title XI of the United States Constitution, to prevent or hinder the plaintiffs civil rights under the CWA to file an initial findings of the allegations ascertained in the plaintiffs complaint.

(b) The right to research, <u>identify</u>, and or acknowledge violations submitted to the plaintiff detailing "Chemical Vegetation" violations, and continual denial of information determining the components and contents of ground water and monitoring well water samplings.

45. As a direct and proximate result of Defendants' acts and / or omissions as set forth above, Plaintiff sustained direct hardship from the denial and or resultant damage, that all Defendants in so doing, caused the plaintiff to sustain injuries and damages as set forth in paragraph 37, above.

46. Defendants subjected Plaintiff to their wrongful conduct, depriving Plaintiff of rights descried herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of Plaintiff and others would be violated by their acts and / or omissions.

47. The conduct of Defendants SJWC, and SCVWD entitles the plaintiff to punitive damages, moreover, penalties allowed under 33 U.S.C. §1342-43 and applicable California codes of law.

**COUNT TWO**
**NPDES permit under Section 402 of the Act [33 U.S.C. § 1342-43 (1986)]**
<u>**DEFENDANTS CITY OF SAN JOSE ENVIRONMENTAL SERVICES DEPARTMENT AND**</u>
<u>**KINDER MORGAN ENERGY PARTNERS**</u>

48. Plaintiff realleges each and every paragraph in this complaint as is fully set

-13-

1    forth here.

2        49. Pursuant to NPDES permit under Section 402 of the Act [33 U.S.C. § 1342 (1986)]; of

3    that on or after December 6, 2006 re: Discharge Report of Tank 260, Shell San Jose Terminal, 2165

4    O'Toole Avenue, San Jose, CA 95131 dumped "approximately 84 gallons per minute under Group 3 –

5    Short Term Wastewater Discharge Permit No. SJ-092T", and or a total of "171, 500 gallons of

6    wastewater was discharged into the City of San Jose POTW system" after current findings Shell

7    consequently to its actions stopped it use of the permit.

8        50. Kinder Morgan Energy Partners L.P.2150 Kruse Dr, San Jose, Ca 95131, through the

9    use of NPDES and Temporary Permits used coking emissions, wastewater flows, and wastewater

10   discharges that resulted in misrepresentative wastewater samplings during mandatory testing required

11   under the CWA; and did manipulated water samplings; and did intended to influence analytical testing

12   results reported to the California Regional Water Quality Control Board in its semi-annual testing

13   required by the Best Management Practices needed to comply with the NPDES permit requirements.

14       51. These test show water sampling by Curtis & Tompkins, Ltd. Batch QC

15   Report (ND) or No Detection of Purgeable Organics (total organic carbon, the sample is exposed to an

16   oxidizing environment often at very high temperatures. With complete oxidation all carbon is

17   converted to carbon dioxide ("Coking Emissions") swept into a detector by the carrier gas) as sampled

18   on November 28, 2006 after the cleaning of two of Kinder Morgan's 10,000 gallon tanks.

19       52. Kinder Morgan that of November 29, 2006 reported that its Total Toxic Organics

20   testing (The General Pretreatment Regulations (40 CFR Part 403) require that indirect dischargers

21   regulated under a National Categorical Pretreatment Standard submit various reports at specified times.

22   The water-testing sample at the time of previous discharge on June 22, 2006 reported by KMEP, L.P,

23   and SFPP, L.P. reported 12.07 milligrams per liter (mg/L) above the facilities permitted

24   discharge limit of 2.13 mg/L submitted by Kinder Morgan Permit No. SJ-379B for Temporary Permit

25   to discharge ("purgeable") wastewater hydrocarbon concentrations of benzene, 1,3-butadiene,

-14-

**THIRD AMENDED COMPLAINT DEMAND FOR JURY TRIAL** - Case No. 5:07 - cv- 3686 JW

acetylene, ethane and ethylene.

53. KMEP failed to report discharge samples for the time of discharge of its tanks; and that of contaminates in wastewater to be reported at the time after the initial use of a "temporary permit", and or to determine the pathway ("pipe, ditch, conduit, and or well") in which drinking water may be affected.

54. Kinder Morgan Energy Partners L.P had exceeded its Total Toxic Organics requirement by reporting, the dumping of 944 gallons of treated wastewater discharged into the San Jose sewage system/ POTW. During which the San Jose Environmental Department was on seen to report test results of 4.7 mg/L, as the underlying permit equivalent to 2.13 mg/L.

55. Defendants' subjected Plaintiff to their wrongful conduct, depriving Plaintiff of rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of the Plaintiff and others would be violated by their acts and / or omissions.

56. As a direct and proximate result of the unconstitutional actions, omissions, customs, policies, practices and procedures of Defendants CITY OF SAN JOSE, Environmental Services Department. Plaintiff sustained serious injury and is entitled to damages, and civil penalties, costs and attorney fees as set forth in as described above in ¶¶49-55, above, against the Defendants in their individual capacities.

## COUNT THREE
## --NEGLIGENCE; PERSONAL INJURIES --
## ALL DEFENDANTS

57. Plaintiff realleges each and every paragraph in this complaint as if fully set forth here.

At all times, each Defendant owed Plaintiff the duty to act with due care in the execution and enforcement of any right, law, or legal obligation.

