COOPER, WHITE & COOPER LLP
BARRY R. OGILBY (SBN 118133)
  bogilby@cwclaw.com
JILL B. ROWE (SBN 197713)
  jrowe@cwclaw.com
201 California Street, 17th Floor
San Francisco, California 94111
Telephone:   (415) 433-1900
Facsimile:    (415) 433-5530

Attorneys for Defendant KINDER MORGAN
ENERGY PARTNERS, L.P., erroneously sued as
KINDER MORGAN ENERGY PARTNERS INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| AMY L. NILSON,<br><br>        Plaintiff,<br><br>vs.<br><br>KINDER MORGAN ENERGY PARTNERS INC., THE CITY OF SAN JOSE, SAN JOSE WATER COMPANY, SANTA CLARA VALLEY WATER DISTRICT, et al.,<br><br>        Defendants. | CASE NO. C07-03686 JW<br><br>**JILL ROWE DECLARATION IN SUPPORT OF KINDER MORGAN'S MOTION TO DISMISS THIRD AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**<br><br>Date:   July 7, 2008<br>Time:  9:00 a.m.<br>Dept.:  8<br>Judge:  Hon. James Ware |

I, Jill B. Rowe, declare as follows:

1.    I am an attorney duly admitted to practice before this Court. I am a partner with Cooper, White & Cooper LLP, attorneys of record for Defendant KINDER MORGAN ENERGY PARTNERS, L.P. If called as a witness, I could and would competently testify to all facts within my personal knowledge except where stated upon information and belief.

2.    Attached hereto as Exhibit A is a true and correct copy of the "Notice of Intent to Sue" that Plaintiff apparently sent Kinder Morgan on or about May 5, 2007.

3.    Attached hereto as Exhibit B is a true and correct copy of the Court's November 9, 2007 Order issued after the hearing on the motion to dismiss Plaintiff's First Amended Complaint.

COOPER, WHITE & COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111

598352.1                                                                          C07-03686 JW
ROWE DECL. ISO KINDER MORGAN'S MOTION TO DISMISS THIRD AMENDED COMPLAINT

4. Attached hereto as Exhibit C is a true and correct copy of the Court's March 13, 2008 Order issued after the hearing on the motion to dismiss Plaintiff's Second Amended Complaint.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed April 10, 2008, at San Francisco, California.

_____
Jill B. Rowe

COOPER, WHITE
& COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111

598352.1                                         2                                    C07-03686 JW
ROWE DECL. ISO KINDER MORGAN'S MOTION TO DISMISS THIRD AMENDED COMPLAINT

# EXHIBIT A

**EXHIBIT A**

Amy L. Nilson
3735 Senter Road
San Jose, Ca 95111
TEL: (408) 401-7924

May 5, 2007
USPS First Class Mail
RETURN RECEIPT REQUESTED

NOTICE OF INTENT TO SUE

Addressed to:

Kinder Morgan
In care of: San Jose Terminal 2160
San Jose, Ca 95131
500 Dallas Street, Suite 1000
Houston, TX 77002

Re: Notice of Intent to Sue for Violations of the Clean Water Act 300f, and under §1365 citizens intent to sue.

Dear Sir/Madam,

The City of San Jose City Council on January 9, 2007 approved the final adoption of ORD. NO. 27952 – Rezoning certain real property situated on the north side of Rock Avenue, approximately 450 feet westerly of Oakland Road (1041 Rock Avenue). However Zoning Improprieties with pre-existing Hazardous Industrial Zoning have been identified in connection with current and past uses of neighboring property.

In April of 2006, Bethany Marie Huynh, at Casa Del Lago Spc#550, discovered a benign tumor on her upper chest area, and sought medical attention to have it removed, soon after Pricilla Lorraine Parcardo, Casa Del Lago Spc#102, experienced a miscarriage due to the use of "tap water".

Soon after Amy L. Nilson, Casa Del Lago Spc#550, on May 29, 2006 made requests for emergency service due to chemical poisoning. Then in October of 2006, Bethany Marie Huynh underwent an operation for the removal of the tubular pregnancy, and or suffered a partial hysterectomy.

In such recourse of adverse effects, May of 2006 Kinder Morgan through Haz Mat Initial Complaint case no: 036744 found that gasoline product had been leaking from a dry line.

