COOPER, WHITE & COOPER LLP
BARRY R. OGILBY (SBN 118133)
  bogilby@cwclaw.com
JILL B. ROWE (SBN 197713)
  jrowe@cwclaw.com
201 California Street, 17th Floor
San Francisco, California 94111
Telephone:    (415) 433-1900
Facsimile:    (415) 433-5530

Attorneys for Defendant KINDER MORGAN
ENERGY PARTNERS, L.P.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| AMY L. NILSON,<br><br>    Plaintiff,<br><br>  vs.<br><br>KINDER MORGAN ENERGY PARTNERS INC., THE CITY OF SAN JOSE, SAN JOSE WATER COMPANY, SANTA CLARA VALLEY WATER DISTRICT, et al.,<br><br>    Defendants. | CASE NO. C07-03686 JW<br><br>**KINDER MORGAN'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS THIRD AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED [FRCP 12(b)(6)], OR ALTERNATIVELY, MOTION TO DISMISS FOR FAILURE TO COMPLY WITH PRIOR COURT ORDER [FRCP 41(b)], OR ALTERNATIVELY, MOTION FOR MORE DEFINITE STATEMENT [FRCP 12(e)]**<br><br>Date:    July 7, 2008<br>Time:    9:00 a.m.<br>Crtrm.:   8<br>Judge:   Hon. James Ware |

COOPER, WHITE & COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111

598150.1                                                                                                    C07-03686 JW
KINDER MORGAN'S MPA'S IN SUPPORT MOTION TO DISMISS THIRD AMENDED COMPLAINT

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION .................................................................................................................. 1

II. LEGAL ARGUMENT ......................................................................................................... 2

    A.    The Statutory Bases for the Third Amended Complaint are Irreconcilable with Plaintiff's Personal Injury Claims ................................................................. 2

    B.    The Third Amended Complaint Fails to State a Cognizable Legal Theory Under Which Relief May Be Granted .................................................................. 4

        1.    Count One is Not Directed at Kinder Morgan, Nor Could it Be Since Kinder Morgan is Not a Water Purveyor ................................................. 4

        2.    Count Two is Unintelligible ................................................................. 4

        3.    Count Three is Unintelligible ................................................................. 5

        4.    Count Four is Unintelligible ................................................................. 6

    C.    The Third Amended Complaint Fails to State Compliance with the Notice Requirements of the Clean Water Act and the Safe Drinking Water Act ............ 6

    D.    Because Plaintiff Has Failed to Comply with the Court's Prior Orders, the Complaint Should Be Dismissed Pursuant to FRCP 41(b) ................................. 9

    E.    If the Court Allows Plaintiff Yet Another Opportunity to Amend, Kinder Morgan Requests an Order for a More Definite Statement .............................. 10

III. CONCLUSION .................................................................................................................. 11

COOPER, WHITE & COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111

598150.1    i    C07-03686 JW
KINDER MORGAN'S MPA'S IN SUPPORT MOTION TO DISMISS THIRD AMENDED COMPLAINT

# TABLE OF AUTHORITIES

Page(s)

Cases

*Atlantic States Legal Foundation, Inc. v. Stroh Die Casting Co.*,
   116 F.3d 814 (7th Cir. 1997)..................................................................................7, 8

*Balisteri v. Pacifica Police Dept.*,
   901 F.2d 696 (9th Cir. 1990)............................................................................................2

*Branch v. Tunnell*,
   14 F.3d 449 (9th Cir. 1994) ............................................................................................8

*City of Evansville, Indiana v. Kentucky Liquid Recycling, Inc.*
   (7th Cir. 1979) 604 F.2d 1008, *cert. denied*, 444 U.S. 1025 (1980)..........................3

*City of Philadelphia v. Stepan Chemical Co.*
   (D.C.Pa. 1982) 544 F.Supp. 1135 ..................................................................................3

*Foman v. Davis*,
   371 U.S. 178 (1962)........................................................................................................10

*Galbraith v. County of Santa Clara*,
   307 F.3d 1119 (9th Cir. 2002) ........................................................................................8

*Hallstrom v. Tillamook County*,
   493 U.S. 20 (1989).............................................................................................................7

