1  Thomas S. Brazier, Esq. /SBN 055484
   Jeffrey F. Oneal, Esq. / SBN 129072
2  LaMORE, BRAZIER, RIDDLE & GIAMPAOLI
   1570 The Alameda, Suite 150
3  San Jose, California  95126-2305
   Telephone:  (408) 280-6800
4  Facsimile:  (408) 275-6284

5  Attorneys for Defendant
   SANTA CLARA VALLEY WATER DISTRICT
6

7

8                 UNITED STATES DISTRICT COURT

9           NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE

10

11 AMY L. NILSON,                        Case No.: CV07-03686RS

12                   Plaintiff,          **MEMORANDUM OF POINTS AND
                                         AUTHORITIES IN SUPPORT OF MOTION
13      V.                               TO DISMISS THIRD AMENDED
                                         COMPLAINT DEMAND FOR JURY TRIAL**
14 THE CITY OF SAN JOSE, SANTA CLARA
   VALLEY WATER DISTRICT, SAN JOSE       **DATE:     July 7, 2008**
15 WATER COMPANY, et al.,                **TIME:     9:00 a.m.
                                         PLACE:    Courtroom 8**
16                   Defendants.         **Honorable James Ware**

17

18                          **INTRODUCTION**

19      This motion concerns the fifth Complaint filed by plaintiff.  The original Complaint was filed

20 under the name of 5-10 Data Systems with case number C07-01341JF.  That Complaint was voluntarily

21 dismissed without prejudice after defendants filed a motion under 12(b)(6).  Now, plaintiff has filed this

22 action, which has already been amended three times, and which involves substantially similar

23 unintelligible allegations.  Defendant Santa Clara Valley Water District (hereinafter referred to as

24 "SCVWD") moves the court for an order dismissing the Third Amended Complaint, without leave to

25 amend, under FRCP 12(b)(6) for a failure to state a claim upon which the court may grant relief, and

26 under FRCP Rule 41(b) for violation of the Court's Orders issued on March 10, 2008 requiring Plaintiff

27 to plead a Complaint which is clear and concise and related to the claims against each defendant.  She

28

                                  1

1  clearly has not done so. In the alternative, defendant SCVWD moves the court under FRCP 12(e) for an

2  order requiring plaintiff to present a more definite statement.

3  **SUMMARY OF ARGUMENT**

4      The Third Amended Complaint is quite difficult to comprehend, as were all the other complaints

5  filed by Plaintiff.  This Plaintiff has strung together various nonsensical sentences, replete with such

6  grammatical errors that the document is almost incomprehensible.  Other Defendants responding to the

7  Third Amended Complaint have pointed out the absurdity of some of the language and the lack of

8  legally recognized causes of action and those arguments will not be repeated here.  However, for

9  brevity's sake this paragraph will summarize the arguments of the SCVWD with respect to these

10  motions.

11  **A.    Rule 12(b)(6) Motion**

12      The negligence causes of action, while not clearly asserted against SCVWD, may not be asserted

13  against a California public entity by law.  Furthermore, no government tort claim was allegedly

14  presented.

15      The "Clean Water Act" allegations, and the "Safe Drinking Water Act" allegations seem to

16  reflect the concept that plaintiff's drinking water was contaminated and she suffered personal injuries as

17  a result thereof.  Neither the Clean Water Act nor the Safe Drinking Water Act is the proper basis for

18  asserting such a claim.  Furthermore, in either a Clean Water Act case or a Safe Drinking Water Act

19  case, plaintiff must provide notice of the violation.  No allegation of such notice to Defendant, SCVWD,

20  has been included in the complaint.  Finally, under Count One, plaintiff seems to allege some kind of

21  duty on the part of the SCVWD records department to notify plaintiff of a violation of safe drinking

22  water standards.

