1    Philip R. Soderquist (SBN 125219)
     Robert A. Schwartz (SBN 107436)
2    SODERQUIST LAW OFFICES
     351 California Street, Suite 550
3    San Francisco, CA  94104
     Telephone: (415) 374-8500
4    Facsimile:  (415) 394-6390

5    Attorneys for San Jose Water Company

6

7

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10

11   AMY L. NILSON,                       )   Case No. C07 03686 JW
                                          )
12              Plaintiff,                )   **MEMORANDUM OF POINTS AND**
                                          )   **AUTHORITIES IN SUPPORT OF**
13   v.                                   )   **DEFENDANT SAN JOSE WATER**
                                          )   **COMPANY'S MOTIONS TO DISMISS**
14   KINDER MORGAN ENERGY PARTNERS,)          **THIRD AMENDED COMPLAINT [FRCP**
     INC., THE CITY OF SAN JOSE, SAN JOSE)    **12(b)(6)], AND MOTION FOR MORE**
15   WATER COMPANY, SANTA CLARA       )       **DEFINITE STATEMENT [FRCP 12(e)]**
     VALLEY WATER DISTRICT, et al.        )
16                                        )   **Date:   July 7, 2008**
                Defendants.               )   **Time:   9:00 a.m.**
17                                        )   **Courtroom:  8**
                                          )   **Judge:  The Honorable James Ware**
18                                        )
                                          )
19   _____)

20                    I.      INTRODUCTION

21        Plaintiff's fourth attempt to plead coherent and cognizable claims does not materially

22   improve on its predecessors.  Therefore, defendant San Jose Water Company ("SJWC") must

23   again move to dismiss plaintiff's third amended complaint ("TAC") pursuant to FRCP 12(b)(6)

24   for failure to state a claim upon which relief may be granted.  SJWC also moves pursuant to

25   FRCP 12(e) for a more definite statement because the pleading is indefinite and contains

26   procedural defects preventing SJWC from ascertaining the nature of the claim being asserted

27   against it, such that SJWC is unable to frame a responsive pleading.

28
                                           -1-

1   As with her prior complaints, the TAC fails to clearly and concisely describe when and

2   how the events giving rise to her suit occurred or to explain what SJWC did that was wrong.

3   Plaintiff attempts to allege that defendants are responsible for water pollution that has caused her

4   physical and emotional injuries.  However, the TAC combines different, incoherent allegations

5   against the various defendants without adequately identifying the statutory or common law basis

6   for her claims.  Plaintiff also fails to meet the requirements for asserting a Clean Water Act

7   ("CWA") or Safe Drinking Water Act ("SDWA") claim.

8       The only cause of action directly brought against defendant San Jose Water Company

9   ("SJWC") is not authorized by law to be filed by a private citizen.  Similarly, plaintiff's

10  negligence claim against all defendants must fail as it seeks recovery for personal injuries not

11  authorized by the CWA or SDWA and it is unintelligible.

12      The pleading is unintelligible and deficient, and should be dismissed under Rule

13  12(b)(6).  Although SJWC urges the court not to do so, alternatively, a more definite statement

14  under Rule 12(e) is required to enable SJWC to respond.

**II.     ARGUMENT**

15  **A.      The TAC should be dismissed under Rule 12(b)(6) for failure to allege a cognizable**

16  **legal theory.**

17      A Rule 12(b)(6) dismissal is proper where there is either a lack of a cognizable legal

18  theory or the absence of sufficient facts alleged under a cognizable legal theory.  *Balistreri v.*

19  *Pacifica Police Dept.,* 901 F.2d 696, 699 (9th Cir. 1990).  For purposes of a Rule 12(b)(6)

20  motion, the Court is obligated to accept factual allegations set forth in the complaint as true, but

21  it need not accept as true any conclusory allegations of law, speculation or unwarranted factual

22  inferences in deciding the motion.  *Pareto v. F.D.I.C.,* 139 F.3d 696, 699 (9th Cir. 1998).

23      The TAC contains incomprehensible sentences and is replete with grammatical errors.  A

24  complaint that is incomprehensible may be dismissed by a 12(b)(6) motion.  See *Prezzi v.*

25  *Schelter,* 469 F.2d 691 (2d Cir. 1972).

