1 | RICHARD DOYLE, City Attorney (#88625)
2 | GEORGE RIOS, Assistant City Attorney (77908)
　 | MARGO LASKOWSKA, Deputy City Attorney (187252)
3 | Office of the City Attorney
　 | 200 East Santa Clara Street
4 | San José, California 95113-1905
　 | Telephone Number: (408) 535-1900
5 | Facsimile Number:  (408) 998-3131
　 | E-Mail Address:  cao.main@sanjoseca.gov

6 | Attorneys for Defendant,
　 | CITY OF SAN JOSE

7

8 | UNITED STATES DISTRICT COURT

9 | NORTHERN DISTRICT OF CALIFORNIA

10 | SAN JOSE DIVISION

11 | AMY L. NILSON,

　 | Case Number:  C07-03686 JW

12 | Plaintiff,

　 | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT, CITY OF SAN JOSE'S MOTION TO DISMISS THIRD AMENDED COOMPLAINT [FRCP 12(b)(1) & (6)], OR IN THE ALTERNATIVE, MOTION FOR A MORE DEFINITE STATEMENT [FRCP 12(e)]**

13 | v.

14 | THE CITY OF SAN JOSE, SANTA CLARA VALLEY WATER DISTRICT, SAN JOSE WATER COMPANY, et al.,

15

16 | Defendants.

17 | Date: July 7, 2008
18 | Time: 9:00 a.m.
　 | Courtroom: 8
19 | Judge: Hon. James Ware

---

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPORT OF THE CITY OF SAN JOSE'S MOTION TO DISMISS THIRD AMENDED COMPLAINT [FRCP 12(b)(1)&(6), OR IN THE ALTERNATIVE, MOTION FOR A MORE DEFINITE STATEMENT [FRCP 12(e)]

C07-03686 JW

475953

**TABLE OF CONTENTS**

I. INTRODUCTION ........................................................................................................ 1

II. SUMMARY OF THE PLEADINGS ........................................................................... 2

III. ARGUMENT ................................................................................................................ 3

    A. STANDARD ON MOTION TO DISMISS PURSUANT TO FRCP, RULE 2(B)(1)&(6). ........................................................................................ 3

    B. THIS COURT LACKS SUBJECT MATTER JURISDICTION BECAUSE PLAINTIFF DOES NOT ALLEGE COMPLIANCE WITH PRE-LAWSUIT NOTICE REQUIREMENTS OF THE CWA AND THE SDWA. ........................................................................................... 4

    C. THE THIRD AMENDED COMPLAINT FAILS TO IDENTIFY A COGNIZABLE LEGAL THEORY AGAINST THE CITY OF SAN JOSE. ........................................................................................................... 6

        1. Count Two Entitled "NPDES permit under Section 402 of the Act" Should Be Dismissed Because It Does Not State a Claim Against the City. .................................................................. 6

        2. Count Three Does Not State a Claim Against the City Because a Public Entity May Not Be Sued for Negligence. ................ 7

        3. The Third Amended Complaint Fails to Allege Compliance with the Claims Provisions of the California Government Tort Claims Act. ............................................................................. 8

    D. SHOULD THIS COURT DECLINE TO DISMISS THIS CASE WITHOUT LEAVE TO AMEND, THE CITY REQUESTS GRANTING THE CITY'S MOTION FOR A MORE DEFENITE STATEMENT UNDER FRCP 12(E). ........................................................ 9

IV. CONCLUSION ........................................................................................................ 10

i

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPORT OF THE CITY OF SAN JOSE'S MOTION TO DISMISS THIRD AMENDED COMPLAINT [FRCP 12(b)(1)&(6), OR IN THE ALTERNATIVE, MOTION FOR A MORE DEFINITE STATEMENT [FRCP 12(e)]

C07-03686 JW

475953

# TABLE OF AUTHORITIES

**Cases**

Balistreri v. Pacifica Police Dept.
    901 F.2d 696, 699 (9th Cir. 1990) ................................................................................ 3

