1    AMY L. NILSON
     Address: 3735 Senter Road
2    San Jose, CA 95111
     Tel: (408) 401-7924
3    Email: listcontent@yahoo.com

4    Attorneys for :
5    Pro Se

FILED

2008 MAY -2  A 10: 14

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

6

7

8

9              UNITED STATES DISTRICT COURT

10

11             NORTHERN DISTRICT OF CALIFORNIA

12   AMY L. NILSON                    )    Case No.  C07 -03686 JW
                                      )
13                 Plaintiff,         )
                                      )    OPPOSITION OF DEFENDANTS
14                                    )    MOTIONS TO DISMISS PLAINTIFFS
          V                           )    THIRD AMENDED COMPLAINT
15                                    )    NOTICE OF MOTION
                                      )    MEMORANDUM OF POINTS AND
16   KINDER MORGAN ENERGY PARTNERS L.P., )  AUTHORITIES
     THE CITY OF SAN JOSE, SAN JOSE WATER )
17   COMPANY, SANTA CLARA VALLEY WATER )   Date: March 10, 2008
     DISTRICT. ET AL.                 )    Time: 9:00 a.m.
18                                    )    Courtroom: 8, 4th floor
                                      )    Before: Hon. Judge James Ware
19                 Defendants.        )
                                      )
20                                    )

21

22

23

24

25

26

27

28   OPPOSITION OF DEFENDANTS MOTIONS TO DISMISS PLAINTIFFS THIRD AMENDED COMPLAINT
     NOTICE OF MOTION MEMORANDUM OF POINTS AND AUTHORITIES Case No. 5:07 - cv- 3686 JW/RS

# TABLE OF CONTENTS

**TABLE OF CONTENTS** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

**TABLE OF AUTHORITIES** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii - iv

**NOTICE OF MOTION** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

**MEMORANDUM OF POINTS AND AUTHORITIES** . . . . . . . . . . . . . . . . . . . . 1 - 2

**INTRODUCTION AND SUMMARY OF ARGUMENT** . . . . . . . . . . . . . . . . . . . 4 - 8

**ALLEGATIONS OF THE COMPLAINT** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8 - 10

**ARGUMENT** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

**I. THE COMPLAINT SATISFIES THE COURTS LOCAL RULES 7 – 11 AND FRCP PLEADING STANDARDS** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

    A. Allegations Assessing Prior Laws and Regulations . . . . . . . . . . . . . . . . . . . . . 11

    B. The Complaint's "Basis of Allegations" are Sufficient as a Matter Of Law. . . 11

    C. Defendants' Do Not Plead Specific Facts Showing That the Complaint should be Dismissed, and Intensely Ignores Allegations made against its [a]gencies . . . . . . 12

        1. The Complaint Contends Facts and Allegations Leading to the Discovery of Evidence . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

        2. All Individual Defendants' Claim Immunity under the Act . . . . . . . . . 13 -14

**II. DEFENDANTS' FAIL TO PLEAD UNDER CLAIMS OF THE ACT** . . . . . . . . 14

**CONCLUSION** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

-i-

**OPPOSITION OF DEFENDANTS MOTIONS TO DISMISS PLAINTIFFS THIRD AMENDED COMPLAINT NOTICE OF MOTION MEMORANDUM OF POINTS AND AUTHORITIES** Case No. 5:07 - cv- 3686 JW/RS

# TABLE OF AUTHORITIES

## Cases

In re: Murchison (1955) 349 U.S. 133, 136).] . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **8**

In *United States v. Jones,* 109 U.S. 513 27 L. ed. 1015, 3 S. Ct. 346. . . . . . . . . . . . . . . . . . . **5**

*Aetna Casualty & Surety Co. v. Humboldt Loadus, Inc.* (1988). . . . . . . . . . . . . . . . . . **3**

*Aronowitz v. Planning Bd. Of TP of Lakewood,* 257
N.J. Super. 347, 608 A.2d 451 (L. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **5**

Batson v. Kentucky (1986) 476 U.S. 79, people v. Wheeler (1978)
22 Cal. 3d 258 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .. . . . . . . . . . . . . . . . . . **3**

Brick v. Simonetti, 279 Ark. 446, 652 S.W. 2d 23 (1983). . . . . . . . . . . . . . . . . . . . . . **8**

*California Department of Toxic Substances Control v. Freud F. Farley* . . . . . . . . . . . . . . . . **11**

*Conservatorship of Martha P.* 117 Cal. App. 4th 857;
12 Cal. Rptr, 3d 142 [Apr. 2004]. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **3**

*Caldwell v. Lambrou,* 161 N.J. Super, 284, 391 A 2d, 590 (L. 1978). . . . . . . . . . . . . . . . . . . **4**

*Cobin v. Rice,* 823 F.Supp. 1419 27 FPD 4th – 457 (99) (3),
West Fed. Pract. Dig. 4th V.27 (2001). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **7**

*Crighn v. Axia Inc.,* 735 F. Supp. 868, (1990). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **7**

