AMY L. NILSON
Address: 3735 Senter Road
San Jose, CA 95111
Tel: (408) 401-7924
Email: listcontent@yahoo.com

Attorneys for :
Pro Se Litigant

FILED

2008 MAY 16  A 10: 58

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMY L. NILSON<br><br>                    Plaintiff,<br><br>        V<br><br>KINDER MORGAN ENERGY PARTNERS L.P.,<br>THE CITY OF SAN JOSE, SAN JOSE WATER<br>COMPANY, SANTA CLARA VALLEY WATER<br>DISTRICT. ET AL.<br><br>                    Defendants.<br>_____ | Case No. C07 -03686 JW<br><br>**MOTION FOR SUSPENSION OF<br>PLEADINGS FOR 60 DAYS AND OR<br>FOR THE ALTERNATIVE MOTION<br>TO STAY PROCEEDINGS**<br>**Pursuant Fed. R. Civ. P. 12 (b) (5)**<br><br>**[Filed concurrently with Notice of<br>Motion and Memorandum of Law in<br>support of Motion for Alternative To<br>Stay Proceedings]**<br><br>Date: July 7, 2008<br>Time: 9:00 a.m.<br>Courtroom: 8, 4th floor<br>Before: Hon. Judge James Ware |

**MOTION FOR SUSPENSION OF PLEADINGS FOR 60 DAYS AND OR FOR THE ALTERNATIVE
MOTION TO STAY PROCEEDINGS AND OR FOR CONTINUANCE OF ACTION**
Case No. 5:07 - cv- 3686 JW/RS

# TABLE OF CONTENTS

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i-ii

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii-vi

NOTICE OF MOTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

**MOTION FOR SUSPENSION OF PLEADINGS FOR 60 DAYS AND OR FOR THE ALTERNATIVE MOTION TO STAY PROCEEDINGS** . . . . . . . . . . . . . . . . . 1

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION OR FOR ALTERNATIVE MOTION TO STAY PROCEEDINGS** . . . . . . . . . . . . . . . . . 1

## III.    LEGAL PRINCIPLES
## D.  OVERVIEW

a.  Nature of citizen suits . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1
b.  Relevant statues and doctrines . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

## II.  NATURE OF CITIZEN SUITS

## E.  ESTABLISHING GROUNDS FOR CITIZEN SUIT

a.  General statutory grounds . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2-3
b.  Specific grounds provided in particular acts . . . . . . . . . . . . . . . . . . . . . . . . 3
c.  Common law grounds . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3-4
d.  Retroactive application . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

## F.  FINDING PROPER PARTIES TO CITIZEN SUIT

### *1.  Identifying Proper Defendants*

a.  Persons in violation of statues . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
b.  Persons in violation of public trust doctrine . . . . . . . . . . . . . . . . . . . 4-5
c.  Corporate entities and shareholders . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
d.  Federal and State Officials . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
e.  United States and individual states . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5-6
f.  Persons defending suits under public trust doctrine . . . . . . . . . . . . . 6
g.  Aiders and abettors . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

### *2.  Establishing the Proper Plaintiffs*

a.  Establishing statutory right to bring suit . . . . . . . . . . . . . . . . . . . . . . . .7
b.  Establishing standing . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .7

## II.    PROCEDURAL CONSIDERATIONS

### *3.  Requirement to Give Notice Prior to Filing Suit*

-i-

a.  General notice requirements . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7-8
b.  Content of notice . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
c.  Service of notice . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8-9
d.  Requirement of formal rather than actual notice . . . . . . . . . . . . . . . 9
e.  Consequences of inadequate notice . . . . . . . . . . . . . . . . . . . . . . . . . . 9
f.  Subject matter jurisdiction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
g.  Venue . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

        4.  Pleadings

a.  Sufficiency of pleadings . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10
b.  Service of pleadings . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10
c.  Requirements for intervention . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10
d.  Right of federal and state officials . . . . . . . . . . . . . . . . . . . . . . . . . . 10-11

        5.  Consent Judgements

a.  Limitations on consent judgments . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

G.  REMEDIES

a.  Enforcement nature of remedies . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11
b.  Injunctive relief . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11-12
c.  Damages . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12
d.  Attorney's fees and cost of suit . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12
e.  Civil penalties . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12-13

H.  DEFENSES

a.  Diligent prosecution by government . . . . . . . . . . . . . . . . . . . . . . . . . . 13-14
b.  RCRA or CERCLA removal action underway . . . . . . . . . . . . . . . . . . 14
c.  Res judicata and collateral estoppel . . . . . . . . . . . . . . . . . . . . . . . . . 14
d.  Mootness . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14-15
e.  Lack of intent or negligence . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15
f.  Laches . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16
g.  Estoppel; reliance on EPA or state agency . . . . . . . . . . . . . . . . . . . . 16
h.  Statues or limitations . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

    CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

MOTION FOR SUSPENSION OF PLEADINGS FOR 60 DAYS AND OR FOR THE ALTERNATIVE
MOTION TO STAY PROCEEDINGS AND OR FOR CONTINUANCE OF ACTION
Case No. 5:07 - cv- 3686 JW/RS

# TABLES AND AUTHORITIES

## Cases

*In Hudson Riverkeeper Fund, Inc. v. harbor at Hastings Associates*,
917 F. Supp. 251, (S.D. N.Y. 1996). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*In Interfaith Community Organization v. AlliedSignal, Inc.*,
928 F. Supp. 1339, 26 Envtl. L. Rep. 21551 (D.N.J. 1996). . . . . . . . . . . . . . . . . . . . . . 14

*In Knee Deep Cattle Co., Inc. v. Bindana Inv. Co. Ltd.*,
94 F.3d 514, (9th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Atlantic States Legal Foundation, Inc. v. Eastman Kodak Co.*,
933 F. 2d 124, 21047 (2d Cir. 1991). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .12

*Baughman v. Bradford Coal Co., Inc.*, 592 F. 2d 215, 20147 (3d Cir. 1979) . . . . . . . . 13

*Cadillac Fairview/ California, Inc. v. Dow Chemical Co.*,
840 F. 2d 691, (9th Cir. 1988). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Chesapeake Bay Foundation v. American Recovery Co., Inc.*,
769 F.2d 207, (4th Cir. 1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13-14

