COOPER, WHITE & COOPER LLP
BARRY R. OGILBY (SBN 118133)
  bogilby@cwclaw.com
JILL B. ROWE (SBN 197713)
  jrowe@cwclaw.com
201 California Street, 17th Floor
San Francisco, California 94111
Telephone:    (415) 433-1900
Facsimile:    (415) 433-5530

Attorneys for Defendant KINDER MORGAN
ENERGY PARTNERS, L.P., erroneously sued as
KINDER MORGAN ENERGY PARTNERS INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| AMY L. NILSON,<br><br>    Plaintiff,<br><br>vs.<br><br>KINDER MORGAN ENERGY PARTNERS INC., THE CITY OF SAN JOSE, SAN JOSE WATER COMPANY, SANTA CLARA VALLEY WATER DISTRICT, et al.,<br><br>    Defendants. | CASE NO. C07-03686 JW<br><br>**KINDER MORGAN'S OPPOSITION TO PLAINTIFF'S MOTION FOR SUSPENSION OF PLEADINGS FOR 60 DAYS AND OR FOR THE ALTERNATIVE MOTION TO STAY PROCEEDINGS**<br><br>Date:    July 7, 2008<br>Time:    9:00 a.m.<br>Dept.:    8<br>Judge:   Hon. James Ware |

COOPER, WHITE & COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111

601770.1

C07-03686 JW
KINDER MORGAN'S OPP. TO PLTF'S MTN. FOR SUSPENSION OF PLEADINGS

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ..................................................................................................................1

II. LEGAL AUTHORITIES AND ARGUMENT ....................................................................1

    A.    Plaintiff Cites No Authority Permitting a Stay In Order to Cure Defective Pre-Suit Notice ...........................................................................................................1

    B.    The Supreme Court Expressly Held That a Stay May Not Be Granted in Order to Cure Defective Pre-Suit Notice; Rather, Dismissal is Mandatory ..............2

    C.    Granting a Stay in Order to Cure Defective Notice Would Undermine the Pre-Suit Notice Provisions, Which Are Designed to Avoid Lawsuits Altogether .................................................................................................................2

III. CONCLUSION....................................................................................................................3

COOPER, WHITE
& COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111

601770.1      i      C07-03686 JW
KINDER MORGAN'S OPP. TO PLTF'S MTN. FOR SUSPENSION OF PLEADINGS

**TABLE OF AUTHORITIES**

Page(s)

Cases

*Hallstrom v. Tillamook County,*
    493 U.S. 20 (1989)..........................................................................................................2

*Love v. Pullman Co.*
    (1972) 404 U.S. 522....................................................................................................1, 2

*Washington Trout v. McCain Foods, Inc.,*
    45 F.3d 1351 (9th Cir. 1995) ..........................................................................................2

COOPER, WHITE & COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111

601770.1                                ii                                C07-03686 JW
KINDER MORGAN'S OPP. TO PLTF'S MTN. FOR SUSPENSION OF PLEADINGS

# I.
## INTRODUCTION

After multiple motions to dismiss, and multiple amended pleadings, Plaintiff finally acknowledges that she has failed to comply with the pre-suit notice requirements of the CWA[1] and SDWA[2] under which she sues. But instead of dismissing her claims, Plaintiff seeks a 60-day stay, apparently in the hope that she can cure this fatal defect. She cannot cure, and dismissal is mandatory. Plaintiff cites no authority to support her motion; indeed the sole case she references with respect to a stay is completely inapposite. In fact, the Supreme Court has expressly rejected the notion that a stay may be granted in these circumstances, instead holding that the case must be dismissed. Moreover, a stay would defeat the purpose of the pre-suit notice requirements, which were designed to permit potential defendants to avoid the lawsuit altogether. Plaintiff's request for a stay must be denied.

