Philip R. Soderquist (SBN 125219)
Robert A. Schwartz (SBN 107436)
SODERQUIST LAW OFFICES
351 California Street, Suite 550
San Francisco, CA 94104
Telephone: (415) 374-8500
Facsimile: (415) 394-6390

Attorneys for San Jose Water Company

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| AMY L. NILSON,<br><br>Plaintiff,<br><br>v.<br><br>KINDER MORGAN ENERGY PARTNERS, INC., THE CITY OF SAN JOSE, SAN JOSE WATER COMPANY, SANTA CLARA VALLEY WATER DISTRICT, et al.<br><br>Defendants. | ) | Case No. C07 03686 JW<br><br>**OPPOSITION OF DEFENDANT SAN JOSE WATER COMPANY TO PLAINTIFF'S MOTION FOR SUSPENSION OF PLEADINGS FOR 60 DAYS AND/OR FOR THE ALTERNATIVE MOTION TO STAY PROCEEDINGS**<br><br>**Date: July 7, 2008**<br>**Time: 9:00 a.m.**<br>**Courtroom: 8**<br>**Judge: The Honorable James Ware** |

## I. INTRODUCTION

Finally acknowledging that she has not complied with the 60-day notice provisions of the Clean Water Act or the Safe Drinking Water Act, plaintiff now seeks a stay of these proceedings (or suspension of the pleadings) for 60 days in order to bring her suit in compliance with those statutes, relying on FRCP 12(b)(5). Defendant San Jose Water Company ("SJWC") asserts that the motion should be denied because (1) plaintiff's motion cites no applicable authority authorizing a stay; and (2) a stay would not bring her suit into compliance with the Clean Water Act or the Safe Drinking Water Act notice provisions.

Therefore, plaintiff's motion should be denied.

## II. LEGAL ARGUMENT

### A. Plaintiff cites no authority permitting the stay she requests.

Plaintiff's motion seeks a stay of these proceedings pending compliance with the Clean Water Act and the Safe Drinking Water Act "pursuant to FRCP 12(b)(5)." Motion, p.1:13-14.

Rule 12(b)(5) authorizes filing a motion to dismiss a pleading for "insufficient service of process." Rule 12(b)(5) does not authorize plaintiff to file a motion for a stay of a pending lawsuit for any reason, let alone to cure deficiencies in the plaintiff's own complaint. Despite 16 pages discussing the principles underlying citizen suits to enforce environmental laws, plaintiff cites no other authority to support issuance of the stay she requests.

Without any legal authority, a stay should not be granted and plaintiff's motion should be dismissed.

### B. A stay would not cure plaintiff's non-compliance with the CWA and SDWA citizen suit notice provision.

As set forth in detail in the motions to dismiss filed by SJWC and the other defendants, plaintiff has failed to comply with the 60-day notice requirements of the CWA and SDWA, 33 USC §1365(b) and 33 USC §300j-8(b). These provisions authorize citizen's suits only if the plaintiff gives proper statutory notice of the violation of certain provisions of the CWA or SDWA to the defendant, the State and the EPA Administrator more than 60 days prior to filing a suit regarding those alleged violations.

The purpose of these notice requirements is to insure that the potential defendant will have adequate notice to correct any alleged violations, and to permit the government to file an enforcement action to compel compliance if the potential defendant fails to correct the violation. *Atlantic States Legal Foundation, Inc. v. Stroh Die Casting Co.*, 116 F 3rd 814, 819 (7th Cir. 1997). As stated in *Atlantic States Legal Foundation,* "[i]n practical terms, the notice must be sufficiently specific to inform the alleged violator about what it is doing, so that it will know what corrective actions will avert a lawsuit." *Id.*

These notice requirements are both mandatory and jurisdictional. If a citizen does not

comply with them, her complaint must be dismissed. *Hallstrom v. Tillamook Country,* 493 U.S. 20, 26 (1989); *Washington Trout v. McCain Foods, Inc.,* 45 F 3rd 1351, 1353 (9th Cir. 1995).

