Philip R. Soderquist (SBN 125219)
Robert A. Schwartz (SBN 107436)
SODERQUIST LAW OFFICES
351 California Street, Suite 550
San Francisco, CA 94104
Telephone: (415) 374-8500
Facsimile: (415) 394-6390

Attorneys for San Jose Water Company

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMY L. NILSON,<br><br>  Plaintiff,<br><br>v.<br><br>KINDER MORGAN ENERGY PARTNERS, INC., THE CITY OF SAN JOSE, SAN JOSE WATER COMPANY, SANTA CLARA VALLEY WATER DISTRICT, et al.,<br><br>  Defendants. | Case No. C07 03686 JW<br><br>**DEFENDANT SAN JOSE WATER COMPANY'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS THIRD AMENDED COMPLAINT [FRCP 12(b)(6)] AND MOTION FOR A MORE DEFINITE STATEMENT [FRCP 12(e)]**<br><br>Date: July 7, 2008<br>Time: 9:00 a.m.<br>Courtroom: 8<br>Judge: The Honorable James Ware |

## I.  INTRODUCTION

Plaintiff's Opposition to Defendants' Motions to Dismiss Third Amended Complaint ("TAC") does not coherently address the arguments raised by defendant San Jose Water Company ("SJWC") in its motion to dismiss, does not explain how the TAC states a cognizable legal theory and is as unintelligible as plaintiff's prior filings in this action. Given plaintiff's failure to state a claim for relief despite having been given abundant opportunities to do so, SJWC asserts that its motion should be granted and plaintiff's TAC dismissed without leave to amend.

-1-
**DEFENDANT SAN JOSE WATER COMPANY'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS THIRD AMENDED COMPLAINT [FRCP 12(b)(6)] AND MOTION FOR A MORE DEFINITE STATEMENT [FRCP 12(e)]**

## II. ARGUMENT

**A. Plaintiff's Opposition is unintelligible and does not explain how her TAC states a cognizable legal theory.**

In this motion and defendants' prior motions, defendants have raised the issue of their inability to respond to plaintiff's pleadings because they are incomprehensible and unintelligible. Plaintiff's current Opposition is as unintelligible as the TAC, and plaintiff's prior complaints and oppositions.

For the most part, the Opposition addresses legal issues and topics not relevant to her lawsuit or SJWC's motion to dismiss. For example, the Opposition refers to peremptory challenges (Opposition, p. 3:11), dismissals under California Code of Civil Procedure §581 (Opposition, p. 3:15-24), takings by public entities (Opposition, p. 5:3-6:27), habeaus corpus (Opposition, p. 7:15), summary judgment under FRCP 56 (Opposition, p. 7:1-13, 9:12-15 and 12:25), along with numerous citations to other irrelevant authority.

SJWC is mentioned only twice. The first reference is unintelligible (Opposition, p. 13-24-14:3) and the second reference merely states that "the notice of intent to sue was ignored by [SJWC] ..." (Opposition, p. 14:7-10). SJWC cannot meaningfully reply to the arguments in plaintiff's Opposition and it does not cure the deficiencies in the TAC.

**B. Plaintiff does not refute the defenses raised by SJWC.**

In its Opposition, SJWC raised four arguments in addition to discussing the TAC's overall unintelligibility. As explained below, plaintiff does not address the defenses raised in SJWC's motion to dismiss.

**1. Plaintiff's lack of standing.**

SJWC's first argument is plaintiff's lack of standing to assert Count One of the TAC against SJWC, which is based on SJWC's alleged failure to provide plaintiff with information regarding her claims of contamination of the public water system.

Plaintiff does not even address her lack of standing under the statutory authority she cites for Count One, 42 USC §300g-j-4. Instead plaintiff makes some vague assertions that the

-2-
**DEFENDANT SAN JOSE WATER COMPANY'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS THIRD AMENDED COMPLAINT [FRCP 12(b)(6)] AND MOTION FOR A MORE DEFINITE STATEMENT [FRCP 12(e)]**

defendants violated the public's right under the Clean Water Act to know of contamination of publically owned treatment works and any activity which may result in a discharge of pollutants (Opposition, p. 10:10-22), and states that "the notice of intent to sue was ignored by San Jose Water Co...." (Opposition, p. 14:7). Plaintiff does not address SJWC's argument that even if her contentions are true, there is no authority in the CWA for bringing a citizen's suit regarding her allegations. Plaintiff has no standing to assert Count One.

### 2. No authority for award of damages.

SJWC's second argument is that neither the CWA nor the SDWA authorize recovery of damages for personal injuries or allow recovery of other damages or penalties by a citizen's suit plaintiff.

Plaintiff's Opposition does not address this argument except to state that she is seeking "to secure a setting of attorney fees in light of a prejudicial withdrawal or dismissal of the Complaint." (Opposition, p. 3:5-6.) It appears that plaintiff is seeking attorney's fees solely in the event that her Complaint is dismissed, on the grounds that this would violate her constitutional rights. (Opposition, p. 3:7-8.) Plaintiff does not deny that the TAC seeks only civil penalties and damages for personal injuries. Therefore, plaintiff has no valid claim under the CWA or SDWA.

