AMY L. NILSON
Address: 3735 Senter Road
San Jose, CA 95111
Tel: (408) 401-7924
Email: listcontent@yahoo.com

Attorneys for :
Pro Se

FILED

2008 JUN 23 P 2: 01

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMY L. NILSON<br><br>          Plaintiff,<br><br>     V<br><br>KINDER MORGAN ENERGY PARTNERS L.P., THE CITY OF SAN JOSE, SAN JOSE WATER COMPANY, SANTA CLARA VALLEY WATER DISTRICT. ET AL.<br><br>          Defendants. | Case No. C07 -03686 JW<br><br>**PERSONAL INJURY**<br><br>**COMPLAINT FOR INJUNCTIVE AS WELL AS EQUITABLE RELIEF, COSTS, AND CIVIL PENALTIES AND OR FOR DAMAGES FOR FAILURE TO PERFORM NONDISCRETIONARY DUTY UNDER THE WATER POLLUTION CONTROL ACT**<br><br>[Eleventh Amendment of the United States Constitution;<br>28 U.S.C. §1331 et seq.;<br>33 U.S.C. § 1251 et seq.;<br>33 U.S.C §1365 et seq.;<br>33 U.S.C. § 1391 et seq.;<br>42 U.S.C.§§ 300f et. seq.;<br>42 U.S.C. §7401 et seq.] |

## PRELIMINARY SATEMENT

-1-

1. Plaintiff institutes this action for actual damages, statutory damages, attorneys fees, and the costs of this action against defendant Kinder Morgan Energy Partners LP., City of San Jose, Santa Clara valley Water District, and San Jose Water Company, for multiple violations under (33 U.S.C. 1251 *et seq.*), Safe Drinking Water Act (42 U.S.C. 300f *et seq.*), Clean Air Act (42 U.S.C. 7401 *et seq.*) et seq., and 28 U.S.C. §1331, promulgated pursuant thereto, Federal Water Pollution Control Act, section 307(d) of the Act Ch. 40 C.F.R. § 403.5(d), and for violations of section CAA 42 U.S.C §7604 Ch. 40 CFR §60.500, and/ or Section 402, 33 U.S.C. § 1342 Ch. 40 CFR § 403.8, and under 33 U.S.C. §1365, Ch. 40 CFR §63.654, pursuant under Cal. Health and Safety Codes Sections 106875 - 106910.

## JURISDICTION

2. This court has authority of this action pursuant the Clean Water Act 33 U.S.C. §§1342(7), "To abate violations of the permit or the permit program, including civil and criminal penalties and other ways and means of enforcement".

3. This Court has authority to grant injunctive as well as equitable relief, costs, and civil penalties pursuant to the Clean Water Act 33 U.S.C. §1391(b) and (c)(1).

4. This Court has authority to impose on the violator 33 U.S.C. Sec. 1319(d) to require courts to take account of certain specified factors when determining civil penalty award for each day in which such violation occurs, and or for any other just matters deemed appropriate.

5. This Court has authority to impose on the violator a civil penalty for each day in which such violation occurs under the CWA, SDWA, and CAA pursuant under the authority of 40 CFR 19.4.

## VENUE

6. Venue is properly laid in this district.

## PARTIES

Plaintiff as pro se litigant, complains and alleges a cause of action as follows:

-2-
**PERSONAL INJURY COMPLAINT FOR INJUNCTIVE AS WELL AS EQUITABLE RELIEF, COSTS, AND CIVIL PENALTIES AND OR FOR DAMAGES FOR FAILURE TO PERFORM NONDISCRETIONARY DUTY UNDER THE WATER POLLUTION CONTROL ACT - Case No. 5:07 - cv- 3686 JW/RS**

7. Plaintiff Amy L. Nilson is an individual and has resided at 2151 Casa Del Largo spc. #550, City of San Jose, State of California at all times pertinent hereto.

8. Defendant Kinder Morgan Energy Partners LP ("San Jose Terminal") is a corporation duly organized and licensed to do business in the State of California. Defendant has its principle place of business at 2150 Kruse Drive, County of Santa Clara, State of California.

