**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8                    IN THE UNITED STATES DISTRICT COURT
9                  FOR THE NORTHERN DISTRICT OF CALIFORNIA
10                            SAN JOSE DIVISION

11   Amy L. Nilson,                                NO. C 07-03686 JW

12                  Plaintiff,                     **ORDER DENYING PLAINTIFF'S**
         v.                                        **VARIOUS MOTIONS**
13
     The City of San Jose, et al.,
14
                    Defendants.
15   _____/

16        Plaintiff Amy L. Nilson, in *pro per*, brings this action against the City of San Jose ("City"),

17   Kinder Morgan Energy Partners, L.P. ("Kinder Morgan"), San Jose Water Company ("SJ Water"),

18   and the Santa Clara Valley Water District ("SC Water") (collectively, "Defendants") alleging, *inter*

19   *alia*, violations of the Clean Water Act and the Safe Drinking Water Act.  Before the Court are

20   various motions by Plaintiff.  The Court is in receipt of letter from Kinder Morgan seeking

21   additional time to response to Plaintiff's various motions.  (Docket Item No. 148.)  The Court finds

22   it can address these motions without the need for further briefing.

23        First, Plaintiff has filed a Motion for Leave to File a Fourth Amended Complaint.  (Docket

24   Item No. 144.)  The operative Complaint is the Third Amended Complaint.  Defendants have filed

25   various motions to dismiss the Third Amended Complaint which are set for hearing on July 7, 2008.

26   It would be prejudicial to Defendants if the Court were to grant Plaintiff leave to file yet another

27
28

United States District Court
For the Northern District of California

1  amended complaint prior to addressing the merits of the Third Amended Complaint. Accordingly,

2  the Court DENIES Plaintiff's Motion for Leave to File a Fourth Amended Complaint.[1]

3      Second, Plaintiff has filed a Motion for Preliminary Injunction. (hereafter, "Motion," Docket

4  Item No. 143. "A court may issue a preliminary injunction if the moving party demonstrates either a

5  combination of probable success on the merits and the possibility of irreparable injury or that serious

6  questions are raised and the balance of hardships tips sharply in its favor." Martin v. Int'l Olympic

7  Comm., 740 F.2d 670, 674-75 (9th Cir. 1984).

8      Plaintiff requests an injunction which would "enjoin the [Defendants] from enforcement or

9  causing to be enforced the provisions of the regulations pursuant [to the Pollution Prevention Act.]"

10  (Motion at 1-2.) It is unclear why Plaintiff would like to have the Court enjoin Defendants from

11  enforcing the very regulations which she seeks to enforce. Thus, the Court finds Plaintiff's motion

12  does not contain a cognizable request for relief. Additionally, Plaintiff contends, "there is a

13  substantially [sic] likelihood that the [D]efendants have failed to set a restraining order for the

14  discontinuance of the uses of a 'temporary dumping permits' [sic] issued by the [City] to discontinue

15  dumping gasoline waste products and to comply with the Freedom of Information Act." (Id. at 2.)

16  However, this contention does not demonstrate (1) a probability of success on the merits, (2) the

17  possibility of irreparable injury, or (3) that the balance of hardships tips in her favor. Since Plaintiff

18  has not made a legally cognizable request for relief, nor demonstrated why she is entitled to relief,

19  the Court DENIES Plaintiff's Motion for Preliminary Injunction.

20      Lastly, Plaintiff has filed an Application to Proceed in Forma Pauperis ("IFP"). (Docket

21  Item No. 147.) Plaintiff has already paid the filing fee required to initiate suit in this Court. (See

22  Docket Item No. 1.) Accordingly, the Court DENIES Plaintiff's Application as moot.

23      In light of Plaintiff's *pro se* status, the Court has been quite lenient with Plaintiff regarding

24  her filings. However, Plaintiff's many filings have become abusive to the parties and the Court,

25

26

27  [1] Plaintiff filed the Fourth Amended Complaint prior to seeking leave of the Court. (Docket Item No. 146.) Accordingly, the Court STRIKES the Fourth Amended Complaint from the record.

28

1  requiring a tremendous expenditure of resources.  Plaintiff's IFP Application and Motion for

2  Preliminary Injunction are examples of the types of unintelligible filings which have overwhelmed

3  the parties and Court.  Accordingly, the Court encourages Plaintiff to exercise restraint or risk being

4  declared a vexatious litigant.

5        This Order terminates Docket Item Nos. 143, 144, 147.

6

7  Dated:  June 27, 2008                                    _____

8                                                        JAMES WARE
                                                         United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                                3

**United States District Court**
For the Northern District of California

**United States District Court**

For the Northern District of California

1  **THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

2  Barry Ray Ogilby bogilby@cwclaw.com
   Jeffrey Frank Oneal joneal@lbrg.com
3  Jill Battilega Rowe jrowe@cwclaw.com
   Margo Laskowska CAO.Main@sanjoseca.gov
4  Robert A. Schwartz raschwartz1@gmail.com
   Thomas S. Brazier Tom_Brazier@lbrg.com

5

6  Amy Nilson
   3735 Senter Road
7  San Jose, CA 95111

8

9  **Dated:  June 27, 2008**                     **Richard W. Wieking, Clerk**

10

11                                               **By:   /s/ JW Chambers**
                                                      **Elizabeth Garcia**
12                                                    **Courtroom Deputy**

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28