IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Amy Nilson, | NO. C 07-03686 JW |
|     Plaintiff, | **ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS WITH PREJUDICE; DENYING PLAINTIFF'S MOTION TO STAY OR SUSPEND PROCEEDINGS** |
| v. | |
| The City of San Jose, et al., | |
|     Defendants. | |

## I. INTRODUCTION

Amy L. Nilson ("Plaintiff"), in *pro per*, brings this action against the City of San Jose ("City"), Kinder Morgan Energy Partners, L.P. ("Kinder Morgan"), San Jose Water Company, ("SJ Water"), and the Santa Clara Valley Water District ("SC Water") (collectively, "Defendants") alleging, *inter alia*, violations of the Clean Water Act and the Safe Drinking Water Act.

Presently before the Court are Defendants' Motions to Dismiss Plaintiff's Third Amended Complaint. (hereafter, "Motions," Docket Items No. 116, 120, 124, 125.) The Court conducted a hearing on July 7, 2008. Based on the papers submitted to date and oral argument at the hearing, the Court GRANTS Defendants' Motions to Dismiss and DISMISSES Plaintiff's Third Amended Complaint with prejudice.

## II. BACKGROUND

On July 17, 2007, Plaintiff filed her initial Complaint. (See Docket Item No. 1.) On August 1, 2007, Plaintiff filed a First Amended Complaint. (See Docket Item No. 8.) On August 31, 2007, Plaintiff moved for leave to file a Second Amended Complaint and tendered a proposed Second

Amended Complaint. (See Docket Items No. 42, 59.) On November 9, 2007, the Court dismissed Plaintiff's First Amended Complaint for failure to state a claim but granted Plaintiff leave to amend. (See Docket Item No. 68.) In the November 9, 2007 Order, the Court found the proposed Second Amended Complaint suffered from the same defects as the First Amended Complaint. (Id.) The Court instructed Plaintiff to correct these errors before filing a revised Second Amended Complaint or face dismissal with prejudice for lack of prosecution. (Id.)

Plaintiff filed her revised Second Amended Complaint on December 10, 2007. (Docket Item No. 71.) On February 4, 2008, before the Court addressed Defendants' motions to dismiss the Second Amended Complaint, Plaintiff moved for leave to file a Third Amended Complaint and tendered a complaint entitled "Amended Second Amended Complaint." (Docket Item No. 96.) On March 13, 2008, the Court dismissed Plaintiff's Second Amended Complaint. (hereafter, "March 13, 2008 Order," Docket Item No. 113.) Plaintiff filed her Third Amended Complaint on March 28, 2008. (Third Amended Complaint, hereafter, "TAC," Docket Item No. 115.)[1]

### III. DISCUSSION

The Court applies the legal standards articulated in the Court's previous Orders for determining both whether a complaint alleges sufficient facts to satisfy Fed. R. Civ. P. 12(b)(6) and compliance with Court Orders pursuant to Fed. R. Civ. P. 41(b).

In its March 13, 2008 Order, the Court indicated, for the second time, that it would "dismiss this action without leave to amend . . . if [Plaintiff] fails to comply with any part of this Order." (March 13, 2008 Order at 2.) The March 13, 2008 Order specified that the Third Amended Complaint must clearly allege the following:

(1) Proper and timely notification to the Administrator, the State, and each Defendant as required by the Clean Water Act and the Safe Drinking Water Act. Specifically, Plaintiff must allege that proper notification was given to the appropriate parties sixty (60) days before the commencement of the action on July 17, 2007.

---

[1] Plaintiff also filed a Fourth Amended Complaint without first seeking leave of the Court. The Court denied leave and ordered the Fourth Amended Complaint stricken from the record. (See June 27, 2008 Order at 2 n.1, Docket Item No. 149.) Therefore, the Third Amended Complaint is the operative Complaint.

2

(2) Compliance with the California Tort Claims Act to the extent [Plaintiff] alleges causes of action against governmental entities protected by the Act.

(3) [Plaintiff's] claims as they relate to each Defendant in clear and concise terms as well as the specific dates on which the events giving rise to these claims are alleged to have occurred.

Thus, in considering Defendants' motions to dismiss the Third Amended Complaint, the Court examines whether Plaintiff has complied with its March 13, 2008 Order.