58. At all times each Defendant owed Plaintiff the duty to act with reasonable care. These general duties of reasonable care and due care owed to the Plaintiff by all Defendants include

-15-

but are not limited to the following specific obligations:

  a. restrict high levels of contaminates into publicly owned treatment works;

  b. misrepresentation, or failure to disclose fully all relevant facts;

  c. failure to report any change in any condition that requires either a temporary or permanent; reduction or elimination of the permitted discharge;

  d. control the disposal of pollutants into wells;

  e. inspect, monitor, enter, and require reports receive notice of each application for a permit;

  f. provide an opportunity for public hearing before a ruling on each on such application;

  g. abate violations of the permit or the permit program;

  h. civil and criminal penalties and other ways and means of enforcement;

  i. insure that any permit identifies terms of character and volume of pollutants of any significant source;

  j. Notice of substantial change in volume or character of ("purgeable") waste products;

  k. notification of any anticipated impact of such change in the quantity or quality of discharge into publicly owned treatment works;

59. Defendants, through their acts and omissions, breached each and every one of the aforementioned duties owed to Plaintiff.

60. As a direct and proximate result of Defendants' negligence, Plaintiff sustained injuries in addition, damages, and is entitled to relief as set forth in ¶58 above.

**COUNT FOUR**
**--CFR § 403.16--**
**KINDER MORGAN ENERGY PARTNERS**

61. Plaintiff realleges each and every paragraph in this complaint as if fully set forth here.

62. At all times, each Defendant owed Plaintiff the duty to act with due care in the

execution and enforcement of any right, law, or legal obligation pursuant civil and criminal penalties, and injunctive relief, for noncompliance with Pretreatment Standards by Industrial Users as set forth in Sec. 403.16(b)(c)(3)   The Industrial User has submitted the following information to the POTW and Control Authority within 24 hours of becoming aware of the Upset:

      (i)      A description of the Indirect Discharge and cause of noncompliance;

      (ii)     The period of noncompliance, including exact dates and times or, if not corrected, the anticipated time the noncompliance is expected to continue;

     (iii)    Steps being taken and/or planned to reduce, eliminate and prevent recurrence of the noncompliance.

(d) Burden of proof. In any enforcement preceding, the Industrial User seeking to establish the occurrence of an Upset shall have the burden of proof.

(e) Reviewability of agency consideration of claims of upset. In the usual exercise of prosecutorial discretion . . . action subject to judicial review . . . judicial determination on any claim of Upset only in an enforcement action brought for noncompliance with categorical Pretreatment Standards.

(f) User responsibility in case of upset. The Industrial User shall control production or all Discharges to the extent necessary to maintain compliance with categorical Pretreatment Standards upon reduction, loss, or failure of its treatment facility until the facility is restored or an alternative method of treatment is provided. This requirement applies in the situation where, among other things, the primary source of power of the treatment facility is reduced, lost or fails.

    63. Defendants subjected Plaintiff to their wrongful conduct, depriving Plaintiff of rights descried herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of Plaintiff and others would be violated by their acts and / or omissions. Defendants, through their acts and omissions, breached each and every one of the aforementioned duties owed to Plaintiff.

    64. As a direct and proximate result of Defendants' acts and / or omissions as set forth above, Plaintiff sustained direct hardship from the denial  and or resultant damage, that all Defendants in so doing, caused the plaintiff to sustain injuries and damages as set forth in ¶ 62 above.

WHEREFORE, Plaintiff respectfully requests the following relief against each and every Defendant

**THIRD AMENDED COMPLAINT DEMAND FOR JURY TRIAL** - Case No. 5:07 - cv- 3686 JW

1 | herein, jointly and severally:

    a.  Civil penalties under the laws and statues of the United States pursuant to a Citizens Suit under the Clean Water Act Section 402 of the Act 33 U.S.C. § 1342, and as otherwise allowed under California and United States statues, codes and common law.

    b.  Civil penalties under the laws and statues of the United States pursuant to a Citizens Suit under the Clean Water Act Section 505 of the Act 33 U.S.C. §1343, and as otherwise allowed under California and United States statues, codes, and common law.

    c.  Civil penalties under the laws and statues of the United States pursuant to a Citizens Suit under the Safe Drinking Water Act 42 U.S.C. §300g, and as otherwise allowed under California and United States statues, codes, and common law.

    d.  Civil penalties under the laws and statues of the United States pursuant to a Citizens Suit under the Safe Drinking Water Act 42 U.S.C. §300j–4, and as otherwise allowed under California and United States statues, codes, and common law.

    e.  Civil penalties under the laws and statues of the United States pursuant to 40 CFR § 403.16, and as otherwise allowed under California and United States statues, codes, and common law.

    f.  Such other and further relief as presented by the evidence in this case and as this Court may deem appropriate.

DATED:   March 31, 2008        AMY L. NILSON

                              /s/_____
                              AMY L. NILSON
                              Pro Se

**THIRD AMENDED COMPLAINT DEMAND FOR JURY TRIAL** - Case No. 5:07 - cv- 3686 JW

**JURY DEMAND**

PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES.

DATED:    March 31, 2008                     AMY L. NILSON


/s/_____

AMY L. NILSON
Pro Se

**THIRD AMENDED COMPLAINT**   -   Case No. 5:07 - cv- 3686 JW