Also discovered through run-off and waste discharge had severely damaged Coyote Creek and areas surrounding the Santa Clara Flood Channel, Montague Expressway, were the use of run-off operations adjacent to Shell U.S. Oil Products 2156 O'toole, had cause ecological damage to wildlife and vegetation.

Contaminates from run-off operations severely damaged the surrounding area and or caused the adverse reactions to tenants of Casa Del Lago 2151 Oakland Road, San Jose Ca, 95131.

Civil actions are being considered under the provisions of the Clean Water Act, Title 42 U.S.C. Section 300f (4)(D) under Part A of definitions, "(i) any collection, treatment, storage, and distribution facilities under control of the operator of such system and used primarily in connection with such system, and (ii) any collection or pretreatment storage facilities not under such control which are used primarily in connection with such system".

This notice is to inform you of the intent to file under § 1365. Citizen suits under the Clean Water Act.

Exposure to Toxic Substances through tap water have been on-going for more than a year, and said residence still exist within 1 mile of these Hazardous Industrial areas[1].

It is determined that through "waste stream" provisions under NPDES Permit II. Waste Discharge to Land, and Discharge to surface water, has caused severe toxic poisoning to these tenants, and or in wrongful handling of disposal of hazardous waste by Kinder Morgan 2150 Kruse Dr. Energy Partner Lp. Arco BP Atlantic Richfield San Jose Terminal 2160.

Earlier reports of Kinder Morgan in 2002 conclude that 1 to 4000 gallons had leaked onto the native soil; the population growth in Santa Clara County reflects the timing of these incidents[2].

Therefore the amount of relief in monetary value sought is not to exceed or to be less than 23,000,000 for each individual who have lost their pregnancies and or suffered extreme physical and emotional injuries through fear of cancer, death, and loss of pregnancy, toxic poisoning, and eventual shorted life span due to toxic poisoning.

Sincerely,

Amy L. Nilson

---

[1] Graphics have been added to these pages.
[2] An attachment of U.S. Census for the population of Santa Clara County has been added.



**Population**
2000 - 2006

**Santa Clara County, California**
2000 – 2006

| | |
|---|---:|
| 1-Jul-06 | 1,731,281 |
| 1-Jul-05 | 1,705,158 |
| 1-Jul-04 | 1,685,568 |
| 1-Jul-03 | 1,679,420 |
| 1-Jul-02 | 1,679,529 |
| 1-Jul-01 | 1,692,695 |
| 1-Jul-00 | 1,686,885 |
| April 1, 2000 (Estimates Base) | 1,682,585 |
| April 1, 2000 (Census 2000) | 1,682,585 |

Source: US Census Bureau,
Population Estimates Program

| Santa Clara County, California 2000 - 2006 | | Increase Per Year |
|---|---|---|
| Total Population | | |
| 1-Jul-06 | 1,731,281 | 26,123 |
| 1-Jul-05 | 1,705,158 | 19,590 |
| 1-Jul-04 | 1,685,568 | 6,148 |
| 1-Jul-03 | 1,679,420 | -109 |
| 1-Jul-02 | 1,679,529 | |
| 1-Jul-01 | 1,692,695 | -13,166 |
| 1-Jul-00 | 1,686,885 | 5,810 |
| April 1, 2000 (Estimates Base) | 1,682,585 | Total Estimate 48,696 |
| April 1, 2000 (Census 2000) | 1,682,585 | |

Source: US Census Bureau,
Population Estimates Program



Aerial View Map Quest



Shell U.S. Oil Products Terminal sewage/sewage abatement plants.



Coyote Creek Park Trail Access Point Kinder Morgan



# EXHIBIT B

**EXHIBIT B**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Amy L. Nilson,<br><br>   Plaintiff,<br>   v.<br><br>The City of San Jose, et al.,<br><br>   Defendants. | NO. C 07-03686 JW<br><br>**ORDER DENYING DEFENDANTS' MOTIONS TO DISMISS WITH LEAVE TO AMEND** |

## I. INTRODUCTION

Amy L. Nilson ("Plaintiff"), in *pro per*, brings this putative class action against the City of San Jose, Santa Clara Water District, and San Jose Water Company (collectively, "Defendants"), alleging, *inter alia*, injuries sustained from contaminated water.

Presently before the Court are Defendants' Motions to Dismiss and Defendants' Motions for a More Definite Statement.[1] The Court conducted a hearing on November 5, 2007. Based on the papers submitted to date and oral arguments at the hearing, the Court GRANTS Defendants' Motions to Dismiss with leave to amend.