*Mattoon v. City of Pittsfield*,
   980 F.2d 1 (1st Cir. 1992)..............................................................................................3

*Moore v. Kayport Package Express, Inc.*,
   885 F.2d 531 (9th Cir. 1989)........................................................................................10

*Pareto v. Federal Deposit Ins. Corp.*,
   139 F.3d 696 (9th Cir. 1998)..........................................................................................2

*Prezzi v. Schelter*,
   469 F.2d 691 (2nd Cir. 1972)........................................................................................2

*United States v. Alisal Water Corp.*
   (2000) 114 F.Supp.2d 927 ..............................................................................................4

*Washington Trout v. McCain Foods Inc.*,
   45 F.3d 1351 (9th Cir. 1995)....................................................................................7, 8

COOPER, WHITE
& COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111

598150.1                                ii                                C07-03686 JW
KINDER MORGAN'S MPA'S IN SUPPORT MOTION TO DISMISS THIRD AMENDED COMPLAINT

Statutes

33 U.S.C. § 1365(b) ..................................................................................................................6

33 U.S.C. section 1342-43 (1986) ............................................................................................4

42 U.S.C. §300j-8 ..................................................................................................................3, 7

Federal Rule of Civil Procedure 12(b)(6) ......................................................................1, 2, 11

Federal Rule of Civil Procedure 12(e) .....................................................................1, 2, 10, 11

Federal Rule of Civil Procedure 41(b) .....................................................................1, 9, 10, 11

Regulations

40 C.F.R. 135.3(a) ..................................................................................................................7, 8

Code of Federal Regulations section 403.16 ..........................................................................6

## I. INTRODUCTION

Despite four opportunities to frame an adequate complaint, Plaintiff is still unable to do so and the time has come to dismiss the action without leave to amend. The Third Amended Complaint (the "TAC") remains wholly inadequate to apprise the defendants of what they allegedly did wrong, and under what legal theories Plaintiff brings her claims. Accordingly, Defendant Kinder Morgan Energy Partners, L.P., hereby moves to dismiss the TAC for failure to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6), and for failure to comply with the Court's prior orders, pursuant to Federal Rule of Civil Procedure 41(b). In the alternative, Kinder Morgan files a motion for a more definite statement pursuant to FRCP 12(e).

1.   As a threshold matter, the TAC must be dismissed because the statutes upon which it is based (the Clean Water Act[1] and the Safe Drinking Water Act[2]), do not permit the relief Plaintiff seeks (damages for personal injuries). While the CWA and SDWA permit injunctive relief, and in some cases permit the government to recover civil penalties, they do not permit a plaintiff to pursue her own private interests. Courts may not award damages under the CWA or the SDWA.

2.   The TAC is Plaintiff's fourth attempt to seek recovery for claims that allegedly involve some type of environmental contamination. Despite Plaintiff's multiple attempts at articulating a coherent theory of recovery against the defendants, the TAC as drafted is unclear, unintelligible and wholly insufficient because it fails to state a cognizable legal theory under which relief may be granted. None of Plaintiff's four causes of action adequately states a claim against Kinder Morgan. Quite frankly, it is unclear who is being sued for what.

3.   Plaintiff has failed to allege compliance with the notice requirements of the CWA and the SDWA. Consequently, she has failed to plead that she has exhausted her administrative

---

[1] The Clean Water Act is hereinafter referred to as the "CWA."

[2] The Safe Drinking Water Act is hereinafter referred to as the "SDWA."

COOPER, WHITE & COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111
598150.1   1   C07-03686 JW
KINDER MORGAN'S MPA'S IN SUPPORT MOTION TO DISMISS THIRD AMENDED COMPLAINT

remedies, a jurisdictional prerequisite to any lawsuit under the Acts.

4.  This Court previously issued two orders stating that it would dismiss the action if Plaintiff could not properly amend her complaint to clearly state her claim and allege compliance with the notice requirements of the CWA and the SDWA. Plaintiff has failed to comply with both orders, and it is thus time to dismiss the action.

Given Plaintiff's failure to cure these defects after four opportunities to do so, Kinder Morgan respectfully requests that its motion to dismiss be granted without leave to amend. In the alternative, Kinder Morgan moves this Court under FRCP 12(e) for an order requiring Plaintiff to present a more definite statement.