23  **B.    Rule 12(e) Motion**

24      While defendant SCVWD asserts the claims should be dismissed in their entirety, as an

25  alternative, because defendant cannot possibly answer the complaint as it is currently written, a more

26  definite statement is necessary.    It is grammatically unintelligible.  Finally, there are no charging

27  allegations directly against SCVWD other than those contained in Count One.  The complaint contains

28  no allegations charging SCVWD with any misfeasance, malfeasance or nonfeasance, (other than in the

2

1    negligence claims which are not permitted) nor does it allege compliance with any statutorily required

2    notice for and claimed environmental law violation, specifically under the CWA or SDWA.

3    **C.    Rule 41(b) Motion**

4    The court previously issued an order on November 9, 2007, where it recognized that Plaintiff

5    was an in-pro-per litigant and clearly indicated the requirements that she need allege with respect to 1)

6    notice provision compliance, 2) clarity of jurisdictional bases for this court, and 3) claims upon which

7    relief may be granted.  She has failed to do so.

8                                                         **I**

9    **PLAINTIFF'S CAUSES OF ACTION SOUNDING IN NEGLIGENCE DO NOT STATE A**
     **CLAIM UPON WHICH RELIEF MAY BE GRANTED**
10

11   **A.    Plaintiff May Not Allege Negligence Against SCVWD**

12   "Government tort liability in California is governed completely by statute.  All common law or

13   judicially declared forms of liability for public entities, except for such liability as may be required by

14   the federal or state constitution was abolished by Government Code section 815. [Citations.]" (*Swaner*

15   *v. City of Santa Monica* (1984) 150 Cal.App.3d 789, 797-798, internal quotation marks omitted.)

16   It should be noted that Civil Code section 1714, a general statute codifying a common law

17   principle that everyone is responsible for the result of their willful acts or negligence, does not provide a

18   basis for tort liability of public entities.  In *Eastburn v. Regional Fire Prot. Auth.* (2003) 31 Cal.4th 1175,

19   the California Supreme Court held that Civil Code section 1714, and the common law principles it

20   codified, were insufficient to impose tort liability on public entities.  (*Id.* at p. 1183.)  The court reasoned

21   that a contrary rule would erode the general immunity for public entities by the routine application of

22   general tort principles.  (*Ibid.*)

23   In accordance with the principles stated above, a public entity has no common law tort liability

24   for failure to maintain public land.  "Section 835 sets out the exclusive conditions under which a public

25   entity may be held liable for injuries caused by a dangerous condition of property." (*Nishihama v. City*

26   *and County of San Francisco* (2001) 93 Cal.App.4th 298, 303 ("*Nishihama*").)  In *Nishihama*, *supra*,

27   the plaintiff sued the City of San Francisco for the injuries he suffered when he stepped from a bus into a

28   pothole.  The court held that the City could not be sued under the common law negligence theory for

                                                         3

1   ordinary negligence of its employees in maintaining city property. (*Id.* at pp. 302-302.) The court

2   reasoned that public entity liability for injuries arising out of the use of public land is only statutory,

3   pursuant to section 835. (*Id.* at p. 303.)

4       It should also be noted that the Court should deny any request for leave to amend these common

5   law claims. Here, since the SCVWD is a public entity and does not have any common law tort liability

6   under any circumstances, any further amendment of these claims would be futile.

7   **B.    Plaintiff Has Failed To Allege Compliance With The Government Tort Claims Act**

8       To the extent Plaintiff is claiming injuries as a result of tortious conduct on the part of SCVWD,

9   said claims are subject to the California Government Tort Claims Act as identified under California

10  Government Code section 815, et seq. Prior to commencing such a lawsuit, the claim against the public

11  entity must be timely presented. (See California Government Code §§ 905, 905.2 and 945.4.) Such pre-

12  lawsuit filing requirements are considered substantive for *Erie* purposes. *Felder v. Casey* (1988) 487

13  U.S. 131, 151 ; *Estrella v. Brandt* (9th Circuit 1982) 682 F2d 814.

14      Plaintiff has not alleged compliance with the California Government Tort Claims Act. Under

15  paragraph 39 of her third amended complaint related to a "timely claim" plaintiff excludes SCVWD. As

16  such, Count Three for negligence against SCVWD should be dismissed.