26  ///

27  ///

28

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT SAN JOSE WATER COMPANY'S MOTIONS TO DISMISS THIRD AMENDED COMPLAINT [FRCP 12(b)(4), (5) and (6)], AND MOTION FOR MORE DEFINITE STATEMENT [FRCP 12(e)]**

1      **1.    Plaintiff has no standing to bring count one of the TAC.**

2          Count One is the only count of the TAC expressly directed against SJWC[1]. However,

3   the acts of which it complains are not acts that can be the subject of a suit by a private citizen.

4   Paragraphs 38, 42 and 44 of the TAC all allege that defendants refused to provide plaintiff with

5   information, as follows:

6          Paragraph 38 alleges that SJWC and defendant Santa Clara Water District "have refused

7   to provide plaintiff Ms. NILSON with a copy of any reports or records, or information contained

8   in such reports or records, despite Plaintiff's proper written request submitted with the initial

9   intent to sue before that of May 17, 2007."

10         Paragraph 42 alleges that pursuant to 33 USC §300g-3(a)(C)(1)(A)[2], "defendants have

11  directly failed to Notice of any failure [sic] on the part of the public water system to":

12              (1)    comply with applicable maximum contaminant level or treatment technique

13                     requirement of, or a testing procedure prescribed by a national primary

14                     drinking water regulation;

15              (2)    perform monitoring required by section 300j-4(a)…

16              (3)    [give written notice to each person serviced by the system] by mail or direct

17                     delivery….

18         Paragraph 44 alleges that defendants denied giving public information to plaintiff and

19  prevented her from obtaining information concerning the allegations of her complaint and "the

20  components and contents of ground water and monitoring well water samplings."

21         Paragraph 45 then alleges that as a result of this refusal to provide information, plaintiff

22  suffered the physical and emotional injuries and damages alleged in paragraph 37 of the TAC.

23         Even if, assuming arguendo, SJWC owed a duty to provide plaintiff with certain

24  information she sought, plaintiff has no statutory authority for filing suit against SJWC for any

25  such failure. A citizen does not have a private right of action under either 42 USC §300g-3 or

26  ///

---

[1] In fact, the defendant is erroneously identified as "CITY OF SAN JOSE WATER COMPANY CUSTOMER SERVICE STAFF."
[2] The correct statutory reference is 33 USC §300g-3(c)(1)(A).

-3-

1 300j-4, the statutes relied on by plaintiff to support Count One[3]. Only the EPA Administrator is

2 authorized to file suit under these statutes. See 33 USC §300g-3(b) and (g). Count One of the

3 TAC does not allege violation of an effluent standard or order of the Administrator or a State, the

4 only grounds for citizen suits under 33 USC §1365. Count One is solely based on the alleged

5 failure to provide information to plaintiff. Because plaintiff has no standing to sue, Count One

6 must be dismissed. Since any amendment of this Count would be futile, we urge this court to

7 dismiss this count with prejudice.

8      **2.    The CWA and SDWA do not authorize an award of damages for the injuries**

9      **claimed by plaintiff.**

10      The only substantive damages alleged by plaintiff are listed in Paragraph 37 of the

11 complaint as follows: "severe emotional and physical injuries requiring hospitalization from

12 exposure to gasoline waste products, pain and suffering, including emotional distress, medical

13 expenses, the right to question expert witnesses employed by the defendant; and violations of

14 constitutional rights, and all damages and penalties recoverable under the CWA and SDWA."

15 However, 33 USC §1365 does not authorize plaintiff to recover such damages.

16      In citizens' suits under the CWA and SDWA, the Court may order injunctive relief, and it

17 may order that the defendant pay civil penalties to the government. But the Court may not make

18 a monetary award to the citizen plaintiff. See, e.g., *City of Evansville, Indiana v. Kentucky*

19 *Liquid Recycling, Inc.* (7th Cir. 1979) 604 F.2d 1008, 1014 fn. 16, *cert. denied*, 444 U.S. 1025

20 (1980) .

21      Specifically, the CWA "does not, expressly or by implication, support the assertion of a

22 claim for damages." *City of Philadelphia v. Stepan Chemical Co.*(D.C.Pa. 1982) 544 F.Supp.

23 1135, 1146.

24      An examination of the language of this provision, as well as its legislative history, demonstrates conclusively that its sole purpose is to compel enforcement of effluent standards promulgated pursuant to the act. **It does not authorize a private right of action for the recovery of damages....** Thus, the relief authorized

---

[3] Plaintiff also states she seeks penalties under 33 USC §§1342-43 but fails to include any factual allegations that SJWC violated those statutes. Those provisions concern the National Pollution Discharge Elimination System and Ocean discharge criteria

by this section is purely prospective. Nowhere does it authorize a
private party to recover damages for violations of the act.