Bell Atlantic Corp. v. Twombly
    (2007) 127 S.Ct. 1955, 1965 ......................................................................................... 7

Bureerong v. Uvawas
    922 F.Supp. 1450, 1461 (C.D.Cal.1996) ...................................................................... 9

Cellars v. Pacific Coast Packaging, Inc.
    189 F.R.D. 575, 578 (N.D.Cal.1999) ......................................................................... 10

City of San Jose v. Superior Court (Lands Unlimited)
    12 Cal. 3d 447, 454 (1974)........................................................................................... 9

Famolare, Inc. v. Edison Bros. Stores, Inc.
    525 F.Supp. 940, 949 (E.D.Cal.1981) .................................................................... 9, 10

Hilts v. County of Solano
    265 Cal. App. 2d 161 (1968) ........................................................................................ 8

Kokkonen v. Guardian Life Ins. Co. of America
    511 U.S. 375 (1994)...................................................................................................... 3

MGIC Indem. Corp. v. Weisman
    803 F.2d 500, 504 (9th Cir. 1986) ................................................................................ 4

Muskopf v. Coming Hospital Dist.
    (1961) 55 Cal.2d 211, 11 Cal.Rptr. 89, 359 P.2d 457 ................................................. 8

Natural Resources Defense Council v. Southwest Marine, Inc.
    236 F.3d 985, 995 (9th Cir. 2000) ................................................................................ 4

Pareto v. F.D.I.C.
    139 F.3d 696, 699 (9th Cir. 1998) ................................................................................ 3

Peterson v. San Francisco Community College Dist.
    36 Cal. 3d 799, 809 (1984)........................................................................................... 8

Robertson v. Dean Witter Reynolds, Inc.
    749 F.2d 530, 533-534 (9th Cir. 1984) ........................................................................ 3

Sagan v. Apple Computer Inc.
    874 F.Supp. 1072, 1077 (C.D.Cal.1994) ................................................................... 10

State of California v. Superior Court of Kings County (Bodde)
    32 Cal. 4th 1234, 1240 (2004)................................................................................. 8, 9

ii

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPORT OF THE CITY OF SAN JOSE'S MOTION TO DISMISS THIRD AMENDED COMPLAINT [FRCP 12(b)(1)&(6)], OR IN THE ALTERNATIVE, MOTION FOR A MORE DEFINITE STATEMENT [FRCP 12(e)]

C07-03686 JW

475953

Tolan v. State
    100 Cal. App. 3d 980, 986 (1979) ............................................................................. 7

Warren v. Fox Family Worldwide, Inc.
    328 F. 3d 1136, 1139 (9th Cir. 2003) ........................................................................ 3

Washington Trout v. McCain Foods, Inc.
    45 F.3d 1351, 1354 (9th Cir. 1995) ........................................................................... 5

Weisbuch v. County of Los Angeles
    119 F.3d 778, 783 (9th Cir. 1997) ............................................................................. 3

Williams v. Horvath
    16 Cal. 3d 834 (1976) ................................................................................................ 8

**Statutes**

33 U.S.C.
    § 1251 ......................................................................................................................... 4
    § 1251(d) .................................................................................................................... 5
    § 1316 ......................................................................................................................... 4
    § 1317(a) .................................................................................................................... 4
    § 1342-43 ................................................................................................................... 6
    § 1365(b) .................................................................................................................... 4

42 U.S.C.
    § 300f .......................................................................................................................... 4
    § 300f(7) ..................................................................................................................... 5
    § 300J-8 ................................................................................................................. 4, 5

Califonia Government Code
    § 815 ....................................................................................................................... 7, 8
    § 815(a) ...................................................................................................................... 7
    § 900 ........................................................................................................................... 8
    § 910 ........................................................................................................................... 9
    § 945.4 ........................................................................................................................ 9