*Della Serra v. Borough of Moumntainside,* 188 N.J. Super,
134, 456, A. 2d 129 (L. 1983)]. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **4**

*EPA vs. The City of San Jose* Docket No.
CWA-307-9-05-36 2005 March 17th 2005. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **1**

*Featherstone v. Folbre,* 75 Ark. 510, 88 S.W. 554 (1905). . . . . . . . . . . . . . . . . . . . . . **8**

*Hanton v. Kennedy,* 107 S. Ct. 1334, 479 U.S. 1103,
94 L.Ed. 2d 185 N.D. Ill. (1990). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **7**

*Harding v. State,* 94 Ark. 65, 126 S.W. 90 (1910). . . . . . . . . . . . . . . . . . . . . . . . . . **8**

*Hires v. Rocky Mount,* 162 N.C. 409, 78 S.E. 510,
LRA 1915C, 751, *Ann. Cas, 1915A* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **5**

*Houman v. Mayor and Council of Borough of Pompton Lakes,*
155 N.J. Super. 129, 382, A 2d 413(L. 1977). . . . . . . . . . . . . . . . . . . . . . . . . . . . . **4**

*Jacobs v. Seattle*, 93 Wash, 171, 160 P. 299, L.R.A. 1917B, 329 . . . . . . . . . . . . . . . . . . . . **5**

*Kennedy v. City of Cleveland*, 797 F. 2d 297. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **7**

*Kleppe v. Delta Mining. Inc.*, 423 U.S. 403 (1976) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **9**

*Louisville v. Hehemann*, 161 Ky. 523, 171 S. W. 165, L.R. A 1915C, 747; . . . . . . . . . . . . . **5**

*Massanen v. Monfared* (2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **3**

*Monteith v. Parker*, 36 Or 170, 59 P 192, 78 Am. St. Rep. 768 . . . . . . . . . . . . . . . . . . . . . **9**

*O'Dell v. Freightliner Corp.* (1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **3**

*Parrish v. Savannah*, 185 Ga. 828, 196 S.E. 721 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **4**

*Pfeifer v. Sheboggan & F. dir. L.R. Co.* 18 Wis. 155,86 Am. Dec. 751 . . . . . . . . . . . . . . . . . **5**

*Poller v. State Highway Commissions*. Sec infra , §382.5 §382;(2001). . . . . . . . . . . . . . . . . **11**

*Price & Barton v. Page*, 25 Ark. 527 (1869) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **8**

*Rapanos et UX., Et Al. v. United States certiorari to the United States Court of Appeals* . . . . . **12**

*Ricarte v. State*, Ark. -, 717 S.W. 2d 488 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **8**

*Sewer Improv. Dist. V. Fiscus*, 128 Ark.
250 193 S.W. 521 L.R.A. 1917D, 682 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **5**

*Solid Waste Agency of Northern Cook Cty. v.
Army Corps of Engineers*, 531 U. S. 159 (SWANCC); . . . . . . . . . . . . . . . . . . . . . . . . . . . . **8**

*State v. Ashley*, 1 Ark. 279 (1839). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **8**

*State ex.rel. Butler v. Williams*, 48 Ark. 227 (1886)] . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **8**

*State ex rel. Purcell v. Nelson*, 246 Ark. 210, 438 S.W.
2d 33 (1969). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **8**

*State v. Neel*, 48 Ark. 283, 3 S. W. 631 (1886). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **8**

*State v. Clay County*, 93 Ark. 228, 124 S.W. 787 (1910) . . . . . . . . . . . . . . . . . . . . . . . . . . **8**

*United States v. Riverside Bayview Homes, Inc.*, 474 U.S. 121 (1985) . . . . . . . . . . . . . . . . **8 - 9**

*Webb v. Hanger*, 1 Ark, 121 (1838); . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **8**

Winchester v. Ring, 312 Ill. 544 N.E. 333, 36 A.L.R. 520. . . . . . . . . . . . . . . . . . . . . . . . . . **5**

-iii-

**OPPOSITION OF DEFENDANTS MOTIONS TO DISMISS PLAINTIFFS THIRD AMENDED COMPLAINT**
**NOTICE OF MOTION MEMORANDUM OF POINTS AND AUTHORITIES** Case No. 5:07 - cv- 3686 JW/RS

1

## STATUTES AND RULES

2  Rule 12 (b) (6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

3  Rule 12 (e) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **13**

4  Rule 12 (h) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

5  Fed Proc.12 d §62:403, 406, 407. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

6  Fed. R. Civ P. 26-(f) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

7  Rule 56 (d) (1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **1,9**

8  27 FPD 4th – 454 C.A. 6 (Ohio) (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . **7**

9  2 U.S.C. §1602, (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **3**

10  5 U.S.C. § 551 (1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **3**

11  33 U.S.C. § 1342 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **1**

12  33 U.S.C. § 1362(7) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **1**

13

14  42 U.S.C.A. §1983 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **4, 7**

15

16

## REGULATIONS

17  *40 CFR § 403.8(b) and § 403.8*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **1**