*Colberg, Inc. v. State ex rel. Dept. of Public Works*,
67 Cal. 2d 408, 62 Cal. Rptr. 401, 432 P. 2d 3 (1967) . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Conley v. Gibson*, 355 U.S.41, 45-46, 2 L. Ed. 2d 80, 78 S. Ct. 99 (1957) . . . . . . . . . . 15

*Connecticut Fund for Environment, Inc. v. Upjohn Co.*,
660 F. Supp. 1397, (D. Conn. 1987). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Diamond Match Co. v. Savercool*, 218 Cal. 665, 24 P. 2d 783 (1933) . . . . . . . . . . . . . . 6

*Fried v. Sungard Recovery Services, Inc.*, 916 F. Supp. 465 (E.D. Pa. 1996) . . . . . . . . 15

*Friends of the Earth v. Consolidated Rail Corp.*, 768 F. 2d 57, (2d Cir. 1985). . . . . . . 13

*Gwaltney of Smithfield., Ltd., v. Chesapeake Bay Foundation, Inc.*,
484 U.S. 49, 108 S. Ct. 376, (1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Hallstrom v. Tillamook County*, 493 U.S. 20 (1989). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Hunt v. Washington State Apple Advertising Com'n*,
432 U.S. 333, 97 S. Ct. 2434, 53 L. Ed. 2d 383 (1977) . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Joslyn Mfg. Co. v. T.L.James & Co., Inc.*, 893 F. 2d 80, (5th Cir. 1990). . . . . . . . . . . . . 5

**MOTION FOR SUSPENSION OF PLEADINGS FOR 60 DAYS AND OR FOR THE ALTERNATIVE
MOTION TO STAY PROCEEDINGS AND OR FOR CONTINUANCE OF ACTION**
Case No. 5:07 - cv- 3686 JW/RS

*Kitlutsisti v. ARCO Alaska, Inc.*, 592 F. Supp. 832, (D. Alaska 1984) . . . . . . . . . . . . . . . 16

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 112 S. Ct. 2130, (1992) . . . . . . . . . . . . . . . 7

*Marks v. Whitney*, 6 Cal. 3d 251, 98 Cal. Rptr. 790,
1437, 2 Envtl. L. Rep. 20049 (1971). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Meghrig v. KFC Wester, Inc.*, 516 U.S. 479, 116 S. Ct. 1251, (1996) . . . . . . . . . . . . . . 12

*National Audubon Society v. Superior Court*, 33 Cal. 3d 419, (1983) . . . . . . . . . . . . . . . 4

*National Wildlife Federation v. Hanson*, 859 F. 2d 313, (4th Cir. 1988) . . . . . . . . . . . . . 13

*Natural Resources Defense Council v. California Dept. of Transp.*,
96 F. 3d 420, (9th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Newell v. Baldridge*, 548 F. Supp. 39, 13 Envtl. L. Rep. 20476
(W.D. Wash. 1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Northwest Environmental Advocates v. City of Portland*,
56 F.3d 979, (9th Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*O'neil v. Q.L.C.R.I., Inc.*, 750 F. Supp. 551, 32 Env't Rep. Cas.
(BNA) 1661, 21 Envtl. L. Rep. 20291 (D.R.I. 1990). . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Sierra Club v. Chevron U.S.A., Inc., 834 F.2d 1517, (9th Cir. 1987). . . . . . . . . . . . . . . . 13

*Supporters to Oppose Pollution, Inc. v. Heritage Group*,
760 F. Supp. 1338, (N.D. Ind. 1991). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .14

*State of Vt. V. Staco, Inc.*, 684 F. Supp. 822, 27 Env't. rep. Cas.(D. Vt. 1988) . . . . . . . . . 5

*U.S. v. Nguyen*, 916 F. 2d 1016, 21 Envtl. L. Rep. 20486 (5th Cir. 1990) . . . . . . . . . . . . 15


**STATUTES AND RULES**

Fed. R. Civ. P. 8 (a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .10

Fed. R. Civ. P. 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Fed. R. Civ. P. 24. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

16 U.S.C.A. § 1540 (a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

16 U.S.C.A. § 1540 (a)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

16 U.S.C.A. § 1540 (g) (1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

-iv-

**MOTION FOR SUSPENSION OF PLEADINGS FOR 60 DAYS AND OR FOR THE ALTERNATIVE MOTION TO STAY PROCEEDINGS AND OR FOR CONTINUANCE OF ACTION**
Case No. 5:07 - cv- 3686 JW/RS

28 U.S.C. §2462 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

33 U.S.C.A. § 1251(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2-4

28 U.S.C.A. § 1331 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

33 U.S.C. §1319(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

33 U.S.C.A.  § 1365 (g) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

33 U.S.C.A. § 1319 (d) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

33 U.S.C.A. §1362 (5) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

33 U.S.C.A. §1365 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

33 U.S.C.A. §1365 (a) (1). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

33 U.S.C.A. § 1365 (a) (2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

33 U.S.C.A. § 1365 (d) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

42 U.S.C. §9601 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

42 U.S.C.A. § 6903 (15) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

42 U.S.C.A. § 6972 (a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

42 U.S.C.A. § 6972 (e) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

42 U.S.C.A. § 6973 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

42 U.S.C.A. § 6982 (g). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

42 U.S.C.A. §6901. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

42 U.S.C.A. § 7003 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

**REGULATIONS**

33 CFR § 328.3(a)(3) (1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

40 C.F.R. § 122.41 (n) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

40 C.F.R. §§ 135.1 to 135.5 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8-9

40 C.F.R. §§ 135.10 to 135.13 (1986). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

-v-

**MOTION FOR SUSPENSION OF PLEADINGS FOR 60 DAYS AND OR FOR THE ALTERNATIVE MOTION TO STAY PROCEEDINGS AND OR FOR CONTINUANCE OF ACTION**