# II.
## LEGAL AUTHORITIES AND ARGUMENT

**A.   Plaintiff Cites No Authority Permitting a Stay In Order to Cure Defective Pre-Suit Notice**

Out of Plaintiff's sixteen page motion, there is only one discernible sentence relating to the issue of whether a stay is proper. On page 9, line 16-18, Plaintiff states: "'Suspension of proceedings is preferable to dismissal with leave to refile...' 404 U.S. 526-527." However, the case Plaintiff cites, *Love v. Pullman Co.* (1972) 404 U.S. 522, does not contain the purported quote, nor did it hold that a court action may be stayed while the plaintiff attempts to cure defective pre-suit notice. *Love* dealt with administrative procedures for filing employment discrimination claims. Specifically, it held that the Equal Opportunity Employment Commission could hold an administrative claim in abeyance while giving the state agency an opportunity to act

---

[1] Clean Water Act.

[2] Safe Drinking Water Act.

on the claim. In no way did *Love* address the question of whether a federal court action could be stayed because of the plaintiff's failure to comply with pre-suit notice requirements, nor did it address the CWA, the SDWA, or any similar environmental statute. *Love* simply does not support Plaintiff's motion, and Plaintiff cites no authority whatsoever to support a stay.

**B.   The Supreme Court Expressly Held That a Stay May Not Be Granted in Order to Cure Defective Pre-Suit Notice; Rather, Dismissal is Mandatory**

Plaintiff's request for a stay is in fact directly contrary to established law. Specifically, the Court is required to <u>dismiss</u> CWA and SDWA claims if the plaintiff failed to comply with the pre-suit notice requirements, and may not stay the action. In *Hallstrom v. Tillamook County*, 493 U.S. 20, 26 (1989), the Supreme Court expressly rejected the petitioner's contention that pre-suit notice requirements could "be given a flexible or pragmatic construction," and expressly rejected the argument that a lawsuit could be stayed until 60 days after notice was given. "[A] plaintiff may not file suit before fulfilling the 60-day notice requirement. Staying judicial action once the suit has been filed does not honor this prohibition ... we are not at liberty to create an exception where Congress has declined to do so." The Supreme Court thus held that "a district court may not disregard these [60-day notice] requirements at its discretion." *Id.*, at 31. Dismissal is mandatory, where pre-suit notice requirements have not been strictly followed. *Id.*, at 33. *See also, Washington Trout v. McCain Foods, Inc.*, 45 F.3d 1351, 1353 (9th Cir. 1995) (expressly applying *Hallstrom* to the CWA).

**C.   Granting a Stay in Order to Cure Defective Notice Would Undermine the Pre-Suit Notice Provisions, Which Are Designed to Avoid Lawsuits Altogether**

To grant a stay under these circumstances would, moreover, be antithetical to the purposes of the CWA and the SDWA's notice provisions. The Acts' 60-day notice requirements are not mere technical hoops through which a plaintiff must jump on her way to the courthouse. Rather, they are intended to enable the potential defendant to determine what, if anything, it is doing wrong, so that it can take any appropriate corrective actions and thereby avoid a lawsuit altogether. *See, e.g., Washington Trout v. McCain Foods, Inc.*, 45 F.3d 1351, 1353 (9th Cir. 1995)("In practical terms, the notice must be sufficiently specific to inform the alleged violator

COOPER, WHITE & COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111

601770.1                                2                              C07-03686 JW
KINDER MORGAN'S OPP. TO PLTF'S MTN. FOR SUSPENSION OF PLEADINGS

about what it is doing wrong, so that it will know what corrective actions will avert a lawsuit.") Granting Plaintiff's request for a stay would turn the pre-suit notice requirements into mere technicalities, and deprive defendants of the opportunity to avoid citizen suits. The motion for a stay must be denied.