In *Hallstrom*, the plaintiffs argued (as plaintiff does by this motion) that compliance with the RCRA citizen's suits notice provisions (identical to the CWA and SDWA provisions) would be satisfied by staying the pending action for 60 days after notice is given. *Hallstrom, supra,* 42 U.S. at 26. The court flatly rejected such an interpretation of the statute because by its plain language "compliance with the 60-day notice provision is a mandatory, not optional, condition precedent for suit." *Id.*

Based on the foregoing, a stay or suspension of the pleadings would not be appropriate in this case because it would violate the express terms of the CWA and SDWA and conflict with the statutory purpose of the notice of limiting citizens' suits to situations where the violator does not take corrective action and the government refuses to enforce violations of environmental statutes.

## III. CONCLUSION

For the foregoing reasons, plaintiff's motion should be denied.

DATED: June 16, 2008

SODERQUIST LAW OFFICES

By: ROBERT A. SCHWARTZ
Attorneys for San Jose Water Company

**PROOF OF SERVICE**

***Nilson v. San Jose Water Co., et al.***

I declare that I am employed in the County of San Francisco, California. I am over the age of eighteen years and not a party to the within cause. My business address is 351 California Street, Suite 550, San Francisco, California 94104.

On the date set forth below, I served the attached

- **Opposition of Defendant San Jose Water Company to Plaintiff's Motion for Suspension of Pleadings for 60 days and/or for the Alternative Motion to Stay Proceedings**

on the following interested parties in said cause:

**SEE ATTACHED LIST**

☒ **BY ELECTRONIC FILING** I caused such document(s) to be transmitted Electronically on this date to the offices of the addressee(s).

☒ **VIA MAIL** By placing a true copy thereof enclosed in a sealed envelope(s), addressed as above, and depositing for collection and mailing. I am readily familiar with my firm's business practice of collection and processing correspondence for mailing, and correspondence placed for collection and mailing would be deposited with the United States Postal Service at San Francisco, California, with postage thereon fully prepaid, that same day in the ordinary course of business.

☐ **VIA OVERNIGHT MAIL/COURIER** By placing a true copy thereof enclosed in a sealed envelope(s), addressed as above, and depositing for collection by overnight mail or courier service. I am readily familiar with my firm's business practice of collection and processing correspondence for overnight delivery, and correspondence placed for collection would be delivered to an agent of the overnight mail or courier service authorized to receive documents, with delivery fees paid or provided for, that same day, for delivery on the following business day.

☐ **VIA FACSIMILE** By sending a facsimile transmission thereof to the above-listed facsimile number(s) prior to 5:00 p.m. The facsimile transmission was reported complete and without error.

☐ **VIA HAND DELIVERY** By placing a true copy thereof enclosed in a sealed envelope(s), addressed as above, and causing each envelope(s) to be hand-delivered that same day.

I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed on **June 16, 2008** at San Francisco, California.

Judy Hunter

**SERVICE LIST**

By Mail:

| | |
|---|---|
| Amy L. Nilson<br>3735 Senter Road<br>San Jose, CA 95111 | **Plaintiff** |

By Electronic Filing:

| | |
|---|---|
| Barry R. Ogilby<br>Jill B. Rowe<br>Cooper, White & Cooper LLP<br>201 California Street, 17th Floor<br>San Francisco, CA 94111 | **Attorneys for Defendant<br>Kinder Morgan Energy Partners, LP** |
| Richard Doyle, City Attorney<br>George Rios, Assist. City Attorney<br>Margo Laskowska, Deputy City Attorney<br>Office of the City Attorney<br>200 East Santa Clara Street<br>San Jose, CA 95113 | **Attorneys for Defendant<br>City of San Jose** |
| Thomas S. Brazier<br>Jeffrey F. Oneal<br>LaMore, Brazier, Riddle & Giampaoli<br>1570 The Alameda, Suite 150<br>San Jose, CA 95126 | **Attorneys for Defendant<br>Santa Clara Valley Water District** |