### 3. No facts to support negligence claim.

SJWC's third argument is that it cannot be liable under Count Three of the TAC for negligence because the TAC only alleges (1) that SJWC supplied water to defendant Kinder Morgan, which then somehow released contaminated water into the sewer system or publically owned treatment works (see, e.g., TAC, p. 4:20-22 and 6:18-21), and (2) that plaintiff was "adversely affected" by "the odor or appearance of tap water ...." (TAC, p. 3:10.) These allegations do not show the "duty" or "causation" elements of a negligence claim. However, plaintiff's Opposition does not address this argument; consequently, Count Three fails.

### 4. Lack of compliance with notice requirements.

SJWC's fourth argument concerns plaintiff's failure to allege compliance with the notice

-3-

1 | requirements of the CWA and SDWA, 33 U.S.C. §1365(e) and 33 U.S.C. §300j-8(b). Plaintiff discusses this issue only in her motion for stay of proceedings, not in her Opposition. SJWC's argument on this issue is set forth in its Opposition to Plaintiff's Motion for Stay, filed June 16, 2008. Plaintiff's motion for a stay concedes her failure to properly comply with the notice requirements. Under *Halsstrom v. Tillamook County,* 493 U.S. 20, 26 (1989) and *Washington Trout v. McCain Foods,* 45 F3rd 1351, 1353 (9th Cir. 1995), her suit must therefore be dismissed.

### III.   CONCLUSION

For all the reasons set forth in SJWC's motion and this reply, SJWC respectfully asserts that its motion be granted and that plaintiff's Third Amended Complaint be dismissed without leave to amend.

DATED:   June 23, 2008

SODERQUIST LAW OFFICES

By: _____
    ROBERT A. SCHWARTZ
    Attorneys for San Jose Water Company

-4-

DEFENDANT SAN JOSE WATER COMPANY'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS THIRD AMENDED COMPLAINT [FRCP 12(b)(6)] AND MOTION FOR A MORE DEFINITE STATEMENT [FRCP 12(e)]

# PROOF OF SERVICE

*Nilson v. San Jose Water Co., et al.*

I declare that I am employed in the County of San Francisco, California. I am over the age of eighteen years and not a party to the within cause. My business address is 351 California Street, Suite 550, San Francisco, California 94104.

On the date set forth below, I served the attached

**Defendant San Jose Water Company's Reply Memorandum in Support of Motion to Dismiss Third Amended Complaint [FRCP 12(b)(6)] and Motion for a More Definite Statement [FRCP 12(e)]**

on the following interested parties in said cause:

### SEE ATTACHED LIST

☒ **BY ELECTRONIC FILING** I caused such document(s) to be transmitted Electronically on this date to the offices of the addressee(s).

☒ **VIA MAIL** By placing a true copy thereof enclosed in a sealed envelope(s), addressed as above, and depositing for collection and mailing. I am readily familiar with my firm's business practice of collection and processing correspondence for mailing, and correspondence placed for collection and mailing would be deposited with the United States Postal Service at San Francisco, California, with postage thereon fully prepaid, that same day in the ordinary course of business.

☐ **VIA OVERNIGHT MAIL/COURIER** By placing a true copy thereof enclosed in a sealed envelope(s), addressed as above, and depositing for collection by overnight mail or courier service. I am readily familiar with my firm's business practice of collection and processing correspondence for overnight delivery, and correspondence placed for collection would be delivered to an agent of the overnight mail or courier service authorized to receive documents, with delivery fees paid or provided for, that same day, for delivery on the following business day.

☐ **VIA FACSIMILE** By sending a facsimile transmission thereof to the above-listed facsimile number(s) prior to 5:00 p.m. The facsimile transmission was reported complete and without error.

☐ **VIA HAND DELIVERY** By placing a true copy thereof enclosed in a sealed envelope(s), addressed as above, and causing each envelope(s) to be hand-delivered that same day.

I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed on **June 23, 2008** at San Francisco, California.

_____
Judy Hunter

## SERVICE LIST

<u>By Mail:</u>

Amy L. Nilson  **Plaintiff**
3735 Senter Road
San Jose, CA  95111

<u>By Electronic Filing:</u>

Barry R. Ogilby  **Attorneys for Defendant**
Jill B. Rowe  **Kinder Morgan Energy Partners, LP**
Cooper, White & Cooper LLP
201 California Street, 17th Floor
San Francisco, CA  94111

Richard Doyle, City Attorney  **Attorneys for Defendant**
George Rios, Assist. City Attorney  **City of San Jose**
Margo Laskowska, Deputy City Attorney
Office of the City Attorney
200 East Santa Clara Street
San Jose, CA  95113

Thomas S. Brazier  **Attorneys for Defendant**
Jeffrey F. Oneal  **Santa Clara Valley Water District**
LaMore, Brazier, Riddle & Giampaoli
1570 The Alameda, Suite 150
San Jose, CA  95126