9. Defendants Kinder Morgan Energy Partners LP is the owner of real property located at 2150 Kruse Drive, County of Santa Clara, State of California.

Defendants City of San Jose ("Environmental Services") is a public entity duly organized and licensed to do business in the State of California. Defendant has its principle place of business at San Jose City Hall, 200 East Santa Clara Street, County of Santa Clara, State of California.

10. Defendants City of San Jose is a public entity that authorizes Temporary and National Pollution Discharge Elimination System Permits under the Clean Water Act Section 402 establishing stormwater pollution programs.

11. Defendants City of San Jose is a public entity that is held under the Brown Act 54957.5. (a) Notwithstanding Section 6255 or any other provisions of law, agendas of public meetings and any other writings, when distributed to all, or a majority of all, of the members of a legislative body of a local agency by any person in connection with a matter subject to discussion or consideration at a public meeting of the body, are disclosable public records under the California Public Records Act (Chapter 3.5 (commencing with Section 6250) of Division 7 of Title 1), and shall be made available upon request without delay.

12. Defendants City of San Jose ("Environmental Services") as a public agency and must conform to the openness provisions of the Brown Act, by posting announcements of council meetings and proposed agenda notices.

13. Defendants San Jose Water Company is a corporation duly organized and licensed to do

business in the State of California. Defendant has its principle place of business at 110 W. Taylor Street, County of Santa Clara, State of California.

14. Defendants San Jose Water Company is the owner of water pollution control facilities located adjacent 2150 Kruse Drive, County of Santa Clara, State of California.

15. Defendants Santa Clara Valley Water District is a public entity that authorizes Temporary and National Pollution Discharge Elimination System Permits under the Clean Water Act Section 402 establishing stormwater pollution programs.

Defendants Santa Clara Valley Water District is a public entity duly organized and licensed to do business in the State of California.

16. Defendants Santa Clara Valley Water District has its principle place of business at 5700 Almaden Expressway, County of Santa Clara, State of California.

17. Defendants Santa Clara Valley Water District acts as a groundwater management agency under California Water Code Appendix Ch. 60, *multi-function* (e.g., surface water sales and creek management) including ("Coyote Creek Flood Control Channel").

18. Defendants Santa Clara Valley Water District as a special district must conform to the openness provisions under the Brown Act 54957.5. (a) Notwithstanding Section 6255 or any other provisions of law, agendas of public meetings and any other writings, when distributed to all, or a majority of all, of the members of a legislative body of a local agency by any person in connection with a matter subject to discussion or consideration at a public meeting of the body, are disclosable public records under the California Public Records Act (Chapter 3.5 (commencing with Section 6250) of Division 7 of Title 1), and shall be made available upon request without delay, by posting announcements of district meetings and proposed agenda notices.

## GENERAL ALLEGATIONS
[Violation under Water Pollution Control Act (1983)]

-4-

19. Plaintiff is informed and believes that defendant Kinder Morgan Energy Partners LP operates a fuel terminal located at 2150 Kruse Drive, in City of San Jose, California under a yearly temporary permit in violation of its issuance of NPDES permit issued by the City of San Jose, and Santa Clara Valley Water District pursuant to its authority under [33 U.S.C. § 1251 Clean Water Act (treatment of a water recycling facility), owned and operated by the San Jose Water Company. Plaintiff further believes that violations under the Act are likely to continue and/ or recur.

20. Plaintiff is informed and believes that beginning on or about January 2006 and continuing through at least November 2007, defendant Kinder Morgan Energy Partners LP ("San Jose terminal") did dump gasoline waste products into Publicly Owned Treatment Works, and or by failure to comply with its NPDES permit, did expose the plaintiff to (gasoline waste products, MTBE, VOC's), and or $CO^2$ emissions in violation of 40 CFR §63.654(i) oxidizing organic hazardous air pollutants, pursuant the Clean Air Act 42 U.S.C. § 7408(a)(1)(A) which contributed to air pollution which endangered the plaintiff and that of the public health and welfare of the community. Plaintiff further believes that the violation is likely to continue and/ or recur.