**A.    Compliance with the 60-day Notice Requirement**

**1.    Notice Under the Clean Water Act and the Safe Drinking Water Act**

A citizen may bring a private action under the Clean Water Act, 33 U.S.C. § 1251 *et seq.*, only if:

(A) prior to sixty days after the plaintiff has given notice of the alleged violation (i) to the Administrator, (ii) to the State in which the alleged violation occurs, and (iii) to any alleged violator of the standard, limitation, or order, or

(B) if the Administrator or State has commenced and is diligently prosecuting a civil or criminal action in a court of the United States, or a State to require compliance with the standard, limitation, or order, but in any such action in a court of the United States any citizen may intervene as a matter of right.

33 U.S.C. § 1365(b).[2]  Notices to the State and the Administrator are required because they "alert[] the appropriate state or federal agency, so administrative action may initially provide the relief the parties seek before a court must become involved."  Washington Trout v. McCain Foods, Inc, 45 F.3d 1351, 1354 (9th Cir. 1995).  The relevant Administrator is the Administrator of the Environmental Protection Agency ("EPA").  33 U.S.C. § 1251(d).

Notice to an alleged violator is satisfied when it "include[s] sufficient information to permit the recipient to identify the specific standard . . . alleged to have been violated, the activity alleged to constitute a violation, the person or persons responsible, [the location, and] the date or dates of such violation."  40 C.F.R. § 135.3(b); San Francisco Baykeeper v. Tosco Corp., 309 F.3d 1153, 1158

---

[2] Since the notice requirements for the Clean Water Act and the Safe Drinking Water Act are substantially the same, the Court cites only the Clean Water Act for brevity.  However, the Court's analysis applies equally regarding both statutory notice requirements.

3

(9th Cir. 2002). The primary focus is on giving the alleged violator an opportunity to correct the problem. Tosco, 309 F.3d at 1159.

In sum, to satisfy the applicable notice requirements, Plaintiff must have (1) notified the State, the EPA, and each Defendant (2) 60 days or more before commencing the action (3) using a notice with sufficient specificity.

With respect to whether she has satisfied the notice requirement to the relevant agencies, Plaintiff alleges as follows:[3]

> Plaintiff was at all times during the months of January of 2006 -March 7, 2007 in contact with Charles Wagner who is a Contract Manager for KINDER MORGAN ENERGY PARTNERS LP, Rick Carpenedo, who is a lead operator at KINDER MORGAN ENERGY PARTNERS LP, and was in contact with Barry R. Ogilby, who is an assigned attorney in reply to Ms. NILSON upon their receipt of Ms. NILSON's initial "notice of intent to sue", sent to **KINDER MORGAN ENERGY PARTNERS LP** . . . on or after 60 days of the original filing of NOTICE OF INTENT TO SUE, pursuant the filing on July 17, 2007 of the initial complaint. (TAC ¶ 24.)

> [P]laintiff was in contact with **California** Environmental Protection Agency Region 9 through email, and was in contact with **California** Regional Water Quality Control Board, Mark Johnson, Associate Engineering Geologist . . . on or after 60 days of the original filing of NOTICE OF INTENT TO SUE, pursuant the filing on July 17, 2007 of the initial complaint. (Id. ¶ 25.)

> Plaintiff had submitted a "notice of intent to sue" . . . that the plaintiff was in contact with JeMey O'neal Lead Attorney for the **Santa Clara Valley Water District**, and or did serve copies of the original and amended complaint to the Santa Clara Valley Water District using first class mail, and that of hand delivery to the receptionist at LaMore, Brazier, Riddle & Giampaoli, Attorney for Santa Clara Valley Water District on or before May 17, 2007 service of the original complaint. (Id. ¶ 26.)

> Plaintiff had submitted a "notice of intent to sue" dated, May 15, 2007 . . . to the Environmental Services Department "notice of intent to sue" by way of hand delivery to the sitting secretary of the CITY OF SAN JOSE's Environmental Services Department, and that of sitting secretary for Denise Bazzano, Esq. Deputy City Attorney, Office of the City Attorney, Attorney for the **City of San Jose** . . . on or after 60 days of the original filing of "NOTICE OF INTENT TO SUE, pursuant the filing on July 17, 2007 of the initial complaint. (Id. ¶ 27.)