## II. DISCUSSION

Defendants move to dismiss the First Amended Complaint on the grounds (1) that Plaintiff has failed to meet the procedural requirements of the Federal Rules of Civil Procedure, and (2) that

---

[1] Plaintiff has also filed various administrative motions to relate this case to CV 07-1341-JF and CV 07-3756-JW  (See Docket Item Nos. 2, 3, 8.) The Court DENIES Plaintiff's motions because Plaintiff has failed to make a showing that these cases are factually similar. In addition, the Court DENIES Plaintiff's motion for class certification as premature. (See Docket Item No. 6.)

Case 5:07-cv-03686-JW   Document 68   Filed 11/09/2007   Page 2 of 5

Plaintiff has failed to state a claim upon which relief may be granted. (See, e.g., City of San Jose's Motion to Dismiss First Amended Complaint at 3-7, hereafter, "Motion to Dismiss," Docket Item No. 15.) The Court proceeds to consider each in turn.

### A.  Procedural Deficiencies

Defendants contend that Plaintiff's First Amended Complaint was not served together with a summons and that it was otherwise improperly served. (See, e.g., Motion to Dismiss at 3.)

Federal Rules of Civil Procedure 12(b)(4) and 12(b)(5) permit a defendant to challenge insufficiency of process and insufficiency of service of process, respectively. The Court finds Defendants have not been prejudiced by improper service because they have notice of this action, and have filed the present motions to dismiss. Further, recent entries in the docket suggest that Plaintiff has now properly served Defendants with a summons and a copy of the Complaint. (See Docket Item Nos. 49, 59.)

Accordingly, the Court finds dismissal on these procedural grounds unwarranted.

### B.  Failure to State a Claim

Defendants contend that Plaintiff's First Amended Complaint (1) fails to allege a cognizable legal theory, (2) fails to allege proper notice under Clean Water Act and the Safe Drinking Water Act, and (3) fails to allege compliance with the California Tort Claims Act. (See e.g., Motion to Dismiss at 4, 5, 7.)

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed against a defendant for failure to state a claim upon which relief can be granted against that defendant. Dismissal may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990); Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 533-534 (9th Cir. 1984). Any existing ambiguities must be resolved in favor of the pleading. Walling v. Beverly Enters., 476 F.2d 393, 396 (9th Cir. 1973). The complaint must plead "enough facts to state a claim for relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. __ , 127 S. Ct. 1955, 1974

2

(2007). Courts may dismiss a case without leave to amend if the plaintiff is unable to cure the defect by amendment. Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000).

Due to Plaintiff's *pro se* status, the Court strains the construe her Complaint in a light most favorable to her. Upon review, the bases for Plaintiff's causes of action are far from clear. It appears that she believes that her tap water has become contaminated and that she has been injured by the contamination. (Plaintiff's First Amended Complaint at 6-7, Docket Item No. 7.) Plaintiff also alleges that changes in zoning has caused her harm. (Id.) While Plaintiff does state specific causes of action, the allegations within those causes of action do not identify the particular Defendant to which they apply, nor do they provide a sufficient statutory or common law basis for the claim for relief. Further, the allegations are vague, ambiguous, and unintelligible. The Court finds that Plaintiff has failed to state a cognizable legal theory.

With respect to Defendants' second contention, the Clean Water Act, 33 U.S.C. § 1251, *et seq.*, allows a citizen to bring a private right of action, but requires compliance with specific notice provisions. See §1365(b).[2] The Safe Drinking Water Act mandates a similar notice requirement. See 42 U.S.C. § 300J-8(b). The Court finds that Plaintiff has not sufficiently alleged that she has fulfilled these notice requirements to bring an action under either statute.

---

[2] Title 33 U.S.C. § 1365(b), for example, provides:
No action may be commenced--
(1) under subsection (a)(1) of this section--
   (A) prior to sixty days after the plaintiff has given notice of the alleged violation (i) to the Administrator, (ii) to the State in which the alleged violation occurs, and (iii) to any alleged violator of the standard, limitation, or order, or
   (B) if the Administrator or State has commenced and is diligently prosecuting a civil or criminal action in a court of the United States, or a State to require compliance with the standard, limitation, or order, but in any such action in a court of the United States any citizen may intervene as a matter of right.
(2) under subsection (a)(2) of this section prior to sixty days after the plaintiff has given notice of such action to the Administrator, except that such action may be brought immediately after such notification in the case of an action under this section respecting a violation of sections 1316 and 1317(a) of this title. Notice under this subsection shall be given in such manner as the Administrator shall prescribe by regulation.