## II. LEGAL ARGUMENT

The TAC, Plaintiff's fourth attempt at pleading, should be dismissed without leave to amend. A complaint may be dismissed for "failure to state a claim upon which relief may be granted." FRCP 12(b)(6). A "dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). While the court is obligated to accept factual allegations set forth in the complaint as true, it need not accept as true any legal conclusions, speculation, conclusory allegations, or unwarranted inferences in deciding the motion. *Pareto v. Federal Deposit Ins. Corp.*, 139 F.3d 696, 699 (9th Cir. 1998). An incomprehensible complaint is subject to dismissal through a 12(b)(6) motion. *Prezzi v. Schelter*, 469 F.2d 691, 692 (2nd Cir. 1972). "Although a *pro se* litigant . . . may be entitled to great leeway when the court construes his pleadings, those pleadings nonetheless must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong." *Brazil v. U.S. Dept. of Navy*, 66 F.3d 193, 199 (9th Cir. 1995).

### A. The Statutory Bases for the Third Amended Complaint are Irreconcilable with Plaintiff's Personal Injury Claims

At the heart of Plaintiff's unintelligible TAC is an irreconcilable conflict between the statutes upon which Plaintiff bases her claim and the remedies she seeks. Simply put, the CWA and SDWA do not permit a plaintiff to recover damages. The Acts are designed to promote safe

COOPER, WHITE
& COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111

598150.1                           2                           C07-03686 JW
KINDER MORGAN'S MPA'S IN SUPPORT MOTION TO DISMISS THIRD AMENDED COMPLAINT

and clean water, and to that end they permit the government to bring enforcement actions for injunctive relief, and to recover fines in certain circumstances. When the government fails to act, the CWA and SDWA do permit private citizens to bring suit, if they have first provided proper notice to the government and the defendant. (See Section II-C.) In such citizens' suits, the Court may order injunctive relief, and it may order that the defendant pay civil penalties to the government. But the Court may not make a monetary award to the citizen plaintiff. See, e.g., *City of Evansville, Indiana v. Kentucky Liquid Recycling, Inc.* (7th Cir. 1979) 604 F.2d 1008, 1014 fn. 16, *cert. denied*, 444 U.S. 1025 (1980) (reciting legislative history that any fines are payable to the government and not to the citizen plaintiff).

Specifically, the CWA "does not, expressly or by implication, support the assertion of a claim for damages." *City of Philadelphia v. Stepan Chemical Co.* (D.C.Pa. 1982) 544 F.Supp. 1135, 1146.

> An examination of the language of this provision, as well as its legislative history, demonstrates conclusively that its sole purpose is to compel enforcement of effluent standards promulgated pursuant to the act. **It does not authorize a private right of action for the recovery of damages**.... Thus, the relief authorized by this section is purely prospective. Nowhere does it authorize a private party to recover damages for violations of the act.

*Id.*, at 1145-1146 (emphasis added).

The SDWA has similar provisions limiting private enforcement actions to injunctive relief, and precluding damages for past injuries. 42 U.S.C. §300j-8. "The SDWA allows citizens' suits against persons alleged to be in violation of any requirements prescribed by or under this subchapter... **The harm sought to be addressed by the citizen suit lies in the present or the future, not in the past**." *Mattoon v. City of Pittsfield*, 980 F.2d 1, 6 (1st Cir. 1992) (internal citations omitted, emphasis added).

Simply put, the CWA and SDWA provide for injunctive relief or for civil penalties to be paid to the government; they do not permit Plaintiff to recover any monetary award herself.

Plaintiff appears to fundamentally misconstrue these principles. At the hearing on the last motion to dismiss, the Court asked her to explain in plain English what her claim was about. She informed the Court that she seeks compensation for her own personal injuries. The TAC

COOPER, WHITE & COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111

598150.1                                3                                C07-03686 JW
KINDER MORGAN'S MPA'S IN SUPPORT MOTION TO DISMISS THIRD AMENDED COMPLAINT

maintains this position, asserting, for instance, that Kinder Morgan "proximately caused injuries and damages to Plaintiff" (¶10); that Plaintiff sustained "injuries and damages" including "severe emotional and physical injuries" and "pain and suffering, including emotional distress" (¶37); that Defendants "caused the plaintiff to sustain injuries and damages" (¶45); and that "Plaintiff sustained serious injury and is entitled to damages" (¶56). Plaintiff apparently seeks monetary recovery for herself, but this is prohibited by the two statutes under which she brings her claims. The TAC must accordingly be dismissed.