**II**

**PLAINTIFF HAS FAILED TO STATE A CLAIM UNDER FEDERAL LAW IN THAT THE
PREREQUISITES TO FILING A LAWSUIT HAVE NOT BEEN MET**

A.   Plaintiff Has Not Served A Notice of Intent To File A Lawsuit Under the Safe Drinking
     Water Act

        Under the Clean Water Act (33 U.S.C. § 1251, et. seq.), in order for a citizen to commence a

lawsuit, Plaintiff must provide sixty days' notice to the alleged violator, the State of California, and the

Environmental Protection Agency of its intention to commence a lawsuit for violations of the Act. (33

U.S.C. § 1365.) In *Hallstrom v. Tillamook County* (1989) 493 U.S. 20, the Supreme Court held that a

similar notice requirement in the Research Conservation Recovery Act (42 U. S. C. § 6901, et. seq.) is

mandatory, and the court must dismiss an action if Plaintiff has failed to provide the proper notice.

Since *Hallstrom*, <u>supra</u>, courts have consistently held the Clean Water Act notice requirements are

4

1    jurisdictional. (*Washington Trout v. McCain Foods, Inc.*, 45 F.3d 1351 (9th Cir. 1995); *Greene v.*

2    *Reilley*, 956 F.2d 593 (6th Cir. 1992); *National Environmental Foundation v. ABC Rail Corp.*, 926 F.2d

3    1096 (11th Cir. 1991).)

4        Assuming Plaintiff is making a claim under the Clean Water Act (which is not clear), Plaintiff

5    has not alleged compliance with the notice requirements of the Act. In paragraph 26 she has alleged

6    only that she "was in contact with Jeffrey O'neal lead attorney for Santa Clara Valley Water District".

7    **B.    Plaintiff Has Not Complied With The Notice Requirements Of The Safe**
       **Drinking Water Act**

8

9        Under 42 U.S.C. § 300J-8, a similar requirement as that contained in the Clean Water Act is

10   mandated such that the violator must be given sixty days' notice prior to commencing a civil action.

11       Assuming a claim under the Safe drinking Water Act is being made, again, no such notice is

12   alleged.

13                                     **III**

14                    **THE THIRD AMENDED COMPLAINT FAILS TO IDENTIFY**
                         **A COGNIZABLE LEGAL THEORY**

15

16       On the face of the Third Amended Complaint, it is unclear what Plaintiff is alleging against the

17   SCVWD. The Third Amended Complaint sets forth four Counts. Counts Two and Four are directed

18   against defendants other than SCVWD and will not be discussed. Count Three is for negligence and is

19   discussed above. Count One is against the SCVWD "Records Department" for what appears to be a

20   failure to provide information. See Paragraph 44.

21                                     **VI**

22                    **PLAINTIFF HAS FAILED TO COMPY WITH THE COURTS**
                         **MARCH 13, 2008 ORDER**

23

24       On March 13, 2008, the court issued an order granting Defendants motion to dismiss, but

25   providing, in relevant part, as follows:

26       The Third Amended Complaint shall clearly allege the following:

27       1)    Proper and timely notification to the Administrator, the
               State, and each Defendant as required by the Clean Water
28             Act and the Safe Drinking Water Act. Specifically,

                                       5

1    Plaintiff must allege that proper notification was given to the appropriate parties sixty (60) days before the commencement of the action on July 17, 2007.

2

3    2)    Compliance with the California Tort Claims Act to the extent she alleges causes of action against governmental entities protected by the Act.

4

5    3)    Her claims as they relate to each defendant in clear and concise terms as well as the specific dates on which the events giving rise to these claims are alleged to have occurred.