*Id.*, at 1145-1146 (emphasis added).

The SDWA has similar provisions limiting private enforcement actions to injunctive relief, and precluding damages for past injuries.  42 U.S.C. §300j-8.  "The SDWA allows citizens' suits against persons alleged to be in violation of any requirements prescribed by or under this subchapter… The harm sought to be addressed by the citizen suit lies in the present or the future, not in the past."  *Mattoon v. City of Pittsfield,* 980 F.2d 1, 6 (1st Cir. 1992).

The CWA and SDWA provide for injunctive relief or for civil penalties to be paid to the government; they do **not** permit Plaintiff to recover any monetary award herself.

Plaintiff fundamentally misconstrues these principles.  At the hearing on the last motion to dismiss, the Court asked her to explain in plain English what her claim was about.  She informed the Court that she seeks compensation for her own personal injuries.  This is not permitted by the statutes under which she seeks recovery.  Therefore, the TAC must be dismissed.

### 3.    The allegations of the TAC do not support a claim for relief against SJWC.

Plaintiff's allegations against SJWC appear to allege that SJWC supplied water to defendant Kinder Morgan, which than released gasoline waste products into a water treatment system that caused her injury. This does not make out a violation of the CWA or the SDWA, or even a claim of negligence against SJWC.

Plaintiff alleges that she suffered physical and emotional injuries caused by the dumping of gasoline waste products into pretreatment works, the sewer system and/or the POTW by Kinder Morgan.  TAC ¶¶ 8,12,14 and 22.  Plaintiff alleges that SJWC failed to comply with the CWA by selling potable water to the general public, including Kinder Morgan, which water Kinder Morgan used to dump the gasoline waste products.  TAC ¶¶ 14,23.  The sole remaining allegation of harm caused by SJWC is plaintiff's claim that she was adversely affected by the "odor or appearance of tap water" provided by SJWC.  TAC ¶ 9.

The TAC makes no connection between SJWC's delivery of water to Kinder Morgan or

-5-

1  her residence, and the gasoline waste product pollution that appears to be the factual basis for her

2  CWA and SDWA allegations. The only logical reading of the TAC is that the pollution occurred

3  after the water left SJWC's control. These conclusory allegations fail to show any wrongdoing

4  by SJWC and fail to allege a cognizable legal theory. Both the elements of "duty" and

5  "causation" are sorely lacking. Without alleging what SJWC's duty is and how SJWC breached

6  that duty, plaintiff's negligence claim fails. The TAC does not give SJWC a basis for

7  determining what is being alleged against it.

8        Therefore, the TAC should be dismissed as against SJWC.

9        **4. The allegations of count three are unintelligible.**

10       The third count is of the TAC is unintelligible. It is labeled "Negligence; Personal

11  Injuries" and purports to be against "All Defendants." However, Count Three merely lists a

12  laundry list of alleged duties (TAC, ¶58) and then makes the conclusory allegation that each

13  defendant breached every one of the duties. (TAC, ¶59). The duties themselves are nonsensical.

14  For instance, Plaintiff alleges that all defendants have a duty of "misrepresentation, or failure to

15  disclose fully all relevant facts." (TAC, ¶58(b).) Similarly, plaintiff alleges that all defendants

16  have a duty of "civil and criminal penalties and other ways and means of enforcement." (TAC,

17  ¶58(h). Plaintiff never explains what these duties mean, how they arose, or to whom they were

18  owed. Nor does she explain which defendant breached them, when, or how. SJWC cannot

19  meaningfully respond to these allegations, and Count Three of the TAC must accordingly be

20  dismissed.

21  **B.    Plaintiff's TAC fails to correct her deficient allegations that she has met the notice**

22  **provisions of the CWA and SDWA.**

23       Despite two Court orders to do so, plaintiff has still failed to comply with the notice

24  requirements of the CWA and SDWA, 33 USC §1365(b) and 33 USC §300j-8(b).

25       The notice required in order to file a citizen's suit must contain specific information. The

26  notice must include sufficient information to allow the recipient "to identify the specific

27  standard, limitation, or order alleged to have been violated, the activity alleged to constitute a

28

1  violation, the persons or person responsible for the alleged violation, the location of the alleged

2  violation, the date or dates of such violation, and the full name, address, and telephone number of

3  the person giving notice." 40 C.F.R. 135.3(a). "In practical terms, the notice must be

4  sufficiently specific to inform the alleged violator about what it is doing wrong, so that it will

5  know what corrective actions will avert a lawsuit." *Atlantic States Legal Foundation, Inc. v.*

6  *Stroh Die Casting Co.*, 116 F.3d 814, 819 (7th Cir. 1997); *Washington Trout v. McCain Foods*

7  *Inc.*, 45 F.3d 1351, 1353 (9th Cir. 1995).