**Rules**

Federal Rules of Civil Procedure
    § 12(b)(1) ................................................................................................................ 1, 3
    § 12(b)(6) ................................................................................................................... 9
    § 12(e) ........................................................................................................ 1, 2, 9, 10

## I. INTRODUCTION

Defendant City of San Jose ["City"] respectfully submits the following Memorandum of Points and Authorities in support of its Motion to Dismiss the Third Amended Complaint as to the City pursuant to Federal Rules of Civil Procedure ("FRCP") 12(b)(1) and (6). This is the third time the City has filed this Motion to Dismiss based on defects contained in Plaintiff Amy Nilson's complaints. Plaintiff's Third Amended Complaint remains deficient despite this Court's November 9, 2007 Order Granting Defendants' Motions to Dismiss with Leave to Amend, and the recent Order Granting Defendants' Various Motions to Dismiss With Leave to Amend filed on March 13, 2008.

In the November 9, 2007 Order, the Court found that Plaintiff failed to state a cognizable legal theory because "the allegations within [the] causes of action do not identify the particular Defendant to which they apply, nor do they provide a sufficient statutory or common law basis for the claim for relief. Further, the allegations are vague, ambiguous, and unintelligible." Order filed November 9, 2007, at 3:8-11. The Court also found that Plaintiff did not sufficiently allege that she fulfilled notice requirements to bring an action under the Clean Water Act or the Safe Drinking Water Act. *Id.* at 3:12-16. Finally, the Court found that Plaintiff, in her attempt to sue public entities, did not sufficiently allege compliance with the requirements of the California Government Tort Claims Act. *Id.* at 4:1-4.

Because the Second Amended Complaint did not cure any of the above deficiencies, in the March 13, 2008 Order, the Court ordered that Plaintiff's "Third Amended Complaint shall clearly allege the following:

(1)   Proper and timely notification to the Administrator, the State, and each Defendant as required by the Clean Water Act and the Safe Drinking Water Act. Specifically, Plaintiff must allege that proper notification was given to the appropriate parties sixty (60) days before the commencement of the action on July 17, 2007.

1

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPORT OF THE CITY
OF SAN JOSE'S MOTION TO DISMISS THIRD AMENDED COMPLAINT
[FRCP 12(b)(1)&(6), OR IN THE ALTERNATIVE, MOTION FOR A MORE
DEFINITE STATEMENT [FRCP 12(e)]

C07-03686 JW

475953

(2) Compliance with the California Tort Claims Act to the extent she alleges causes of action against governmental entities protected by the Act.

(3) Her claims as they relate to each Defendant in clear and concise terms as well as the specific dates on which the events giving rise to these claims are alleged to have occurred."

Order Granting Defendants' Various Motions to Dismiss With Leave to Amend filed on March 13, 2008, at p. 2:2-8.

The Third Amended Complaint does not comply with this Order. Therefore, Defendant City of San Jose requests that the Third Amended Complaint be dismissed without further leave to amend. Should this Court deny the City's Motion to Dismiss, the City moves this Court for a more definite statement from the Plaintiff pursuant to FRCP 12(e). This latest iteration of Plaintiff's complaint is still so vague and ambiguous that the City cannot reasonably be required to frame a response.

## II.    SUMMARY OF THE PLEADINGS

A summary of the Third Amended Complaint is difficult because the allegations are mostly unintelligible. Plaintiff appears to allege personal injuries apparently as a result of alleged contamination of drinking water and air. Plaintiff appears to allege a "temporary permit to dump gasoline waste products into the sewer system/ POTW" in connection with the City of San Jose but it is unclear whether the City issued the alleged permit and to whom, or whether the permit was issued to the City and by whom. (Third Amended Complaint par. 11.) The complaint alleges that the San Francisco Regional Water Quality Control Board issued an NPDES permit to the City in 2003, that the permit is valid until September 2008, and that it authorizes discharge of treated wastewater. (Third Amended Complaint par. 19 & 20.) Notice allegations concerning the City are contained in paragraph 27. The City is also named in Count Two and Three but the nature of the allegations and claims against the City is unclear. Count Two merely states that the City "was on seen to report test results" on unknown nature and at unspecified time and location. (*Id.* at par. 54). Count Three is devoid of any factual allegations.