18

## OTHER LEGISLATIVE MATERIALS

19  Art, 7 §4 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **8**

20  CWA section 301(a), 33 U.S.C. § 1311(a) . . . . . . . . . . . . . . . . . . . . . . . . . . **1**

21  Open Public Meeting Act . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **4**

22  Rivers and Harbors Appropriation Act of 1902 . . . . . . . . . . . . . . . . . . . . . . . **2**

23

## OTHER AUTHORITIES

24

25  Cases on Equitable Relief against Torts, February

26  1933. Z. Chafe Jr . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **9**

27  Webster's New International Dictionary 2882 (2d ed.). . . . . . . . . . . . . . . . . . **9**

28  *Harold Nance, Appellant, Walter C. Kelly Superintendent Attia Correctional Facility, Appellee* . . **12**

-iv-

## I.    NOTICE OF MOTION IN OPPOSITION OF MOTION TO DISMISS

### TO ALL PARTIES AND THIER ATTORNEYS OF RECORD.

PLEASE TAKE NOTICE THAT, pursuant to Rule 56 (d) 1 and Civil Local Rule 26 (f) further case management pursuant of the pleadings, Plaintiff as Pro Se Litigant ("Nilson") hereby notifies the Court that she believes a motion **previously** filed in this court, Motion to Proceed before a Magistrate Judge, is related to the above-entitled action. Plaintiffs move the court pursuant Stipulation of [Proposed] Order. That on July 7, 2008, at 9:00 am the aforementioned matter will be held in Courtroom 8, 4th floor, located at 280 South First Street, San Jose, California  95113.

## II.    MEMORANDUM AND POINTS OF AUTHORITIES IN SUPPORT OF OPPOSITION OF MOTION TO DISMISS

That the Pro Se Litigant under the Eleventh Amendment of the Constitution, the bearer has the right to proceed in such matters that are of urgent need of the duty and claims upon which the plaintiff states there claims clearly to the court.

CWA section 301(a), 33 U.S.C. § 1311(a), makes it unlawful for a person to discharge a pollutant from a point source into any navigable waters, defined as "waters of the United States" under CWA section 502(7), 33 U.S.C. § 1362(7), except in compliance with "The City of San Jose Pretreatment Program CWA-307-9-05-36 specific CWA sections, including Section 402, 33 U.S.C. § 1342 "Finding of Violation Pre-treatment program . . . " [EPA vs. The City of San Jose Docket No. CWA-307-9-05-36 2005 March 17th 2005].

> *"Inspection procedures of pretreatment processes and on-site facility records are inadequate to determine It's compliance with Federal and local requirements, as required at 40 CFR § 403.8(b) and § 403.8 and that the  facility's pH meter had not been properly calibrated; thus compliance with Federal and local pH limits could not be assessed".*

-1-

1  .   The EPA's findings of violation of the order for compliance were ignored pursuant under the

2  "Rivers and Harbors Appropriation Act of 1902".  The act created a Reclamation Service with the

3  technical expertise to construct monumental water projects to irrigate the West, and established a

4  Reclamation Fund to finance these expensive ventures. Giving rise to the authority the city of San Jose

5  affords in such use of Publicly Owned Treatment Works, as appropriated by congress under the Clean

6  Water Act.

7

8      CERCLA used in the mitigation process of burdened property assures the right of the public to

9  know of such developments and causes in the performance of the "fuel terminal" engaged in any

10  activity resulting, or which may result, in the discharge or runoff of pollutants, and each officer and

11  "agent", or employee respecting the control and abatement of a nuisance causing water pollution.

12

13      Waste Discharge or NPDES Permit under the Clean Water Act, means to "certify standards in

14  which waste is discharged to Land; waste discharge to surface water under the provisions of Domestic/

15  Municipal Wastewater".

16

17

18      That the very production of evidence excites the need for further arbitration through magistrate

19  judge, and further case management conference, that the attorneys may be-come fully aware of the

20  facts and allegations as presented by the plaintiff, in the allegations and constitutionality of works

21  provided and interpreted by the law.

22

23      Claims under the traditional doctrine assumption of risk . . ." [In re: Murchison (1955) 349 U.S.

24  133, 136).] . . ."the pertinent inquiry is not what risk is inherent, it is what risk the plaintiff consciously

25  and voluntarily assumed.  Under gov. code (would this) immunize public entities from liability for

26  injuries sustained during "hazardous recreational activities", barring recovery for injuries supporting

27

28
**OPPOSITION OF DEFENDANTS MOTIONS TO DISMISS PLAINTIFFS THIRD AMENDED COMPLAINT NOTICE OF MOTION MEMORANDUM OF POINTS AND AUTHORITIES** Case No. 5:07 - cv- 3686 JW/RS

liability claims.[1]

[1] "Pursuant to 2 U.S.C.Sec. 1602 (2007). a coalition or association that employs or retains other persons to conduct lobbying activities, the client is the coalition or association and not its individual members". section 551(1) of title 5. "agency was given in the terms".