Case No. 5:07 - cv- 3686 JW/RS

**OTHER LEGISLATIVE MATERIALS**

California Environmental Quality Act ("CEQA")
Pub. Resources Code, §21000 (g) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Federal Water Pollution Control Act/ Clean Water Act
33 U.S.C.A. §§ 1251 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Resource Conservation and Recovery Act . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Comprehensive Environmental Response, Compensation and Liability Act
42 U.S.C.A. §§ 9601 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1-2

Safe Drinking Water Act  42 U.S.C.A. §§ 300(f) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2-8

Noise Control Act 42 U.S.C.A. §§ 4901 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Emergency Planning and Community Right-To-Know Act
42 U.S.C.A. §§ 11001 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Safe Drinking Water and Toxic Enforcement Act of 1986 ("Proposition 65") . . . . . . . . . . 2

Health & Saf. Code, § 25249.5 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

**OTHER AUTHORITIES**

2008 Judicial Council of California www.courtinfo.ca.gov/ (2008) . . . . . . . . . . . . . . . . . . . 6

Title 1 General Provisions §1.04.110 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Title 9 Health and Safety 9.08.120 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Quick, John. 1994. The Public Trust Doctrine in Wisconsin.*
*Wisconsin Environmental Law Journal, Vol. 1, No. 1* . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

**MOTION FOR SUSPENSION OF PLEADINGS FOR 60 DAYS AND OR FOR THE ALTERNATIVE MOTION TO STAY PROCEEDINGS AND OR FOR CONTINUANCE OF ACTION**
ase No. 5:07 - cv- 3686 JW/RS

**NOTICE OF MOTION FOR SUSPENSION OF PLEADINGS FOR 60 DAYS AND OR FOR THE ALTERNATIVE MOTION TO STAY PROCEEDINGS**

TO ALL PARTIES AND THIER ATTORNEYS OF RECORD

PLEASE TAKE NOTICE THAT, Plaintiff motion for stay on the pleadings for 60 days in order to bring suit under compliance under the Safe Drinking Water Act, and or alternative motion for the continuance of action pursuant Fed. R. Civ. P. 12 (b) (5) and or for a more definitive statement and or amendment of the pleadings to be brought into compliance under the acts, for the aforementioned matter to be held on July 7, 2008, at 9:00 a.m. in Courtroom 8, 4th floor, located at 280 South First Street, San Jose, California 95113.

**MOTION FOR SUSPENSION OF PLEADINGS FOR 60 DAYS AND OR FOR THE ALTERNATIVE MOTION TO STAY PROCEEDINGS**

Pursuant to Fed. R. Civ. P. 12 (b) (5), Plaintiff ("Nilson") Moves the Court for a motion to stay proceedins pending compliance under the Clean Water Act and Safe Drinking Water Act.

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUSPENSION OF PLEADINGS FOR 60 DAYS AND OR FOR ALTERNATIVE MOTION TO STAY PROCEEDINGS**

The potential immediate impact from enforcement of an injunction on Defendants outweighs the harm to Defendants occasioned by a brief delay in enforcement.

I.    **LEGAL PRINCIPLES**
A. **OVERVIEW**

a. **Nature of citizen suits**

The primary purpose of a citizen suit is to provide a mechanism of enforcement for environmental laws, in which governmental agencies have failed to pursue enforcement that the Citizen may pursue private costs for recovery of action under the Comprehensive Environmental

-1-

**MOTION FOR SUSPENSION OF PLEADINGS FOR 60 DAYS AND OR FOR THE ALTERNATIVE MOTION TO STAY PROCEEDINGS AND OR FOR CONTINUANCE OF ACTION**
Case No. 5:07 - cv- 3686 JW/RS

Response, Compensation, and Liability Act ("CERCLA") [42 U.S.C. §§9601 et seq.] and the California Environmental Quality Act ("CEQA"). [Pub. Resources Code, §21000 (g) et seq.]. " It is the intent of the Legislature that all agencies of the state government which regulate activities of private individuals, corporations, and public agencies which are found to affect the quality of the environment, shall regulate such activities so that major consideration is given to preventing environmental damage, while providing a decent home and satisfying living environment for every Californian.

**b.  Relevant statues and doctrines**

Several federal environmental acts contain citizen suit provisions include:

(1) Federal Water Pollution Control Act modified under the Clean Water Act ("CWA") [33 U.S.C.A. §§ 1251 et seq.];
(2) Solid Waste Disposal Act as modified by the Resource Conservation and Recovery Act ("RCRA") [42 U.S.C.A. §§6901 et seq.];
(3) Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA") [42 U.S.C.A. §§ 9601 et seq.];
(4) Safe Drinking Water Act ("SDWA") [42 U.S.C.A. §§ 300(f) et seq.];
(5) Noise Control Act ("NCA") [42 U.S.C.A. §§ 4901 et seq.];
(6) Emergency Planning and Community Right-To-Know Act ("EPCRTKA") [42 U.S.C.A. §§ 11001 et seq.];

California environmental laws provide the citizen provisions to file suit under Safe Drinking Water and Toxic Enforcement Act of 1986 ("Proposition 65"), "Prohibition on contaminating drinking water with chemicals known to cause cancer or reproductive toxicity". [Health & Saf. Code, § 25249.5 (1986)].

## II.  NATURE OF CITIZEN SUITS

### B.  ESTABLISHING GROUNDS FOR CITIZEN SUIT

**a.  General statutory grounds**

Each of the federal acts permits a citizen suit for either of two reasons: (1) for violation of a requirement of the act or of a regulation or order promulgated under the act, and or for failure to perform a nondiscretionary duty under the act, [see 33 U.S.C.A. §1365 (CWA); (RCRA citizen's suit

**MOTION FOR SUSPENSION OF PLEADINGS FOR 60 DAYS AND OR FOR THE ALTERNATIVE MOTION TO STAY PROCEEDINGS AND OR FOR CONTINUANCE OF ACTION**
Case No. 5:07 - cv- 3686 JW/RS

provisions may be used to enforce regulations promulgated under state's EPA-approved hazardous waste program)].

### b. Specific grounds provided in particular acts

RCRA permits citizens to bring "imminent and substantial endangerment suits" for past or present handling, storage, treatment, transportation, and disposal of an solid or hazardous waste which presents an imminent and substantial endangerment to health or the environment. [42 U.S.C.A. § 6972(a)(1)(B)].