### III.
### CONCLUSION

Plaintiff's failure to comply with the 60-day notice requirements of the CWA and SDWA are fatal to her complaint, and cannot be cured by means of a stay. No authority permits a stay under these circumstances. Quite the contrary, the Supreme Court has specifically held that where a plaintiff has not strictly complied with the pre-suit notice requirements, the action must be dismissed and a stay is improper. Additionally, a stay would defeat the purpose of the pre-suit notice requirements, which were intended to permit potential defendants to avoid the lawsuit altogether. Plaintiff's request for a stay must be denied.

DATED: June 13, 2008

Respectfully submitted,

COOPER, WHITE & COOPER LLP

By: _____Jill B. Rowe_____
Jill B. Rowe
Attorneys for Defendant KINDER MORGAN ENERGY PARTNERS, L.P.

COOPER, WHITE & COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111

601770.1                    3                    C07-03686 JW
KINDER MORGAN'S OPP. TO PLTF'S MTN. FOR SUSPENSION OF PLEADINGS

## PROOF OF SERVICE

I am a resident of the State of California. I am over the age of eighteen years, and not a party to this action. My business address is 201 California Street, Seventeenth Floor, San Francisco, California 94111-5002.

On June 13, 2008, I served the following document(s): **KINDER MORGAN'S OPPOSITION TO PLAINTIFF'S MOTION FOR SUSPENSION OF PLEADINGS FOR 60 DAYS AND OR FOR THE ALTERNATIVE MOTION TO STAY** on each of the parties listed below at the following addresses:

### SEE ATTACHED LIST

**BY ELECTRONIC FILING:** I caused such document(s) to be transmitted Electronically on this date to the offices of the addressee(s).

**BY MAIL:** I am readily familiar with the business practice at my place of business for collection and processing of correspondence for mailing with the United States Postal Service. Correspondence so collected and processed is deposited with the United States Postal Service that same day in the ordinary course of business. On the date specified above, as to each of the parties identified in the above service list, a true copy of the above-referenced document(s) were placed for deposit in the United States Postal Service in a sealed envelope, with postage fully prepaid; and on that same date that envelope was placed for collection in the firm's daily mail processing center, located at San Francisco, California following ordinary business practices.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on June 13, 2008, at San Francisco, California.

_____
Cathie Coyle

COOPER, WHITE & COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111

593271.1

PROOF OF SERVICE    Case No. C07-03686 JW

## SERVICE LIST

**SERVICE VIA FIRST CLASS MAIL**

Amy L. Nilson  
3735 Senter Road  
San Jose, California 95111

**Plaintiff**

Telephone: (408) 401-7924  
Email: listcontent@yahoo.com

**SERVICE VIA ELECTRONIC FILING**

Philip R. Soderquist  
Robert A. Schwartz  
Soderquist Law Offices  
351 California Street, Suite 550  
San Francisco, California 94111

**Attorneys for Defendant**  
**San Jose Water Company**

Telephone: (415) 374-8500  
Facsimile: (415) 394-6390  
Email: raschwartz1@gmail.com

Richard Doyle, City Attorney  
George Rios, Assist. City Attorney  
Margo Laskowska, Deputy City Attorney  
Office of the City Attorney  
200 East Santa Clara Street  
San Jose, California 95113

**Attorneys for Defendant**  
**City of San Jose**

Telephone: (408) 535-1900  
Facsimile: (408) 998-3131  
Email: cao.main@sanjoseca.gov

Thomas S. Brazier  
Jeffrey F. Oneal  
LaMore, Brazier, Riddle & Giampaoli  
1570 The Alameda, Suite 150  
San Jose, California 95126

**Attorneys for Defendant**  
**Santa Clara Valley Water District**

Telephone: (408) 280-6800  
Facsimile: (408) 275-6284  
Email: joneal@lbrg.com  
Tom_Brazier@lbrg.com

COOPER, WHITE & COOPER LLP  
ATTORNEYS AT LAW  
201 CALIFORNIA STREET  
SAN FRANCISCO, CA 94111

593271.1

2  
PROOF OF SERVICE

Case No. C07-03686 JW