21. Plaintiff is informed and believes that continuing from January 2006 – November 2007 the San Jose Water Company wastewater treatment facilities use of aerobic processes/ and or in conjunction with aerobic processes did expose the plaintiff to (MTBE and or/ VOC's) in violation of the Clean Water Act 33 U.S.C. § 1321. Plaintiff further believes that the violation is likely to continue and/ or recur.

22. Plaintiff is informed and believes that the Santa Clara Valley Water District acts under Cal. Civ. Code Sec. 13304 as a groundwater management agency, and or acts as a flood protection agency failed to ensure adequate supply of clean and safe water for homes and business situated along adjacent industrial sites under Cal. Health and Safety Code § 106875-106910 et. seq., causing or allowing the

violation of waste discharge requirements or permits issued pursuant to the Federal Water Pollution Control Act (33 U.S.C. Sec. 1251 et). Plaintiff further believes that the violation is likely to continue and/ or recur.

23.  Plaintiff is informed and believes that the City of San Jose ("Environmental Department") willfully or negligently violating or causing or allowing Kinder Morgan Energy Partners LP to violate waste discharge requirements or permits issued pursuant to the Federal Water Pollution Control Act (33 U.S.C. Sec. 1251 et seq.) while operating a water recycling treatment plant. Plaintiff further believes that the violation is likely to continue and/ or recur.

24.  Plaintiff is informed and believes that the San Jose Water Company willfully or negligently violating or causing or allowing Kinder Morgan Energy Partners LP to violate waste discharge requirements or permits issued pursuant to the Federal Water Pollution Control Act (33 U.S.C. Sec. 1251 et seq.) while operating a (water recycling treatment plant/ and or tertiary : occurring in or being a third stage: as a: being or relating to the recovery of oil and gas from old wells by means of the underground application of heat and chemicals b: being or relating to the purification of wastewater by removal of carbon, VOC's, fine particles, nitrates, and phosphates etc.). Plaintiff further believes that the violation of the community is likely to continue and/ or recur.

25.  As a direct and proximate result of defendants' conduct, Amy L. Nilson has been injured in that the plaintiff was hospitalized for seven days due to severe mental distress and severe carbon dioxide poisoning effecting muscles by causing a twitching sensation in the neck, arms and leg muscles, and severe pain in kidneys from the time of noticed injuries on or before May of 2006 – July 2008. Plaintiff further believes that the violation of human health and welfare of the community is likely to continue and/ or recur.

//

//

-6-
PERSONAL INJURY COMPLAINT FOR INJUNCTIVE AS WELL AS EQUITABLE RELIEF, COSTS, AND CIVIL PENALTIES AND OR FOR DAMAGES FOR FAILURE TO PERFORM NONDISCRETIONARY DUTY UNDER THE CLEAN WATER, SAFE DRINKING WATER, AND CLEAN AIR ACTS - Case No. 5:07 - cv- 3686 JW/RS

26. As a direct and proximate result of defendants' conduct, Amy L. Nilson has been injured in that the plaintiff has experienced severe nausea and symptoms exhibiting vomiting, from Carbon Dioxide Poisoning and (VOC's), on or before recurring symptoms were recognized by plaintiff as such on or before May of 2006 – July of 2008. Plaintiff further believes that the violation of human health and welfare of the community is likely to continue and/ or recur.

27. As a direct and proximate result of defendants' conduct, Amy L. Nilson has been injured in that the plaintiff has experienced and did development infection on the skin areas, discharge from (mullet seed size opening) on the right breast, severe sensitivity and pain from lymph nodes and breast tissue and skin on the plaintiff's body caused by carbon dioxide combining with hemoglobin, the red blood pigment to form pink carboxyhemoglobin on or before May of 2006 – April of 2008. Plaintiff further believes that the violation of human health and welfare of the community is likely to continue and/ or recur.