> Ms. NILSON at all times during Plaintiffs contact with the Defendants, SAN JOSE

---

[3] All original typographical, grammatical, and other errors in Plaintiff's Third Amended Complaint are retained to demonstrate the difficulty the Court faced in construing Plaintiff's allegations. All bold type has been added by the Court to highlight the entity as to which Plaintiff appears to be alleging that she gave notice.

4

> WATER COMPANY, in which Ms. NILSON had submitted a "notice of intent to sue" on May 17, 2007, . . . in which Ms. NILSON had submitted such documents to the sitting administrative assistant Diana, that of the legal division of the San Jose Water Company . . . on May 17, 2007. (Id. ¶ 28.) The Plaintiff did mail other such documents submitted by the Plaintiff against the Defendants **SAN JOSE WATER COMPANY**, to Robert A. Schwartz, Soderquist Law Offices, Attorney for the San Jose Water Company, . . . on or after 60 days pursuant the filing on July 17, 2007 of the initial complaint. (Id.)
>
> Ms. NILSON filed an initial intent to sue to the plaintiff hereby submitted documents to the U.S. Department of Justice for the time and submission in which the plaintiff is in "compliance with the sixty day notice requirement . . . . (Id. ¶ 29.) That in fact the "respondents" as named as the U.S. Department of Justice, Environment and Natural Resources Division, Bradford T. McLane, Attorney U.S. Department of Justice,[4] . . . had received the initial letter, and or have been referred to Sherry Milan, . . . Office of Enforcement and Compliance Assurance of the **Environmental Agency** (EPA), of its notice of the plaintiffs "intent to sue", received and stamped on May 25,2 007. It had taken six months to send a reply due to upgrades of their mailing system on or after 60 days of the original filing; pursuant to filing a complaint on July 17, 2007 . . . .  (Id.)

Faced with vastly unintelligentable writing as demonstrated above, the Court strains to read the Third Amended Complaint in the light most favorable to Plaintiff; it appears that Plaintiff has made allegations that she sent notice to the EPA, the appropriate state agency, and each Defendant as required by statute. However, Plaintiff's allegations as to the date and content of the notice are vague and ambiguous to the point of being incomprehensible. Rather than giving notice 60 days prior to the initiation of this lawsuit, it appears that Plaintiff gave notice "on or after 60 days of the original filing" with respect to each Defendant.

Significantly, Plaintiff recognizes that she has failed to give proper notice to the agencies. In addition to her opposition to Defendants' motions to dismiss, Plaintiff has also filed a "Motion for Suspension of Pleadings for 60 Days and or for the Alternative Motion to Stay Proceedings." (Docket Item No. 133.) Plaintiff asks the Court to grant a 60 day stay so that she may satisfy the requirement under 33 U.S.C.A. § 1365 that she provide 60 days notice to the parties. However, when a statute requires 60 days notice, and where Congress has provided no exception or alternative, a party must provide notice 60 days *before* the complaint, rather than request a stay. See, e.g. Hallstrom v. Tillamook County, 493 U.S. 20, 26 (1989) (finding that, even for a *pro se* plaintiff, a

---

[4] The United States is not, and has never been, a party to this action.

5

request for a 60 day stay was inappropriate to satisfy the notice requirement of the Resource Conservation and Recovery Act, 42 U.S.C. § 6972, which contains identical language relating to notice as 33 U.S.C.A. § 1365). The law is clear that Plaintiff cannot cure her failure to provide adequate notice subsequent to filing suit. She must have given the proper notice before filing the Complaint that initiated this action, and from the face of her Third Amended Complaint, it appears she has not. Accordingly, the Court DENIES Plaintiff's motion to stay.

In sum, Plaintiff has not adequately pleaded—and likely cannot plead—that she has complied with the notice requirements of the Clean Water Act and the Safe Drinking Water Act.

### 2. California Tort Claims Act

In its March 13, 2008 Order, the Court instructed Plaintiff to allege compliance with the California Tort Claims Act in her Third Amended Complaint to the extent she attempts to state claims against governmental or quasi-governmental agencies protected by the Act under California law. While it is apparent from the face of the Third Amended Complaint that Plaintiff alleges claims against the City of San Jose, as well as the Santa Clara Valley Water District and the San Jose Water Company, the Complaint makes no mention of the Act or its requirements. Therefore, the Court finds that Plaintiff has failed to comply with this part of the March 13, 2008 Order.