3

1    With respect to Defendants' third contention, to the extent that Plaintiff alleges claims
2  against public entities, she may have to meet the requirements of the California Government Tort
3  Claims Act. Cal. Gov. Code §§ 815, *et seq*. The Court finds that Plaintiff has not sufficiently
4  alleged that she complied with requirements of the California Government Tort Claims Act.
5    In sum, the Court finds that Plaintiff's First Amended Complaint fails to state a claim upon
6  which relief may be granted. However, in light of Plaintiff's *pro se* status, the Court GRANTS
7  Plaintiff leave to amend her Complaint.[3] Plaintiff shall clearly articulate the bases for the Court's
8  jurisdiction and whether she has exhausted her administrative remedies.

### III. CONCLUSION

The Court GRANTS Defendants' Motions to Dismiss with leave to amend. Plaintiff shall file the Second Amended Complaint by **December 10, 2007**. If Plaintiff fails to file an Amended Complaint in accordance with this Order, the action will be dismissed with prejudice for lack of prosecution pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

Dated: November 9, 2007

*James Ware*
JAMES WARE
United States District Judge

---

[3] Plaintiff has moved for leave to file a Second Amended Complaint and tendered a proposed Second Amended Complaint. (See Docket Item No. 42, 59.) Plaintiff shall amend the proposed Second Amended Complaint consistent with this Order.

# EXHIBIT C

**EXHIBIT C**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Amy L. Nilson, | NO. C 07-03686 JW |
| Plaintiff, | **ORDER GRANTING DEFENDANTS' VARIOUS MOTIONS TO DISMISS WITH LEAVE TO AMEND** |
| v. | |
| The City of San Jose, et al., | |
| Defendants. | |

Amy L. Nilson ("Plaintiff"), in *pro per*, brings this putative class action against the City of San Jose ("City"), Kinder Morgan Energy Partners, Inc. ("Kinder Morgan"), San Jose Water Company ("SJ Water"), and the Santa Clara Valley Water District ("SC Water") (collectively, "Defendants") alleging, *inter alia*, violations of the Clean Water Act, 33 U.S.C. § 2136, *et seq.*, and the Safe Drinking Water Act, 42 U.S.C. § 300J-8.

Presently before the Court are Defendants' various Motions to Dismiss. The Court conducted a hearing on March 10, 2008. Plaintiff and counsel for the respective Defendants were present.

For the reasons stated on the record, the Court GRANTS Defendants' Motions to Dismiss for failure to allege notice as required by the Clean Water Act and the Safe Drinking Water Act *with leave to amend.* In light of the Court's dismissal regarding failure to allege notification, the Court will defer consideration of whether Plaintiff has otherwise failed to state a claim.

As the Court noted on the record, Plaintiff shall file a "Third Amended Complaint" by **March 31, 2008**. The Third Amended Complaint shall clearly allege the following:

(1) Proper and timely notification to the Administrator, the State, and each Defendant as required by the Clean Water Act and the Safe Drinking Water Act. Specifically, Plaintiff must allege that proper notification was given to the appropriate parties sixty (60) days before the commencement of the action on July 17, 2007.

(2) Compliance with the California Tort Claims Act to the extent she alleges causes of action against governmental entities protected by the Act.

(3) Her claims as they relate to each Defendant in clear and concise terms as well as the specific dates on which the events giving rise to these claims are alleged to have occurred.

In addition, while not directly at issue because Plaintiff does not yet seek to certify this putative class action, Defendants raise whether a *pro se* litigant may bring a class action. To certify a class, the Court must appoint class counsel under Fed. R. Civ. P. 23. A *pro se* litigant cannot represent others and, as such, would not be able to protect the interests of a class. Thus, a *pro se* litigant may not bring a class action. See C.E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir. 1987); Ferren v. Norton, 125 Fed. Appx. 184 (9th Cir. 2005). Accordingly, Plaintiff shall not file her Third Amended Complaint as a putative class action.

The Court will dismiss this action without leave to amend[1] if Plaintiff fails to file a Third Amended Complaint by **March 31, 2008**, or if she fails to comply with any part of this Order.

Dated: March 13, 2008

*James Ware*
JAMES WARE
United States District Judge

---

[1] Such a dismissal would operate as an adjudication on the merits. Fed. R. Civ. P. 41(b).

2