**B.   The Third Amended Complaint Fails to State a Cognizable Legal Theory Under Which Relief May Be Granted**

Plaintiff's TAC is unintelligible, and does not provide Kinder Morgan with adequate notice of what it allegedly did wrong.

   **1.   Count One is Not Directed at Kinder Morgan, Nor Could it Be Since Kinder Morgan is Not a Water Purveyor**

Count One of the TAC, based on the SDWA, does not reference Kinder Morgan but rather identifies only other defendants. Nor could the SDWA claims be directed at Kinder Morgan, since the SDWA and its enabling regulations impose obligations only on "the supplier of water," the "owner or operator" of the public water system, or the "public water system." *United States v. Alisal Water Corp.* (2000) 114 F.Supp.2d 927, 937, citing 40 C.F.R. §§ 141.21, 141.31, 141.32, 141.33, , and 141.63. "The only logical interpretation of the regulations is that they are directed toward the persons or entities in charge of the public water system, i.e., the owners or operators of said systems." *United States v. Alisal Water Corp.* (2000) 114 F.Supp.2d 927, 937. Kinder Morgan is not alleged to be – nor is it – the owner or operator of a public water system. Accordingly, Plaintiff has no claims against Kinder Morgan under the SDWA. To the extent Count One is directed at Kinder Morgan, it must be dismissed.

   **2.   Count Two is Unintelligible**

The first cause of action nominally against Kinder Morgan is Count Two, entitled "NPDES permit under Section 402 of the Act [33 U.S.C. § 1342-43 (1986)]." While this is apparently intended to assert some sort of claim under the CWA, the allegations of Count Two are wholly indecipherable.

COOPER, WHITE & COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111

598150.1                    4                    C07-03686 JW
KINDER MORGAN'S MPA'S IN SUPPORT MOTION TO DISMISS THIRD AMENDED COMPLAINT

To begin with, it is not clear whether Count Two is truly directed at Kinder Morgan. Count Two begins with allegations that a non-party, Shell Oil, engaged in some sort of wastewater dumping (TAC, ¶49), and ends by stating that Plaintiff's injuries were caused by another defendant, City of San Jose (TAC, ¶56.). Count Two similarly appears to seek relief solely against the City of San Jose. (TAC, ¶56.) This begs the question: is Count Two directed at Kinder Morgan or not?

Assuming for the sake of argument that Count Two is directed at Kinder Morgan, the TAC is so unintelligible that it is impossible to ascertain the legal theory of liability. Count Two rambles from allegations that test results showed no detection of purgeable organics (TAC, ¶51), to allegations that there were no test results in the first place (TAC, ¶53), to allegations that test results exceeded total toxic organics requirements (TAC, ¶54). Kinder Morgan is left to speculate: does Plaintiff think there were no test results, does she think the test results showed compliance, or does she think the test results showed excess discharge? If she thinks test results showed excess discharge, excess discharge of which pollutant? And which statute or regulation does Plaintiff allege sets the standard from which an excess discharge can be measured? Kinder Morgan simply cannot frame an adequate responsive pleading when these basic questions are left unanswered.

### 3. Count Three is Unintelligible

The third count is equally incomprehensible. Count Three is labeled "Negligence; Personal Injuries" and purports to be against "All Defendants." However, Count Three merely lists a laundry list of alleged duties (TAC, ¶58) and then makes the conclusory allegation that each defendant breached every one of the duties. (TAC, ¶59). The duties themselves are nonsensical. For instance, Plaintiff alleges that all defendants have a duty of "misrepresentation, or failure to disclose fully all relevant facts." (TAC, ¶58(b).) Similarly, Plaintiff alleges that all defendants have a duty to "inspect, monitor, enter, and require reports receive notice of each application for a permit." (TAC, ¶58(e)). She also alleges that all defendants have a duty of "civil and criminal penalties and other ways and means of enforcement." (TAC, ¶58(h). Fatally, Plaintiff never explains what these duties mean, how they arose, or to whom they were owed. Nor does she explain which defendant breached them, when, or how. Kinder Morgan simply cannot ascertain

COOPER, WHITE & COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111

598150.1                                5                               C07-03686 JW
KINDER MORGAN'S MPA'S IN SUPPORT MOTION TO DISMISS THIRD AMENDED COMPLAINT

what it allegedly did wrong, and the TAC must accordingly be dismissed.