6

7

Plaintiff has failed to comply by alleging a concise and clear legal theory against SCVWD or that she has complied with the prerequisites to filing a suit.

8

9

10    V

11    **SHOULD THE COURT NOT DISMISS THE ACTION IN ITS ENTIRETY, DEFENDANT SANTA CLARA VALLEY WATER DISTRICT REQUESTS THE COURT ORDER A MORE DEFINITE STATEMENT OF THE CLAIMS**

12

13

Under F.R.C.P 12(e) "[i]f a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading." In virtually every paragraph of the amended complaint, Plaintiff has failed to include any intelligible allegations.

14

15

16

17

18    **CONCLUSION**

19

Based on the foregoing and pursuant to various federal statutes, the Complaint in its entirety should be dismissed as against the SCVWD. In the alternative, Defendant SCVWD desires more definite statements of the claim such that a proper and appropriate responsive pleading can be designed which takes into consideration the various immunities afforded public entities and defenses as enumerated in the various statutes governing the Clean Water Act and/or the Safe Drinking Water Act.

20

21

22

23

24

25

26

27

28

6

1

2  Dated:  April /0, 2008

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

LaMORE, BRAZIER, RIDDLE & GIAMPAOLI

By: _____
    Thomas S. Brazier
    Jeffrey F. Oneal
    Attorneys for Defendant
    SANTA CLARA VALLEY WATER DISTRICT

7

# CERTIFICATE OF SERVICE

I am a citizen of the United States and employed in the county aforesaid; I am over the age of eighteen years, and not a party to the within action; my business address is 1570 The Alameda, Suite 150, San Jose, California . On the date set forth below I served the documents described below:
**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS THIRD AMENDED COMPLAINT DEMAND FOR JURY TRIAL**
on the following person(s) in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

Amy Nilson                                          In Pro Se Plaintiff
3735 Senter Road
San Jose, CA  95111
Telephone:  (408) 509-6872

Margo Laskowska                                     Attorney for Defendant City of San Jose
Office of the City Attorney
City of San Jose
200 East Santa Clara Street
San Jose, CA  95113-1905
408-535-1900

Robert A. Schwartz                                  Attorney for Defendant San Jose Water
Soderquist Law Office                               Company
351 California Street, Suite 550
San Francisco, CA  94104
415-374-8500

Jill B. Rowe, Esq.                                  Attorneys for Defendant Kinder Morgan Energy
Cooper, White & Cooper LLP                          Partners, LP, erroneously sued as Kinder
201 California Street, 17th Flr                     Morgan Energy Partners, Inc.
San Francisco, CA 94111
Telephone:  (415) 433-1900
Facsimile:  (415) 433-5530

Barry R. Ogilby, Esq.                               Attorneys for Defendant Kinder Morgan Energy
Cooper, White & Cooper LLP                          Partners, LP, erroneously sued as Kinder
1333 N. California Blvd.                            Morgan Energy Partners, Inc.
Walnut Creek, CA 94596
Telephone:  (925) 935-0700
Facsimile:  (925) 256-0428
Email:  bogilby@cwclaw.com

[X]    (BY MAIL) I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States mail at San Jose, California.

[ ]    (BY PERSONAL SERVICE) I caused such envelope(s) to be delivered by hand this date to the offices of the addressee(s).

[ ]    (BY ELECTRONIC FILING) I caused such document(s) to be transmitted electronically on this date to the offices of addressee(s).

[]    (BY FACSIMILE) I caused such document(s) to be transmitted by facsimile on this date to the offices of addressee(s).

[]    (BY FEDERAL EXPRESS) I caused such envelope(s) with all fees fully prepaid to be placed in the Federal Express office at San Jose, California.

1

1

2

[]    (STATE) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

3

[X]    (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

4

EXECUTED on April 10, 2008 at San Jose, California.

5

6

12000-134

NATALYN FRAZIER

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2