8     These notice requirements are both mandatory and jurisdictional. If a citizen does not

9  comply with them, her complaint must be dismissed. *Hallstrom v. Tillamook County*, 493 U.S.

10  20 (1989); *Washington Trout v. McCain Foods Inc.*, 45 F.3d 1351, 1353 (9th Cir. 1995).

11     Plaintiff fails to plead that she satisfied the applicable notice provision of the CWA and

12  the SDWA. Plaintiff does not allege that she met any of the requirements of 40 C.F.R. 135.3(a).

13  Nor does plaintiff allege that the notice of intent to sue that she served on SJWC was also served

14  on the State or the EPA. Plaintiff alleges contacts with federal and state agencies but it is not

15  possible to ascertain what those contacts involved and whether they satisfied the statutory notice

16  requirements. Given the unintelligible nature of these allegations, the TAC should be dismissed

17  for failing to allege compliance with the notice provisions of the CWA and SDWA.

18  **C.    Leave to amend should be denied due to plaintiff's repeated failure to cure the**

19  **deficiencies in her complaint.**

20     Among the factors that justify denial of leave to amend is a repeated failure to cure

21  deficiencies by previous amendments. *Price v. Pinnacle Brands, Inc.* (5th Cir. 1998) 138 F.3d

22  602, 608; *Moore v. Kayport Package Express, Inc.* (9th Cir. 1989) 885 F.2d 531, 538.

23     In this case, plaintiff has had five bites at the apple (the first lawsuit was voluntarily

24  dismissed by plaintiff) without curing the numerous deficiencies in her complaints. Therefore,

25  dismissal without leave to amend is appropriate.

26  **D.    The TAC requires a more definite statement under Rule 12(e).**

27     A motion for a more definite statement pursuant to FRCP 12(e) attacks the

28
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT SAN JOSE WATER COMPANY'S MOTIONS TO DISMISS THIRD AMENDED COMPLAINT [FRCP 12(b)(4), (5) and (6)], AND MOTION FOR MORE DEFINITE STATEMENT [FRCP 12(e)]

1  unintelligibility of the complaint, not simply the mere lack of detail, and is proper when a party

2  is unable to determine how to frame a response to the issues raised by the complaint. *See*

3  *Bureerong v. Uvawas,* 922 F.Supp. 1450, 1461 (C.D.Cal. 1996); *see also Famolare, Inc. v.*

4  *Edison Bros. Stores, Inc.*, 525 F.Supp. 940, 949 (E.D.Cal.1981) [finding a Rule 12(e) motion

5  proper "only where the complaint is so indefinite that the defendant cannot ascertain the nature

6  of the claim being asserted"]. A motion for a more definite statement is proper where the

7  complaint is "so vague or ambiguous that the opposing party cannot respond, even with a simple

8  denial, in good faith or without prejudice to himself." *Cellars v. Pacific Coast Packaging, Inc.,*

9  189 F.R.D. 575, 578 (N.D.Cal.1999) (internal quotations and citation omitted); *see also Sagan v.*

10  *Apple Computer Inc.,* 874 F.Supp. 1072, 1077 (C.D.Cal.1994) (citing *Van Dyke Ford, Inc. v.*

11  *Ford,* 399 F.Supp. 277, 284 (E.D.Wis.1975)) ["A Rule 12(e) motion is more likely to be granted

12  where the complaint is so general that ambiguity arises in determining the nature of the claim or

13  the parties against whom it is being made."].

14        The deficiencies discussed above render it impossible for SJWC to frame a responsive

15  pleading to plaintiff's TAC. We urge the Court to dismiss the complaint. We do not believe that

16  allowing plaintiff further opportunities to amend will result in her being able to cure the patent

deficiencies in her claims.

17                        **III.    CONCLUSION**

18        For all the foregoing reasons, defendant SJWC's motions should be granted.

19

20  DATED:   April 11, 2008                    SODERQUIST LAW OFFICES

21

22

23                                   By:   ROBERT A. SCHWARTZ
                                           Attorneys for San Jose Water Company

24

25

26

27

28                                      -8-