2

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPORT OF THE CITY OF SAN JOSE'S MOTION TO DISMISS THIRD AMENDED COMPLAINT [FRCP 12(b)(1)&(6), OR IN THE ALTERNATIVE, MOTION FOR A MORE DEFINITE STATEMENT [FRCP 12(e)]

C07-03686 JW

475953

## III. ARGUMENT

### A. STANDARD ON MOTION TO DISMISS PURSUANT TO FRCP, RULE 12(B)(1)&(6).

The City moves to dismiss the entire action prior to the service of any responsive pleadings pursuant to FRCP 12(b)(1) and (6). Rule 12 provides in relevant part as follows:

> Every defense to a claim for relieve in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion:
> (1)   lack of subject-matter jurisdiction;
> . . .
> (6)   failure to state a claim upon which relief can be granted . . . .

FRCP, Rule 12.

Plaintiff always bears the burden of establishing subject matter jurisdiction. William W. Schwarzer et al., *Cal. Practice Guide: Federal Civil Procedure Before Trial* at 9:77 (The Rutter Group 2008). The court presumes lack of jurisdiction until plaintiff proves otherwise. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375 (1994). A Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction may be made on the basis that the complaint fails to allege grounds for federal subject matter jurisdiction as required by Rule 8(a), i.e. that lack of federal jurisdiction appears from the face of the complaint. *Warren v. Fox Family Worldwide, Inc.*, 328 F. 3d 1136, 1139 (9th Cir. 2003).

A Rule 12(b)(6) dismissal is proper where there is either a lack of cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990); *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533-534 (9th Cir. 1984). The motion can also be brought where the Plaintiff has included allegations in the pleadings disclosing some absolute defense or bar to recovery. *Weisbuch v. County of Los Angeles*, 119 F.3d 778, 783 (9th Cir. 1997).

For the purposes of a Rule 12 motion, the court is obligated to accept factual allegations set forth in the complaint as true, but it need not accept as true any legal conclusions, speculation, conclusory allegations, or unwarranted factual deductions in deciding the motion. *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998). The court may

3

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPORT OF THE CITY
OF SAN JOSE'S MOTION TO DISMISS THIRD AMENDED COMPLAINT
[FRCP 12(b)(1)&(6), OR IN THE ALTERNATIVE, MOTION FOR A MORE
DEFINITE STATEMENT [FRCP 12(e)]

C07-03686 JW

475953

also consider matters properly the subject of judicial notice when deciding a motion to dismiss for failure to state a claim. *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986).

**B. THIS COURT LACKS SUBJECT MATTER JURISDICTION BECAUSE PLAINTIFF DOES NOT ALLEGE COMPLIANCE WITH PRE-LAWSUIT NOTICE REQUIREMENTS OF THE CWA AND THE SDWA.**

It is unclear what rights the City is alleged to have violated but the Third Amended Complaint makes references to the Clean Water Act (33 U.S.C. Sec. 1251, *et seq*.) and the Safe Drinking Act (42 U.S.C. Sec. 300J-8). Therefore, to maintain a citizen's lawsuit under those Acts, Plaintiff Nilson had to provide appropriate statutory notice of intent to commence a lawsuit for violations of the Acts. "If a party seeking to bring a citizen enforcement action has not complied with the CWA's notice requirements, then the district court in which that action is brought lacks subject matter jurisdiction and must dismiss the action." *Natural Resources Defense Council v. Southwest Marine, Inc.*, 236 F.3d 985, 995 (9th Cir. 2000).