The Plaintiff in essence advances for legal claims: First, it is argued to conclude to secure a setting of attorney fees in light of a prejudicial withdrawal or dismissal of the complaint. That "setting of attorney fees in (ex parte) advocacy denying the plaintiff a jury trial and in so violating federal constitutional rights. [In re: Murchison (1955) 349 U.S. 133, 136].

Second, Defendants introduce unconstitutionality uses of peremptory challenges [*Batson v. Kentucky* (1986) 476 U.S. 79, *people v. Wheeler* (1978) 22 Cal. 3d 258 [Conservatorship of Martha P. 117 Cal. App. 4th 857; 12 Cal. Rptr, 3d 142 [Apr. 2004].

Code of Civil Procedure section 581, subdivision (b) provides in relevant part that "an action may be dismissed . . . . (¶)(1) with or without prejudice, upon written request of the plaintiff to the clerk, filed with papers in the case, at any time before the actual commencement of trial . . ."[a]ction means "any civil action in the proceedings before the commencement of trail; however is not absolute".

"Section 581 of the Code of Civil Procedure recognizes exceptions to this right, and "other limitations construe" [Massanen v. Monfared (2000) 77 Cal. App. 4th 1402, 1409 [92 Cal. Rptr. 2d 459] "[n]either the clerk nor the trial court has any discretion in the matter (O'Dell v. Freightliner Corp. (1992) 10 Cal. App. 4th 645, 659 [12 Cal. Rptr. 2d 774D. " a trail court would there after lack jurisdiction to enter further orders of the dismissed actions . . . that the very dismissal of an action or 'special proceeding' terminates the courts jurisdiction over the matter". [Aetna Casualty & Surety Co. v. Humboldt Loadus, Inc. (1988) 202 Cal. App. 2d 921, 931 [ 249 Cal. Rptr. 175 {Aetna)].

The authorities as stated by the defendants "are not in accord as to the liability of a municipal

-3-

corporation for interest upon claims against it in the absence of special contract or statutory provision of interest. The rule as stated by some authorities, is that a municipal corporation is liable for interest in the absence of a statue or on its obligations the same as a "natural person".38 Am Jur §672 [*Monteith v. Parker*, 36 Or 170, 59 P 192, 78 Am. St. Rep. 768.].

That a waiver or preservation of defenses under FRCP 12 (h) "Defense challenging subject matter jurisdiction cannot be waived, that the court may question subject matter jurisdiction sua sponte. [ 27A Fed Proc.12 d§62:403, 406, 407.]

"Ordinarily, the provision made requires a notice of claim within the action [*Parrish v. Savannah,* 185 Ga. 828, 196 S.E. 721, citing RCL P 381 38 Am Jur §673 "as determined by *Della Serra v. Borough of Moumntainside,* 188 N.J. Super, 134, 456, A. 2d 129 (L. 1983)]. " any private meetings must be valid under exception to open meeting or sunshine law, or action taken (of the taking)..." zoning variances were void where portion of final meeting which they were granted was conducted in private session from which public was excluded even if merits of proposed variances were never discussed in a private session". [*Caldwell v. Lambrou*, 161 N.J. Super, 284, 391 A 2d, 590 (L. 1978)].

"Even in such a discussion occurred over the disputed claim . . . , 'a void-able act' is one which may be avoided, but until this is done in a regular course of judicial proceedings the action stands in full force and effect". [*Houman v. Mayor and Council of Borough of Pompton Lakes*, 155 N.J. Super. 129, 382, A 2d 413(L. 1977)].

## III.    INTRODUCTION AND SUMMURY OF ARGUMENT

"The purpose of the last "proviso clause ". . . (A clause in a document making a qualification, condition, or restriction), of the Open Public Meeting Act is to prevent the needless invalidation of

public meetings when another statue requires notice comparable to that required under the Act.

[*Aronowitz v. Planning Bd. Of TP of Lakewood,* 257 N.J. Super. 347, 608 A.2d 451 (L. 1992)].

18 Am Jur. §140 " Proximity to unpleasant Public Use. It is generally agreed that the damage clause of the State Constitution has no application to the depreciation of the market value of a parcel of land caused by the establishment of some public building or other public undertaking in close proximity thereto, when there is no physical injury to the property or impairment of any right appurtenant thereto, and the public use is not of such a character as would have constituted a nuisance at common law and given rise to an action by an adjoined owner in the absence of Statutory protection [*Birmingham R.Light & P. Co v. Smyer* 181 Ala. 121, 61 SO. 354, 47 L.R.A. (N.S.) 597 Ann. Cas. 1915C. 563, 863; *Winchester v. Ring*, 312 Ill. 544 N.E. 333, 36 A.L.R. 520].