The Ninth Circuits holding that a person who abates an imminent and substantial endangerment by performing the site cleanup may bring an RCRA imminent and substantial endangerment citizen suit, and may seek equitable restitution for clean up costs. (Holding on the grounds for the use and abatement of Coyote Creek Flood Control Channel by the Santa Clara Valley Water District).

It has been held that a Clean Water Act citizen suit provisions can be used to enforce State water quality standards contained in NPDES permits. [Northwest Environmental Advocates v. City of Portland, 56 F.3d 979, 40 Env't. Rep. Cas. (BNA)1801, 25 Envtl. L. Rep. 21250 (9th Cir. 1995)].

### c. Common law grounds

Under the public trust doctrine, the public has the right to utilize navigable waters, including: "waters such as intrastate lakes, rivers, streams (including intermittent streams), mudflats, sandflats, wetlands, sloughs, prairie potholes, wet meadows, playa lakes, or natural ponds" the use, degradation or destruction of which could affect interstate or foreign commerce … ." 33 CFR § 328.3(a)(3) (1999), of its navigable waterways and the lands lying beneath them as trustee of a public trust for the benefit of the people. [Colberg, Inc. v. State ex rel. Dept. of Public Works, 67 Cal. 2d 408, 62 Cal. Rptr. 401, 432 P. 2d 3 (1967)]. The state has an affirmative duty to consider the public trust when it allocates water resources, and the state must

**MOTION FOR SUSPENSION OF PLEADINGS FOR 60 DAYS AND OR FOR THE ALTERNATIVE MOTION TO STAY PROCEEDINGS AND OR FOR CONTINUANCE OF ACTION**
Case No. 5:07 - cv- 3686 JW/RS

protect public trust interests whenever feasible. [National Audubon Society v. Superior Court, 33 Cal. 3d 419, 189 Cal. Rptr. 346, 658 P. 2d 709, 21 Env't. Rep. Cas. (BNA) 1490, 13 Envtl. L. Rep. 20272 (1983)].

### d. Retroactive application

33 U.S.C.A. § 1251(a) Restoration and maintenance of chemical, physical and biological integrity of Nation's waters; (b) Congressional recognition, preservation, and protection of primary responsibilities and rights of States to prevent, reduce, and eliminate pollution, to plan the development and use (including restoration, preservation, and enhancement) of land and water resources, and to consult with the Administrator in the exercise of his authority.

## C. FINDING PROPER PARTIES TO CITIZEN SUIT

### *1. Identifying Proper Defendants*

### a. Persons in violation of statues

The Citizen Suits under the CWA and SDWA acts permits suits against any person alleged to be in violation of the act. [33 U.S.C.A. §1365 (a) (1)] against any person (including (i) the United States, and (ii) any other governmental instrumentality or agency to the extent permitted by the eleventh amendment to the Constitution) with respect to such a standard or limitation, or that a person may include a corporation and its shareholders.

### b. Persons in violation of public trust doctrine

Members of the public may sue to enjoin private persons from unreasonably using waters within the public trust ( Coyote Creek Flood Control Channel / Publicly Owned Treatment Works). [See *Marks v. Whitney*, 6 Cal. 3d 251, 98 Cal. Rptr. 790, 491 P. 2d 374, 3 Env't. Rep. Cas. (BNA) 1437, 2 Envtl. L. Rep. 20049 (1971); *National Audubon Society v. Superior Court*, 33 Cal. 3d 419, 189 Cal. Rptr. 346, 658 P. 2d 709, 21 Env't Rep. Cas. (BNA) 1490, 13 Envtl. L. Rep 20272 (1983); for California State Water Resources Board regulations that implement public trust doctrine . . .

-4-

**MOTION FOR SUSPENSION OF PLEADINGS FOR 60 DAYS AND OR FOR THE ALTERNATIVE MOTION TO STAY PROCEEDINGS AND OR FOR CONTINUANCE OF ACTION**
Case No. 5:07 - cv- 3686 JW/RS

"enjoyment of several specified rights secured by the Constitution and laws of the United States"

[see 383 U.S. 745, 748, Cal. Code Reg., tit. 23, §§ 745, 780, 784].

### c. Corporate entities and shareholders

The term "person" in each federal act includes businesses such as partnerships and corporations. [42 U.S.C.A. § 6903 (15) (RCRA); 33 U.S.C.A. §1362 (5) (CWA). In addition to suing the businesses responsible for the violations, however, the courts may allow the plaintiff to bring in other defendants, such as parent companies, directors, officers, employees, and or shareholders "are subject to liability to the extent that they were personally involved in the operations or had authority to control operations". [ *State of Vt. V. Staco, Inc.*, 684 F. Supp. 822, 27 Env't. rep. Cas. (BNA) 1084, 18 Envtl. L. Rep. 20589 (D. Vt. 1988), vacated in part, 31 Env't. Rep. Cas. (BNA) 1814, 1989 WL 225428 (D. Vt. 1989); *Joslyn Mfg. Co. v. T.L.James & Co., Inc.*, 893 F. 2d 80, 30 Env't Rep. Cas. (BNA) 1929, 20 Envtl. L. Rep. 20382 (5th Cir. 1990)(declining to extend CERCLA liability for owners and operators to parent company of liable subsidiary(parent corporation controlling the activities of the subsidiary)].

### d. Federal and State Officials

Each of the federal acts permits suits against the United States and or the EPA Administrator for failure to perform non-discretionary duties [see 33 U.S.C.A. § 1365 (a) (2)]. Furthermore, under the Act provides "that any person may sue any governmental agency, special district or local government to enforce the duties that are imposed against its duties on those persons or entities". [Pub. Resources Code, § 30804].

### e. United States and individual states

Under California's public trust doctrine, persons may sue the State of California, a city, or local government agency after notice of intent to sue was given. "If you receive a written rejection

-5-

**MOTION FOR SUSPENSION OF PLEADINGS FOR 60 DAYS AND OR FOR THE ALTERNATIVE MOTION TO STAY PROCEEDINGS AND OR FOR CONTINUANCE OF ACTION**
Case No. 5:07 - cv- 3686 JW/RS

of your claim by the governmental agency, you have 6 months from the <u>date the notice was personally delivered or</u> deposited <u>in the mail to file the claim.</u> If you don't get a rejection letter, you have 2 years to file from the day the incident occurred". [2008 Judicial Council of California www.courtinfo.ca.gov/ (2008)].