28. As a direct and proximate result of defendants' conduct, Amy L. Nilson has been injured in that the plaintiff has experienced increased medical costs for Ambulance Services, Hospitalization and for services rendered by Stanford Medical Clinics for Heavy Metal Toxic Blood Poisoning Test, Mammography, Emergency Room, and Out Patient Care on or before May of 2006 - January of 2008. Plaintiff further believes that the violation of human health and welfare of the community is likely to continue and/ or recur.

## NOTICE OF INTENT TO SUE
### [Violations Under the Clean Air, and Clean Water Acts]

29. On July 8, 2008, plaintiff served defendants with a NOTICE OF INTENT TO FILE SUIT UNDER CLEAN AIR, CLEAN WATER AND SAFE DRINKING WATER ACTS by method of certified mail, and return notification requested to any alleged violator of the standard, limitation, or order, and copies of the notice were mailed to the Regional Environmental Protection Agency, State

-7-
PERSONAL INJURY COMPLAINT FOR INJUNCTIVE AS WELL AS EQUITABLE RELIEF, COSTS, AND CIVIL PENALTIES AND OR FOR DAMAGES FOR FAILURE TO PERFORM NONDISCRETIONARY DUTY UNDER THE CLEAN WATER, SAFE DRINKING WATER, AND CLEAN AIR ACTS - Case No. 5:07 - cv- 3686 JW/RS

Environmental Protection Agency, Federal Environmental Protection Agency Administrators, and United States Attorney General and State Attorney General in accordance by method of certified mail, and return notification requested under 40 CFR Part 403 section 505 of the Clean Water Act (33 U.S.C. §1365(b)(2)), and 40 CFR Part 54.2 section 304 of the Clean Air Act (42 U.S.C. 7604(b)) of the Safe Drinking Water Act [42 U.S.C. § 300g–3] Chapter 40 CFR Part 122.49 et seq.

30. Plaintiff is not aware of any action taken on behalf of the United States, any federal agency, the State of California, or any state agency to prosecute an action under the Clean Air Act, and Clean Water Act and or Safe Drinking Water Act against defendants relating to any conduct, event, alternatively, condition described herein.

### FIRST CLAIM FOR RELIEF
[Violations under Clean Water Act ("CWA") 33 U.S.C. § 1365]

31. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 – 31 as though fully set forth.

32. Upon information and belief, the conduct of the defendants City of San Jose and Santa Clara Valley Water District pursuant to section 505(a)(1)(A) of the Clean Water Act ("CWA"). 33 U.S.C. § 1365(a)(1)(A), alleged to be in violation of (A) an effluent standard or limitation under 307(d) of the CWA for failure to comply with the pretreatment standards set forth in its Industrial User Discharge Permit, issued by the local publicly owned treatment works facility ("POTW").

33. Upon information and belief, the conduct of the defendants Kinder Morgan Energy Partners LP has caused pollutants, which create a fire or explosion hazard in the POTW, violations including, but not limited to, wastestreams with a closed cup flashpoint of less than 140 degrees Fahrenheit or 60 degrees Centigrade using the test methods.

34. Upon information and belief, the conduct of defendant Kinder Morgan Energy Partners LP pollutants with pH levels lower or higher than standard limitations.

35. Upon information and belief, the conduct of defendant Kinder Morgan Energy Partners LP Pollutants that result in the presence of MTBE's, VOC's, gasoline vapors, or toxic fumes within the POTW in a quantity that has caused health and safety violations. Plaintiff further believes that the violation of human health and welfare of the community is likely to continue and/ or recur.