### 3. Clearly Stating Claims Related to Each Defendant

Since Plaintiff has clearly failed to comply with the Court's first and second requirements, based largely on the lack of clarity in the Third Amended Complaint, the Court need not otherwise address the legal sufficiency of the claims against each Defendant.

In sum, because Plaintiff failed to allege that she has satisfied the notice requirement, the Court finds that it lacks jurisdiction to hear Plaintiff's case. Accordingly, the Court GRANTS Defendants' Motions to Dismiss.

//

6

**B.      Leave to Amend**

At issue is whether the Court should dismiss this action without leave to amend.

When a party can no longer amend a pleading as a matter of right under Rule 15(a), the party must either petition the court for leave to amend or obtain consent from the adverse parties. Fed. R. Civ. P. 15(a); Keniston v. Roberts, 717 F.2d 1295, 1300 (9th Cir. 1983). Leave to amend under Fed. R. Civ. P. 15(a) "shall be freely given when justice so requires." Keniston, 717 F.2d at 1300. "This policy is to be applied with extreme liberality." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003); Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001).

However, leave to amend need not be granted where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile. Amerisource Bergen Corp. v. Dialysist West, Inc., 465 F.3d 946, 951 (9th Cir. 2006); Bowles v. Reade, 198 F.3d 752, 757 (9th Cir. 1999). Prejudice to the defendant is the most important factor, but amendment may be denied upon a sufficiently strong showing of the other factors. See Eminence Capital, 316 F.3d at 1052; Keniston, 717 F.2d at 1300. The burden of showing prejudice rests on the party opposing amendment. DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987).

A court may also consider whether the plaintiff has previously amended the complaint or repeatedly failed to cure deficiencies in prior amendments. Johnson v. Buckley, 356 F.3d 1067, 1077 (9th Cir. 2004); Eminence Capital, 316 F.3d at 1052; Keniston, 717 F.2d at 1300. Thus, a district court's discretion over whether to grant leave to amend is "especially broad" where the court has already given a plaintiff one or more opportunities to amend the complaint. See Sisseton-Wahpeton Sioux Tribe v. United States, 90 F.3d 351, 355 (9th Cir. 1996).

Here, this case has continued for nearly a year without moving beyond the complaint stage. The Court finds that it must, at this time, dismiss Plaintiff's Complaint with prejudice. First, granting Plaintiff leave to amend would risk prejudicing the Defendants, who have already had to engage in several rounds of motion practice responding to Plaintiff's vastly incomprehensible

Complaints.  Second, the Court has given Plaintiff numerous opportunities to state her claim and has provided specific instructions for Plaintiff to cure the deficiencies in her Complaint.[5]  Despite the Court's warning of dismissal with prejudice in its November 9, 2007 Order, the Court gave Plaintiff one more chance to clarify her allegations in the March 13, 2008 Order.  Yet Plaintiff has continually failed to meet the Court's requirements in both Orders.  The Court has had to expend significant resources in management of this case.  (See, e.g., June 27, 2008 Order.)   Third, as discussed above, the law requires that notice be given 60 days *before* a suit is filed; since it is apparent on the face of the Third Amended Complaint that Plaintiff has failed to do so, any amendment would be futile.

Accordingly, the Court DISMISSES Plaintiff's Third Amendment Complaint without leave to amend.

## IV.  CONCLUSION

The Court GRANTS Defendants' Motions to Dismiss with prejudice.

Dated:  July 24, 2008

*James Ware*
JAMES WARE
United States District Judge

---

[5] See Part II supra for a procedural history.

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Barry Ray Ogilby bogilby@cwclaw.com
Jeffrey Frank Oneal joneal@lbrg.com
Jill Battilega Rowe jrowe@cwclaw.com
Margo Laskowska CAO.Main@sanjoseca.gov
Robert A. Schwartz raschwartz1@gmail.com
Thomas S. Brazier Tom_Brazier@lbrg.com

Amy Nilson
3735 Senter Road
San Jose, CA 95111

**Dated: July 24, 2008**                    **Richard W. Wieking, Clerk**

                              **By:  /s/ JW Chambers**
                                  **Elizabeth Garcia**
                                  **Courtroom Deputy**

**United States District Court**
For the Northern District of California