### 4. Count Four is Unintelligible

Count Four is brought solely against Kinder Morgan, purportedly for a violation of Code of Federal Regulations section 403.16. Kinder Morgan is, frankly, at a loss as to how Plaintiff could possibly have a claim under this regulation. Section 403.16 does not give rise to a cause of action; rather, it establishes an affirmative defense for alleged polluters when there is a temporary discharge of pollutants due to factors beyond the alleged polluter's control. Nothing in this regulation establishes any legal right upon which a plaintiff can sue. "Count Four" simply does not state a claim upon which relief can be granted. It must be dismissed.

## C. The Third Amended Complaint Fails to State Compliance with the Notice Requirements of the Clean Water Act and the Safe Drinking Water Act

Plaintiff has disregarded two Court orders requiring her to allege compliance with the notice requirements of the CWA and the SDWA.

Both the CWA and the SDWA authorize citizen's suits only if, more than 60 days before filing suit, the plaintiff gave proper statutory notice to the defendant, the state, and the federal government. These notice requirements ensure that the potential defendant will have adequate notice to correct any alleged violations, and to permit the government to bring an enforcement action if the potential defendant fails to correct the violations. Specifically, the CWA provides that:

> No action may be commenced –
>
> (1) under subsection (a)(1) of this section –
>
> (A) prior to sixty days after the plaintiff has given notice of the alleged violation (i) to the Administrator, (ii) to the State in which the alleged violation occurs, and (iii) to any alleged violator of the standard, limitation, or order, . . . except that such action may be brought immediately after such notification in the case of an action under this section respecting a violation of sections 1316 and 1317(a) of this title …

33 U.S.C. § 1365(b).

Similarly, the SDWA provides:

> No civil action may be commenced –

COOPER, WHITE & COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111

598150.1                                      6                                      C07-03686 JW
KINDER MORGAN'S MPA'S IN SUPPORT MOTION TO DISMISS THIRD AMENDED COMPLAINT

>    (1) under subsection (a)(1) of this section respecting violation of a requirement prescribed by or under this subchapter –
>
>    (A) prior to sixty days after the plaintiff has given notice of such violation (i) to the Administrator, (ii) to any alleged violator of such requirement and (ii) to the State in which the violation occurs ...

42 U.S.C. § 300j-8(b).

In order to clear the way for a citizen's suit, the 60-day notice under these Acts must be quite specific. The notice must include sufficient information to allow the recipient **"to identify the specific standard, limitation, or order alleged to have been violated, the activity alleged to constitute a violation, the persons or person responsible for the alleged violation, the location of the alleged violation, the date or dates of such violation, and the full name, address, and telephone number of the person giving notice."** 40 C.F.R. 135.3(a) (emphasis added.) **"In practical terms, the notice must be sufficiently specific to inform the alleged violator about what it is doing wrong, so that it will know what corrective actions will avert a lawsuit."** *Atlantic States Legal Foundation, Inc. v. Stroh Die Casting Co.*, 116 F.3d 814, 819 (7th Cir. 1997); *Washington Trout v. McCain Foods Inc.*, 45 F.3d 1351, 1353 (9th Cir. 1995) (emphasis added).

These notice requirements are both mandatory and jurisdictional. If a citizen does not comply with them, her complaint must be dismissed. *Hallstrom v. Tillamook County*, 493 U.S. 20 (1989); *Washington Trout v. McCain Foods Inc.*, 45 F.3d 1351, 1353 (9th Cir. 1995)(complaint must be dismissed where the plaintiff failed to comply with the notice requirements of the Clean Water Act).

Plaintiff fails to plead that she satisfied the applicable notice provision of the CWA and the SDWA. The Court informed Plaintiff of this fatal defect at each of the last two hearings on motions to dismiss, as evidenced by the Court's November 9, 2007 and March 13, 2008 Orders. But Plaintiff still fails to comply.