The Clean Water Act provides:

> **(b) Notice.** No action may be commenced--
>   (1) under subsection (a)(1) of this section--
>     (A) prior to sixty days after the plaintiff has given notice of the alleged violation (i) to the Administrator, (ii) to the State in which the alleged violation occurs, and (iii) to any alleged violator of the standard, limitation, or order, . . .
>
> except that such action may be brought immediately after such notification in the case of an action under this section respecting a violation of sections 306 and 307(a) of this Act [33 USCS Sec. 1316, 1317(a)]. . . .

33 U.S.C. Sec. 1365(b) (bold and brackets in the original). The Safe Drinking Water Act has requires similar notice and reads in pertinent part as follows:

> **(b) Conditions for commencement of civil action; notice.** No civil action may be commenced—
> (1) under subsection (a)(1) of this section respecting violation of a requirement prescribed by or under this title [42 USCS Sec. 300f et seq.]--
>     (A) prior to sixty days after the plaintiff has given notice of such violation (i) to the Administrator, (ii) to any alleged violator of such requirement and (iii) to the State in which the violation occurs . . . .

4

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPORT OF THE CITY OF SAN JOSE'S MOTION TO DISMISS THIRD AMENDED COMPLAINT [FRCP 12(b)(1)&(6), OR IN THE ALTERNATIVE, MOTION FOR A MORE DEFINITE STATEMENT [FRCP 12(e)]

C07-03686 JW

475953

42 U.S.C. Sec. 300j-8 (bold and brackets in the original). Both the Clean Water Act and the Safe Drinking Water Act define the "Administrator" as the Administrator of the Environmental Protection Agency. 33 U.S.C. Sec. 1251(d); 42 U.S.C. Sec. 300f(7). Thus, in the present case, appropriate notice should have been sent to (1) the Administrator of the United States Environmental Protection Agency, (2) to the State of California, and (3) the City of San Jose.

The Third Amended Complaint appears to lack allegations of compliance with the notice requirements. In paragraph 27 of the Third Amended Complaint, Plaintiff alleges as follows:

> Ms. NILSON at all times during Plaintiffs [sic] contact with the Defendants, Plaintiff had submitted [sic] a "notice of intent to sue" dated, May 15, 2007 pursuant to authority of the US Department of Justice, US Environmental Agency, and under the authority of a Citizens [sic] Suit under the CWA's authority [sic] pursuant to SDWA [sic], to the Environmental Services Department "notice of intent to sue" by way of hand delivery to the sitting secretary of the CITY OF SAN JOSE's Environmental Services Department, and that of sitting secretary for Denise Bazzano, Esq. Deputy City Attorney, Office of the City Attorney, Attorney for the City of San Jose, 200 East Santa Clara Street, San Jose, CA 95113, on or after 60 days [sic] of the original filing of "NOTICE OF INTENT TO SUE", pursuant to the filing on July 17, 2007 [sic] of the initial complaint C:07:5-cv-3686 JW.

Third Amended Complaint at 7:24-8:6.

Paragraph 27, while difficult to understand, appears to allege that at some unspecified date, Plaintiff delivered a "notice of intent to sue" to the Department of Environmental Services at the City of San Jose and to the City Attorney's Office. But the complaint does not allege that a required notice was provided to the State of California or to the Administrator of the U.S. Environmental Protection Agency. Notices to the State and the EPA are required because they "alert[] the appropriate state or federal agency, so administrative action may initially provide the relief the parties seek before a court must become involved." *Washington Trout v. McCain Foods, Inc.*, 45 F.3d 1351, 1354 (9th Cir. 1995). The Third Amended Complaint does not appear to allege notice of intent to sue to either the State or the Administrator of the EPA. Therefore, this Court lacks jurisdiction to consider its merits.