36 A.L.R. 527; 48 A.L.R. 1031 *Baltimore & P.R. Co. v. Fifth Baptist Church* 108, U.S. 317, 27 L. ed. 739, 2S. Ct. 719]. "On the other hand it has been held that a city is liable in damages for depreciation in the value of adjoining property caused by the establishment and operation of a garbage incinerator or city dump . . ." [*Louisville v. Hehemann,* 161 Ky. 523, 171 S. W. 165, L.R. A 1915C, 747; *Hires v. Rocky Mount*, 162 N.C. 409, 78 S.E. 510, LRA 1915C, 751, *Ann. Cas, 1915A, 132; Jacobs v. Seattle*, 93 Wash, 171, 160 P. 299, L.R.A. 1917B, 329].

Under legislative authority is a "damaging " of such property for the public use within the constitutional provisions (of the State), [*Jacobs v. Seattle Wash.* 171, 160 P. 299, L.R.A. 1917B, 329, or a sewage disposal plant which spreads noxious odors over neighboring land." [*Sewer Improv. Dist. V. Fiscus*, 128 Ark. 250 193 S.W. 521 L.R.A. 1917D, 682, "under a statue giving a right to compensation when land is injuriously affected by public work, it is held that an owner of land §146. "When land has been taken for the public use in accordance with law, it has been held by adopting the original taking, subjects itself to the obligation of paying the damages, and may be compelled to pay them in the statutory proceeding's [*Pfeifer v. Sheboggan & F. dir. L.R. Co.* 18 Wis. 155,86 Am. Dec. 751 In *United States v. Jones*, 109 U.S. 513 27 L. ed. 1015, 3 S. Ct. 346] . . . , "[L]iability for damages

-5-

1    incurred from the flowage of water on lands and others caused by public works construction some

2    jurisdictions as to liability, dependant on whether the constitutional guaranty extends to damaging

3    private property for public use, as well as the taking of such property . . . "

4    [cited in Los Angeles County Flood Control Dist. V. Southern California Bldg.
     & Loan Asso. 188 Cal. App 2d 850, 10 Cal Rptr 811, Griswald v. Town School
5    Dist. of Griswold v. Town School Dist. of Weathersfield. 117 Vt. 224, 88 A2d
     82 RCL Cited in Poller v. State Highway Commissions. 184 Okla 171 86 P (2d)
6    293. P. 1026, n.4. Sec infra , §382.5 (Supp) Am Jur §382;(2001). "An
     affected claim of Gov immunity of function ... in an effort to
7    circumvent the traditional immunity of gov bodies . . ."the mode
     in which the asserted cause of action was presented to the court
8    ; Whether the project itself negligently planned or constructed
     in which the right of "eminent domain" (has been exercised that)
9    damages resulted; injury was a necessary consequence of the
     thing done, as distinguished from the manner of doing it, as is
10   instaned (To establish in office; install) by the cases which
     hold that if a nuisance results from a public project there is a
11   taking,. . ."[2ALR2d 68]. "there is a taking of damaging where
     the injury is attributable to defective planning . . ."[2 ALR 2d
12   684, 686].

13       "[S]ome decisions lead color to the premise that not withstanding (the color of law) tort

14   immunity of governmental bodies, recovery may be secured in some instances in the maintenance or

15   operation of a governmental project or function in such a way that constitutes a nuisance and does not

16   absolve the liability for consequential damage occasioned by negligent manner of performance of

17   public work . . ." [2 ALR 2d 687]. That the pleadings or "the result does not rest on immunity from

18   liability but immunity from suit. . ."[2 ALR 2d 696] "held that damages in the value of adjoining

19   property caused by the establishment and operation, sewage disposal plant which spreads noxious

20   odors over neighboring land . . . giving the right to compensation when land is injuriously affected by a

21   public work. . . liability for mere noise and odors arising from operations of (KMEP) " Coking

22   Emissions" suffers a special and peculiar injury which is the basis of a constitutional right to

23   compensation [ *Matthias v. Minneapolis*, St. P 8 S. Ste. M. R. Co. RS Minn. 224, 146 N.W. 353, 51

24   L.R.A. (N.S)], "for the physical injury by the construction of a constitution or statute requiring

25   compensation for damage, and subsequent sections . . . " [18 Am Jur §1420]".

26   

27   

-6-

28

"Decisions with respect to dismissal or Summary Judgment or qualified immunity grounds, if adverse, do not preclude interposition of qualified immunity as to defense to liability on merits . . . " [27 FPD 4th – 454 C.A. 6 (Ohio) (1986), 42 U.S.C.A. §1983 [*Kennedy v. City of Cleveland*, 797 F. 2d 297. Certiorari denied [*Hanton v. Kennedy*, 107 S. Ct. 1334, 479 U.S. 1103, 94 L.Ed. 2d 185 N.D. Ill. 1990]. "Decision of State Court dismissingly amended complaint was law of the case and would be given preclusive effect in subsequent federal suit, where complaint filed in federal court not withstanding that the complaint was dismissed without prejudice" [*Crighn v. Axia Inc.*, 735 F. Supp. 868, re-consideration denied 1990 WL 77505. " decisions by the court submitted ruling denying motion to dismiss subject to partial-summary judgment as she has possibility of proving facts necessary to support for claim of relief, to "pertinent claims ", necessary to support his/her claims on the issue . . . " [*Cobin v. Rice*, 823 F.Supp. 1419 27 FPD 4th – 457 (99) (3). West Fed. Pract. Dig. 4th V.27 (2001)].