### f.  Persons defending suits under public trust doctrine

"Members of the public may defend quiet title actions by claiming the right to use a public right of way through private property". [*Diamond Match Co. v. Savercool*, 218 Cal. 665, 24 P. 2d 783 (1933)].  Additionally where a party brought an action to enjoin that certain resources are preserved for public use, and that the government is required to maintain it for the public's reasonable use. "Wisconsin State Supreme Court has ruled that when conflicts occur between the rights of riparian owners and public rights, the public's rights are primary and the riparian owner's secondary".[ *Quick, John. 1994. The Public Trust Doctrine in Wisconsin. Wisconsin Environmental Law Journal, Vol. 1, No. 1.].*

### g.  Aiders and abettors

A citizen may sue an individual under the CWA for aiding and abetting on the theory that a person violates the law by aiding and abetting another who is breaking the law.  Thus a person can be in violation of the CWA and subject to 33 U.S.C.A. § 1365, if he or she aids and abets another person in violating the CWA. [*O'neil v. Q.L.C.R.I., Inc.,* 750 F. Supp. 551, 32 Env't Rep. Cas. (BNA) 1661, 21 Envtl. L. Rep. 20291 (D.R.I. 1990)].  Under the General Provisions City of San Jose Code and Regulations General Provisions §1.04.110 prohibits acts include causing permitting or concealing, it shall include causing, permitting, aiding, abetting, suffering or concealing the fact of such act or omission pursuant under the Title 9 Health and Safety 9.08.120 Hazardous Waste means and includes any and all toxic or poisonous, corrosive, irritation or sensitizing, radioactive, biologically infectious, explosive or flammable waste materials. [Prior Code §§ 5301.7; 9.08.110

-6-

**MOTION FOR SUSPENSION OF PLEADINGS FOR 60 DAYS AND OR FOR THE ALTERNATIVE MOTION TO STAY PROCEEDINGS AND OR FOR CONTINUANCE OF ACTION**
Case No. 5:07 - cv- 3686 JW/RS

Ord. 20657 (2002)].

## 2.  *Establishing the Proper Plaintiffs*

### h.  Establishing statutory right to bring suit

Under the Clean Water and Safe Drinking Water Acts provisions provide that "any citizen may commence a suit" and or may bring suit under citizen suit provisions. [42 U.S.C.A. § 6972 (a) (RCRA); however under the CWA defines the term "citizen" as any person or persons having an interest that is or may be adversely affected. [33 U.S.C.A. § 1365 (g)].

### i.  Establishing standing

Federal courts do not have jurisdiction to hear a case unless every plaintiff has standing to bring suit.  The Plaintiff must be able to demonstrate a particular injury in fact, traceable to the conduct of the defendant, and the injury must be one which the court's judgment could redress. [*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 112 S. Ct. 2130, 119 L. Ed. 2d 351, 34 Env't. Rep. Cas. (BNA) 1785, 22 Envtl. L. Rep. 20913 (1992)].  LR16.1.2. Form of Pretrial Memorandum for Use in Personal Injury Cases Brief Statement of Circumstances of Occurrence.  When environmental interest groups have prosecuted environmental citizen suites, the parties often have extensively litigated the standing issue, that representation of such authority would have to prove that its members would otherwise have standing to sue in their own right and that the interest they seek to protect is germane to the organizations purpose. [*Hunt v. Washington State Apple Advertising Com'n*, 432 U.S. 333, 97 S. Ct. 2434, 53 L. Ed. 2d 383 (1977)].

## II.    PROCEDURAL CONSIDERATIONS

### 3.  *Requirement to Give Notice Prior to Filing Suit*

### a.  General notice requirements

Notice of intent to sue is set under the CWA and SDWA , that a notice must be given to the

**MOTION FOR SUSPENSION OF PLEADINGS FOR 60 DAYS AND OR FOR THE ALTERNATIVE MOTION TO STAY PROCEEDINGS AND OR FOR CONTINUANCE OF ACTION**

United States Environmental Protection Agency (EPA) Administrator and that of the sitting

Attorney General of the United States. Plaintiff must also send a notice of intent to the State EPA

Administrator, and to that of the alleged violator allowing for 60 days of notice before the lawsuit

is started.

### b.  Content of notice

The EPA has set out notice of intent to sue under the CWA [see 40 C.F.R. §§ 135.1 to

135.5] and the SDWA [see 40 C.F.R. §§ 135.10 to 135.13].  The initial notice of intent must

constituent facts, law, and information regarding the nature of suit and or the basis of ongoing

violations. The essential items of notice are;

(1) Sufficient information to permit the recipient to identify the specific permit, standard,
     regulation, condition, requirement, or order that the defendant has allegedly violated;
(2) The activity alleged to constitute the violation;
(3) The person or persons responsible for the alleged violation;
(4) The date or dates of the alleged violation;
(5) The location of the alleged violation;
(6) The full name, address and telephone number of the person giving notice, and
(7) The name, address and telephone number of legal counsel, if any.

That in filing a notice of intent, it is a pre-requisite of the State and U.S. Federal Agencies

to receive two copies of a notice of intent to sue, along with the complaint.  If the plaintiff bases a

forthcoming citizen suit on a failure of a federal or state official to perform a nondiscretionary duty,

the essential items to include in the notice are:

(1) The provision of the act which requires the nondiscretionary act or duty;
(2) The action taken or not taken vy the federal or state official;
(3) The full name, address, and telephone number of the person giving notice;
(4) The name, address, and telephone number of legal council, if any.