## SECOND CLAIM FOR RELIEF
### [Violations under Clean Air Act 42 U.S.C. § 7408(a)(1)(A)]

36. Plaintiff repeats and realleges each and every allegation contained in paragraphs 32 – 36 as though fully set forth.

37. Kinder Morgan Energy Partners LP did cause or allow the violation of the [Clean Air Act U.S.C. § 7408(a)(1)(A)] which contributed to air pollution which endangered the plaintiff and that of the public health and welfare of the community by failure to remain in compliance with environmental standards at all times, including periods of startup, shutdown, and malfunction. Kinder Morgan Energy Partners LP did cause or allow the violation of standards of performance for bulk gasoline terminals to the extent practicable to maintain and operate any equipment including associated to air pollution control equipment, in a manner consistent with good air pollution control practice for minimizing emissions of (MTBE/ VOC) products. Plaintiff further believes that the violation is likely to continue and/ or recur.

38. Kinder Morgan Energy Partners LP did cause or allow the violation of standards of performance of emissions to the atmosphere from the vapor collection and processing systems, which receives gasoline by pipeline, and or loading of gasoline "cargo tanks" by exceeding 10 milligrams of total organic compounds per liter of gasoline loaded. Plaintiff further believes that the violation is likely to continue and/ or recur.

## THIRD CLAIM FOR RELIEF
### [Failure to perform nondiscretionary duty under the Clean Air Act U.S.C. § 7408(a)(1)(A)]

39. Plaintiff repeats and realleges each and every allegation contained in paragraphs 37 – 39 as though fully set forth.

40. Upon information and belief, the conduct of the defendants the City of San Jose did cause or allow the violation of the [Clean Air Act U.S.C. § 7408(a)(1)(A)] which contributed to air pollution (which endangered the plaintiff) and that of the public health and welfare of the community through (B) a technological system for continuous reduction of the pollution generated by a source before such pollution is emitted into the ambient air, including precombustion cleaning or treatment of (MTBE) fuels. Plaintiff further believes that the violation is likely to continue and/ or recur.

41. Upon information and belief, the conduct of the defendants the Kinder Morgan Energy Partners LP did cause or allow the violation of the [Clean Air Act U.S.C. § 7408(a)(1)(A)] which contributed to air pollution (which endangered the plaintiff) and that of the public health and welfare of the community by relative contribution to air pollution concentrations of natural as well as anthropogenic (environmental externalities in the form of chemical or biological wastes that are produced as by-products) of otherwise purposeful human activity. Plaintiff further believes that the violation is likely to continue and/ or recur.

**FOURTH CLAIM FOR RELIEF**
**[Failure to perform nondiscretionary duty under the Clean Water Act 33 U.S.C. §1251 et. seq.]**

42. Plaintiff repeats and realleges each and every allegation contained in paragraphs 40 – 42 as though fully set forth.

43. Upon information and belief, the conduct of the Defendants Santa Clara Valley Water District willfully or negligently violating or causing or allowing the violation of waste discharge requirements or permits issued pursuant restoration and maintenance of chemical, physical and biological integrity of Nation's waters.

44. Upon information and belief, the conduct of the Defendants Santa Clara Valley Water

-10-

45. District willfully or negligently failed to develop technology necessary to eliminate the discharge of pollutants into the navigable waters, waters of the contiguous zone, and to control both point and nonpoint sources of pollution.

46. Upon information and belief, the conduct of the Defendants Santa Clara Valley Water District willfully or negligently failed to taking into consideration the complexity and size classification of distribution of community water systems and nontransient noncommunity water systems.

47. Upon information and belief, the conduct of the Defendants San Jose Water Company willfully or negligently causing or allowing the violation of waste discharge requirements or permits issued pursuant to the Federal Water Pollution Control Act (33 U.S.C. Sec. 1251 et seq.) to exceed its operating capacity while operating a water recycling treatment plant.

48. Upon information and belief, the conduct of the Defendants San Jose Water Company willfully or negligently violated and/ or causing or allowing the violation to perform operating duties properly in a water distribution system, that receives and further treats secondary and/or effluent from a wastewater treatment plant.

49. Upon information and belief, the conduct of the Defendants San Jose Water Company willfully or negligently failed to perform operating duties properly in a water treatment plant and/ or water recycling treatment plant.

50. Upon information and belief, the conduct of the Defendants San Jose Water Company willfully or negligently failed to take into consideration the plant size, character of the water being treated, type and degree of treatment, complexity of operation, and other physical conditions affecting the operation of the water treatment plant.