As to Kinder Morgan, Plaintiff has made only a half-hearted attempt to cure the defect with respect to notice. She alleges that she sent Kinder Morgan a "notice of intent to sue" at some unspecified date. (¶24.) She does not allege, as required by law, that she sent the notice to the

COOPER, WHITE
& COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111

598150.1                                          7                              C07-03686 JW
KINDER MORGAN'S MPA'S IN SUPPORT MOTION TO DISMISS THIRD AMENDED COMPLAINT

state and to the federal Environmental Protection Agency. Nor does she allege, as required by law, that the notice included sufficient information to allow Kinder Morgan "to identify the specific standard, limitation, or order alleged to have been violated, the activity alleged to constitute a violation, the persons or person responsible for the alleged violation, the location of the alleged violation, the date or dates of such violation, and the full name, address, and telephone number of the person giving notice." 40 C.F.R. 135.3(a). Plaintiff does not allege, as she is required to do, that the notice was "sufficiently specific to inform the alleged violator about what it is doing wrong, so that it will know what corrective actions will avert a lawsuit." *Atlantic States Legal Foundation, Inc. v. Stroh Die Casting Co.*, 116 F.3d 814, 819 (7th Cir. 1997); *Washington Trout v. McCain Foods Inc.*, 45 F.3d 1351, 1353 (9th Cir. 1995).

Indeed, given the unintelligible nature of the TAC, even on its fourth iteration, and given the fact that Kinder Morgan *still* cannot ascertain what it allegedly did wrong, it is plain that Plaintiff's alleged notice of intent to sue did not provide this information either. How can Kinder Morgan possibly have been notified of which corrective actions could have averted Plaintiff's lawsuit, when Plaintiff to this day has not specified what Kinder Morgan did wrong?

Indeed, Kinder Morgan has located a "Notice of Intent to Sue" that Plaintiff apparently sent on or about May 5, 2007. The document is attached to the accompanying declaration of Jill Rowe as Exhibit A, and may be deemed part of the complaint for purposes of this motion, because it is referred to in Plaintiff's complaint. *Branch v. Tunnell,* 14 F.3d 449, 454 (9th Cir. 1994) (overruled on other grounds in *Galbraith v. County of Santa Clara,* 307 F.3d 1119, 1127 (9th Cir. 2002). Several fatal defects are apparent from the face of the notice. (1) It was not copied to the state and to the federal Environmental Protection Agency. (2) It does not identify the specific standard, limitation, or order alleged to have been violated. (3) It does not identify the activity alleged to constitute a violation. (4) It does not identify the date or dates of the alleged violation. (5) It references only the CWA, thus providing no notice as to any alleged claims under the SDWA. In short, the notice is not "sufficiently specific to inform [Kinder Morgan] about what it is doing wrong, so that it will know what corrective actions will avert a lawsuit." The TAC must therefore be dismissed as to all claims. (The SDWA claims, if any are asserted against Kinder

COOPER, WHITE & COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111

598150.1    8    C07-03686 JW
KINDER MORGAN'S MPA'S IN SUPPORT MOTION TO DISMISS THIRD AMENDED COMPLAINT

Morgan, must be dismissed on the additional ground that no notice at all was provided with respect to that statute.)

### D. Because Plaintiff Has Failed to Comply with the Court's Prior Orders, the Complaint Should Be Dismissed Pursuant to FRCP 41(b)

The Court is no stranger to the inadequacies in Plaintiff's TAC, as the Court already ruled on substantially the same issues that were raised in defendants' motions to dismiss the First Amended Complaint and the Second Amended Complaint. After the hearing on the motion to dismiss the First Amended Complaint, the Court issued a November 9, 2007 Order stating:

> In sum, the Court finds that Plaintiff's First Amended Complaint fails to state a claim upon which relief may be granted. However, in light of Plaintiff's *pro se* status, the Court GRANTS Plaintiff leave to amend her Complaint. Plaintiff shall clearly articulate the bases for the Court's jurisdiction and whether she has exhausted her administrative remedies.
>
> . . . If Plaintiff fails to file an Amended Complaint in accordance with this Order, the action will be dismissed with prejudice for lack of prosecution pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. (Nov. 9, 2007 Court Order, 4:5 – 13.)