5

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPORT OF THE CITY OF SAN JOSE'S MOTION TO DISMISS THIRD AMENDED COMPLAINT [FRCP 12(b)(1)&(6)], OR IN THE ALTERNATIVE, MOTION FOR A MORE DEFINITE STATEMENT [FRCP 12(e)]

C07-03686 JW

475953

C.   **THE THIRD AMENDED COMPLAINT FAILS TO IDENTIFY A COGNIZABLE LEGAL THEORY AGAINST THE CITY OF SAN JOSE.**

1.   **Count Two Entitled "NPDES permit under Section 402 of the Act" Should Be Dismissed Because It Does Not State a Claim Against the City.**

Despite amendments, Plaintiff's claims against the City of San Jose are still unclear. The Third Amended Complaint sets forth four counts, two of which appear to contain allegations regarding the City of San Jose:  Count Two, entitled "NPDES permit under Section 402 of the Act [33 U.S.C. Sec. 1342-43 (1986)] DEFENDANTS CITY OF SAN JOSE ENVIRONMENTAL SERVICES DEPARTMENT AND KINDER MORGAN ENERGY PARTNERS" (*see* Third Amended Complaint at pp. 13-15 (brackets in the original)), and Count Three for "Negligence; Personal Injuries" against all Defendants.  (*See* Third Amended Complaint at pp. 15-16.)  Despite the fact that the title of Count Two mentions an "NPDES permit", neither the Count itself nor the remainder of the complaint shed light on what wrong the City of San Jose allegedly committed.

The sole factual reference to the City of San Jose in Count Two is contained in paragraph 54, which states in full as follows:

> Kinder Morgan Energy Partners L.P had exceeded its Total Toxic Organics requirement by reporting, the dumping of 944 gallons of treated wastewater discharged into the San Jose sewage system/ POTW.  During which [sic] the San Jose Environmental Department was on seen [sic] to report test results of 4.7 mg/L, as the underlying permit equivalent to 2.13 mg/L. [sic]

Third Amended Complaint, at p. 15:6-10.   Defendant City is unable to determine what claim for relief this Count alleges against the City.

The only other time Count Two refers to the City is in Paragraph 56 that contains legal conclusions as to causation.  Even though paragraph 56 mentions Defendant City, the allegation is so broad and vague that the City is unable to decipher what claim Plaintiff alleges against the City:

> As a direct and proximate result of the unconstitutional actions, omissions, customs, policies, practices and procedures of Defendants CITY OF SAN JOSE, Environmental Services Department. [sic] Plaintiff sustained serious injury and is entitled to damages, and civil penalties, costs and attorney fees

6

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPORT OF THE CITY OF SAN JOSE'S MOTION TO DISMISS THIRD AMENDED COMPLAINT [FRCP 12(b)(1)&(6), OR IN THE ALTERNATIVE, MOTION FOR A MORE DEFINITE STATEMENT [FRCP 12(e)]

C07-03686 JW

475953

      as set forth in as described above in par. 49-55, above [sic], against the Defendants in their individual [sic] capacities.

Third Amended Complaint, at p. 15:14-19.  It is unclear what Plaintiff is alleging against the City, if anything.  Even accepted as true, the scarce facts alleged concerning the City do not point to any right enforceable under the law that would entitle Plaintiff to relief.  *Bell Atlantic Corp. v. Twombly* (2007) 127 S.Ct. 1955, 1965.  And Plaintiff has not complied with this Court's Order directing her to state her claims clearly and concisely, with specific dates when alleged violations occurred.  For those reasons, Count Two against the City must be dismissed.

### 2. Count Three Does Not State a Claim Against the City Because a Public Entity May Not Be Sued for Negligence.

Count Three attempts to allege common law negligence against all Defendants, including the City of San Jose.  A public entity cannot be liable for general negligence under California common law.  California Government Code Section 815 establishes that "[a] public entity is not liable for an injury, whether such injury arises out of an act or omission of the public entity or a public employee or other person," except as "otherwise provided by statute."  Cal. Gov't Code Sec. 815(a).  Section 815 clearly limits the grounds upon which a public entity may be held liable.  As the Legislative Committee Comment to Section 815 explained:

> This section abolishes all common law or judicially declared forms of liability for public entities, except for such liability as may be required by the state or federal constitution, e.g., inverse condemnation.  In the absence of a constitutional requirement, **public entities may be held liable only if a statute . . . is found declaring them to be liable**.