Habeaus Corpus in the exercise of its appellate jurisdiction, the Supreme Court may issue writ of habeas corpus, and aided by certiorar . . . " [519F. 2d 287 8 ERC 1233, 171 U.S.App.D.C. 151, 5, Envtl. L. Rep. 20,578 *NATURAL RESOURCES DEFENSE COUNCIL, INC.*, a non-profit New York Corporation, et al., Appellants, v. *Russell E. TRAIN*, Administrator of Environmental Protection Agency. No. 741538 (Sept. 1975)]. "]. Dissenting opinion filed by Circuit Court Judge NICHOL states, "a list of toxic pollutants or combination of pollutants, taking "into account the toxicity of the pollutant, its persistence, degradability, the usual or potential presence of the affected organisms in any waters, the importance of the affected organisms and the nature and extent of the effect of the toxic pollutant on such organisms".

"[T]he action of the inferior court; however, habeas corpus cannot be converted into a writ of

1  error. [State v. Neel, 48 Ark. 283, 3 S. W. 631 (1886). "Rulemaking Authority – Art, 7 §4

2  "under its State" [Ark. -, 717 S.W. 2d 488 (1986)]," the supreme court has original jurisdiction to issue

3  the writs won rulemaking authority the Supreme Court adopted the 'Uniform Rules of Evidence' . . ."

4  [Ricarte v. enumerated" [Webb v. Hanger, 1 Ark, 121 (1838); [Price & Barton v. Page, 25 Ark. 527

5  (1869), (decision under prior Constitution); Featherstone v. Folbre, 75 Ark. 510, 88 S.W. 554 (1905);

6  State v. Clay County, 93 Ark. 228, 124 S.W. 787 (1910); [Harding v. State, 94 Ark. 65, 126 S.W. 90

7  (1910), that writs intentions exercise of appellate power of control over inferior courts. [State v. Ashley,

8  1 Ark. 279 (1839).

9

10

11  Writs of mandamus, prohibition and certiorari are designed to review the actions of trial courts

12  by the Superior Court under its Supervisory Jurisdiction where appellate remedy is unavailable or

13  inadequate [ State ex rel. Purcell v. Nelson, 246 Ark. 210, 438 S.W. 2d 33 (1969). Prohibition purpose

14  of writ of prohibition is to prevent the court from exercising jurisdiction not possessed by it or a power

15  not authorized by law where there is no adequate remedy by appeal or otherwise. [State ex.rel. Butler

16  v. Williams, 48 Ark. 227 (1886)]. . . "to allege sufficiency of the complaint . . . under supersedes (cause

17  to be set aside, especially to displace as inferior or antiquated), will issue to stay execution of judgment

18  of ouster"( illegal or wrongful dispossession or to deprive (another) of the possession or occupancy of

19  something, such  as real property.). [Brick v. Simonetti, 279 Ark. 446, 652 S.W. 2d 23 (1983)].

20

21

22  **IV.    ALLEGATIONS OF THE COMPLAINT**

23  This is not such a case there is no identifiable set of instances in which mere application of the

24  permit requirement will necessarily or even probably constitute a taking. The CWA is broader than the

25  traditional definition found in The Daniel Ball, 10 Wall. 557, see Solid Waste Agency of Northern

26  Cook Cty. v. Army Corps of Engineers, 531 U. S. 159 (SWANCC); United States v. Riverside

27

28  OPPOSITION OF DEFENDANTS MOTIONS TO DISMISS PLAINTIFFS THIRD AMENDED COMPLAINT
NOTICE OF MOTION MEMORANDUM OF POINTS AND AUTHORITIES Case No. 5:07 - cv- 3686 JW/RS

Bayview Homes, Inc., 474 U. S. 121", of whether dredged material is considered under the CWA authority of federal jurisdiction only over "waters" [United States v. Riverside Bayview, 474 U.S. 121 (1985)]. The use of the definite article does not refer to water in general, but more narrowly to water "[a]s found in streams," "oceans, rivers, [and] lakes," Webster's New International Dictionary 2882 (2d ed.). Pursuant under violations of the Act, "to consider the history of previous violations, the appropriateness of the penalty to the size of the business, whether the operator was negligent, the effect on his ability to continue in business, the gravity of the violation, and the operator's good faith in attempting to comply after notification of a violation", *Kleppe v. Delta Mining, Inc.*, 423 U.S. 403 (1976).