### c.  Service of notice

Purpose of this subpart is to prescribe procedures for giving the notice required by section

1449(b), "If the alleged violator is an individual or corporation, service of notice shall be accomplished

-8-

**MOTION FOR SUSPENSION OF PLEADINGS FOR 60 DAYS AND OR FOR THE ALTERNATIVE
MOTION TO STAY PROCEEDINGS AND OR FOR CONTINUANCE OF ACTION**
Case No. 5:07 - cv- 3686 JW/RS

1    by certified mail, return receipt requested, addressed to, or by personal service upon, such individual or

2    corporation", however is discretionary upon the act in which service is rendered.[1]

3    **d. Requirement of formal rather than actual notice**

4    Pursuant 40 C.F.R..§§ 135.11Notice of intent to file suit pursuant to section 1449(a)(1) of the

5    Act shall be served in the following manner upon an alleged violator of any requirement prescribed by

6    or under the Act.

7

8    **e. Consequences of inadequate notice**

9    "First, notice allows Government agencies to take responsibility for enforcing

10   environmental regulations, thus obviating the need for citizen suits. . . . Second, notice gives the

11   alleged violator 'an opportunity to bring itself into complete compliance with the Act, and thus

12   likewise render unnecessary a citizen suit.'"[ *Hallstrom v. Tillamook County*, 493 U.S. 20

13   (1989)].441 U.S. at 441 U. S. 755, holds the 60-day notice requirement to be a "mandatory, not

14   optional," precondition to suit. *Id.* at 441 U. S. 758. *Compare ante* at 493 U. S. 26 (holding that

15   RCRA's 60-day notice provision "is a mandatory, not optional, condition precedent for suit").

16   "Suspension of proceedings is preferable to dismissal with leave to refile. . . ." 404 U. S. 526-527

17   (1972)] (charge may be held in suspended animation during deferral period). For this reason,

18   suspension pending deferral is the preferred practice in the federal courts."

19

20   *4. Jurisdiction and Venue*

21   **f. Subject matter jurisdiction**

22   The federal courts have federal question jurisdiction over citizen suits under each of the

23   federal acts without regard to the citizenship of the parties or the amount in controversy. [28

24   U.S.C.A. § 1331] In addition, district courts may exercise supplemental jurisdiction over

25   appropriate state law claims.

26   [1]EPA administrator giving notice of procedures to file notice

27   of intent to sue.

-9-

28   **MOTION FOR SUSPENSION OF PLEADINGS FOR 60 DAYS AND OR FOR THE ALTERNATIVE MOTION TO STAY PROCEEDINGS AND OR FOR CONTINUANCE OF ACTION**
Case No. 5:07 - cv- 3686 JW/RS

**g. Venue**

Each of the federal acts provides that the proper court in which to bring suit is the federal district court in the district in which the violation occurred or in which the facility that is causing the pollution is located.. In filing a suit under the CWA or SDWA, the proper venue is in the federal district court.

### 5. Pleadings

**a. Sufficiency of pleadings**

The complaint in a citizen suit under the CWA or SDWA must contain [Fed. R. Civ. P. 8 (a)];

(1) A short and plain statement of the grounds upon which the court's jurisdiction depends;
(2) A short and plain statement of the claim showing that the pleader is entitled to relief; and
(3) A demand for judgment for the relief the pleader seeks.

**b. Service of pleadings**

In a citizen suit under the CWA, the plaintiff must mail a copy of the complaint to the EPA Administrator, the Regional EPA Administrator, and the United States Attorney General. Two copies of a notice of intent to sue must be submitted along with two copies of the initial complaint in which the plaintiff is entitled to sue.

*Intervention*

**c. Requirements for intervention**

A citizens suite under the CWA and SDWA permit a person to intervene as a matter of right when the person has a direct interest which the action is or may be adversely affecting, additionally, intervention is proper if the disposition of the action may, as a practical matter, impair or impede the persons ability to protect that interest unless the existing parties are adequately representing the interest. This right would be assumed under Fed. R. Civ. P. 24.

**d. Right of federal and state officials**

-10-

**MOTION FOR SUSPENSION OF PLEADINGS FOR 60 DAYS AND OR FOR THE ALTERNATIVE MOTION TO STAY PROCEEDINGS AND OR FOR CONTINUANCE OF ACTION**
Case No. 5:07 – cv- 3686 JW/RS

The right of an agency whether a party of the suit pursuant federal appropriation, where the United States is not a party in a citizen suit, the United States Attorney General or that of the United States Environmental Protection Agency may intervene on behalf of the Government.

### 6.  Consent Judgements

#### e.  Limitations on consent judgments

The CWA prohibits a court from approving consent judgments unless the United Steates has become a party to the action and has a specified amount of time to provide comments on the proposed consent judgment. [33 U.S.C.A. § 1365 (c) (3) (CWA)].  In a citizen suit under the CWA, the plaintiff must serve a copy of the proposed consent judgment, signed by all parties, on the EPA Administrator and the United States Attorney General.  The plaintiff must mail a copy to the Regional EPA Administrator. Additionally when the parties file the proposed consent judgment with the court, the plaintiff must notify the court of the statutory requirement that the court not enter the consent judgment sooner than 45 days after the EPA Administrator and the United States Attorney General have received the proposed consent judgment. [40 C.F.R. §135.5].

### E.  REMEDIES

#### a.  Enforcement nature of remedies

The primary purpose of the citizen suit provisions is to provide mechanisms for enforcement of the acts beyond governmental prosecution.  The remedies reflect this purpose in that legislators have largely limited the remedies to those necessary to provide enforcement of the acts. Each violation shall be a separate offense.

#### b.  Injunctive relief

A prevailing plaintiff may obtain injunctive relief to restrain a violation of environmental laws or to order the appropriate federal official to perform nondiscretionary duty. That in filing a

-11-

**MOTION FOR SUSPENSION OF PLEADINGS FOR 60 DAYS AND OR FOR THE ALTERNATIVE MOTION TO STAY PROCEEDINGS AND OR FOR CONTINUANCE OF ACTION**
Case No. 5:07 – cv- 3686 JW/RS

citizen suit under the act; any person may commence a civil suit on his own behalf. [16 U.S.C.A. § 1540 (g) (1)]  Under the RCRA imminent and substantial endangerment suit, the court may order the defendant to take action that is necessary to abate the imminent and substantial endangerment to health or the environment. [42 U.S.C.A. § 6972(a)]. However with regard to the CERCLA, no private cause of action exists for injunctive relief against owners and operators. [*Cadillac Fairview/ California, Inc. v. Dow Chemical Co.,* 840 F. 2d 691, 27 Env't. Rep. Cas. (BNA) 1313, 18 Envtl. L. Rep. 20470 (9th Cir. 1988)].