51. Upon information and belief, the conduct of the Defendants City of San Jose willfully or

negligently operated or supervised the operation of a water treatment plant and/ or water recycling treatment plant.

52.  Upon information and belief, the conduct of the Defendants City of San Jose willfully or negligently failed to use reasonable care or judgment in the operation or supervision of the operation of a water treatment plant and/ or water recycling treatment plant.

53.  Upon information and belief, the conduct of the Defendants City of San Jose failed to meet all requirements for certificate renewal of temporary permits provided to Kinder Morgan Energy Partners LP. (B) a technological system for continuous reduction of the pollution generated by a source before such pollution is emitted into the ambient air, including precombustion cleaning or treatment of (MTBE) fuels.

### FIFTH CLAIM FOR RELIEF
[Personal Injury Carbon Dioxide, MTBE and or VOC Poisoning]

54.  Plaintiff repeats and realleges each and every allegation contained in paragraphs 44 – 52 as though fully set forth.

55.  As a direct and proximate result of defendants' conduct, Amy L. Nilson has been injured in that the plaintiff was hospitalized for seven days due to severe mental distress and severe carbon dioxide poisoning effecting muscles by causing a twitching sensation in the neck, arms and leg muscles, and severe pain in kidneys from the time of noticed injuries on or before May of 2006 – July 2008.

56.  As a direct and proximate result of defendants' conduct, Amy L. Nilson has been injured in that the plaintiff has experienced severe nausea and symptoms exhibiting vomiting, from Carbon Dioxide Poisoning, MTBE and (VOC's), on or before recurring symptoms were recognized by plaintiff as such on or before May of 2006 – July of 2008. Plaintiff further believes that the violation of human health and welfare of the community is likely to continue and/ or recur.

-12-

   (ii) compliance with the provisions of the Freedom of Information Act (FOIA) and Privacy Act (2002), §38:37 of the Act requires that each agency, in accordance with published rules, make available for public inspection and copying (under the meaning of 5 U.S.C.A. 552(a) (2) 2002).

   (iii) production of materials and information wrongfully withheld from the Plaintiff by the San Jose Water Company, for production of documents describing the level of contaminates of water samples from secondary treatment stage;

   (iv) and or for documents provided by the Santa Clara Valley Water District, determination of water samples from Coyote Creek Montague Expressway;

  c. compliance with the provisions of the Water Pollution Control Act (1983).

2. Penalties: $25,000/day for a violation pursuant under 33 U.S.C. §1319(c) in those determining civil penalties, the court will consider:

  a. seriousness of the violation under NPDES permits;
  b. abatement process under "Temporary Permits";
  c. Environmental Impact to Surrounding Area;
  d. Failure to insure safety features used in good-faith efforts to achieve compliance with (NPDES) permit applications;
  e. economic impacts of violation; and
  f. such other matters as justice may require.

3. Costs: Court may award to Plaintiff citizen the costs of litigation (including reasonable attorney and expert witness fees) to any prevailing or prevailing party.

4. Damages: to be established at pre-trial investigation and trial for actual and/ or future damages according to proof, and/ or award of such damages.

5. Other relief as the Court may deem just and proper.

DATED: _____, 2008    AMY L. NILSON

               /s/_____
               AMY L. NILSON
               Pro Se

## DEMAND FOR JURY TRIAL

PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES

DATED: _____, 2008                AMY L. NILSON

/s/_____
AMY L. NILSON
Pro Se

---

-15-

**PERSONAL INJURY COMPLAINT FOR INJUNCTIVE AS WELL AS EQUITABLE RELIEF, COSTS, AND CIVIL PENALTIES AND OR FOR DAMAGES FOR FAILURE TO PERFORM NONDISCRETIONARY DUTY UNDER THE CLEAN WATER, SAFE DRINKING WATER, AND CLEAN AIR ACTS - Case No. 5:07 - cv- 3686 JW/RS**