(Rowe Decl., Exh. B.)

Notwithstanding this clear order, Plaintiff filed a Second Amended Complaint that did not "clearly articulate the basis for the Court's jurisdiction," nor allege that Plaintiff exhausted her administrative remedies. Defendants therefore moved to dismiss the Second Amended Complaint. After that hearing, the Court issued a March 13, 2008 Order that permitted Plaintiff one more opportunity to amend, but stated in no uncertain terms that:

> The Third Amended Complaint shall clearly allege the following:
>
> (1)   Proper and timely notification to the Administrator, the State, and each Defendant as required by the Clean Water Act and the Safe Drinking Water Act. Specifically, Plaintiff must allege that proper notification was given to the appropriate parties sixty (60) days before the commencement of the action on July 17, 2007.
>
> . . .
>
> (3)   Her claims as they relate to each Defendant in clear and concise terms as well as the specific dates on which the events giving rise to these claims are alleged to have occurred.
>
> . . .

COOPER, WHITE & COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111

598150.1                                   9                                   C07-03686 JW
KINDER MORGAN'S MPA'S IN SUPPORT MOTION TO DISMISS THIRD AMENDED COMPLAINT

> The court will dismiss this action without leave to amend if Plaintiff fails to file a Third Amended Complaint by March 31, 2008, or if she fails to comply with any part of this Order.

(Rowe Decl., Exh. C.)

Plaintiff has failed to comply with the Court's November 9, 2007 and March 13, 2008 Orders, and Kinder Morgan respectfully moves this Court for an Order dismissing this case. "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." FRCP 41(b). It is well established that the failure to cure a defect by amendment is grounds for dismissal without leave to amend. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir. 1989).

While Kinder Morgan appreciates Plaintiff's *pro se* status, this fact does not excuse her failure to comply with two Court Orders requiring her to amend her complaint to clearly articulate her claims and the bases for the Court's jurisdiction. Kinder Morgan respectfully requests that the TAC be dismissed pursuant to Federal Rules of Civil Procedure 41(b).

E.  **If the Court Allows Plaintiff Yet Another Opportunity to Amend, Kinder Morgan Requests an Order for a More Definite Statement**

As drafted, Plaintiff's TAC fails to apprise Kinder Morgan of the claims being asserted against it. If the Court allows Plaintiff yet another change to amend, Kinder Morgan respectfully requests an order for a more definite statement. "A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." FRCP 12(e).

As discussed above, the TAC is so unintelligible that Kinder Morgan cannot reasonably prepare a response. The TAC does nothing more than place Kinder Morgan on notice that Plaintiff believes there is some unidentifiable problem caused by someone. This is not a case in which one or two sentences or paragraphs is unintelligible. Rather, the entire TAC is incomprehensible. Kinder Morgan is consequently unable to ascertain the gravamen of the complaint, and cannot prepare an adequate response. Should the Court deny Kinder Morgan's motion to dismiss, Kinder Morgan respectfully requests an Order compelling Plaintiff to provide a

COOPER, WHITE & COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111

598150.1                    10                    C07-03686 JW
KINDER MORGAN'S MPA'S IN SUPPORT MOTION TO DISMISS THIRD AMENDED COMPLAINT

more definite statement.

### III. CONCLUSION

For the foregoing reasons, Kinder Morgan respectfully requests that the Court grant Kinder Morgan's motion to dismiss the TAC in its entirety pursuant to Federal Rules of Civil Procedure 12(b)(6) and 41(b). In the event the Court does not dismiss the TAC, Kinder Morgan respectfully requests that it enter an order requiring a more definite statement pursuant to Federal Rule of Civil Procedure 12(e).

DATED: April 10, 2008

COOPER, WHITE & COOPER LLP

By: _____
Jill B. Rowe
Attorneys for Defendant KINDER MORGAN ENERGY PARTNERS, L.P.

COOPER, WHITE
& COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111

598150.1

11

C07-03686 JW

KINDER MORGAN'S MPA'S IN SUPPORT MOTION TO DISMISS THIRD AMENDED COMPLAINT