*Tolan v. State*, 100 Cal. App. 3d 980, 986 (1979) (citing comment with approval)(emphasis added).

Consequently, any cause of action brought against a public entity must be clearly grounded in a statute declaring the public entity liable.  Absent such a statutory basis, there can be no governmental tort liability.  *Peterson v. San Francisco Community College Dist.*, 36

7

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPORT OF THE CITY OF SAN JOSE'S MOTION TO DISMISS THIRD AMENDED COMPLAINT [FRCP 12(b)(1)&(6), OR IN THE ALTERNATIVE, MOTION FOR A MORE DEFINITE STATEMENT [FRCP 12(e)]

C07-03686 JW

475953

Cal. 3d 799, 809 (1984). In *Williams v. Horvath*, 16 Cal. 3d 834 (1976), the California Supreme Court explained as follows:

> [T]he state statutory scheme known as the Tort Claims Act . . . was enacted following our decision in *Muskopf v. Coming Hospital Dist.* (1961) 55 Cal.2d 211, 11 Cal.Rptr. 89, 359 P.2d 457, which abolishes the doctrine of governmental tort immunity. Government Code section 815 restores sovereign immunity in California except as provided in the Tort Claims Act or other statute. Thus, the intent of the act is not to expand the rights of plaintiffs in suits against governmental entities, but to **confine potential governmental liability to rigidly delineated circumstances**: immunity is waived only if the various requirements of the act are satisfied.

*Id.* at 839 (emphasis added).

For example, in *Hilts v. County of Solano*, 265 Cal. App. 2d 161 (1968), the court held that giving instructions both on negligence and on statutory liability of a public entity under the Government Code for a dangerous condition of public property was error because the liability of the public entity could only be statutory and could not rest on a theory of common law negligence. *Id.* at 169-70. The *Hilts* court stated that since Government Code Section 815 provides that a public entity cannot be liable on the theory of common law negligence, a verdict against a county must be overturned if it is erroneously based on a negligence theory. *Id.* at 171.

Because negligence does not constitute a valid claim for relief against the City of San Jose, Count Three must be dismissed.

### 3. The Third Amended Complaint Fails to Allege Compliance with the Claims Provisions of the California Government Tort Claims Act.

The California Government Tort Claims Act, Government Code Section 900 *et seq.*, establishes conditions precedent to the filing of a lawsuit for damages against a public entity for state claims. The filing of a claim for damages "is more than a procedural requirement, it is a condition precedent to plaintiff's maintaining an action against defendant for state claims, in short, an integral part of plaintiff's cause of action." *State of California v. Superior Court of Kings County (Bodde)*, 32 Cal. 4th 1234, 1240 (2004). As a prerequisite to maintaining an action against a public entity for tort damages, Government Code Section 945.4 requires the

8

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPORT OF THE CITY OF SAN JOSE'S MOTION TO DISMISS THIRD AMENDED COMPLAINT [FRCP 12(b)(1)&(6), OR IN THE ALTERNATIVE, MOTION FOR A MORE DEFINITE STATEMENT [FRCP 12(e)]

C07-03686 JW

475953

timely filing of a claim.  If a claim is required to be presented, no suit may be filed against the public entity unless and until a written claim has been presented and either acted upon or deemed rejected.  Cal. Gov't Code Sec. 945.4.