That pursuant Rule 56 (d) (1) states: "If summary judgment is not rendered on the whole action, the court should, to the extent practicable, determine what material facts are not genuinely at issue. The court should so determine by examining the pleadings and evidence before it and by interrogating the attorneys. It should then issue an order specifying what facts . . ."

```
    "By the act, why should it make any difference that the wrong-
doer had done the wrong".  Furthermore under the courts discretion to
"substitute damages where thought proper" . . . the plaintiff's right
remained and had not been lost by delay or acquiescence as an act of
a person knowingly standing by without raising any objection to
infringement of his or her rights in substitution to redress such a
distinction as imposed, "but that the case was one in which it was
difficult to access damages". [Id. Cases on Equitable Relief against
Torts, February 1933. Z. Chafe Jr.].
```

That the controlling land-use by easement of said real property by the Santa Clara Water District, which constrains the actions for the abatement of a nuisance includes the idea behind a nuisance is that if entity B, without trespassing onto A's property in such a way as to destroy A's enjoinment of his parcel, A can petition a judge to enjoin B from continuing the abatement of "gasoline

1    waste products" into Potable, or Publicly Owned Treatment Works, and or that of Sewage

2    Connections adjunct such public facilities under the provisions of the Clean Water Act.

3

4         That at no time was the plaintiff aware of "point stack emissions" and or has found no

5    documentation given by the defendants for such works in which the plaintiff finds the behavior

6    complained of its "coking emissions" where it is carried onto neighboring homes and adjacent

7    "facilities".

8

9

10         That the Plaintiff Amy L. Nilson, pleading under pro se is and is in fact liable for all actions

11    brought forward in this court. Moreover, duly and justly defines the terms in which the plaintiff was

12    injured during the time of disposal of Industrial Hazardous Waste, and was affected by the

13    contamination due to the dumping of gasoline waste products into the publicly owned treated works.

14

15         That pursuant under the Clean Water Act "CERCLA" used in the mitigation process of

16    burdened property assures the right of the public to know of such developments and causes engaged in

17    any activity resulting, or which may result, in the discharge or runoff of pollutants, and each officer

18    and "agent", or employee respecting the control and abatement of a nuisance.

19

20         That failure to inform the public did cause the poisoning of the plaintiff to that of "abatement

21    methods" used by adjoining facilities. That the abatement of such is known to cause physical harm as

22    well as "malleable" anguish to those victims subject to heavy metal toxic poisoning/ Carbon Dioxide

23    Poisoning.

24

25                **V.    ARGUMENT**

26

27    **II.    THE COMPLAINT SATISFIES THE COURTS LOCAL RULES 7 – 11 AND FRCP PLEADING STANDARD**

28                         -10-

1   Under the Provisions of the Clean Water Act, the citizen can initiate a lawsuit in federal district court

2   for sanctions (in order to correct or halt the violating activity) and or determine further civil penalties.

3   Citizen Suit provisions exist in major federal environmental statutes pursuant the Clean Water Act

4   (CWA); the Safe Drinking Water Act (SDWA) and the Comprehensive Environmental Response

5   Compensation and Liability Act (CERCLA), lawsuit. The statue is clear that allegations of continuous

6   or intermittent act of an agency is held according to the statues and regulations of the law, and

7   allegations "ox·i·do·re·duc·tase"(such as an enzyme that catalyzes an oxidation-reduction reaction).

8

9   ### A.  Allegations Assessing Prior Laws and Regulations

10

11      The Constituents, or general use of product distribution contributes to error of the user to and or

12   re-use and abatement of gasoline waste products into a secondary holding tank – for later disposal of a

13   toxic fuel, or adding a layer of $CO^2$ emissions on neighboring streams, house tops, and leaching into

14   flood channel and or causing the leeching of ground water sources through the use of NPDES permits.

15   That a proposed merger of such actions by Shell U.S. Oil Products Division, does so at the risk of

16   neighboring industries from disposal products consolidated representing locally licensed authority

17   lacks due diligence in policy and procedures to prevent criminal actions of the Defendants Kinder

18   Morgan Energy Partners LP, from that of contamination to the general public, as well as the

19   environment.

20

21   ### B.  The Complaint's "Basis of Allegations" are Sufficient as a Matter Of Law

22      That the right before this court to state these pleadings, that the complacency of obligations to

23   the court, including the vacated motions of the plaintiff brought forward to the court within the acts

24   confines themselves.  That the plaintiff has in no way to contributed unsolicited actions pleading

25   fraudulent terms of the allegations, pursuant to Rule 56 (d) (1) known to be most current and fashioned

26   ideals" [Bureau of Insurance L. Rule. & Decl. Ch 490 sect. 2 " the purpose of this rule is to clarify the

27

28

-11-

1  standards applicable." The purpose of this court is to bring this case forward. . . [California

2  Department of Toxic Substances Control v. Frend F. Farley and all and. CIV 5 – 05-03150 PH (2008)].

3

4  **C. Defendants' Do Not Plead Specific Facts Showing That the Complaint should be Dismissed**

5      The Introduction of San Jose, quickly misleads "(1) Proper and timely notification to the

6  Administrator, the Sate, and each Defendant" [line 22 pg.1, 3rd. Memorandum Points and Auth. C07-

7  03686 (2008).] That the failure to read the submitted doc. would be less than off-putting to represent

8  such. That it is in favor of the City "itself" to fail environmental laws complained as "requirements of

9  the California Gov. Tort Claims Act . . . "[Id. At 4:1-4].