#### c.  Damages

The federal citizen suit provisions do not provide a right to seek damages or monetary restitution. [See *Meghrig v. KFC Wester, Inc.,* 516  U.S. 479, 116 S. Ct. 1251, 134 L. Ed. 2d 121, 42 Env't. Rep. Cas. (BNA) 1193, 26 Envtl. L. Rep. 20820 (1996)].  In an action against a government official for violation of the Clean Water Act, the Ninth Circuit has held that the court may award only injunctive relief – not payment of civil penalties. [*Natural Resources Defense Council v. California Dept. of Transp.,* 96 F. 3d 420, 43 Env't. Rep. Cas. (BNA) 1193, 27 Envtl. L. rep. 20173 (9th Cir. 1996)]. This design was invoked upon the plaintiff to bring suit under Tort Claims Act.

#### d.  Attorney's fees and cost of suit

Each of the federal acts provides that the prevailing party may, in the discretion of the court, recover the reasonable costs of litigation, including attorney and expert witness fees. [42 U.S.C.A. § 6972 (e) (RCRA); 33 U.S.C.A. § 1365 (d) (CWA)]  A party does not need to obtain final judgment to be a prevailing party.  If the plaintiff's suit achieves any success or even if the court merely infers any success, the plaintiff may recover fees and costs. [*Atlantic States Legal Foundation, Inc. v. Eastman Kodak Co.,* 933 F. 2d 124, 33 Env't. Rep. Cas. (BNA) 1121, 21 Envtl.

**MOTION FOR SUSPENSION OF PLEADINGS FOR 60 DAYS AND OR FOR THE ALTERNATIVE MOTION TO STAY PROCEEDINGS AND OR FOR CONTINUANCE OF ACTION**
Case No. 5:07 - cv- 3686 JW/RS

L. Rep. 21047 (2d Cir. 1991); *National Wildlife Federation v. Hanson,* 859 F. 2d 313, 38 Env't.

Rep. Cas. (BNA) 1560, 18 Envtl. L. Rep 21509 (4th Cir. 1988)]

### e.  Civil penalties

Assignment of Penalties may include $25,000/day - $100,000/day for a violation.  That in

designing a fee structure pursuant under 33 U.S.C. §1319(c) in those determining civil penalties,

the court will consider : (a) seriousness of the violation under NPDES permits; (b) abatement

process under "Temporary Permits"; (c) Environmental Impact to Surrounding Area; (d) Failure to

insure safety features used in good-faith efforts to achieve compliance with (CWA/ NPDES) permit

application; (e) economic impacts of violation; and (e) such other matters as justice may require.

That pursuant costs and court fees the Court may award to Plaintiff citizen the costs of litigation

(including reasonable attorney and expert witness fees) to any prevailing or prevailing party.

## F.  DEFENSES

### a.  Diligent prosecution by government

Each of the federal acts provides that a plaintiff may not maintain a citizen suit if a

specified federal official usually the EPA Administrator, or in some cases the state, is diligently

prosecuting the violation in a court of the United States.

Four questions regarding the applicability of this defense have arisen:

(1) What is a "court?" The Third Circuit has held that an administrative board may be a "court" for the purposes of the CWA. [*Baughman v. Bradford Coal Co., Inc.,* 592 F. 2d 215, 12 Env't Rep. Cas. (BNA) 1920, 9 Envtl. L. Rep 20147 (3d Cir. 1979)] The second and Ninth Circuits, however, have refused to include administrative proceedings within the definition of "court." [*Sierra Club v. Chevron U.S.A., Inc.,* 834 F.2d 1517, 27 Env't. Rep. Cas. (BNA) 1001, 18 Envtl. L. Rep. 20237 (9th Cir. 1987); *Friends of the Earth v. Consolidated Rail Corp.,* 768 F. 2d 57, 22 Env't. Rep. Cas. (BNA) 2224, 15 Envtl. L. Rep. 20674 (2d Cir. 1985)]
(2) What is the meaning of "diligently prosecuting?" Courts must examine the facts of each case to determine this issue.
(3) When must the EPA Administrator or a state commence an action in order to bar a citizen suit. [*Chesapeake Bay Foundation v. American Recovery Co., Inc.,* 769 F.2d 207, 23 Env't Rep

-13-

**MOTION FOR SUSPENSION OF PLEADINGS FOR 60 DAYS AND OR FOR THE ALTERNATIVE MOTION TO STAY PROCEEDINGS AND OR FOR CONTINUANCE OF ACTION**
Case No. 5:07 - cv- 3686 JW/RS

Cas. (BNA) 1150, 16 Envtl. L. Rep 20056 (4th Cir. 1985)]

(4) What does it mean to "prosecute" the "violation"? *In Knee Deep Cattle Co., Inc. v. Bindana Inv. Co. Ltd.,* 94 F.3d 514, 43 Env't. Rep. Cas. (BNA) 1161, 26 Envtl. L. Rep. 21637 (9th Cir.1996), cert. dismissed, 519 U.S. 1144, 117 S. Ct. 1027, 137 L. Ed. 2d 212 (1997), the Ninth Circuit held that an *administrative* order did not constitute prosecution of a Clean Water Act violation, because the order has been entered before the plaintiff commenced its citizen suit. *In Hudson Riverkeeper Fund, Inc. v. harbor at Hastings Associates,* 917 F. Supp. 251, 44 Env't. Rep. Cas. (BNA) 1465, 26 Envtl. L. Rep. 21120 (S.D. N.Y. 1996), the District Court held that a RCRA citizens' suit was barred by the state's prosecution of the same violations, even though the state's action was not brought under RCRA. *In Interfaith Community Organization v. AlliedSignal, Inc.,* 928 F. Supp. 1339, 26 Envtl. L. Rep. 21551 (D.N.J. 1996), the District Court held that a RCRA citizen suit is not barred by a state's administrative remedial activity; only an action brought under RCRA § 7003 [42 U.S.C.A. § 6973] suffices to bar the citizen's suit.