Compliance with the California Government Tort Claims Act is mandatory, and the failure to follow its requirements is fatal to a cause of action.  *See City of San Jose v. Superior Court (Lands Unlimited)*, 12 Cal. 3d 447, 454 (1974).  The California Supreme Court has made it clear that a plaintiff "must allege facts demonstrating or excusing compliance with the claim presentation requirement."  *Bodde*, 32 Cal.4th at 1243.  Failure to allege facts demonstrating or excusing compliance with the claim presentation requirement subjects a complaint to a general demurrer for failure to state a cause of action.  *Id.* at 1239.

In this case, Plaintiff has not alleged compliance with the California Government Tort Claims Act in her Third Amended Complaint despite alleging a claim for damages against the City.  While in paragraph 39, Plaintiff appears to allege filing a "claim," she does not specify that it was filed pursuant to the Government Tort Claims Act.  Because the Third Amended Complaint does not indicate when Plaintiff's alleged cause(s) of action accrued against the City, it cannot be determined whether the purported claim was timely under the California Government Code Sections 910 *et seq*.  Since Plaintiff has failed to allege facts demonstrating or excusing compliance with the claim presentation requirement, the complaint is subject to a motion to dismiss pursuant to FRCP 12(b)(6).

**D.  SHOULD THIS COURT DECLINE TO DISMISS THIS CASE WITHOUT LEAVE TO AMEND, THE CITY REQUESTS GRANTING THE CITY'S MOTION FOR A MORE DEFENITE STATEMENT UNDER FRCP 12(E).**

A motion for a more definite statement pursuant to FRCP 12(e) attacks the unintelligibility of the complaint, not simply the mere lack of detail, and is only proper when a party is unable to determine how to frame a response to the issues raised by the complaint.  *See Bureerong v. Uvawas,* 922 F.Supp. 1450, 1461 (C.D.Cal.1996); *see also Famolare, Inc. v. Edison Bros. Stores, Inc.,* 525 F.Supp. 940, 949 (E.D.Cal.1981) (finding a Rule 12(e) motion proper "only where the complaint is so indefinite that the defendant cannot ascertain

9

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPORT OF THE CITY OF SAN JOSE'S MOTION TO DISMISS THIRD AMENDED COMPLAINT [FRCP 12(b)(1)&(6), OR IN THE ALTERNATIVE, MOTION FOR A MORE DEFINITE STATEMENT [FRCP 12(e)]

C07-03686 JW

475953

the nature of the claim being asserted"). A court will deny the motion where the complaint is specific enough to apprise the defendant of the substance of the claim being asserted. *Id.* A motion for a more definite statement is proper only where the complaint is "so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith or without prejudice to himself." *Cellars v. Pacific Coast Packaging, Inc.,* 189 F.R.D. 575, 578 (N.D.Cal.1999) (internal quotations and citation omitted); *see also Sagan v. Apple Computer Inc.,* 874 F.Supp. 1072, 1077 (C.D.Cal.1994).

The Third Amended Complaint is so vague and ambiguous the City cannot frame a response. Plaintiff's complaint does not provide any standard, limitation or order allegedly violated. Nor does it set forth any dates or locations of the alleged violations. As a result the City is unable to frame a response to the Third Amended Complaint.

## IV.     CONCLUSION

For the foregoing reasons, Defendant City of San Jose respectfully request that this Court grant the City's Motion to Dismiss the complaint pursuant to Rule 12(b)(1) and (6) of the Federal Rules of Civil Procedure. Should this Court decline to grant the City's motions, the City asks this Court to grant relief under FRCP 12(e) for a more definite statement of the case.

Dated: April 17, 2008

Respectfully submitted,
RICHARD DOYLE, City Attorney


By: _____/s/_____
        MARGO LASKOWSKA
        Deputy City Attorney

Attorneys for Defendant,
CITY OF SAN JOSE

10
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPORT OF THE CITY
OF SAN JOSE'S MOTION TO DISMISS THIRD AMENDED COMPLAINT
[FRCP 12(b)(1)&(6), OR IN THE ALTERNATIVE, MOTION FOR A MORE
DEFINITE STATEMENT [FRCP 12(e)]

C07-03686 JW

475953