10

11

12      That the Supreme Court of the United States decision in *Rapanos et UX.. Et Al. v. United States*

13  *certiorari to the United States Court of Appeals* for the 6th Circuit, No. 04-1034 Argued Feb. 21, 2006

14  "as relevant here, the plea – in part failure, or to identify how the process began and where it had failed

15  . . . how the complaint began and whether the complaint is cognizable in legal theory".

16

17      [912 F. 2d 605 Harold Nance, Appellant, Walter C. Kelly Superintendent Attia Correctional

18  Facility, Appellee No. 997, Docket 89-2310 United State Court of Appeals, Second Circuit May 15,

19  1990 decided Aug, 28, 1990 per curiam " dismissing (his) complaint sua sponte under 28 U.S.C. Sec.

20  1915 (d) (1988), 42 U.S.C. Sec. 1983 (1982) against Walter Kelly, " that by failing to allege

21  constitutional rights violations, " that this complaint exams whether the complaint against rule 12 (b)

22  (6) motion [CSJ Mem.Pnt. Auth. pg. 4 lines 6] "it is clear what rights the City is alleged to have

23  violated". That the plaintiff "having an opportunity to refine those alleged deficiencies. . . " [Neitzke,

24  109 S.Ct. at 1834].

25

26

27      Rule 56 provides due course of this case is under the authority of this court. KMEP LP Support

28

Mot. Dismiss (the "TAC") "remains wholly inadequate to apprise the defendants of what they

allegedly did wrong" [ pg 1, line 4-5].

Then if the rules are not clear then it brings the complaint under federal question, and or

therefore as a Pro Se Litigant has shown cause for the baring of the complaint under Titles 33 and 42,

as submitted in the Amended Complaint.

This motion brought by the Defendants in support of Kinder Morgan Energy Partners in not

only outside the pleadings, but is conclusionary at best, and therefore does not state specific reasons in

which the complaint should be dismissed pursuant 12 (e).

## 1. The Complaint Contends Facts and Allegations Leading to the Discovery of Evidence

KMEP LP Order Denying Plaintiffs Motion to Dismiss with Leave to Amend Pg. 3 line 8

claims, "The allegations within those causes of action do not identify the practical.  Defendants to

which (they do not apply), nor do they provide statutory or common law basis". That in fact these

allegations are triable by jury, athwart the defendants' conclusionary fashioned options devised by the

Defendants to ignore the complaint as a whole, that the signature of the Honorable Judge James Ware

on the Motion is constituent of fraud, dated Nov. 9, 2007.  As the motion to amend has not been denied

before this court pursuant Fed. R. and Civ. P., [See Decl. JBR pg. 14].

## 2. All Individual Defendants' Claim Immunity under the Act

The San Jose Water company in their motion to dismiss holds whether it is of a conciliatory

body (overcome the distrust or animosity), to gain substantial means by which an action is brought.

That the body of the evidence is clear, that all the allegations reflect hypothesis of what the manner of

the complaint is drawn.  That the motion by all defendants are subject to local and state laws, therefore

OPPOSITION OF DEFENDANTS MOTIONS TO DISMISS PLAINTIFFS THIRD AMENDED COMPLAINT
NOTICE OF MOTION MEMORANDUM OF POINTS AND AUTHORITIES Case No. 5:07 - cv- 3686 JW/RS

1  applicable to the ruling by the Supreme Court of its decision to uphold NPDES Waste Stream

2  provisions, (allegations upon the joint agency of the San Jose Water Company, use of 3rd Party Vendor

3  for the adding of Liquid Carbon Dioxide Products to the Waste Stream).

4

5  **II. DEFENDANTS' FAIL TO PLEAD UNDER CLAIMS OF THE ACT**

6

7      The notice of intent to sue was ignored by the San Jose Water Co., which the plaintiff believes

8  all facts and allegations are clear despite the defendants claim that the plaintiff " is not authorized by

9  law to be filed by a private citizen". [Mem. Pnt. Auth. Pg. 2 line 8-9].

10

11                          **III.    CONCLUSION**

12      For the foregoing reasons, plaintiff Amy L. Nilson on behalf of themselves, respectfully request

13  that the Plaintiffs amended motion to dismiss the Defendants' Motions be granted and requests for

14  further continuance of the case management statement on or after September 5, 2008.

15

16

17                          Respectfully submitted,

18  DATED: May _2_, 2008          AMY L. NILSON
                                  Pro Se Litigant
19

20                              /s/ Amy L. Nilson

21                              AMY L. NILSON
                                Pro Se Litigant
22

23

24

25

26

27                          -14-

28  **OPPOSITION OF DEFENDANTS MOTIONS TO DISMISS PLAINTIFFS THIRD AMENDED COMPLAINT**
    **NOTICE OF MOTION MEMORANDUM OF POINTS AND AUTHORITIES** Case No. 5:07 - cv- 3686 JW/RS