### b.  RCRA or CERCLA removal action underway

A party may not maintain a RCRA Imminent and Substantial Endangerment Suit if the EPA, the state, or a private party, pursuant to an EPA order has undertaken a removal action under RCRA or CERCLA. [42 U.S.C.A. §6972(b)(2)(B) to (C)]

### c.  Res judicata and collateral estoppel

The court may bar a plaintiff from prosecuting a case where the action is grounded on the same set of operative facts as a privious action by the EPA in which the plaintiff intervened. [See *Supporters to Oppose Pollution, Inc. v. Heritage Group,* 760 F. Supp. 1338, 33 Env't Rep. Cas. (BNA) 1054, 21 Envtl. L. Rep. 21513 (N.D. Ind. 1991), aff'd, 973 F.2d 1320, 35 Env't. Rep. Cas. (BNA) 1531, 23 Fed. R. Serv. 3d 697, 23 Envtl. L. Rep. 20005 (7th Cir. 1992)]

### d.  Mootness

A plaintiff may not maintain a CWA citizen suit for wholly past violations of the act, which are not continuing or recurring. To prevail on the grounds of mootness, however, a defendant must demonstrate that it is absolutely clear that the defendant's alleged wrongful behavior could not reasonably be expected to resume. [*Gwaltney of Smithfield., Ltd., v. Chesapeake Bay Foundation,*

-14-
**MOTION FOR SUSPENSION OF PLEADINGS FOR 60 DAYS AND OR FOR THE ALTERNATIVE MOTION TO STAY PROCEEDINGS AND OR FOR CONTINUANCE OF ACTION**
Case No. 5:07 – cv- 3686 JW/RS

*Inc.,* 484 U.S. 49, 108 S. Ct. 376, 98 L. Ed. 2d 306, 26 Env't Rep. Cas. (BNA) 1857, 9 Fed. R.

Serv. 3d 1029, 18 Envtl. L. Rep. 20142 (1987); but see, *Fried v. Sungard Recovery Services, Inc.,*

916 F. Supp. 465 (E.D. Pa. 1996)] A motion to dismiss for failure to state a claim pursuant to Fed.

R. Civ. P. 12(b)(6) "should not be granted unless it appears beyond a doubt that the plaintiff can

prove no set of facts in support of his claim that would entitle him to relief." *Conley v. Gibson,* 355

U.S.41, 45-46, 2 L. Ed. 2d 80, 78 S. Ct. 99 (1957).

### e. Lack of intent or negligence

Many of the federal environmental laws impose strict liability and authorize courts to levy

fines without regard to the defendant's state of mind. [See for example, 42 U.S.C.A. § 6982 (g)

(RCRA); 33 U.S.C.A. § 1319 (d) (CWA)] Any person engaged in business as an importer or

exporter of fish, wildlife, or plants or violates the ESA, its regulations, or permit issued under it is

strictly liable and may be assessed civil penalties. [16 U.S.C.A. § 1540 (a); see *Newell v.*

*Baldridge*, 548 F. Supp. 39, 13 Envtl. L. Rep. 20476 (W.D. Wash. 1982) (stating that 1978

amendments to ESA made clear that commercial operations are strictly liable under 16 U.S.C.A. §

1540 (a)(1)] However, the government or citizen need not prove that the defendant knew, for

example, that the species he or she was "taking" was endangered or threatened, but only that he or

she intended to take an animal. [See *U.S. v. Nguyen*, 916 F. 2d 1016, 21 Envtl. L. Rep. 20486 (5th

Cir. 1990) (considering meaning of "knowingly" in criminal action against violator of ESA)]

The Clean Water Act provides an "upset" defense to an action for violations of water

pollution permits. A party may establish this defense by demonstrating that a temporary plant

malfunction, often referred to as a facility upset, which was not due to improper operation, caused

the violation.  The burden of proof rests on the defendant, however, to prove that: (1) the permittee

submitted proper notice of the upset; and (4) the permittee complied with the remedial measures

requirements.[40 C.F.R. § 122.41 (n)]

-15-
**MOTION FOR SUSPENSION OF PLEADINGS FOR 60 DAYS AND OR FOR THE ALTERNATIVE
MOTION TO STAY PROCEEDINGS AND OR FOR CONTINUANCE OF ACTION**
Case No. 5:07 – cv- 3686 JW/RS

### f.  Laches

Laches is similar to 'statute of limitations' except is equitable rather than statutory and is a common affirmative defense raised in civil actions whether to assert a right or claim that, together with lapse of time and other circumstances, prejudices an adverse party to assert a claim or right for an unreasonable and unjustified time causing disadvantage to another enforcing his or her right.

### g.  Estoppel; reliance on EPA or state agency

Reliance on representations by the EPA or a state agency that a party may take certain actions or that the agency will not pursue enforcement against specific actions is not a defense to a citizen suit. [See for example, Kitlutsisti *v. ARCO Alaska, Inc.*, 592 F. Supp. 832, 21 Env't. Rep. Cas. (BNA) 1608, 14 Envtl. L. Rep. 20691 (D. Alaska 1984), opinion vacated, appeal dismissed, 782 F. 2d 800, 24 Env't Rep. Cas. (BNA) 1951, 16 Envtl. L. Rep. 20363 (9th Cir. 1986); *Connecticut Fund for Enviornment, Inc. v. Upjohn Co.,* 660 F. Supp. 1397, 26 Env't Rep. Cas. (BNA) 1495, 17 Envtl.L.Rep. 21137 (D. Conn. 1987)]

### h.  Statues or limitations

Five-year statute pursuant to 28 U.S.C. §2462 (limitation on time for court imposition of civil penalties).

## CONCLUSION

Plaintiff respectfully requests an order granting motion for stay on pleadings.

Respectfully submitted,

DATED: May _16_, 2008

AMY L. NILSON
Pro Se Litigant

AMY L. NILSON
Pro Se Litigant

-16-

**MOTION FOR SUSPENSION OF PLEADINGS FOR 60 DAYS AND OR FOR THE ALTERNATIVE MOTION TO STAY PROCEEDINGS AND OR FOR CONTINUANCE OF ACTION**
Case No. 5:07 - cv- 3686 JW/RS